UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD

*******************************
GARY SESSION             *    CIVIL ACTION NO.
                                    *     8:03-CV-948 (AWT)
            PLAINTIFF
                                    *

VS.
CITY OF NEW HAVEN; STEPHEN    *    OCTOBER 24, 2003
COPPOLA; and EDWIN RODRIGUEZ

                                    *

            DEFENDANTS
*******************************

**DEFENDANTS COPPOLA AND RODRIGUEZ'S MEMORANDUM IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT**

       Defendants, Stephen Coppola and Edwin Rodriguez ("Defendants"), submit this Memorandum in support of their Motion for a More Definite Statement. Plaintiff's Complaint, filed on May 28, 2003 ("Complaint") fails to comply with the pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure in that it fails to provide a short and plain statement showing that the Plaintiff is entitled to the estimated eleven (11) claims for relief referenced in the Complaint's single count. Without such a statement articulating the basis for Plaintiff's claims for relief, Defendants cannot prepare an appropriate responsive pleading. Accordingly, Defendants' Motion should be granted.

**I.**     **BACKGROUND**

       The Complaint consists of a single count against three defendants; two individual police officers and the City of New Haven. In one count, Plaintiff makes reference to 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. (Complaint, ¶ 22.) Plaintiff also references violations of Article 1, §§ 8 and 9 of the Connecticut Constitution and the following state tort actions: arrest without probable cause, false imprisonment, malicious prosecution

and negligent and intentional infliction of emotional distress. (Complaint, ¶¶ 19, 23.).

For these eleven (11) claims for relief that can be gleaned from the Complaint, there is only one conclusory paragraph articulating the nature of any alleged wrongdoing on the part of "the Defendants" (grouped together). (Complaint, ¶¶ 18) (alleging arrest without probable cause). With only this limited statement in support of Plaintiff's myriad claims for relief, Defendants are unable to determine the nature and viability of the legal theories behind Plaintiff's numerous constitutional and common law claims. Accordingly, Defendants cannot prepare their responsive pleading.

**II.  ARGUMENT    PLAINTIFF HAS FAILED TO SET FORTH A SHORT AND PLAIN STATEMENT SHOWING THAT HE IS ENTITLED TO RELIEF ON HIS CLAIMS.**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a claim for relief contain " a short and plain statement of the claim *showing that the pleader is entitled to relief*." Id. (emphasis added). Plaintiff must "allege sufficient facts to put the defendants on notice of the plaintiff['s] claims and the grounds upon which they rest." Bullard v. City of New York, 240 F. Supp. 2d 292, 299 (S.D.N.Y. 2003). A complaint fails to adhere to Rule 8(a) if it only contains a litany of general conclusions unsupported by factual allegations. See Ruderman v. Police Dep't of New York, 857 F. Supp. 326, 330 (S.D.N.Y. 1994).

Here, Plaintiff has set forth some eleven (11) causes of action against three defendants in a one-count Complaint, based on a conclusory statement that Plaintiff's arrest was without probable cause. (Complaint, ¶ 18). A Motion for More Definite Statement is the appropriate vehicle to seek correction of a pleading which does not meet the requirements of Rule 8(a). See F.R.C.P. 12(e). The standard governing motions for a more definite statement under Rule 12(e) is well established:

> A motion for a more definite statement may be granted if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

2

Id.; 5 Wright & Miller, Federal Practice and Procedure: Civil 2d §§ 1376-77 (1990 and Supp.1994). The purpose of the complaint is to "inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose." Bower, 639 F. Supp. at 538; see also Conley v. Gibson, 355 U.S. 41, 47-48, 78 S. Ct. 99, 102-03, 2 L. Ed.2d 80 (1957). Accordingly, Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail." Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y.1992), aff'd 23 F.3d 398 (2d Cir.1994) (citations omitted). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." See Greater New York Auto. Dealers Ass'n v. Environmental Sys. Testing, Inc., 211 F.R.D. 71, 78 (E.D.N.Y. 2002).

   Rule 12(e) motions have been granted in cases where a complaint alleged some facts in support of a claim but omitted facts necessary for the defendant to frame its responsive pleadings. See Pavent v. Rand-Whitney Realty Corp., No. 3:96CV01977, 1997 WL 527367, at *2 (D. Conn. 1997) (attached hereto) (granting Rule 12(e) motion because the complaint did not specify whether the alleged nuisance was negligent or absolute); Precise-Marketing Corp. v. Simpson Paper Co., No. 95 CIV 5692, 1996 WL 285364, at *2 (S.D.N.Y. 1996) (attached hereto) (granting Rule 12(e) motion because the complaint did not indicate whether the contract in question was oral or written).

   Here, while Plaintiff does allege some facts, Plaintiff claims relief under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Federal Constitution, Article 1, §§ 8 and 9 of the State Constitution and for several common law torts, relying solely on the allegation that the Defendants arrested Plaintiff without probable cause. (Complaint, ¶ 18). This conclusory allegation is insufficient to support Plaintiff's eleven (11) claims for relief and leaves Defendants in the dark as to Plaintiff's grounds for asserting these claims.

   Defendants cannot frame a responsive pleading without knowing the legal and factual

3

grounds for Plaintiff's claims for relief.

4

### III. CONCLUSION

Defendants, therefore, respectfully request that the Court grant their Motion for a More Definite Statement and order Plaintiff to (1) provide a short and plain statement supporting each of his claims and (2) reference these claims in separate counts and/or paragraphs.

                                  DEFENDANTS,
                                  STEPHEN COPPOLA AND EDWIN RODRIGUEZ

By:_____
    Karen Baldwin Kravetz (ct19665)
    Susman Duffy & Segaloff, P.C.
    55 Whitney Avenue
    P.O. Box 1684
    New Haven, CT 06507
    Telephone: (203) 624-9830
    Facsimile:  (203) 562-8430
    Email:    kkravetz@susmanduffy.com

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date, postage prepaid to the following:

David S. Feldman, Esq.
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT 06830

Martin S. Echter, Esq.
Office of Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

                                  _____
                                  Karen Baldwin Kravetz

I:\Client K_O\NHCITY\Session\Pleadings\More Definite Statement 12(e) memo.wpd