UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

x------------------------------------------------------x

GARY SESSION

                            PLAINTIFFS,

VS.

OFFICER EDWIN RODRIGUEZ,
OFFICER STEPHEN COPPOLA
AND CITY OF NEW HAVEN

                          DEFENDANTS

3:03CV943(AWT)

**REVISED COMPLAINT**

**JUNE 29, 2005**

x------------------------------------------------------x

For his revised complaint, Plaintiff, Gary Session, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 against the Defendants in their individual capacities and against the City of New Haven, Connecticut. Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367 and 42 U.S.C. §§ 1983 and 1988 and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. Venue is proper in this district because it is where the parties reside and where the incidents of complaint had occurred.

3. It is alleged that the individual police officers, the Defendant Rodriquez and the Defendant Coppola made an unreasonable seizure of the person of Plaintiff violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from

such an unreasonable seizure of his person, and that these Defendants falsely prosecuted and imprisoned the Plaintiff and deprived him of his right to liberty and property without due process of law. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New Haven.

## PARTIES

4. Plaintiff, Gary Session, was at all material times a resident of West Haven, Connecticut, and of full age.

5. Defendant Officers Rodriquez and Coppola were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of New Haven, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and/or the City of New Haven and the United States Constitution.

6. The City of New Haven, Connecticut, is a municipal corporation existing under the laws of the State of Connecticut and the public employer of said officers.

## FACTS

7. On July 25, 1999 at approximately 1:50 a.m., Anthony Lucky, Jr. was a rear-seated passenger in a 1988 Suzuki Samurai being operated by his cousin, Albert McCann. One Juan Scruggs was seated in the front passenger seat of the vehicle.

8. While in the vicinity of Columbus and Howard Avenues in New Haven, Connecticut, the Samurai came under gunfire from a passenger in a nearby vehicle, a light blue Honda. McCann and Scruggs identified the driver of this vehicle and his passengers as Hispanic in appearance.

9. McCann informed Scruggs that he had a pistol, a Beretta, in the back seat of the Samurai,

which Scruggs then retrieved and used to return fire. During the ensuing gun battle, Lucky was struck by a bullet and died shortly thereafter at Yale-New Haven Hospital.

10. Scruggs stated to the police that he had accidentally shot Lucky in the chest when he was attempting to remove a tee shirt, which McCann had wrapped around the gun. He described to the police feeling the pistol recoil as he brought the pistol forward from the rear seat. He further stated that he subsequently saw Lucky holding his chest and observed blood on the front of Lucky's shirt.

11. The opinion of the Chief Medical Examiner for the State of Connecticut was that Lucky had actually died from a gunshot wound originating in his lower back. Ballistic tests performed by the City of New Haven Police Department concluded that a single bullet had penetrated the rear mounted spare tire, passed through the tailgate and struck Lucky. The bullet that killed Lucky was never located.

12. Based upon the contradiction in the autopsy report and Scruggs' statement to the police, Scruggs was not charged with Lucky's homicide. The individual or individuals in the light blue Honda whom McCann claimed had fired at his vehicle later identified and arrested. The criminal prosecution of those individuals resulted in a dismissal of all charges.

13. Notwithstanding the facts that a discrepancy existed in the statement of Scruggs to the police and the autopsy report, that the fatal bullet was never recovered, the identity of the shooter never ascertained, on 1/08/01, Plaintiff was arrested by Defendants Rodriquez and Coppola acting upon their authority as police officers for the Defendant City of New Haven, on the charge of conspiracy to murder Anthony Lucky. Plaintiff, however, had never met Lucky, never knew Lucky and never knew anyone who knew Lucky. Upon information and belief no suspect was ever arrested for conspiring with Plaintiff to murder Anthony Lucky.

14. Plaintiff's arrest warrant was based upon the affidavits submitted in support of the warrant signed by the Defendants Rodriquez and Coppola. The affidavits were based solely on the uncorroborated statements of a registered informant, Mayra Mercado, who claimed that she had witnessed Plaintiff passing a pistol to one Jose Santiago, also known as "Bebe", on July 25, 1999. Mercado, who had felony drug charges pending against her when she made these statements, also stated that she was the mother of Plaintiff's child, and that this child was present in Plaintiff's vehicle when the pistol was passed to Santiago. These statements, however, were not made until November 8, 1999, 3 ½ months after the incident. Within the recorded statements reference is made to earlier conversations, however these conversations were not recorded, nor did they produce any reports, notes, or documentation of any kind. Additionally, the statements made by Mercado were in exchange for the Defendant Rodriquez and Coppola's assistance in getting her bond reduced on the pending drug charges.

15. The Defendants did not check Mercado's story. Had the police checked her story, they would have discovered that Plaintiff was not the father of Mercado's child and that both of Mercado's children were born after July 25, 1999, the day of the alleged act, thereby rendering her claim impossible. Further, in the recorded statement of Ms. Mercado on 11/6/99, reference is made to a previous conversation with the police on 7/24/99, wherein she stated that something was going to happen to two people who owed Plaintiff money. Thereafter, reference is made to another conversation on 9/24/99 wherein Ms. Mercado allegedly describes Plaintiff's involvement in a shooting at the time of, and in the vicinity of Mr. Lucky's murder. While possessing these statements, no police officer ever incarcerated, arrested, or so much as questioned Plaintiff in connection with this crime until well after Ms. Mercado's two recorded statements were made while in custody facing criminal charges of her own.

16.     Santiago was subsequently charged with Lucky's murder. McCann, however, testified that Santiago was not a passenger in the Honda that fired upon him. In July of 2002 the charges against Santiago were dismissed.

17.     Despite an absence of any evidence, Mercado's complete unreliability as an informant and an asserted alibi supported by three (3) witnesses, Plaintiff was arrested and incarcerated for a period of eleven (11) months. The charges against him were dismissed on August 14, 2002.

18.     Defendants Rodriquez and Coppola's actions in arresting Plaintiff were undertaken without probable cause and based upon unreliable information that in the exercise of reasonable care they would have known was unreliable. Defendants Rodriquez and Coppola knowingly permitted Plaintiff to be incarcerated and prosecuted on the charge of murder all the while knowing that no credible evidence existed that implicated him.

COUNT ONE (AS TO THE CITY OF NEW HAVEN)

19.     In the manner described herein, the Defendant City of New Haven, through its agents and employees the Defendants Rodriquez and Coppola acted with wanton, reckless or malicious disregard of the Plaintiff's constitutional rights.

20.     In the manner described above, the Defendant City of New Haven deprived the plaintiff of his right to be free from false imprisonment and prosecution and free from summary punishment.

21.     In the manner described above, the Defendant City of New Haven deprived the Plaintiff of property without due process of law and otherwise deprived him of due process and equal protection of the laws. All of these rights are secured to the Plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §1983.

22.     As a direct and proximate result of the violation of his constitutionally guaranteed rights,

the Plaintiff suffers and has suffered each and every day from the date of this incident to the date of this complaint from emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

COUNT TWO (AS TO THE CITY OF NEW HAVEN)

23. In the manner described herein, the Defendant City of New Haven deprived the Plaintiff of his rights to be free from false imprisonment and prosecution. All of these rights are granted to the Plaintiff by the Constitution and laws of the State of Connecticut, including but not limited to, Art. I, §8, and §9 of the Connecticut Constitution.

24. As a direct and proximate result of the violation of his rights as provided for in the Connecticut State Constitution and the laws of Connecticut, by the City of New Haven, the Plaintiff suffers and has suffered each and every day from the date of this incident to the date of this complaint from emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

COUNT THREE (AS TO THE CITY OF NEW HAVEN)

25. As a direct and proximate result of the acts and omissions of the Defendant City of New Haven described above, the Plaintiff was caused to suffer great emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

COUNT FOUR (AS TO THE DEFENDANT RODRIQUEZ)

26. In the manner described herein, the Defendant Rodriquez acted with wanton, reckless or malicious disregard of the Plaintiff's constitutional rights.

27. In the manner described above, the Defendant Rodriquez deprived the Plaintiff of his right to be free from false imprisonment and prosecution and free from summary punishment.

28. In the manner described above, the Defendant Rodriquez deprived the Plaintiff of property without due process of law and otherwise deprived him of due process and equal protection of the laws. All of these rights are secured to the Plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §1983.

29. As a direct and proximate result of the violation of his constitutionally guaranteed rights, the Plaintiff suffers and has suffered each and every day from the date of this incident to the date of this complaint from emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

COUNT FIVE (AS TO THE DEFENDANT RODRIQUEZ)

30. In the manner described herein, the Defendant Rodriquez deprived the Plaintiff of his rights to be free from false imprisonment and prosecution. All of these rights are granted to the Plaintiff by the Constitution and laws of the State of Connecticut, including but not limited to, Art. I, §8, and §9 of the Connecticut Constitution.

31. As a direct and proximate result of the violation of his rights as provided for in the Connecticut State Constitution and the laws of Connecticut, by the Defendant Rodriquez, the Plaintiff suffers and has suffered each and every day from the date of this incident to the date of this complaint from emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

COUNT SIX (AS TO THE DEFENDANT RODRIQUEZ)

32. As a direct and proximate result of the acts and omissions of the Defendant Rodriquez described above, the Plaintiff was caused to suffer great emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

COUNT SEVEN (AS TO THE DEFENDANT COPPOLA)

33. In the manner described herein, the Defendant Coppola acted with wanton, reckless or malicious disregard of the Plaintiff's constitutional rights.

34. In the manner described above, the Defendant Coppola deprived the Plaintiff of his right to be free from false imprisonment and prosecution and free from summary punishment.

35. In the manner described above, the Defendant Rodriquez deprived the Plaintiff of property without due process of law and otherwise deprived him of due process and equal protection of the laws. All of these rights are secured to the Plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §1983.

36. As a direct and proximate result of the violation of his constitutionally guaranteed rights, the Plaintiff suffers and has suffered each and every day from the date of this incident to the date of this complaint from emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

COUNT EIGHT (AS TO THE DEFENDANT COPPOLA)

37. In the manner described herein, the Defendant Coppola deprived the Plaintiff of his rights to be free from false imprisonment and prosecution. All of these rights are granted to the Plaintiff by the Constitution and laws of the State of Connecticut, including but not limited to, Art. I, §8, and §9 of the Connecticut Constitution.

38. As a direct and proximate result of the violation of his rights as provided for in the Connecticut State Constitution and the laws of Connecticut, by the Defendant Coppola, the Plaintiff suffers and has suffered each and every day from the date of this incident to the date of this complaint from emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

COUNT NINE (AS TO THE DEFENDANT COPOLLA)

39.  As a direct and proximate result of the acts and omissions of the Defendant Coppola described above, the Plaintiff was caused to suffer great emotional distress, shame, humiliation, disgrace, embarrassment and anxiety.

**WHEREFORE**, the Plaintiff prays for judgment in his favor and against the Defendants after a trial by a jury of six awarding, *inter alia*:

> i.  Compensatory damages;
>
> ii.  Punitive damages pursuant to 42 U.S.C. §1988;
>
> iii.  Attorney's Fees and Costs pursuant to 42 U.S.C. §1988;
>
> iv.  Interest;
>
> v.  Costs;
>
> vi.  Injunctive relief; and
>
> vii.  Such other, further and different relief as may in law or equity appertain.

THE PLAINTIFF
Gary Session

By /s/ David S. Feldman
David S. Feldman
Philip Russell, LLC.
66 Field Point Rd.
Greenwich, CT 06830
(203) 661-4200
FEDERAL JURIS No.: CT03556

## CERTIFICATION

I herby certify that a copy of the above was mailed on June 29, 2005, to all counsel and pro se parties of record.

Jonathan Beamon
New Haven City Attorney's Office
165 Church Street
New Haven, CT 06510

Stephanie S. Baier
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

_____
David S. Feldman