UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GARY SESSION**          Plaintiff | : | NO. 3:03CV 00943 (AWT) |
| V. | : | |
| **CITY OF NEW HAVEN, ET AL**          Defendants | : | July 26, 2005 |

### REPORT OF PARTIES' PLANNING MEETING

Complaint filed:           May 28, 2003

Complaint Served:
    City of New Haven            June 12, 2003
    Officer Stephen Coppola      June 12, 2003
    Officer Edwin Rodriguez     June 12, 2003

Defendant Appeared On:
    City of New Haven            July 2, 2003
    Officer Stephen Coppola      September 24, 2003
    Officer Edwin Rodriguez     September 24, 2003


I.     Certification

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.


II.    Jurisdiction

    A.     Subject Matter Jurisdiction:

        The plaintiff claims that this Court has subject matter jurisdiction as this case alleges violations of 42 U.S.C. §1983. Jurisdiction is further predicated upon 28

1

               U.S.C. §1331, 1343 and 1367 the defendant City of New Haven and the Defendant Officers deny subject matter jurisdiction.

    B.    Personal Jurisdiction

        The personal jurisdiction of this Court over the parties is uncontested.

III.    Brief Description of the Case:

    A.    Claims of the Plaintiff

        The plaintiff claims that he was falsely arrested and imprisoned on a charge of conspiracy to commit murder. The plaintiff claims, that despite the lack of any credible evidence, the plaintiff was arrested and incarcerated for a period of eleven (11) months. The charges against the plaintiff were nolled and subsequently dismissed on August 14, 2002.

        The defendants lacked probable cause to arrest the plaintiff, but nonetheless relied upon, false and unsubstantiated statements of a confidential informant who was facing criminal prosecution at the time of her statements to the defendants.

    B.    Defenses of City of New Haven

        1.    A General Denial
        2.    The complaint fails to state a claim.
        3.    The city is entitled to governmental immunity.
        4.    The plaintiff was contributory negligent.

    C.    Defenses of Officers Rodriguez and Coppola

        1.  A General Denial
        2.  The complaint fails to state a claim.
        3.  The defendant officers are entitled to qualified immunity.
        4.  The plaintiff was contributory negligent.

IV.    Statement of Undisputed Facts

    1.    That on July 25, 1999, Anthony Lucky, Jr. was shot and killed in the vacinity of Columbus Avenue and Howard Avenue in New Haven, CT.

    2.    The plaintiff was arrested on or about January 8, 2001 and charged with conspiracy to commit murder in connection with the death of Anthony Lucky.

    3.    The plaintiff was incarcerated following his arrest.

        4.       The charges against the plaintiff were nolled, thereafter and subsequently dismissed on August 14, 2002.

V.     Case Management Plan

    A.     Standing Order on Scheduling in Civil Cases

        The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

        1.    Discovery to be completed by December 31, 2005.
        2.    Summary Judgment Motions to be filed by May 31, 2006.
        3.    26(a) initial disclosure July 30, 2005.

    B.     Scheduling Conference with the Court

        The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16 (b).

    C.     Early Settlement Conference

        1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.
        2.    The parties do not request an early settlement conference.
        3.    The parties prefer a settlement conference, if one becomes useful, with a magistrate judge.
        4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.     Joiner of Parties and Amendment of Pleadings

        1.    The plaintiff should be allowed until September 30, 2005 to file motions to join additional parties and until September 30, 2005 to file motions to amend pleadings.
        2.    Defendants should be allowed until October 15, 2005 to file motions to join additional parties and until October 30, 2005 to file a response to any complaint. The defendants shall be allowed 15 days to respond from the date of the notice of ruling on any outstanding motions.

    E.     Discovery

1. The parties anticipate that discovery will be needed on the following subjects:

    A. The police investigation into the plaintiff's involvement in the murder of Anthony Lucky, Jr.

    B. The witnesses and the statements given by them.

    C. The reasons for and the length of plaintiff's incarceration.

    D. The circumstances under which the charges were nolled, and thereafter subsequently dismissed.

    E. The degree and extent of plaintiff's emotional injuries.

    F. The degree and extent the plaintiff's arrest and incarceration have caused him economic damage.

    G. Affirmative defenses

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26 (b) (4), will be commenced by March 1, 2005 and completed by December 31, 2005.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by March 31, 2006.

5. The parties anticipate that the plaintiff will require a total of 6 depositions of fact witnesses and that the defendants will require a total of 8 depositions of fact witnesses. The depositions will commence by September 1, 2005 and be completed by March 31, 2006.

6. The parties may request permission to serve more than 25 interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26 (a) (2) by November 1, 2005. Depositions of any such experts will be completed by December 31, 2006.

8. The defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26 (a) (2) February 1, 2006. Depositions of such experts will be completed by March 31, 2006.

        9.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by September 30, 2005.

F.    Dispositive Motions

Dispositive motions will be filed on or before May 31, 2006.

G.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 30, 2006 or 30 days after ruling on any dispositive motion, whichever date is later.

VI.    Trial Readiness

This case will be ready for trial by August 15, 2006.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this matter.

Respectfully Submitted,

_____
David S. Feldman
Philip Russell, LLC.
66 Field Point Rd.
Greenwich, CT 06830
203-661-4200
Fed. Bar No. CT03556

_____
Stephanie S. Baier
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT  06507-1684

_____
Jonathan Beamon
New Haven City Attorney's Office
165 Church Street
New Haven, CT  06510

5

**CERTIFICATION**

  I herby certify that a copy of the above was mailed on July 26, 2005, to all counsel and pro se parties of record.

  Jonathan Beamon
  New Haven City Attorney's Office
  165 Church Street
  New Haven, CT  06510

  Stephanie S. Baier
  Susman, Duffy & Segaloff, P.C.
  P.O. Box 1684
  New Haven, CT  06507-1684

                 _____
                 David S. Feldman