UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD

****************************************

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 303-CV-00943 (AWT) |
| | | |
| VS. | * | |
| | | |
| CITY OF NEW HAVEN; STEPHEN | * | AUGUST 1, 2005 |
| COPPOLA; AND EDWIN RODRIGUEZ | * | |
| DEFENDANTS | * | |

****************************************

### MOTION FOR PERMISSION TO SERVE MORE THAN TWENTY-FIVE INTERROGATORIES UPON DEFENDANT EDWIN RODRIGUEZ

Pursuant to Fed. R. Civ. P. § 33, the plaintiff Gary Session hereby moves for permission to serve more than 25 interrogatories upon the defendant Edwin Rodriguez. The plaintiff proposes to serve the interrogatories attached as Exhibit A.

In support of this motion the plaintiff states:

1. The plaintiff brought this action claiming multiple violations of the United States and Connecticut Constitutions, Federal Civil Rights Statutes and Connecticut tort law.

2. The interrogatories as a whole are not unreasonably cumulative or duplicative.

3. The defendant Rodriguez is the individual in the best position to answer these questions and no other source is less burdensome or expensive than the defendant.

4. The additional burden to answer additional interrogatories is minimal insofar as it will make the overall litigation of this matter less expensive for all parties involved.

1

5.   The discovery sought is reasonable and just under all circumstances.


THE PLAINTIFF
GARY SESSION


By_____
David S. Feldman
Philip Russell, LLC.
66 Field Point Rd.
Greenwich, CT 06830
(203) 661-4200
FEDERAL JURIS No.: CT03556

**<u>CERTIFICATION</u>**

I herby certify that a copy of the above was mailed on August 1, 2005, to all counsel and pro se parties of record.

Jonathan Beamon
New Haven City Attorney's Office
165 Church Street
New Haven, CT  06510

Stephanie S. Baier
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT  06507-1684

_____
        David S. Feldman

# EXHIBIT A

# UNITED STATE DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT
## HARTFORD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 303-CV-00943 (AWT) |
| | | |
| VS. | * | |
| | | |
| CITY OF NEW HAVEN; STEPHEN | * | AUGUST 1, 2005 |
| COPPOLA; AND EDWIN RODRIGUEZ | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>INTERROGATORIES FOR DEFENDANT EDWIN RODRIGUEZ</u>

The undersigned, on behalf of the Plaintiff, hereby propounds the following interrogatories to be answered by the Defendants, Edwin Rodriguez, under oath, within thirty (30) days of the filing hereof insofar as the disclosure sought will be of assistance in the defense of this action and can be provided by the defendant with substantially greater facility than could otherwise be obtained.

1.  Please state:

    a) Your full name, any other names you have been known by, and any nicknames you commonly use;

    b) Your present occupation;

    c) Your current business address;

    d) Your date of birth.

2.  Please state:

> a)  The dates of your employment with the New Haven Police Department;

> b)  The highest rank attained;

3.  Please list in detail all training you received in police work.

4.  Did you ever receive any commendations while a member of the New Haven police force.

5.  If your answer to the preceding interrogatory is in the affirmative, please state as to each commendation received:

> a)  The facts and circumstances surrounding the commendation;

> b)  The date when the commendation was received;

> c)  What the commendation is for.

6.  Were you ever formally disciplined by the New Haven Police Department?

7.  If your answer to the preceding interrogatory is in the affirmative, please state as to each disciplinary action:

     a)  The facts and circumstances surrounding the discipline;

     b)  The date when the discipline was received;

     c)  The nature of the discipline.

8.  Were you eve informally disciplined by the New Haven Police Department?

9.  If your answer to the preceding interrogatory is in the affirmative, please state as to each disciplinary action:

     a)  The facts and circumstances surrounding the discipline;

     b)  The date when the discipline was received;

     c)  The nature of the discipline.

10. Have you ever been employed as a police officer by any police department other than the New Haven Police Department?

11. If your answer to the preceding interrogatory is in the affirmative, please state:

     a)  The name of each police force;

     b)  The dates you were employed by that police force;

     c)  The highest rank achieved at that police force;

    d)  Whether you received any commendations while on that police force; and

    e)  If you were ever disciplined either formally or informally while a member of that police force.

12. Please state:

    a)  How you know Gary Session;

    b)  When you first met Gary Session;

    c)  The facts and circumstances surrounding your becoming acquainted with Gary Session;

    d)  How many times did you meet Gary Session;

    e)  The facts and circumstances of each meeting with Gary Session;

    f)  The date and location of each meeting with Gary Session; and

    g)  The purpose of every meeting with Gary Session.

13. Please state if you were assigned to investigate the shooting death of Anthony Lucky, Jr.

14. If you answer to the preceding interrogatory is in the affirmative, please state:

    a)  The date you were assigned to the investigation;

    b)  The person who assigned you to the investigation; and

    c)  What other members of the New Haven Police Force were assigned to the investigation.

15. Did you participate in the crime scene investigation into the shooting death of Anthony Lucky, Jr.?

16. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  When you conducted a crime scene investigation;

    b)  What other members of the New Haven Police Force were present during the crime scene investigation;

    c)  List in detail all activities you engaged in during the crime scene investigation; and

    d)  List all evidence recovered during the crime scene investigation.

17. Did you participate in any forensic testing or analysis of evidence gathered in connection with the shooting death of Anthony Lucky, Jr.?

18. If your answer to the preceding interrogatory is in the affirmative, please state:
    a)  When you participated in any forensic testing or analysis;

    b)  What other individuals were present with you at any forensic testing or analysis;

    c)  List in detail all evidence which was tested or analyzed in your presence;

    d)  List in detail all activities you engaged in in testing or analyzing the evidence; and

    e)  The results of all tests or analyses performed in your presence.

19. Did you interview anyone in connection with the shooting death of Anthony Lucky, Jr.?

20. If your answer to the preceding interrogatory is in the affirmative, please state:
    a)  The names and last known address of every person your interviewed;

    b)  The dates and locations of every interview;

c)  Whether any interview was taped or video recorded;

d)  Whether you took notes during any interview; and

e)  Whether a written statement was prepared following any interview.

21. Were you present during the autopsy of Anthony Lucky, Jr.?

22. Did you participate in any other investigative procedures in connection with the shooting death of Anthony Lucky, Jr.?

23. If your answer to the preceding interrogatory is in the affirmative, please state:

a)  What other investigative procedures you engaged in;

b)  The other members of the New Haven police force who engaged in these other procedures with you;

c)  The dates and locations when these other procedures were performed; and

d)  The results of each procedure.

24. Did you take a written statement form Myra Mercado?

25. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  The dates of said statements;

    b)  The substance of those statements;

    c)  What steps were taken to confirm the truth of her statement;

    d)  What you knew of her background and criminal history;

    e)  What you knew of any ongoing investigations or prosecutions of her when she gave her statements;

    f)   What assistance was provided to or promised to her in connection with her ongoing investigations and/or prosecutions in exchange for her statement.

26. Did you take a written statement for Juan Scruggs?

27. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  The dates of said statements;

    b)  The substance of those statements;

    c)  What steps were taken to confirm the truth of his statement;

    d)  What you knew of his background and criminal history;

    e)  What you knew of any ongoing investigations or prosecutions of his when he gave his statements; and

    f)  What assistance was provided to or promised to him in connection with his ongoing investigations and/or prosecutions in exchange for his statement.

28. Did you take a written statement from Albert McCann?

29. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  The dates of said statements;

    b)  The substance of those statements;

    c)  What steps were taken to confirm the truth of his statement;

    d)  What you knew of his background and criminal history;

    e)  What you knew of any ongoing investigations or prosecutions of his when he gave his statements; and

    f)  What assistance was provided to or promised to him in connection with his ongoing investigations and/or prosecutions in exchange for his statement.

30. Did you take a written statement from Janice Wilson?

31. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  The dates of said statements;

    b)  The substance of those statements;

    c)  What steps were taken to confirm the truth of her statement;

    d)  What you knew of her background and criminal history;

    e)  What you knew of any ongoing investigations or prosecutions of her when she gave her statements; and

    f)  What assistance was provided to or promised to her in connection with her ongoing investigations and/or prosecutions in exchange for her statement.

32. Did you take a written statement from Mary DeLeon?

33. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  The dates of said statements;

    b)  The substance of those statements;

    c)  What steps were taken to confirm the truth of her statement;

    d)  What you knew of her background and criminal history;
    e)  What you knew of any ongoing investigations or prosecutions of her when she gave her statements; and

  f) What assistance was provided to or promised to her in connection with her ongoing investigations and/or prosecutions in exchange for her statement.

34. Did you take a written statement from Sharon Adkins?

35. If your answer to the preceding interrogatory is in the affirmative, please state:

  a) The dates of said statements;

  b) The substance of those statements;

  c) What steps were taken to confirm the truth of her statement;

  d) What you knew of her background and criminal history;

  e) What you knew of any ongoing investigations or prosecutions of her when she gave her statements; and

  f) What assistance was provided to or promised to her in connection with her ongoing investigations and/or prosecutions in exchange for her statement.

36. Did you ever question Gary Session prior to January of 2001 regarding the shooting death of Anthony Lucky, Jr.?

37. If your answer to the preceding interrogatory is in the affirmative, please state:

  a) The dates and locations of each interrogation;

    b)  Who was present at each interrogation;

    c)  The subject matter of each interrogation;

    d)  Was each interrogation tape and/or video recorded;

    e)  The substance of any statements made by Gary Session at each interrogation; and

    f)  Did you keep written notes of your interrogation of Gary Session.

38. Did you prepare an application for an arrest warrant and a supporting affidavit seeking an arrest warrant for Gary Session in connection with the shooting death of Anthony Lucky, Jr.?

39. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  The date said application was made;

    b)  The charge the warrant was sought for;

    c)  All evidence used to support the application; and

    d)  The date said application was signed.

40. Did you engage in any activity regarding the shooting death of Anthony Lucky, Jr. after January 5, 2001.

41. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  The dates of each activity performed;

    b)  The activity performed;

    c)  Who else was present when the activity was performed;

    d)  The purpose of the activity; and

    e)  The result of the activity.

42. Do you know Quincy Freeman?

43. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  Who is Quincy Freeman;

    b)  How do you know him;

    c)  How long have you known him;

    d)  Do you currently or did you ever socialize with him; and

    e)  Did you ever work directly with him;

44. Do you know Steven Teague?

45. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  Who is Steven Teague;

    b)  How do you know him;

    c)  How long have you known him;

    d)  Do you currently or did you ever socialize with him; and

    e)  Did you ever work directly with him;

46. Do you know Raymond Bright?

47.  If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  Who is Raymond Bright;

    b)  How do you know him;

    c)  How long have you known him;

    d)  Do you currently or did you ever socialize with him; and

    e)  Did you ever work directly with him;

48. Do you know Kenneth Blanchard?

49. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  Who is Kenneth Blanchard;

    b)  How do you know him;

    c)  How long have you known him;

    d)  Do you currently or did you ever socialize with him; and

    e)  Did you ever work directly with him;

50. Do you know Lee-Ann Ruhmer?

51. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  Who is Lee-Ann Ruhmer;

    b)  How do you know her;

    c)  How long have you known her;

    d)  Do you currently or did you ever socialize with her; and

    e)  Did you ever work directly with her;

52. Do you know Eduardo Diaz?

53. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  Who is Eduardo Diaz;

    b)  How do you know him;

    c)  How long have you known him;

    d)  Do you currently or did you ever socialize with him; and

    e)  Did you ever work directly with him;

54. Have you ever been a party in a lawsuit other then this one?

55. If your answer to the preceding interrogatory is in the affirmative, please state:

    a)  The name of the lawsuit;

    b)  The court where the lawsuit was/is pending;

    c)  The basis of the lawsuit;

    d)  The disposition of the lawsuit; and

    e)  Whether you were a plaintiff or defendant.

**UNITED STATE DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**
**HARTFORD**

*****************************************

GARY SESSION                              *       CIVIL ACTION NO.
                        PLAINTIFF      *       303-CV-00943 (AWT)

VS.                                             *

CITY OF NEW HAVEN; STEPHEN        *       AUGUST 1, 2005
COPPOLA; AND EDWIN RODRIGUEZ  *
                        DEFENDANTS    *
*****************************************


## <u>REQUEST FOR PRODUCTION FOR DEFENDANT EDWIN RODRIQUEZ</u>


       The Plaintiff hereby requests that the Defendant Edwin Rodriguez provide counsel for the Plaintiff with copies of the documents described in the following requests for production, or afford counsel for said Plaintiff the opportunity or, if necessary, sufficient written authority, to inspect, copy, photograph or otherwise reproduce said documents.


1. All written statements obtained by you in connection with the investigation into the death of Anthony Lucky, Jr.


2. All written notes, memoranda, or other documents written by you in connection with the investigation into the death of Anthony Lucky, Jr.


3. All affidavits prepared by you in connection with the investigation into the deaths of Anthony Lucky, Jr.


4. All requests made by you for any forensic tests or analysis performed on all evidence gathered in connection with the investigation into the death of Anthony Lucky, Jr.

5.  All warrant applications prepared by you in connection with the investigation into the death of Anthony Lucky Jr.

6.  All tapes or video recordings made by you in connection with the investigation into the death of Anthony Lucky Jr.

7.  All photographs taken by you in connection with the investigation into the death of Anthony Lucky, Jr.

8.  All evidence logs prepared by you in connection with the investigation into the death of Anthony Lucky, Jr.

9.  All documentation of commendation.

10. All documentation of any formal or informal disciplinary action.

11. Your complete personnel file from the City of New Haven.

THE PLAINTIFF
GARY SESSION


By_____
David S. Feldman
Philip Russell, LLC.
66 Field Point Rd.
Greenwich, CT 06830
(203) 661-4200
FEDERAL JURIS No.: CT03556

## **CERTIFICATION**

       I herby certify that a copy of the above was mailed on August 1, 2005, to all counsel and pro se parties of record.

       Jonathan Beamon
       New Haven City Attorney's Office
       165 Church Street
       New Haven, CT  06510

       Stephanie S. Baier
       Susman, Duffy & Segaloff, P.C.
       P.O. Box 1684
       New Haven, CT  06507-1684

                                       _____
                                      David S. Feldman