UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD

```
*************************************
GARY SESSION                          *     CIVIL ACTION NO.
                    PLAINTIFF         *     303-CV-00943 (AWT)

VS.                                   *

CITY OF NEW HAVEN; STEPHEN            *     AUGUST 1, 2005
COPPOLA; AND EDWIN RODRIGUEZ          *
                    DEFENDANTS        *
*************************************
```

## MOTION FOR PERMISSION TO SERVE MORE THAN TWENTY-FIVE INTERROGATORIES UPON DEFENDANT CITY OF NEW HAVEN

Pursuant to Fed. R. Civ. P. § 33, the plaintiff Gary Session hereby moves for permission to serve more than 25 interrogatories upon the defendant City of New Haven. The plaintiff proposes to serve the interrogatories attached as Exhibit A.

In support of this motion the plaintiff states:

1. The plaintiff brought this action claiming multiple violations of the United States and Connecticut Constitutions, Federal Civil Rights Statutes and Connecticut tort law.

2. The interrogatories as a whole are not unreasonably cumulative or duplicative.

3. The defendant Rodriguez is the individual in the best position to answer these questions and no other source is less burdensome or expensive than the defendant.

4. The additional burden to answer additional interrogatories is minimal insofar as it will make the overall litigation of this matter less expensive for all parties involved.

1

5. The discovery sought is reasonable and just under all circumstances.

        THE PLAINTIFF
        GARY SESSION


        By_____
        David S. Feldman
        Philip Russell, LLC.
        66 Field Point Rd.
        Greenwich, CT 06830
        (203) 661-4200
        FEDERAL JURIS No.: CT03556

## **CERTIFICATION**

      I herby certify that a copy of the above was mailed on August 1, 2005, to all counsel and pro se parties of record.

      Jonathan Beamon
      New Haven City Attorney's Office
      165 Church Street
      New Haven, CT  06510

      Stephanie S. Baier
      Susman, Duffy & Segaloff, P.C.
      P.O. Box 1684
      New Haven, CT  06507-1684

                                                _____
                                                  David S. Feldman

# EXHIBIT A

UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
GARY SESSION                          *       CIVIL ACTION NO.
                        PLAINTIFF     *       303-CV-00943 (AWT)

VS.                                   *

CITY OF NEW HAVEN; STEPHEN            *       AUGUST 1, 2005
COPPOLA; AND EDWIN RODRIGUEZ          *
                       DEFENDANTS     *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTERROGATORIES FOR CITY OF NEW HAVEN

The undersigned, on behalf of the Plaintiff, hereby propounds the following interrogatories to be answered by the Defendant, City of New Haven, under oath, within thirty (30) days of the filing hereof insofar as the disclosure sought will be of assistance in the defense of this action and can be provided by the defendant with substantially greater facility than could otherwise be obtained.

1. For each individual who assists in answering these interrogatories, please state:

    a) Your full name;

    b) Your present occupation;

    c) Your current business address.


2. Is Gary Session known to the New Haven Police Department?

3. If your answer to the proceeding interrogatory it in the affirmative, please state:

    a) How the department knows of Gary Session;

    b) When the department first became involved with Gary Session;

    c) The facts and circumstances surrounding the department becoming involved with Gary Session;

    d) How many times did the department meet with Gary Session;

    e) The facts and circumstances of each meeting with Gary Session;

    f) The date and location of each meeting with Gary Session; and

    g) The purpose of every meeting with Gary Session.

4. Please state the names of all officers assigned to investigate the shooting death of Anthony Lucky, Jr.

5. For each officer identified in your response to the preceding interrogatory, please state:

    a) The date assignments were made to the investigation; and

  b) The person who made the assignments to the investigation.

6. Please identify every law enforcement to state official who participated in the crime scene investigation into the shooting death of Anthony Lucky, Jr.?

7. For each person identified in the preceding interrogatory is in the affirmative, please state:

  a) When the crime scene investigation was conducted;

  b) List in detail all activities engaged in during the crime scene investigation; and

  c) List all evidence received during the crime scene investigation.

8. Please identify every law enforcement or state official who participated in any forensic testing or analysis of evidence gathered in connection with the shooting death of Anthony Lucky, Jr.?

9. For each person identified in the preceding interrogatory is in the affirmative, please state:
  a) When any forensic testing or analysis was done;

    b) List in detail all evidence which was tested or analyzed;

    c) List in detail all activities engaged in in testing or analyzing the evidence; and

    d) The results of all tests or analyses performed.

10. Was anyone interviewed in connection with the shooting death of Anthony Lucky, Jr.?

11. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The names and last known address of every person interviewed;

    b) The dates and locations of every interview;

    c) Whether any interview was taped or video recorded;

    d) Whether notes were kept during any interview; and

    e) Whether a written statement was prepared following any interview.

12. Who was present during the autopsy of Anthony Lucky, Jr.?

13. Please list all other investigative procedures undertaken in connection with the shooting death of Anthony Lucky, Jr.?

14. For each activity identified in your response to the preceding, please state:

   a) What other investigative procedures were engaged in;

   b) The members of the New Haven police force who engaged in these other procedures with you;

   c) The dates and locations when these other procedures were performed; and

   d) The results of each procedure.

15. Was a written statement taken from Myra Mercado?

16. If your answer to the preceding interrogatory is in the affirmative, please state:

   a) The dates of said statements;

   b) The substance of those statements;

   c) What steps were taken to confirm the truth of her statement;

   d) What was known of her background and criminal history;

   e) What was known of any ongoing investigations or prosecutions of her when she gave her statements;

    f) What assistance was provided to or promised to her in connection with her ongoing investigations and/or prosecutions in exchange for her statement.

17. Was a written statement taken from Juan Scruggs?

18. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The dates of said statements;

    b) The substance of those statements;

    c) What steps were taken to confirm the truth of his statement;

    d) What was known of his background and criminal history;

    e) What you knew of any ongoing investigations or prosecutions of his when he gave his statements; and

    f) What assistance was provided to or promised to him in connection with his ongoing investigations and/or prosecutions in exchange for his statement.

19. Was a written statement taken from Albert McCann?

20. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The dates of said statements;

    b) The substance of those statements;

    c) What steps were taken to confirm the truth of his statement;

    d) What was known of his background and criminal history;

    e) What was known of any ongoing investigations or prosecutions of his when he gave his statements; and

    f) What assistance was provided to or promised to him in connection with his ongoing investigations and/or prosecutions in exchange for his statement.

21. Was a written statement taken from Janice Wilson?

22. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The dates of said statements;

    b) The substance of those statements;

    c) What steps were taken to confirm the truth of her statement;

    d) What was known of her background and criminal history;

    e) What was known of any ongoing investigations or prosecutions of her when she gave her statements; and

    f) What assistance was provided to or promised to her in connection with her ongoing investigations and/or prosecutions in exchange for her statement.

23. Was a written statement taken from Mary DeLeon?

24. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The dates of said statements;

    b) The substance of those statements;

    c) What steps were taken to confirm the truth of her statement;

    d) What was known of her background and criminal history;

    e) What was known of any ongoing investigations or prosecutions of her when she gave her statements; and

    f) What assistance was provided to or promised to her in connection with her ongoing investigations and/or prosecutions in exchange for her statement.

25. Was a written statement taken from Sharon Adkins?

26. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The dates of said statements;

    b) The substance of those statements;

    c) What steps were taken to confirm the truth of her statement;

    d) What was known of her background and criminal history;

    e) What was known of any ongoing investigations or prosecutions of her when she gave her statements; and

    f) What assistance was provided to or promised to her in connection with her ongoing investigations and/or prosecutions in exchange for her statement.

27. Was Gary Session ever questioned prior to January of 2001 regarding the shooting death of Anthony Lucky, Jr.?

28. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The dates and locations of each interrogation;

    b) Who was present at each interrogation;

    c) The subject matter of each interrogation;

    d) Was each interrogation tape and/or video recorded;

    e) The substance of any statements made by Gary Session at each interrogation; and

    f) Were written notes kept of your interrogation of Gary Session.

29. Was an application for an arrest warrant with a supporting affidavit prepared seeking an arrest warrant for Gary Session in connection with the shooting death of Anthony Lucky, Jr.?

30. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The date said application was made;

    b) The charge the warrant was sought for;

    c) All evidence used to support the application; and

    d) The date said application was signed.

31. Has any member of the New Haven police force engaged in any activity regarding the shooting death of Anthony Lucky, Jr. after January 5, 2001.

32. Has the City of New Haven ever been a party in a lawsuit other then this one in connection with or associated in anyway with the death of Anthony Lucky, Jr.

33. If your answer to the preceding interrogatory is in the affirmative, please state:

    a) The name of the lawsuit;

    b) The court where the lawsuit was/is pending;

    c) The basis of the lawsuit;

    d) The disposition of the lawsuit; and

    e) Whether the City was a plaintiff or defendant.

UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD

```
**************************************
GARY SESSION                      *      CIVIL ACTION NO.
                    PLAINTIFF     *      303-CV-00943 (AWT)

VS.                               *

CITY OF NEW HAVEN; STEPHEN        *      JULY 12, 2005
COPPOLA; AND EDWIN RODRIGUEZ      *
                    DEFENDANTS    *
**************************************
```

## REQUEST FOR PRODUCTION CITY OF NEW HAVEN

The Plaintiff hereby requests that the Defendant provide counsel for the Plaintiff with copies of the documents described in the following requests for production, or afford counsel for said Plaintiff the opportunity or, if necessary, sufficient written authority, to inspect, copy, photograph or otherwise reproduce said documents.  The production of such documents, copies or written authorization shall take place at the offices of Philip Russell, P.C. at a time date to be determined later between both counsels.

1. All written statements obtained in connection with the investigation into the death of Anthony Lucky, Jr.

2. All written notes, memoranda, affidavits, warrant applications, evidence logs or other documents produced in connection with the investigation into the death of Anthony Lucky, Jr.

3. All requests for and reports of any forensic testing or analysis performed on all evidence gathered in connection with the investigation into the death of Anthony Lucky, Jr.

4. All video or audio tape recordings made in connection with the investigation into the death of Anthony Lucky, Jr.

15

5. All photographs taken in connection with the investigation into the death of Anthony Lucky, Jr.

6. All internal affairs files regarding Edwin Rodriguez and Stephen Coppola.

7. The complete file on the death of Anthony Lucky, Jr.

8. The complete personnel file of Edwin Rodriguez and Stephen Coppola.

9. All press releases issued regarding the investigation into the death of Anthony Lucky, Jr. or Edwin Rodriguez and Stephen Coppola.

10. Any pleadings filed in any civil action against the City of New Haven, except for this case, arising out of or in anyway connected with the death of Anthony Lucky Jr.

        THE PLAINTIFF
        GARY SESSION


By_____
David S. Feldman
Philip Russell, LLC.
66 Field Point Rd.
Greenwich, CT 06830
(203) 661-4200
FEDERAL JURIS No.: CT03556

## **CERTIFICATION**

       I herby certify that a copy of the above was mailed on August 1, 2005, to all counsel and pro se parties of record.

Jonathan Beamon
New Haven City Attorney's Office
165 Church Street
New Haven, CT  06510

Stephanie S. Baier
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT  06507-1684

                                                        _____
                                                          David S. Feldman