UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD

FILED

2006 FEB 15 A 11: 45

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY SESSION | \* | CIVIL ACTION NO. |
| PLAINTIFF | \* | 303-CV-00943 (AWT) |
| VS. | \* | |
| CITY OF NEW HAVEN, STEPHEN | \* | FEBRUARY 13, 2006 |
| COPPOLA, AND EDWIN RODRIGUEZ | \* | |
| DEFENDANTS | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION OF ENLARGEMENT OF TIME IN WHICH TO COMPLETE PLAINTIFF'S DISCOVERY

The plaintiff, Gary Session, by the his Attorney Karen L. Mayer respectfully moves this court for an order granting the following relief:

1. Enlarging the time in which plaintiff can conduct the depositions of the witnesses previously noticed and previously scheduled herein for September 20, 21, 22, 23, 27, 2005 and rescheduled for February 13, 14, 21, 23, 27, and 28, 2006. A copy of the scheduling agreement and witnesses previously scheduled is annexed hereto as Exhibit A.

2. For an order granting sanctions and cost in favor of the plaintiff because of defendant's, City of New Haven, persistent and willful non-compliance with the previously agreed upon Scheduling Order. Plaintiff respectfully submits that it is this persistent non-compliance by the defendant, which results in the making of this application. As a result of these delays, plaintiff's counsel has

1

squandered approximately eight (8) hours of attorney time anticipating discovery based on promises made by defendant's counsel.

No prior application has been made for the relief herein.

                THE PLAINTIFF
                GARY SESSION

By _/s/ Karen L. Mayer_
    Karen L. Mayer
    Philip Russell, LLC.
    66 Field Point Road
    Greenwich, CT 06830
    (203) 661-4200
    Federal Bar # CT26555

## CERTIFICATION

I herby certify that a copy of the above was mailed on February 13, 2006, to all counsel and pro se parties of record.

Jonathan Beamon
New Haven City Attorney's Office
165 Church Street
New Haven, CT  06510

Stephanie S. Baier
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT  06507-1684

_____
Karen L. Mayer

UNITED STATE DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY SESSION | \* | CIVIL ACTION NO. |
| PLAINTIFF | \* | 303-CV-00943 (AWT) |
| VS. | \* | |
| CITY OF NEW HAVEN, STEPHEN COPPOLA, AND EDWIN RODRIGUEZ | \* \* | FEBRUARY 13, 2006 |
| DEFENDANTS | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF KAREN L. MAYER

Karen L. Mayer being duly sworn deposes and states:

1. I am over the age of 18 years and familiar with the obligations of an oath.

2. On December 29, 2005, at the deposition of Gary Session, Attorney Beamon promised me that the City's discovery would be forthcoming "in the following week." No such discovery was forthcoming, which prompted me to follow up the first week of January by telephone to Attorney Beamon at which time he said that the written discovery was "being typed" and it would be ready the following week.

3. The following week not having received any discovery and not having heard from Attorney Beamon I placed a telephone call and he apologized and indicated to me "it is coming," and I'd have it the next week. I explained I needed the written discovery before I could conduct depositions.

4. On January 19, 2006, I called all counsel with regard to scheduling depositions so as to avoid conflicts with their respective calendars.

1

5. On January 20, 2006, I wrote a letter to the all counsel, which is annexed hereto as Exhibit B. In response to Attorney Beamon's request we rescheduled depositions that conflicted with a federal holiday. Hearing nothing and receiving nothing in reponse to written discovery requests, I placed a telephone call to Attorney Beamon on February 2, 2006. In response to that telephone call Mr. Beamon said to me "it's going out tonight."

6. Notwithstanding the assurances of counsel I did fax to Attorney Beamon a draft of the discovery motion cover letter and attached exhibits, which are collectively attached hereto as Exhibit C.

7. After transmitting Exhibit C and attachments to Attorney Beamon and placing another telephone call to him again on February 2, 2006, in response to that inquiry, he stated to me that the discovery had to be reviewed by "another detective" and that he would have it delivered to my office for Saturday delivery.

8. On February 3, 2006, I made arrangements to be at work on February 4, 2006, in order to receive the Saturday delivery, which was promised to me by Attorney Beamon. Although I came to the office, and opened the office, and remained there until 4:00 p.m. no such delivery was forthcoming.

9. The following Monday at the close of business I received incomplete discovery, which is missing such basic items of photographic evidence and documentary evidence. The agreement for discovery and the resulting Rule 26(f) Agreement were submitted in August of 2005. The defendants have collectively provided insufficient responses, and not fully, fairly and honestly answered interrogatories.

10. To date I have expended approximately, conservatively, more then four (4) hours of attorney time in asking, begging and documenting my request for this previously agreed upon discovery. I have also taken attorney time on a Saturday not customarily reserved

2

for discovery work, and have also expended exhausted time confirming to plaintiff who has made serious charges against the New Haven Police Department, which claims it has not acted in bad faith and that it would in fact live up to its ethical, legal, and federal obligations to turn over this discovery material.

11. Typically my hourly services are billed out by this firm at $225.00. For this reason I am asking for a sanction in the form of four (4) hours of attorney time. I am specifically requesting that the City of New Haven be directed to pay $900.00 as a sanction for their deliberate and willful non-compliance with the discovery order.

12. In addition to the time specifically related to begin for previously agreed upon discovery, plaintiff will be constrained to devote further attorney time and expense to rescheduling the previously noted deposition schedule, which is attached to as Exhibit A.

13. As of today, plaintiff has agreed with defendants in accordance with Rule 37 to work to resolve glaring problems with the inadequacy of the discovery received here on Monday, February 6, 2006. For that reason the plaintiff respectfully reserves the right to file additional and supplementary motions for contempt, motions for sanctions, and motions for compulsion should the defendant persist in practices exhibited between August and today.

14. No prior application has been made for the relief sought herein. Respectfully submitted and sworn to before me.

_____
Karen L. Mayer

Subscribed and sworn to before
me this 13th day of February 2006.

_____
Notary Public

Shirley A. Reinoso
NOTARY PUBLIC
State of Connecticut
My Commission Expires
June 30, 2010

3