UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

************************************

| | | |
|---|---|---|
| GARY SESSION PLAINTIFF | * * * | CIVIL ACTION NO. 303-CV-00943 (AWT) |
| VS. | * | |
| CITY OF NEW HAVEN; STEPHEN COPPOLA; AND EDWIN RODRIGUEZ | * * * * * * | FEBRUARY 17, 2006 |
| DEFENDANTS | * | |

************************************

**OBJECTION TO PLAINTIFF'S MOTION OF ENLARGEMENT OF TIME IN WHICH TO COMPLETE PLAINTIFF'S DISCOVERY DATED FEBRUARY 13, 2006**

Plaintiff's Motion of Enlargement of Time should be denied for the following reasons:

1. On February 7, 2006, counsel for the Plaintiff and Defendants (Rodriguez and Coppola) spoke on the telephone concerning outstanding discovery and an extension of the existing scheduling order was suggested. At that time, both counsel for Plaintiff and Defendants agreed that an extension was the proper response, provided, that all future dates were moved out to allow the same amount of time in between each phase, as the original scheduling order. Counsel for Plaintiff agreed to prepare and circulate the motion and proposed amendment to the scheduling order.

2. On February 13, 2006, Plaintiff filed a Motion for Enlargement of Time in which to complete Plaintiff's depositions, along with several exhibits, including a Proposed Motion to Compel, which refers to the Defendants, Coppola and Rodriguez. Defendants, Coppola and

Rodriguez have fully complied with the Federal Rules concerning discovery and the scheduling order. On February 1, 2006 e-mails were exchanged indicating why certain documentation could not be provided pursuant to Schedule A of each of Defendants' respective deposition notices. Those e-mails are attached hereto. Those e-mails were followed by a telephone conversation wherein Attorney Mayer represented that no additional documentation was required by Defendants based on the representations in the e-mail and the interrogatory and request for production responses. Despite this compliance, Plaintiff has yet to conduct a deposition in this case, and canceled the Defendants' depositions in favor of filing this and a prior motion for enlargement.

3. On February 13, 2006, counsel for Defendants faxed a letter to Plaintiff's counsel requesting that she file a motion to extend the scheduling order along with a proposed scheduling order as she had agreed to do on February 7, 2006 (letter attached hereto).

4. On December 5, 2005 and February 14, 2006, Cheryl Solomine, Paralegal, at Susman, Duffy & Segaloff, faxed letters to Plaintiff's counsel itemizing a list of all outstanding discovery owed by the Plaintiff in response to Defendants Interrogatories and Requests for Production dated April 7, 2005 (letters attached hereto). Attorney Mayer responded to February 14, 2006 request on February 16, 2006, indicating that certain of those items are still outstanding, despite the fact that the initial Interrogatories and Production Requests requesting same were made in April of 2005, and those same items were again requested through a Schedule A to the deposition notice of Gary Session, which deposition took place the last week in December of 2005 (a copy of that e-mail is attached hereto).

5. The Defendants' efforts to complete the deposition of the Plaintiff have been thwarted due to the Plaintiff's non-compliance to discovery requests dated April 7, 2005.

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

6. The Plaintiff's motion only explains why tasks set forth in the scheduling order cannot be completed by the Plaintiff in a timely manner, but does not address amending the entire scheduling order to benefit all parties, nor her agreement to undertake drafting a proposed amendment.

7. Attorney for Defendants contacted Attorney Beamon (representing the City), who indicated that he joins in this opposition for a unilateral change to the scheduling order. He further indicated that he and Attorney Mayer agreed to work out some objections he had made to certain of her discovery requests to the City, and that since that conversation at the beginning of this week, he is waiting for Attorney Mayer to provide him with information she indicated she would put in writing to him.

8. Completion of discovery and trial preparation in this matter should not be further delayed and Plaintiff's unilateral attempt to alter the scheduling order is not in accordance with the spirit of Rule 26(f) and should be denied.

WHEREFORE, Plaintiff's Motion of Enlargement of Time should be denied in its entirety for all of the foregoing reasons.

THE DEFENDANTS,
STEPHEN COPPOLA AND EDWIN RODRIGUEZ

BY: ______________________

Stephanie S. Baier
Susman, Duffy & Segaloff, P.C.
P. O. Box 1684
New Haven, CT 06507-1684
Phone: (203) 624-9830
Fax: (203) 562-8430
Federal Bar no: ct25370

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent this date to:

Jonathan Beamon, Esq.
City of New Haven
165 Church Street
New Haven, CT 06510

Karen Mayer, Esq.
Philip Russell, PC.
71 Lewis Street
Greenwich, CT 06830

Stephanie S. Baier

V:\Client N-O\NHCITY\Session\Pleadings\Objection to Enlargement of Time 021606.wpd

**Stephanie Baier**

---

**From:** Stephanie Baier
**Sent:** Wednesday, February 01, 2006 4:51 PM
**To:** 'kmayer@greenwichlegal.com'
**Subject:** FW: Sessions v. New Haven

Karen:

With respect to your response, please note that 4 asks for any requests for forensic tests or analysis made and 4a asks for results of those. Requests for Production directed to my clients at paragraph 4 asked for the requests indicated in #4 on Schedule A to the subpeona. The response at the time was N/A - not applicable. That response is still the same.

With respect to #6, requesting videos or tapes, neither myself or my clients are in possession of any such tapes. Thus, the response is the same as that provided for in the Requests for Production #6.

With respect to #7, requesting photographs prepared by my clients, there are none. The response is still the same as that in the Request for Productions #7 -- N/A.

With respect to #8, requesting evidence logs prepared by my clients, neither myself or my clients are in possession of any such logs. Thus the response is the same as that provided for in the Requests for Production #8.

Since neither myself or my clients are in possession of any documents, pictures, tapes, logs, etc. responsive to any of these requests, there is nothing additional to bring to the deposition. The other documents have already been produced to you.

Please confirm that it is unnecessary to reproduce these same documents again at deposition.

-----Original Message-----
**From:** Karen Mayer [mailto:kmayer@greenwichlegal.com]
**Sent:** Wednesday, February 01, 2006 4:33 PM
**To:** Cheryl Solomine
**Subject:** Re: Sessions v. New Haven

Thank you, I received your email. I believe you claim all documents requested in the subpoena were provided at the time of interrogatories, however please note that Subpoena Schedule A numbers 4, 4a, 6, 7, and 8 have not been provided.

Karen L Mayer
Philip Russell LLC
66 Field Point Rd
Greenwich CT 06830
P: (203) 661-4200
F: (203) 661-3666
kmayer@greenwichlegal.com

THIS EMAIL IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C. §§ 2510-2521 AND IS LEGALLY PRIVILEGED. THIS E-MAIL IS ATTORNEY-CLIENT PRIVILEGED AND CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED ABOVE. ANY OTHER DISTRIBUTION, COPYING OR DISCLOSURE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY AND DELETE THE E-MAIL WITHOUT MAKING A COPY.
(203) 661-4200

----- Original Message -----
**From:** Cheryl Solomine
**To:** kmayer@greenwichlegal.com
**Cc:** greenwichlegal@aol.com
**Sent:** Wednesday, February 01, 2006 1:35 PM
**Subject:** Sessions v. New Haven

Dear Attorney Mayer:

Please confirm that you received my email dated January 31, 2006 regarding the Schedule A document request attached to notices of deposition for Coppola and Rodriguez. Thank you.

*Cheryl Solomine*
*Susman, Duffy & Segaloff, PC*
<mailto:csolomine@susmanduffy.com>

***The information contained in this electronic message is confidential and is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by calling the sender at 203-624-9830.***

SUSMAN, DUFFY & SEGALOFF, P.C.

ATTORNEYS AT LAW
55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830

FACSIMILE (203) 562-8430

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI

JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER
MEGHAN K. GALLAGHER

ALLEN H. DUFFY
(1931-1986)

OF COUNSEL
DAVID P. HAMBLETON

December 5, 2005

**VIA FACSIMILE 203-661-3666**
Karen Mayer, Esq.
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT 06830

Re: Session v. City of New Haven, et al

Dear Attorney Mayer:

I am writing to follow up with my conversation with Shirley regarding the plaintiff's responses to interrogatories and requests for production dated April 7, 2005.

Please provide complete responses and/or requested documentation for the following Interrogatories and Requests for Production:

1. Interrogatory #3(d) - please provide prisoner identification numbers;
2. Interrogatory #4 - please confirm plaintiff that answer is in response to the "incident" as that term is defined and not in response to Interrogatory #3;
3. Interrogatory #7(a) - please provide dates of treatment;
4. Interrogatory #8(e) - please provide date of claim;
5. Interrogatory #9(a) - please provide name and address of employer/business address or company name;
6. Interrogatory #9(b) - please provide list of duties;
7. Interrogatory #9(c) - please provide income from position of music producer;
8. Interrogatory #9(d) - please identify from which employment, whether basketball referee or music producer;
9. Interrogatory #9(e) - please provide a copy of the record contract and please identify what $60,000 represents;
10. Interrogatory #9(f) - please identify from which job you were unable to perform duties;
11. Interrogatory #9(g) - please provide information as to whether these clients are related to position of music producer or basketball referee and also provide addresses;
12. Interrogatory #10 - please provide calculation of loss of earning capacity;
13. Interrogatory #12 - please provide addresses and relationship of each named witness

to the plaintiff and a summary of their testimony;

14. Interrogatory #13 - please state whether or not all named individuals in response to Interrogatory #12 gave statements;

16. Interrogatory #17 - please provide responses for sections (a) and (b);

17. Interrogatory #18 - please provide complete responses to sections (a) and (b);

18. Interrogatory #20 - please provide complete responses to sections (a) and (b);

19. Interrogatory #24 - please provide responses to sections (a) and (b);

20. Request for Production #1 - please provide documentation;

21. Request for Production #2 - please provide documentation;

22. Request for Production #3 - please provide copy of record contract;

23. Request for Production #4 - please provide copies of tax returns;

24. Request for Production #8 - please provide documentation;

25. Request for Production #11 - please provide documentation;

26. Request for Production #13 - please provide documentation as it was not attached, as stated in your response;

27. Request for Production #14 - please provide documentation as it was not attached, as stated in your response; and

28. Request for Production #15 - please provide documentation as it was not attached, as stated in your response.

If you have any questions, please do not hesitate to contact Attorney Stephanie Baier or myself. Thank you for your anticipated cooperation.

Sincerely,

Cheryl Lynn Solomine
Paralegal

/cls

*** TX REPORT ***

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2868 |
| CONNECTION TEL | 12036613666 |
| CONNECTION ID | |
| ST. TIME | 12/05 10:10 |
| USAGE T | 00'29 |
| PGS. SENT | 3 |
| RESULT | OK |

# Susman, Duffy & Segaloff, P.C.

Michael Susman
James H. Segaloff
Joseph E. Faughnan
Laura M. Sklaver
James J. Perito
Matthew C. Susman
Thomas E. Katon
Peter G. Kruzynski

Jennifer L. Schancupp
Karen Baldwin Kravetz
Stephanie S. Baier
Jesse A. Langer
Meghan K. Gallagher

Attorneys at Law
55 Whitney Avenue
New Haven, Connecticut 06510-1300

Please Reply To:
P.O. Box 1684
New Haven, Connecticut 06507-1684

(203) 624-9830

Facsimile (203) 562-8430

Allen H. Duffy
(1931-1986)

Of Counsel

DAVID P. HAMBLETON

## FACSIMILE TRANSMITTAL SHEET

TO: Attorney Karen Mayer

FAX NO.: 203 661-3666

RE: Sessions v. City of New Haven, et al

DATE: 12/5/05 TIME:

FROM: Cheryl Solomine

NUMBER OF PAGES (INCLUDING COVER SHEET): 3

CC: FAX NO.:

PLEASE CALL Cheryl AT (203) 624-9830 IF YOU HAVE ANY QUESTIONS OR PROBLEMS RECEIVING THIS TRANSMISSION.

MEMORANDUM:

SUSMAN, DUFFY & SEGALOFF, P.C.

ATTORNEYS AT LAW
55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830

FACSIMILE (203) 562-8430

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI

JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER
MEGHAN K. GALLAGHER

ALLEN H. DUFFY
(1931-1986)

OF COUNSEL
DAVID P. HAMBLETON

February 14, 2006

**VIA FACSIMILE 203-661-3666**
Karen Mayer, Esq.
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT 06830

Re: Session v. City of New Haven, et al

Dear Attorney Mayer:

As you may recall, at Mr. Session's deposition, he gave several responses that were inconsistent with information he originally provided through his interrogatory and/or production responses. Please amend plaintiff's interrogatory responses by providing complete responses and/or requested documentation for the following Interrogatories and Requests for Production:

1. Interrogatory #7(a) - please provide dates of treatment;
2. Interrogatory #8(e) - please provide date of claim;
3. Interrogatory #9(a) - please provide name and address of employer/business address or company name;
4. Interrogatory #9(b) - please provide list of duties;
5. Interrogatory #9(c) - please provide income from position of music producer;
6. Interrogatory #9(d) - please identify from which employment, whether basketball referee or music producer;
7. Interrogatory #9(e) - please identify what $60,000 represents;
8. Interrogatory #9(f) - please identify from which job(s), you were unable to perform duties and the exact dates for each job;
9. Interrogatory #9(g) - please provide information as to whether these clients are related to position of music producer or basketball referee and also provide addresses;
10. Interrogatory #10 - please provide calculation of loss of earning capacity (taking into account new income from teaching and/or SIAS);
11. Interrogatory #12 - please provide complete names and addresses and relationship of each named witness to the plaintiff and a summary of their testimony;
12. Interrogatory #13 - please state whether or not all named individuals in response to Interrogatory #12 gave statements;
13. Interrogatory #17 - please provide responses for sections (a) and (b);
14. Interrogatory #18 - please provide complete responses to sections (a) and (b);

15. Interrogatory #20 - please provide complete responses to sections (a) and (b);
16. Interrogatory #24 - please provide responses to sections (a) and (b);
17. Request for Production #14 - please provide documentation; and
18. Request for Production #15 - please provide documentation.

Please also provide the following information/documentation from the plaintiff's deposition taken on December 30, 2005:

1. Board 10's address and employment documentation;
2. Common Grounds' address and employment documentation;
3. Ninjatainment's address and business documents;
4. SIAS Innovations, LLC's address and business documents;
5. Copy of complaint, incident report, or other documents concerning inmate who allegedly injured the plaintiff at Walker Correction while he was incarcerated concerning the incident alleged in the complaint;
6. Last name for "Lenny", psychiatrist from Walker Correction;
7. Documentation concerning music equipment that was sold;
8. Copy of Fubu contract;
9. Copy of Hip Hop Summit Alliance contact; and
10. Copy of 2005 tax return.

If you have any questions, please do not hesitate to contact Attorney Stephanie Baier or myself. Thank you for your anticipated cooperation.

Sincerely,

Cheryl Lynn Solomine
Paralegal

/cls

I:\Client N-O\NHCITY\Session\Correpondence\Mayer 021406.wpd

**Stephanie Baier**

**From:** Karen Mayer [kmayer@greenwichlegal.com]

**Sent:** Thursday, February 16, 2006 6:27 PM

**To:** Stephanie Baier; Cheryl Solomine

**Subject:** Re: Sessions v. New Haven

I received your letter dated February 14, 2006, as a follow up to Mr. Session's deposition. I have supplemental compliance to the interrogatories, which I have been updating after numerous phone conversations and compliance by my client. I plan to meet with him for final signature on Friday February 17, 2006 and will forward to you.

Most of the documents you have requested for production have been forwarded over the past six weeks. However, the remaining items should be obtained before the end of February. I know you are eager to finish the deposition of my client so I am diligently following up on these requests.

The documents I continue to have trouble obtaining are (numbered consistant with your letter):

5. Copy of complaint, incident report, or other documents concerning inmate who allegedly injured the plaintiff at Walker Correction while he was incarcerated concerning the incident alleged in the complaint. (Documents have been requested in writing and several follow up phone calls have been made.)

6. Last name for "Lenny" - psychiatrist from Walter Correction. (See #5 explanation.)

7. Documentation concerning music equipment that was sold. (I believe my client was incarcerated at the time the equipment was sold and has no documentation.)

8. Copy of Fubu contract. (Letter from Keith Perrin was previously forwarded. However, I have written to Mr. Perrin to request him to search his files for further documentation of the September 2000 production agreement.)

10. Copy of 2005 tax return. (Mr. Session has not yet filed a tax return for Y2005 and has until April 15, 2006 to file.)

Thank you for your patience.

Karen L Mayer
Philip Russell LLC
66 Field Point Rd
Greenwich CT 06830
P: (203) 661-4200
F: (203) 661-3666
kmayer@greenwichlegal.com

THIS EMAIL IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C. §§ 2510-2521 AND IS LEGALLY PRIVILEGED. THIS E-MAIL IS
ATTORNEY-CLIENT PRIVILEGED AND CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED ABOVE. ANY OTHER DISTRIBUTION, COPYING OR DISCLOSURE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY AND DELETE THE E-MAIL WITHOUT MAKING A COPY. (203) 661-4200

SUSMAN, DUFFY & SEGALOFF, P.C.

ATTORNEYS AT LAW
55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830

FACSIMILE (203) 562-8430

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI

JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER
MEGHAN K. GALLAGHER

ALLEN H. DUFFY
(1931-1986)

OF COUNSEL
DAVID P. HAMBLETON

February 13, 2005

**VIA FACSIMILE 203-661-3666**
Karen Mayer, Esq.
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT 06830

Re: Session v. City of New Haven, et al

Dear Attorney Mayer:

On February 7, 2006, we spoke on the telephone concerning your need to reschedule the depositions of my clients, as you had not reviewed all of interrogatory responses and/or production materials received from John Beamon but you did not believe it was complete. At that time, you discussed moving to extend the scheduling order. I agreed to an extension provided that all future dates were moved out to allow the same amount of time in between each phase, as the original scheduling order. You agreed to prepare and circulate same.

I have not received any such proposed amended scheduling order. Rather, I received a telephone message from you and an e-mail notification from the court that you filed plaintiff's request for extension of time to take depositions, along with several exhibits, including your proposed motion to compel which also refers to my clients. As you know, we spoke about your proposed motion to compel on or about February 2, 2006, and I indicated that since my clients were the only ones who had fully complied with the federal rules concerning discovery and the scheduling order, that I would seek sanctions if I was forced to defend such a motion.

I note that your motion for extension was denied without prejudice. Before you refile same, would you consider filing a motion to extend the scheduling order and proposed scheduling order as you agreed to and represented that you would on February 7, 2006.

As for your letter dated February 9, 2006, you indicated previously that all other depositions will need to be rescheduled. Now, you indicate that they will be rescheduled IF the court grants your motion for extension, which we know it has not. Please let me know as soon as possible, whether you will or will not be going forward with the depositions.

As for production of documentation, I certainly have NOT represented to you that my clients have no documentary evidence. Rather, what I did indicate is that all documentary evidence in my clients or my possession has been turned over with the discovery responses, such that no new documents would be responsive to the Schedule A attached to their respective deposition notices.

I am not quite sure what the rest of that paragraph is looking for, but there was NO discovery request made to my clients for copies of any past legal actions that they were involved with. The only documents, which I received on February 9th, are documents stating that a prior reprimand was rescinded. I enclose those documents herewith. As the reprimands were rescinded, they are not part of my clients' personnel files. Accordingly, neither my clients nor myself have any further documentation responsive to any production requests and/or the Schedule A attached to their respective deposition notices.

I hope that this letter clarifies my clients' position. Please contact me to reschedule the depositions, and fax me the proposed amended scheduling order at your earliest convenience.

Thank you.

Sincerely,

Stephanie S. Baier

cc: John Beamon, Esq.

I:\Client N-O\NHCITY\Session\Correpondence\Mayer 021306.wpd



# NEW HAVEN DEPARTMENT OF POLICE SERVICE

One Union Avenue • New Haven • Connecticut • 06519

*Francisco Ortiz, Jr.*
*Chief of Police*

*John DeStefano, Jr.*
*Mayor*

December 30, 2004

Detective Stephen Coppola
Investigative Services

Dear Detective Coppola:

Based upon my understanding of all the circumstances surrounding the January 15, 2001 reprimand (Personnel Memorandum 01-02), it is my opinion that it is appropriate to rescind the reprimand; and accordingly, I have done so.

PER ORDER OF:

FRANCISCO ORTIZ, JR.
CHIEF OF POLICE

CC: Jonathan Beamon, Corporation Counsel
Emmet Hibson, Labor Relations

02/09/2006 02:33 FAX 2039467942 Case 3:03-cv-00943-AWT Document 43 CORPORATION COUNSEL CITY NH LABOR RELATIONS Filed 02/21/2006 Page 16 of 18 003 001

# NEW HAVEN
## DEPARTMENT OF POLICE SERVICE

One Union Avenue • New Haven • Connecticut • 06519

*Francisco Ortiz, Jr.*
*Chief of Police*

*John DeStefano, Jr.*
*Mayor*

December 30, 2004

Detective Edwin Rodriguez
Investigative Services

Dear Detective Rodriguez:

Based upon my understanding of all the circumstances surrounding the January 15, 2001 reprimand (Personnel Memorandum 01-03) and the February 1, 2001 reprimand (Personnel Memorandum 01-09), it is my opinion that it is appropriate to rescind the reprimands; and accordingly, I have done so.

PER ORDER OF:

FRANCISCO ORTIZ, JR.
CHIEF OF POLICE

CC: Jonathan Beamon, Corporation Counsel
Emmet Hibson, Labor Relations

*Policing through Partnerships*

Tel: (203) 946-6333 • Fax: (203) 946-7294 • www.newhavenpolice.org

**Susman, Duffy & Segaloff, P.C.**

Michael Susman
James H. Segaloff
Joseph E. Faughnan
Laura M. Sklaver
James J. Perito
Matthew C. Susman
Thomas E. Katon
Peter G. Kruzynski

Jennifer L. Schancupp
Karen Baldwin Kravetz
Stephanie S. Baier
Jesse A. Langer
Meghan K. Gallagher

Attorneys at Law
55 Whitney Avenue
New Haven, Connecticut 06510-1300

Please Reply To:
P.O. Box 1684
New Haven, Connecticut 06507-1684
(203) 624-9830

Facsimile (203) 562-8430

Allen H. Duffy
(1931-1986)

Of Counsel

DAVID P. HAMBLETON

**FACSIMILE TRANSMITTAL SHEET**

TO: Karen Mayer

FAX NO.: 203·661·3166

RE: Session

DATE: 2/13/06 TIME: 11:15am.

FROM: Stephanie Baier

NUMBER OF PAGES (INCLUDING COVER SHEET): 4

CC: John Beamon FAX NO.: 946·7942

PLEASE CALL me AT (203) 624-9830 IF YOU HAVE ANY QUESTIONS OR PROBLEMS RECEIVING THIS TRANSMISSION.

MEMORANDUM: please see attached in response to your 2/9/06 letter and motion

Thank you
SB

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY/CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER AT THE ABOVE TELEPHONE NUMBER.

******************************
*** MULTI TX/RX REPORT ***
******************************

| | |
|---|---|
| TX/RX NO | 3841 |
| PGS. | 5 |
| TX/RX INCOMPLETE | ----- |
| TRANSACTION OK | (1) 12036613666 |
| | (2) 9467942 |
| ERROR INFORMATION | ----- |

# Susman, Duffy & Segaloff, P.C.

Michael Susman
James H. Segaloff
Joseph E. Faughnan
Laura M. Sklaver
James J. Perito
Matthew C. Susman
Thomas E. Katon
Peter G. Kruzynski

Jennifer L. Schancupp
Karen Baldwin Kravetz
Stephanie S. Baier
Jesse A. Langer
Meghan K. Gallagher

Attorneys at Law
55 Whitney Avenue
New Haven, Connecticut 06510-1300

Please Reply To:
P.O. Box 1684
New Haven, Connecticut 06507-1684

(203) 624-9830

Facsimile (203) 562-8430

Allen H. Duffy
(1931-1986)

Of Counsel

DAVID P. HAMBLETON

## FACSIMILE TRANSMITTAL SHEET

TO: Karen Mayer

FAX NO.: 203-661-3666

RE: Session

DATE: 2/13/06 TIME: 11:15am.

FROM: Stephanie Baier

NUMBER OF PAGES (INCLUDING COVER SHEET): 4

CC: John Beamon FAX NO.: 946-7942

PLEASE CALL me AT (203) 624-9830 IF YOU HAVE ANY QUESTIONS OR PROBLEMS RECEIVING THIS TRANSMISSION.

MEMORANDUM: please see attached in response to your 2/9/06 letter and motion

Thank you
SB

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY/CLIENT PRIVILEGED