**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**
**HARTFORD**

*************************************

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 303-CV-00943 (AWT) |
| | | |
| VS. | * | |
| | | |
| EDWIN RODRIGUEZ; STEPHEN | * | MAY 31, 2006 |
| COPPOLA; AND CITY OF NEW HAVEN | * | |
| DEFENDANTS | * | |

*************************************

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT EDWIN RODRIGUEZ'S RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION AND FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 37, the plaintiff moves for an order compelling defendant, Edwin Rodriguez, to provide more complete answers to plaintiff's interrogatories and request for production dated July 11, 2005. As set forth more fully in plaintiff's accompanying Memorandum of Law and Affidavit, despite repeated good faith efforts to obtain the defendant's responses, and order by the court (*Martinez, J.*) on May 10, 2006, they have not fully, faithfully, and honestly answered plaintiff's interrogatories nor provided documentation responsive to plaintiff's request for production. The defendant is claiming objections to numerous interrogatories and stated that his responses stand. A memorandum of law and affidavit of counsel is annexed hereto.

1

WHEREFORE, based on the foregoing, the plaintiff respectfully requests that an order enter granting this motion and awarding reasonable costs and attorneys fees.

THE PLAINTIFF,
GARY SESSION

BY _Karen L. Mayer_
Karen L. Mayer
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830
203-661-4200
Federal Bar No. CT 26555

## CERTIFICATION

This is to certify that on this 31st day of May 2006, I hereby mailed a copy of the foregoing to all pro se parties and counsel of record, namely:

Stephanie S. Baier, Esq.
Susan, Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507

Jonathan Beamon, Esq.
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06514

_Karen L. Mayer_
Karen L. Mayer

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES...........................................................ii

I.    FACTS....................................................................1

II.   ARGUMENTS..........................................................8

III.  LEGAL GROUNDS FOR DISCOVERY REQUESTS..............................12

IV.   CONCLUSION.......................................................14

AFFIDAVIT OF KAREN L. MAYER

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                            <u>Page</u>

<u>Engl v. Aetna Life Ins. Co.</u>,
    139 F.2d 469, 472 (2d Cir. 1943)……………………………………………..13

<u>Johnson v. McTigue</u>,
    122 F.R.D. 9 (S.D.N.Y. 1986)……………………………………………....11

<u>Inmate of Unit 14 v. Rebideau</u>,
    102 F.R.D. 122, 127 (N.D.N.Y. 1984)…………………………………….....12

<u>King v. Conde</u>,
    121 F.R.D. 180 (E.D.N.Y. 1988)……………………………………….....11

<u>Skibo v. City of New York</u>,
    109 F.R.D. 58 (E.D.N.Y. 1985)…………………………………………12-13

<u>Unger v. Cohen</u>,
    125 F.R.D. 67, 69 (S.D.N.Y. 1989)………………………………………….13

<u>Other Authorities</u>

42 U.S.C. §1983…………………………………………………………………….1

<u>Rules</u>

Fed. R. Civ. P. 26(b)(1)………………………………………………10-11, 12

Fed. R. Civ. P. 33(b)…………………………………………………………..9

Fed. R. Civ. P. 33(b)(5)………………………………………………………12

Fed. R. Civ. P. 37(a)………………………………………………………….12

Fed. R. Civ. P. 37(a)(3)……………………………………………………….12

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**
**HARTFORD**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| GARY SESSION | \* | CIVIL ACTION NO. |
| PLAINTIFF | \* | 303-CV-00943 (AWT) |
| | | |
| VS. | \* | |
| | | |
| EDWIN RODRIGUEZ; STEPHEN | \* | MAY 31, 2006 |
| COPPOLA; AND CITY OF NEW HAVEN | \* | |
| DEFENDANTS | \* | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFF'S MOTION TO**
**COMPEL DEFENDANT EDWIN RODRIGUEZ'S RESPONSES AND**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

**I.    FACTS**

The plaintiff's claims in this lawsuit are brought pursuant to 42 U.S.C. §1983.  The

plaintiff alleges that the actions of the defendants, Stephen Coppola and Edwin Rodriguez and

the City of New Haven, violated his constitutional rights and caused his false arrest, false

imprisonment for eleven (11) months, and false and malicious prosecution against him.  The

false charges were for murder, conspiracy to commit murder, criminal use of a firearm, and

carrying a pistol without a permit in connection with the death of Anthony Lucky, Jr. ("Lucky").

The defendant knowingly made false statements, inaccuracies, and omitted truthful statements

when they sought the plaintiff's arrest and persisted in his prosecution.

Lucky was a passenger in a vehicle along with his cousin Albert McCann and a friend,

Juan Scruggs traveling in a Suzuki Samarai on Columbus Avenue in New Haven on July 25,

1999 (see attached Exhibit A, pages 5-8).  Another vehicle, allegedly a Honda CRX with three

1

hispanic passengers was also traveling on Columbus through several light-controlled

intersections. (Exhibit A, page 7). An altercation occurred whereby eventually the Honda "cut-

off" the Suzuki. (Exhibit A, page 8). The occupants of the vehicles exchanged words and as the

Honda CRX turned left onto Howard Avenue, one of the occupants fired shots from the Honda at

the Suzuki as it continued to travel southbound on Columbus. (Exhibit A, page 10). The front

passenger of the Suzuki, Scruggs, reached for a gun in the backseat where Lucky was sitting.

(Exhibit A, page 12). Scruggs made a voluntary statement to the defendants the night of the

incident admitting that as he "unraveled" the gun wrapped in a t-shirt, "the safety

went off and I accidentally shot Anthony Lucky in the right nipple." (Exhibit A, page 13).

Scruggs then proceeded to fire one or two shots out the driver's window across McCann.

(Exhibit A, page 17).

    The plaintiff was arrested on January 8, 2001 and incarcerated following the arrest. The

plaintiff claims the defendants, Rodriguez and Coppola, submitted affidavits and applied for an

arrest warrant without any credible information, using false and unsubstantiated statements from

a confidential informant, Mayra Mercado, who was facing criminal prosecution for charges

against her for failure to appear related to a prior drug arrest (Complaint, paragraph 13-14).

When Mercado's statement was obtained, four months after the incident, the defendants had

reliable statements and other credible evidence, that not only contradicted the false statement, but

warranted specific corroboration based on the graphic details of the death of Lucky.[1] Mercado's

statement had no credibility nor did it merit reliability. The defendants disregarded all credible

evidence gathered from the night of the Lucky investigation, formulated an investigation based

---

[1] In general, see voluntary statements made by witnesses Scruggs and McCann on July 25, 1999, attached hereto as Exhibit A and Exhibit B respectively. These statements are admissible as a business record under the Fed. R. Evid. 803(6). These records were disclosed to the defendants as part of his duty to disclose. The defendants have never produced these records in this lawsuit.

on Mercado's statement, and omitted to use statements from witnesses that would have exonerated the plaintiff.

Had the defendants taken any steps to verify her statements, they would have discovered all of her statements to be false and unreliable. For example, Mercado's statement included but is not limited to her declaration that the plaintiff and she were together the night of the shooting when in fact he was at his home with a group of approximately twelve people (Exhibit C, pages 11, 21; Exhibit D).[2] Mercado also declared that she and the plaintiff had a baby together when in fact she did not have any children (Exhibit C, pages 16,19). Mercado further said that she and the plaintiff were in a gold Ford Expedition that the plaintiff owned when in fact the plaintiff did not own such a vehicle or ever drive such a vehicle (Exhibit C, page 15). Mercado claimed that she was planning to meet Mary DeLeon the night of the shooting when in fact DeLeon rejected Mercado's statement and proved to the prosecutor that she (DeLeon) was incarcerated from August 27, 1998 until September 28, 1999 (Exhibit E). All of the false statements and inaccuracies were known to the defendants at the time they sought plaintiff's arrest and persisted in his prosecution.

As stated earlier, Scruggs made a voluntary statement claiming he accidentally shot Lucky, which was omitted in the affidavit and application for arrest warrant (Exhibit Q). Scruggs also told the defendants that he saw Lucky holding his chest and observed blood on the front of Lucky's t-shirt (Exhibit A, page 19). According to Officer Forbes, the t-shirt Lucky was wearing

was never recovered and was alleged lost during the attempt to save his life. (Exhibit F, page 3; Exhibit G) The t-shirt would have served as credible evidence to substantiate Scruggs' statement. The defendants omitted any complete mention of Scruggs' statements in the

---

[2] Michael O'Donnell was disclosed as plaintiff's expert witness as a private investigator. These statements are admissible as a business record under the Fed. R. Evid. 803(6).

3

application for the arrest warrant against the plaintiff, which would have exonerated the plaintiff or at a minimum called into question the credibility of the registered informant. The defendants' affidavits omitting voluntary statements and admissions made the night of the incident was ratified and approved by the City of New Haven and the New Haven Police Department.

The defendants' actions in arresting the plaintiff were undertaken without probable cause and based on unreliable information that in the exercise of reasonable care they would have known was unreliable. The plaintiff pleads that the defendants knowingly caused plaintiff to be incarcerated and prosecuted on the charge of murder all the while knowing that no credible evidence existed implicating him.

The plaintiff sets forth in his complaint that the City of New Haven, through its agents and employees, acted with wanton, reckless, or malicious disregard of the plaintiff's constitutional rights. The City of New Haven deprived the plaintiff of life, liberty without due process of law, and equal protection of the laws (Complaint, paragraph 19).

The criminal charges were *nolled* on or about November 13, 2001 because the State claimed it had a missing witness and admitted it had no evidence against the plaintiff for the alleged crime. The plaintiff was finally released from prison after eleven (11) months. The case was dismissed on August 14, 2002.

The plaintiff's case was commenced on May 28, 2003. On July 2, 2003, the City requested more time to plead because it would require many documents to be obtained and reviewed. On September 24, 2003, the City requested another extension to plead professing the delays included "1) obtaining related criminal prosecution records which had been 'erased' by the State Court, under State law, and for which it needed to obtain a court order, 2) obtaining outside conflict counsel for the two individual defendants, and 3) the City's trial schedule.

4

Additionally, in September 2003, counsel for the individual defendants requested more time to plead because the counsel of record had just been retained." In October 2003, the City filed its Answer and Affirmative Defenses while the individual defendants filed a Motion for a More Definite Statement. The parties entered into Scheduling Orders on or about August or September 2004, whereby all discovery including depositions of expert witnesses were to be completed by April 30, 2005 (Exhibit H). The case was to be ready for trial by August 15, 2005. However, the case was delayed from September 2004 until about June 2005 because the corporate counsel for the City, Martin Echter, was removed from the case for unspecified reasons, and no substitute counsel was assigned by the defendant, City of New Haven.

On June 29, 2005, the plaintiff filed a Revised Complaint and the parties amended the Scheduling Orders, whereby all discovery including depositions of expert witnesses were to be completed by March 31, 2006 (Exhibit I). The case was to be ready for trial by August 15, 2006.

On July 11, 2005, plaintiff served his interrogatories and request for production on the defendants.[3] Plaintiff scheduled approximately 18 depositions throughout September 2005, including the individually named defendants, Coppola and Rodriguez, and additional police personnel identified in the defendants' disclosure of experts. All 18 depositions were postponed due to the trial schedule of Attorney Baier. Regardless, the plaintiff had not received any discovery or disclosure necessary to formulate and conduct the depositions. The individual defendants served their responses to interrogatories and request for production on November 28, 2005 (Exhibit J; Exhibit K).

However, several of the interrogatories were incomplete and items requested for production were claimed to be protected under exceptions to the Freedom of Information Act or

---

[3] All documents related to interrogatories and requests for production are collectively attached as Exhibit J (Rodriguez), Exhibit K (Coppola), and Exhibit L (City of New Haven).

counsel to follow up the first week of January by telephone at which time the City claimed the written discovery was "being typed" and would be ready the following week. Based on several additional representations that the discovery was forthcoming, plaintiff re-scheduled the 18 depositions, coordinating with opposing counsel, throughout the month of February (Exhibit M).

At the close of business on February 6, 2006, the plaintiff received the City's responses to interrogatories and request for production, however it was incomplete discovery, which was missing basic items such as photographic evidence, statements, and the Lucky autopsy. The plaintiff replied to all defendants' responses and objections on February 21, 2006 (Exhibit N). With respect to Rodriguez and Coppola, the plaintiff believes they are relying on the City to produce documents because they claim they are no longer employed with the New Haven Police Department, insinuating that they no longer have access to the records. Upon information and belief, both the defendants are still employed with the State. Rodriguez is now an Inspector with the State of Connecticut Chief State's Attorney's Office. Additionally, they object to several interrogatories and claim protection under an exception to the Freedom of Information Act because there is an ongoing investigation. With respect to the delay and foot-dragging of the City, its actions, or lack thereof, have caused the plaintiff to postpone the depositions a second time and prompted the plaintiff to file a Motion for Enlargement of Time in which to complete discovery (Exhibit O).

After oral arguments on May 10, 2006, the court (*Martinez, M.*) ordered the defendants to comply with all outstanding discovery requests, including any privilege or evidence logs, by May 17, 2006. The City did not comply with the court order. Instead, the City claimed it was trying to obtain more information from the New Haven Police Department and the Keeper of Records. Plaintiff received a packet of once again incomplete written discovery and production from the City on May 24, 2006 (*see* Exhibit L). For the most part, the City claims it is doing a

time and prompted the plaintiff to file a Motion for Enlargement of Time in which to complete discovery. (Exhibit O).

After oral arguments on May 10, 2006, the court (*Martinez, M.*) ordered the defendants to comply with all outstanding discovery requests, including any privilege or evidence logs, by May 17, 2006. Plaintiff's counsel indicated that the motion to compel was directed more at the City, but did not relieve plaintiff's right to move the court to compel outstanding discovery from Rodriguez. Rodriguez has just as much authority to obtain the discovery without relying on the City for production.

As part of the City's disclosure on February 3, 2006, all evidence relating to the Lucky investigation was destroyed on March 5, 2002 after a court order (*Robinson, J.*) was granted on February 15, 2002. Destruction of the evidence was done without notice to plaintiff or plaintiff's counsel, despite his multiple requests for discovery throughout the criminal proceedings (Exhibit P). In addition, the City was on notice of this claim when the New Haven Police requested the order to discard evidence. Plaintiff and plaintiff's counsel strongly suspect that the defendants desire to hide severe problems with the false arrest and lack evidence against the plaintiff in the investigation of Lucky's murder.

Further, the plaintiff made repeated inquiries as to the status of the investigation only to learn on May 10, 2006 that the investigation is still open, however the City has not produced any records to verify the truth of this statement. The failure to properly comply with plaintiff's request was a cause of undue and unnecessary delay of this case. Even if a murder investigation were ongoing, under defendants' arguments, the plaintiff in this matter would never be permitted to obtain access to the information, if it still exists. For the purpose of the plaintiff seeking relief in his current pending action he should not be denied information that the police claim to have relied on to make the application for his arrest, especially when that evidence is now allegedly

destroyed by the New Haven Police Department after it applied for a court order to discard the

evidence. Through this motion, plaintiff is seeking discovery of information that will either

prepare him for approximately eighteen (18) depositions or confirm his suspicions and allow him

to proceed, albeit at a disadvantage.

## II.    ARGUMENT

Interrogatory No. 24-25: Plaintiff is seeking whether the defendant, Coppola,

took a written statement from Mayra Mercado; the dates of any statements; the substance

of the statements; what steps were taken to confirm the truth of her statements; what the

defendant knew of her background and criminal history; what he knew of any ongoing

investigations or prosecutions of her when she gave her statements; and what assistance

was provided to or promised to her in connection with her ongoing investigations and/or

prosecutions in exchange for her statement.

This information is being sought because the plaintiff does not believe that the

police obtained a truthful statement from its confidential informant, Mayra Mercado.

Rather he believes that the police coerced her to make a statement to incriminate him

and/or did not verify the truthfulness of her statement. At the time of the statement,

November 8, 1999, Mercado was facing criminal charges for a failure to appear on

narcotics charges and had a court set "bail" for $75,000.00, which was reduced to a

$25,000.00 "bond" after she gave her statement.

Rodriguez first objected to disclosing this information under the exceptions to the

Freedom of Information Act, but did not specify why this information is protected. Upon

response by the plaintiff maintaining that the objection was an insufficient response,

Rodriguez continues to argue the objection is a sufficient response under Rule 33(b) of

8

the Federal Rules of Civil Procedure. However, even under Rule 33(b) an objection must be stated with specificity, which has not been done in this case.

The plaintiff knows statements were given and has copies, albeit redacted copies, of Mercado's statements. Further, the plaintiff has a fact witness, Mary DeLeon, who is expected to testify that she was summoned to the State's Attorney's Office to make a statement corroborating the statement by the confidential informant, Mercado. Instead, her statement to the State's attorney claimed that Mercado was lying, and the information plaintiff's witness provided contradicted the Mercado statement. DeLeon was told to leave without the police taking a formal statement from her.

This information is relevant because it goes directly to the plaintiff's claim that the defendants either relied upon a confidential informant who is a crack addict and did not follow the procedures and policies of the New Haven Police Department to verify the truthfulness of her statements, or the defendants told her to make the false statements against the plaintiff causing his false arrest, false imprisonment and malicious prosecution against him.

Interrogatory No. 27, 29, 35: The defendants obtained statements from Juan Scruggs, Albert McCann, and Sharon Adkins. In the course of his discovery, the plaintiff asked what steps were taken to confirm the truth of their statements. Rodriguez replied that he "interviewed other witnesses." After reply by the plaintiff inquiring as to what other witnesses were interviewed and to whether those interviews of other witnesses were the only steps taken to confirm the truth of the statements, Rodriguez stated that "his response stands." He further alleged that the interrogatory did not ask what for the names of the other witnesses and therefore no additional response is needed. This response does not fall within the good faith efforts and the implied duty to disclose. The defendant

9

should be required to answer these interrogatories more completely and identify the steps taken to confirm the truthfulness of the statements. Here, one of the witnesses, Scruggs, admitted to accidentally shooting his friend Lucky with McCann's gun, which was hidden under the backseat where Lucky was sitting. Rodriguez admits he did "nothing" to check the background and criminal history or any ongoing investigations or prosecutions of Scruggs or McCann when they gave their statements. This information is also relevant because Rodriguez omitted to provide the admission of Scruggs in the application for the arrest of the plaintiff.[4]

   Request for Production No. 1: Plaintiff is seeking all written statements obtained by Rodriguez in connection with the Lucky investigation. He objects to the claim of protection under FOIA and Rule 26(b)(1). The plaintiff has obtained copies of all statements through discovery from the City of New Haven, however, the plaintiff continues to seek unredacted statements from Mercado. Although not in his possession, Rodriguez still has the obligation and authority to obtain the unredacted statements as part of discovery in this case. He cannot merely rely on another defendant to provide such documents.

   Request for Production No. 2: Plaintiff requests all written notes, memoranda, or other documents written by Rodriguez in connection with the Lucky investigation. Again, Rodriguez objects to this request claiming protection under FOIA and Rule 26(b)(1), but has not specified which items are protected and why.

   When dealing with confidential official information of the police department, the burden includes the obligation to specify exactly which documents are privileged. The

---

[4] Statements taken by confidential informants Mayra Mercado and Larkland Martin and witnesses Juan Scruggs and Albert McCann have never been provided to the plaintiff, which is one of the reasons the plaintiff questions the cooperation with discovery from the defendants.

defendant must explain the reasons for non-disclosure with particularity, so that the Court can make an intelligent and informed choice as to each requested piece of information. King v. Conde, 121 F.R.D. 180, 189 (E.D.N.Y. 1988). Failure to make the required showing will result in the Court having no choice but to order full disclosure. Johnson v. McTigue, 122 F.R.D. 9 (S.D.N.Y. 1986). Rodriguez should be ordered to produce a privilege log indicating with specificity what items from his investigation are privileged, what steps were taken to assure preservation of the items, what government interest would be threatened by disclosure of the items to plaintiff or his lawyer, and what would be the projected severity of any harm. The plaintiff urges the court to order disclosure of the entire Mercado statements in their unredacted and original form.

    Request for Production No. 11: Plaintiff requests the entire personnel file of Rodriguez. His objection is based on an invasion of privacy and that disclosure may endanger his safety. The defendant was quick to provide letters of commendation, but nothing more. The plaintiff is entitled to review his entire personnel file to explore such records of employment history, promotions, assignment of partners, additional law enforcement training and seminars, and whether he has anything in his file to indicate a history of this type of conduct, including conduct associated with dishonesty. In light of the allegations in the plaintiff's complaint and the uncooperative spirit of Rodriguez, the plaintiff should be afforded the opportunity to review the entire personnel file.

    Neither state nor federal privacy acts contemplate denial to litigant of information from investigatory files, personnel files or other documents that are necessary to a party to prepare his case. Skibo v. City of New York, 109 F.R.D. 58 (E.D.N.Y. 1985).

    While it may be true that some or all of this information may be inadmissible at the time of trial, that issue cannot be determined until such time as the discovery is

permitted.

Plaintiff is greatly prejudiced by not having these documents prior to the taking of defendant's depositions. The plaintiff has made good faith efforts to receive this discovery compliance. (Exhibits and Affidavit of Counsel).

## III.    Legal Grounds for the Discovery Requests

The Federal Rules of Civil Procedure Rule 37(a) provide that a party who has submitted interrogatories may move for an order compelling discovery with respect to any objection to or other failure to answer an interrogatory. Fed. R. Civ. P. Rule 33(b)(5). An evasive or incomplete answer to an interrogatory is to be treated as a failure to answer. Fed. R. Civ. P. Rule 37(a)(3).

Rule 37(a) provides for discovery of information, which, though inadmissible at trial, is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The language of Rule 26(b)(1) is "an explicit recognition that the question of relevancy is to be more loosely construed at the discovery state than at trial." Inmates of Unit 14 v. Rebideau, 102 F. R. D. 122, 127 (N.D.N.Y. 1984). Neither state nor federal privacy acts contemplate denial to a litigant of information from investigatory files, personnel files or other documents that are necessary to a party to prepare his case. Skibo v. City of New York, 109 F.R.D. 58 (E.D.N.Y. 1985). To justify withholding evidence in a civil rights action, a claim of privilege must be meritorious enough to overcome the fundamental importance of the law meant to protect each citizen from unconstitutional State action. Unger v. Cohen, 125 F.R.D. 67, 69 (S.D.N.Y. 1989). The discovery process is appropriately utilized even when the information that is sought is intended merely to provide "leads" to the location of other evidence. Engl v. Aetna Life Ins. Co. 139 F.2d 469, 472 (2d Cir. 1943).

The defendants' actions in arresting the plaintiff were undertaken without probable cause and based on unreliable information that in the exercise of reasonable care they would have known was unreliable. The plaintiff claims that the defendants knowingly permitted plaintiff to be incarcerated and prosecuted on the charge of murder all the while knowing that no credible evidence existed that implicated him.

The plaintiff claims that the City of New Haven, through its agents and employees acted with wanton, reckless, or malicious disregard of the plaintiff's constitutional rights. The City of New Haven deprived the plaintiff of life and liberty without due process of law and equal protection of the laws.

The plaintiff should be afforded the opportunity to review the entire file of the Lucky investigation and documents relied upon to obtain an arrest warrant of the plaintiff to prepare his case and protect his constitutional rights. In addition to the named defendants, Rodriguez and Coppola, plaintiff plans to depose many of the police personnel that assisted in the Lucky investigation. Review of the entire file will assist counsel in preparation of taking depositions and help narrow the issues for each deponent.

The plaintiff is entitled at a minimum, to review defendants' employment history and personnel files to determine whether they have a history of this type of conduct, including, conduct associated with dishonesty. Certainly, discipline regarding this incident or complaints filed by civilians regarding defendants' conduct whether internally or within the judicial system are calculated to lead to the discovery of admissible evidence.

It is difficult to believe that discovery provided from Rodriguez would only include a 10 page application for the arrest warrant for plaintiff, yet 22 pages of letters of commendation and 1 letter of rescindation.

## IV.   CONCLUSION

WHEREFORE, for the reasons set forth above, the plaintiff respectfully requests an order compelling the defendants to provide adequate and complete responses to plaintiff's interrogatories and request for production, an in camera review of the personnel file for Edwin Rodriguez, and an award for costs and attorneys fees.

THE PLAINTIFF,
GARY SESSION

BY _____
Karen L. Mayer
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830
203-661-4200
Federal Bar No. CT 26555

## <u>CERTIFICATION</u>

This is to certify that on this 31st day of May 2006, I hereby mailed a copy of the foregoing to:

Stephanie S. Baier, Esq.
Susan, Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507

Jonathan Beamon, Esq.
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06514

_____
Karen L. Mayer

## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF CONNECTICUT
### HARTFORD

```
************************************
GARY SESSION              *      CIVIL ACTION NO.
                PLAINTIFF *      303-CV-00943 (AWT)

VS.                       *

EDWIN RORDIGUEZ; STEPHEN  *      MAY 31, 2006
COPPOLA; AND CITY OF NEW HAVEN *
                DEFENDANTS *
************************************
```

## AFFIDAVIT OF KAREN L. MAYER

I, Karen L. Mayer, having been duly sworn to depose and state:

1.  I am over 18 years old and understand the obligation of an oath.

2.  I am counsel of record for the plaintiff in this action.

3.  On July 11, 2005, the previous attorney of record served interrogatories and requests for production upon the defendants, City of New Haven, Stephen Coppola, and Edwin Rodriquez.

4.  Plaintiff scheduled approximately 18 depositions throughout the month of September, but postponed all depositions due to the trial schedule of counsel for defendants, Rodriguez and Coppola.

5.  Plaintiff also agreed to allow the defendants, Rodriguez and Coppola additional time to respond to the written discovery in September because counsel provided valid reasons for her request, one defendant was

experiencing medical needs and the other no longer worked for the New Haven Police Department.

6.    The defendants, Coppola and Rodriquez, served incomplete answers to the interrogatories on November 28, 2005.

7.    Plaintiff was deposed on December 29, 2005 and March 10, 2006.

8.    Plaintiff rescheduled all depositions throughout the month of February, but postponed because counsel did not receive sufficient written discovery from defendant City of New Haven until late on February 6, 2006, one week before taking depositions.

9.    Upon review of the discovery, counsel determined that the written discovery had not been fully, faithfully and honestly disclosed, more particularly that the requests for documents related to the file on the Lucky investigation and arrest warrant for the plaintiff was incomplete.  The next day, February 7, 2006, plaintiff's counsel put all counsel on notice that plaintiff could not proceed.

10.    On February 21, 2006, the plaintiff replied to certain objections and incomplete answers to plaintiff's interrogatories to all defendants.

11.    On February 22, 2006, the defendants Rodriguez and Coppola responded to plaintiff's reply with nonresponsive answers respectively claiming, "his response stands" and continued objections.

12.    On several occasions, the plaintiff and the City of New Haven discussed the status of the Lucky investigation, but plaintiff never received

confirmation or verification of whether the investigation was open or closed.

13.   The City of New Haven's initial disclosure received on February 6, 2006, indicated that all evidence and discovery items requested had been ordered and were destroyed on March 5, 2002, well before the criminal case came to trial.  Further, the information requested and relied upon to fairly litigate this civil case was withheld from discovery or disclosure for three years, clearly frustrating and delaying any and all depositions.

14.   The City of New Haven confirmed during the telephone conference on May 10, 2006, that the Lucky investigation is still open.

15.   The court (*Martinez, M.*) ordered all compliance with discovery within one week, no later than May 17, 2006.

16.   The undersigned counsel and Attorney Beamon spoke on May 12, 15, 16, 18, and 24, 2006 regarding outstanding discovery issues.

17.   The undersigned counsel and Attorney Baier spoke on May 15, 2006, regarding outstanding discovery issues, but she believes she has complied and has no further obligation, which is in dispute.

18.   Attorney Beamon represented that he discovered he was never given the complete file from the New Haven Police Department and would provide additional documents to counsel.

19.   Attorney Beamon expressed his continued objection to disclosure of personnel files and Internal Affairs Files for defendants Rodriguez and

3

Coppola; however, he claimed he is not opposed to an in camera review of the documents.

20.    On May 25, 2006, the plaintiff received a response from the City to the outstanding interrogatories and request for production, however, the responses for the most part claim the City is doing a "due diligent search" for the information.

21.    The undersigned has attempted, in good faith, to resolve the issue of defendants' failure to comply with discovery in this case.

22.    The plaintiff does not believe he can conduct meaningful depositions without sufficient written discovery.  Plaintiff has been caused with rescheduling depositions and delayed from litigating his civil claim because of the non-compliance with necessary discovery from the defendants.  Counsel cannot in good faith reschedule the depositions without this basic discovery.

23.    To date, I have expended approximately, conservatively, and collectively more than sixty (60) hours of attorney time from January – May 2006 in asking, begging, and documenting my request for this agreed upon discovery.

24.    Typically, this firm bills my hourly services at $225.00, attorney Philip Russell at $425.00, and attorney Chris Caldwell at $400.00.  For this reason I am asking for a sanction in the form of sixty (60) hours of attorney time.  I am specifically requesting that Edwin Rodriguez be

directed to pay a reasonable portion of the $14,070.00 dollars as a sanction for his deliberate and willful non-compliance with the discovery order.

25.    In addition, the plaintiff must devote additional time and expense to reschedule the previously noted deposition schedule, which is attached as Exhibit O.

26.    Plaintiff has agreed with the defendants in accordance with Rule 37 to work to resolve outstanding discovery problems.

27.    No prior application has been made for the relief sought herein.


THE AFFIANT


_Karen L. Mayer_
Karen L. Mayer


Subscribed and sworn to before me this 31 ST day of May 2006.

_Shirley A. Reinoso_
Notary Public

Shirley A. Reinoso
NOTARY PUBLIC
State of Connecticut
My Commission Expires
June 30, 2010


5

**PHILIP RUSSELL, LLC TIME SHEET**
**CLIENT:  GARY SESSION**

| Date | | Hours | Amount |
|------|------|-------|--------|
| 2/2/06 | Telephone conference regarding letter; draft of Motion. | 0.50 | 112.50 |
| 2/2/06 | Telephone conference with Jonathan Beamon. | 0.30 | 67.50 |
| 2/206 | Memorandum to file regarding officers. | 0.20 | 45.00 |
| 2/2/06 | Telephone conference with attorney; consult. | 0.10 | 22.50 |
| 2/2/06 | Telephone conference with Mr. Beamon regarding Interrogatories. | 0.20 | 45.00 |
| 2/2/06 | Telephone conference with Officer Forbes. | 0.30 | 67.50 |
| 2/2/06 | Received and reviewed deposition schedule. | 0.10 | 42.50 |
| 2/3/06 | Reviewed file; memo attorney consult. | 0.70 | 297.50 |
| 2/7/06 | Telephone conference with Attorney Baier. | 0.10 | 22.50 |
| 2/7/06 | Telephone conference with Attorney Beamon regarding entire policy and procedure manual. | 0.10 | 22.50 |
| 2/7/06 | Received and reviewed Interrogatories for the City of New Haven. | 1.00 | 225.00 |
| 2/8/06 | Conference with Attorney Russell; preparation of pleadings and letters. | 0.90 | 202.50 |
| 2/8/06 | Conference with Attorney Russell regarding deposition of the Keeper of Records. | 0.30 | 67.50 |
| 2/8/06 | Conference with Attorney Mayer regarding Discovery and Motion for Enlargement of Time. | 0.40 | 170.00 |
| 2/8/06 | Memorandum to file. | 0.10 | 42.50 |
| 2/8/06 | Letter to client and letter to counsel for the individual dates. | 0.20 | 85.00 |
| 2/10/06 | Telephone conference with Attorney Beamon, left message regarding depositions and Motion. | 0.10 | 22.50 |
| 2/10/06 | Telephone conference with Attorney Baier, left message. | 0.10 | 22.50 |
| 2/10/06 | Conference with Attorney Russell. | 0.20 | 45.00 |
| 2/13/06 | Preparation of Supplement to Interrogatories. | 0.40 | 90.00 |
| 2/13/06 | Received and reviewed fax/letter from Attorney Baier. | 0.20 | 45.00 |
| 2/13/06 | Conference with Attorney Russell. | 0.20 | 45.00 |
| 2/13/06 | Prepared pleading and letter regarding Discovery. | 0.50 | 212.50 |
| 2/14/06 | Telephone conference with Gary regarding Stern letter regarding Discovery. | 0.10 | 42.50 |

1

| | | | |
|---|---|---|---|
| 2/14/06 | Conference with Attorney Russell regarding status of communication with attorneys. | 0.20 | 45.00 |
| 2/14/06 | Telephone conference with client. | 0.20 | 45.00 |
| 2/14/06 | Preparation for Discovery. | 3.80 | 855.00 |
| 2/14/06 | Received and reviewed Marshal's return – Subpoenas. | 0.10 | 22.50 |
| 2/15/06 | Preparation of reply to responses to Interrogatories. | 2.20 | 495.00 |
| 2/17/06 | Preparation for discovery responses. | 2.00 | 450.00 |
| 2/17/06 | Telephone conference with client. | 0.40 | 90.00 |
| 2/22/06 | Telephone conference with client regarding Motions and depositions. | 0.50 | 112.50 |
| 2/22/06 | Received and reviewed material from attorney. | 1.00 | 225.00 |
| 2/23/06 | Research for Attorney Mayer regarding discovery issues. | 1.00 | 375.00 |
| 2/23/06 | Telephone conference with attorney. | 0.10 | 22.50 |
| 2/23/06 | Research regarding discovery issues. | 1.00 | 225.00 |
| 2/23/06 | Preparation; review materials from attorney. | 1.00 | 225.00 |
| 2/23/06 | Telephone conference with AWT's law clerk. | 0.20 | 45.00 |
| 2/23/06 | Telephone conference with Corporation Counsel's office regarding depositions. | 0.20 | 45.00 |
| 2/24/06 | Telephone conference with attorney regarding consultation. | 0.60 | 135.00 |
| 2/25/06 | Telephone conference with law clerk; left message on voice mail. | 0.10 | 22.50 |
| 2/25/06 | Telephone conference with law clerk; left message on cell. | 0.10 | 22.50 |
| 2/27/06 | Telephone conference with Elsie (law clerk). | 0.20 | 45.00 |
| 2/27/06 | Telephone conference with client, left message regarding court order. | 0.10 | 22.50 |
| 2/28/06 | Letter to Attorney Beamon regarding deposition problem. | 0.20 | 45.00 |
| 2/28/06 | Received and reviewed Court Order. | 0.10 | 22.50 |
| 3/1/06 | Research on cases regarding discovery. | 0.50 | 112.50 |
| 3/1/06 | Letter to Attorney Baier and Attorney Beamon regarding supplemental discovery. | 0.20 | 45.00 |
| 3/1/06 | Letter to Attorney Beamon; edit letter regarding cancellation of depositions. | 0.30 | 67.50 |
| 3/1/06 | Telephone conference with Officer DeJesus. | 0.20 | 45.00 |
| 5/9/06 | Preparation; review calendar for depositions scheduled with Shirley. | 0.30 | 67.50 |

2

| | | | |
|---|---|---|---|
| 5/15/06 | Telephone conference with Attorney Beamon regarding discovery. | 0.20 | 45.00 |
| 5/15/06 | Telephone conference with Attorney Baier. | 0.20 | 45.00 |
| 5/17/06 | Telephone conference with Attorney Beamon regarding status of discovery. | 0.10 | 22.50 |
| 5/17/06 | Prepared pleading; Motion to Compel. | 4.00 | 900.00 |
| 5/18/06 | Drafting; edit Motion. | 1.00 | 225.00 |
| 5/20/06 | Received and reviewed documents from client. | 0.50 | 112.50 |
| 5/21/06 | Drafting; edit Affidavit for Motion to Compel. | 1.00 | 225.00 |
| 5/21/06 | Drafting; edit Motion to Compel. | 1.00 | 225.00 |
| 5/21/06 | E-mail to Attorney; consult. | 0.30 | 67.50 |
| 5/24/06 | Telephone conference with Jonathan Beamon. | 0.50 | 112.50 |
| 5/25/06 | Telephone conference with client regarding status. | 0.50 | 112.50 |
| 5/26/06 | Telephone conference with attorney regarding Motion. | 0.20 | 45.00 |
| 5/26/06 | Telephone conference with attorney regarding Local Rules. | 0.50 | 112.50 |
| 5/26/06 | Telephone conference with client. | 0.20 | 45.00 |
| 5/27/06 | Drafting of the Motion to Compel – City. | 3.00 | 675.00 |
| 5/27/06 | Drafting of the Motion to Compel – City. | 4.40 | 990.00 |
| 5/28/06 | Prepared pleading; revise Affidavit. | 0.50 | 112.50 |
| 5/28/06 | Telephone conference with client regarding details, dates. | 0.40 | 90.00 |
| 5/28/06 | Drafting of the Motion to Compel; Rodriguez, Coppola. | 5.00 | 1,125.00 |
| 5/28/06 | Telephone conference with client; review material. | 0.30 | 67.50 |
| 5/29/06 | Drafting of the Motion to Compel; edit facts and allegations. | 4.50 | 1,012.50 |
| 5/30/06 | Preparation of the Motion to Compel; organization of Exhibits. | 4.0 | 900.00 |
| 5/30/06 | Telephone conference with client; review Motion to Compel. | .50 | 112.50 |
| 5/30/06 | Conference with Attorney Russell; review Motion to Compel. | .50 | 112.50 |

| 5/30/06 | Letter to Michael O'Donnell enclosing check. | .10 | 22.50 |
| 5/31/06 | Preparation; work with staff to finalize Motion to Compel. | 2.0 | 450.00 |
| 5/31/06 | Conference with Attorney Russell. | 0.50 | 112.50 |

**TOTAL:**      **60.0 14,070.00**

**<u>RATES</u>**

| Attorney Philip Russell | $425.00 |
| Attorney Christopher Caldwell | $400.00 |
| Attorney Karen Mayer | $225.00 |

4

**Exhibit List**

Exhibit A:    Juan Scruggs statement, July 25, 1999

Exhibit B:    Albert McCann statement, November 8, 1999

Exhibit C:    Maurya Mercado statement, November 8, 1999

Exhibit E:    Mary DeLeon statement

Exhibit F:    Officer Losty Report, July 25, 1999

Exhibit G:    Officer Forbes Report, July 25, 1999

Exhibit H:    Planning Meeting, September 7, 2004

Exhibit I:    Planning Meeting, June 29, 2005

Exhibit J:    Edwin Rodriguez Response to Plaintiff's Interrogatories and Request for Production

Exhibit K:    Stephen Coppola Response to Plaintiff's Interrogatories and Request for Production

Exhibit L:    City of New Haven Response to Plaintiff's Interrogatories and Request for Production

Exhibit M:    Letters/Correspondence with City over discovery issues

Exhibit N:    Plaintiff's Reply to Defendants' Disclosures

Exhibit O:    Deposition Calendars

Exhibit P:    Application and Court Orders to destroy evidence

Exhibit Q:    Arrest warrant of Plaintiff