# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT
## HARTFORD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 303-CV-00943 (AWT) |
| | | |
| VS. | * | |
| | | |
| EDWIN RODRIGUEZ; STEPHEN | * | MAY 31, 2006 |
| COPPOLA; AND CITY OF NEW HAVEN | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS CITY OF NEW HAVEN, RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION AND FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 37, the plaintiff moves for an order compelling defendant, City of New Haven to provide more complete answers to plaintiff's interrogatories and request for production dated July 11, 2005. As set forth more fully in plaintiff's accompanying Memorandum of Law and Affidavit, despite repeated good faith efforts to obtain defendant's responses, and order by the court (*Martinez, J.*) on May 10, 2006, it has not fully, faithfully, and honestly answered plaintiff's interrogatories nor provided documentation responsive to plaintiff's request for production. The City has avoided obeying the court's order by Judge Martinez directing them to comply with plaintiff's discovery request no later than May 17, 2006. A memorandum of law and affidavit of counsel is annexed hereto.

WHEREFORE, based on the foregoing, the plaintiff respectfully requests that an order enter granting this motion and awarding reasonable costs and attorneys fees.

THE PLAINTIFF,
GARY SESSION

BY _Karen J. Mayer_
Karen L. Mayer
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830
203-661-4200
Federal Bar No. CT 26555

## CERTIFICATION

This is to certify that on this 31st day of May 2006, I hereby mailed a copy of the foregoing to all pro se parties and counsel of record, namely:

Stephanie S. Baier, Esq.
Susan, Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507

Jonathan Beamon, Esq.
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06514

Karen L. Mayer

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES..............................................................................ii

I.    FACTS...................................................................................................1

II.    ARGUMENTS......................................................................................7

      A.    OUTSTANDING DISCOVERY REQUESTED.............................7

      B.    EXPLANATION AS TO WHY ALL EVIDENCE
            WAS DESTROYED ON MARCH 5, 2002...................................113

III.    LEGAL GROUNDS FOR DISCOVERY REQUESTS..............................14

IV.    CONCLUSION.....................................................................................16

AFFIDAVIT OF KAREN L. MAYER

EXHIBIT LIST

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                           <u>Page</u>

<u>Engl v. Aetna Life Ins. Co.</u>,
    139 F.2d 469, 472 (2d Cir. 1943)...………………………………………….15

<u>Inmate of Unit 14 v. Rebideau</u>,
    102 F.R.D. 122, 127 (N.D.N.Y. 1984)…………………………………………15

<u>Skibo v. City of New York</u>,
    109 F.R.D. 58 (E.D.N.Y. 1985)…………………………………………...15

<u>Unger v. Cohen</u>,
    125 F.R.D. 67, 69 (S.D.N.Y. 1989)………………………………………..…15

<u>Wood v. Breier</u>,
    54 F.R.D. 7 (E.D. Wis. 1972)…………………………………………...15

<u>Other Authorities</u>

42 U.S.C. §1983…………………………………………………………...1, 14

<u>Rules</u>

Fed. R. Civ. P. 26(b)(1)…………………………………………………...15

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**
**HARTFORD**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 303-CV-00943 (AWT) |
| | | |
| VS. | * | |
| | | |
| EDWIN RODRIGUEZ; STEPHEN | * | MAY 31, 2006 |
| COPPOLA; AND CITY OF NEW HAVEN | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFF'S MOTION TO**
**COMPEL DEFENDANT CITY OF NEW HAVEN'S RESPONSES AND**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

**I.    FACTS**

The plaintiff's claims in this lawsuit are brought pursuant to 42 U.S.C. §1983.  The

plaintiff alleges that the actions of the defendants, Stephen Coppola and Edwin Rodriguez and

the City of New Haven, violated his constitutional rights and caused his false arrest, false

imprisonment for eleven (11) months, and false and malicious prosecution against him.  The

false charges were for murder, conspiracy to commit murder, criminal use of a firearm, and

carrying a pistol without a permit in connection with the death of Anthony Lucky, Jr. ("Lucky").

The defendant knowingly made false statements, inaccuracies, and omitted truthful statements

when they sought the plaintiff's arrest and persisted in his prosecution.

Lucky was a passenger in a vehicle along with his cousin Albert McCann and a friend,

Juan Scruggs traveling in a Suzuki Samarai on Columbus Avenue in New Haven on July 25,

1999 (see attached Exhibit A, pages 5-8).  Another vehicle, allegedly a Honda CRX with three

1

on Mercado's statement, and omitted to use statements from witnesses that would have exonerated the plaintiff.

Had the defendants taken any steps to verify her statements, they would have discovered all of her statements to be false and unreliable. For example, Mercado's statement included but is not limited to her declaration that the plaintiff and she were together the night of the shooting when in fact he was at his home with a group of approximately twelve people (Exhibit C, pages 11, 21; Exhibit D).[2] Mercado also declared that she and the plaintiff had a baby together when in fact she did not have any children (Exhibit C, pages 16,19). Mercado further said that she and the plaintiff were in a gold Ford Expedition that the plaintiff owned when in fact the plaintiff did not own such a vehicle or ever drive such a vehicle (Exhibit C, page 15). Mercado claimed that she was planning to meet Mary DeLeon the night of the shooting when in fact DeLeon rejected Mercado's statement and proved to the prosecutor that she (DeLeon) was incarcerated from August 27, 1998 until September 28, 1999 (Exhibit E). All of the false statements and inaccuracies were known to the defendants at the time they sought plaintiff's arrest and persisted in his prosecution.

As stated earlier, Scruggs made a voluntary statement claiming he accidentally shot Lucky, which was omitted in the affidavit and application for arrest warrant (Exhibit Q). Scruggs also told the defendants that he saw Lucky holding his chest and observed blood on the front of Lucky's t-shirt (Exhibit A, page 19). According to Officer Forbes, the t-shirt Lucky was wearing was never recovered and was alleged lost during the attempt to save his life. (Exhibit F, page 3; Exhibit G) The t-shirt would have served as credible evidence to substantiate Scruggs' statement. The defendants omitted any complete mention of Scruggs' statements in the application for the arrest warrant against the plaintiff, which would have exonerated the plaintiff

---

[2] Michael O'Donnell was disclosed as plaintiff's expert witness as a private investigator. These statements are admissible as a business record under the Fed. R. Evid. 803(6).

hispanic passengers was also traveling on Columbus through several light-controlled intersections. (Exhibit A, page 7). An altercation occurred whereby eventually the Honda "cut-off" the Suzuki. (Exhibit A, page 8). The occupants of the vehicles exchanged words and as the Honda CRX turned left onto Howard Avenue, one of the occupants fired shots from the Honda at the Suzuki as it continued to travel southbound on Columbus. (Exhibit A, page 10). The front passenger of the Suzuki, Scruggs, reached for a gun in the backseat where Lucky was sitting. (Exhibit A, page 12). Scruggs made a voluntary statement to the defendants the night of the incident admitting that as he "unraveled" the gun wrapped in a t-shirt, "the safety went off and I accidentally shot Anthony Lucky in the right nipple." (Exhibit A, page 13). Scruggs then proceeded to fire one or two shots out the driver's window across McCann. (Exhibit A, page 17).

The plaintiff was arrested on January 8, 2001 and incarcerated following the arrest. The plaintiff claims the defendants, Rodriguez and Coppola, submitted affidavits and applied for an arrest warrant without any credible information, using false and unsubstantiated statements from a confidential informant, Mayra Mercado, who was facing criminal prosecution for charges against her for failure to appear related to a prior drug arrest (Complaint, paragraph 13-14). When Mercado's statement was obtained, four months after the incident, the defendants had reliable statements and other credible evidence, that not only contradicted the false statement, but warranted specific corroboration based on the graphic details of the death of Lucky.[1] Mercado's statement had no credibility nor did it merit reliability. The defendants disregarded all credible evidence gathered from the night of the Lucky investigation, formulated an investigation based

---

[1] In general, see voluntary statements made by witnesses Scruggs and McCann on July 25, 1999, attached hereto as Exhibit A and Exhibit B respectively. These statements are admissible as a business record under the Fed. R. Evid. 803(6). These records were disclosed to the defendants as part of his duty to disclose. The defendants have never produced these records in this lawsuit.

or at a minimum called into question the credibility of the registered informant. The defendants' affidavits omitting voluntary statements and admissions made the night of the incident was ratified and approved by the City of New Haven and the New Haven Police Department.

The defendants' actions in arresting the plaintiff were undertaken without probable cause and based on unreliable information that in the exercise of reasonable care they would have known was unreliable. The plaintiff pleads that the defendants knowingly caused plaintiff to be incarcerated and prosecuted on the charge of murder all the while knowing that no credible evidence existed implicating him.

The plaintiff sets forth in his complaint that the City of New Haven, through its agents and employees, acted with wanton, reckless, or malicious disregard of the plaintiff's constitutional rights. The City of New Haven deprived the plaintiff of life, liberty without due process of law, and equal protection of the laws (Complaint, paragraph 19).

The criminal charges were *nolled* on or about November 13, 2001 because the State claimed it had a missing witness and admitted it had no evidence against the plaintiff for the alleged crime. The plaintiff was finally released from prison after eleven (11) months. The case was dismissed on August 14, 2002.

The plaintiff's case was commenced on May 28, 2003. On July 2, 2003, the City requested more time to plead because it would require many documents to be obtained and reviewed. On September 24, 2003, the City requested another extension to plead professing the delays included "1) obtaining related criminal prosecution records which had been 'erased' by the State Court, under State law, and for which it needed to obtain a court order, 2) obtaining outside conflict counsel for the two individual defendants, and 3) the City's trial schedule. Additionally, in September 2003, counsel for the individual defendants requested more time to plead because the counsel of record had just been retained." In October 2003, the City filed its

4

Answer and Affirmative Defenses while the individual defendants filed a Motion for a More Definite Statement. The parties entered into Scheduling Orders on or about August or September 2004, whereby all discovery including depositions of expert witnesses were to be completed by April 30, 2005 (Exhibit H). The case was to be ready for trial by August 15, 2005. However, the case was delayed from September 2004 until about June 2005 because the corporate counsel for the City, Martin Echter, was removed from the case for unspecified reasons, and no substitute counsel was assigned by the defendant, City of New Haven.

On June 29, 2005, the plaintiff filed a Revised Complaint and the parties amended the Scheduling Orders, whereby all discovery including depositions of expert witnesses were to be completed by March 31, 2006 (Exhibit I). The case was to be ready for trial by August 15, 2006.

On July 11, 2005, plaintiff served his interrogatories and request for production on the defendants.[3] Plaintiff scheduled approximately 18 depositions throughout September 2005, including Rodriguez and Coppola, and additional police personnel based on the defendants' disclosure of experts. All 18 depositions were postponed due to the trial schedule of Attorney Baier. Regardless, the plaintiff had not received any discovery or disclosure necessary to conduct the depositions. Rodriguez and Coppola served their responses to plaintiff's interrogatories and request for production on November 28, 2005 (Exhibit J; Exhibit K).

Plaintiff was deposed on December 29, 2005 and March 10, 2006. Plaintiff has provided the defendants with all requested discovery and complied with additional requests. However, plaintiff continues to reserve his right to call additional witnesses or to make disclosures of experts.

At the plaintiff's deposition in December, the City promised discovery would be forthcoming "in the following week." No such discovery was forthcoming, which prompted

---

[3] All documents related to interrogatories and requests for production are collectively attached as Exhibit J (Rodriguez), Exhibit K (Coppola), and Exhibit L (City of New Haven).

not in Rodriguez's possession, but rather in the possession of the New Haven Police Department. Plaintiff believes Rodriguez is relying on the City to produce documents because he claims he is no longer employed with the New Haven Police Department, insinuating that he no longer has access to the records.

Plaintiff was deposed on December 29, 2005 and March 10, 2006. At the plaintiff's deposition in December, the City promised discovery would be forthcoming "in the following week." No such disclosures were made, which prompted plaintiff's counsel to follow up the first week of January by telephone at which time the City claimed the written discovery was "being typed" and would be ready the following week. Based on several additional representations that the discovery was forthcoming, plaintiff re-scheduled the 18 depositions, coordinating with opposing counsel, throughout the month of February (Exhibit M).

At the close of business on February 6, 2006, the plaintiff received the City's responses to interrogatories and request for production, however it was incomplete discovery, which was missing basic items such as photographic evidence, statements, and the Luck autopsy. The plaintiff replied to all defendants' responses and objections on February 21, 2006 (Exhibit N). With respect to Rodriguez and Coppola, the plaintiff believes they are relying on the City to produce documents because they claim they are no longer employed with the New Haven Police Department, insinuating that they no longer have access to the records. Upon information and belief, both the defendants are still employed with the State. Rodriguez is no an Inspector with the State of Connecticut Chief State's Attorney's Office. Additionally, they claim an objection and state that certain information is protected under an exception to the Freedom of Information Act because there is an ongoing investigation. Rodriguez responded on March 2, 2006, again continuing to claim the protections and exceptions stated above. (*see* Exhibit J). The incomplete discovery caused the plaintiff to postpone the depositions a second

"due diligent search" for requested items.

The City's disclosure on February 3, 2006, revealed that all evidence with the Lucky investigation was destroyed on March 5, 2002 after a court order (*Robinson, J.*), which was granted on February 15, 2002. Destruction of the evidence was done without providing notice to Session, despite multiple requests for discovery throughout the criminal proceedings (Exhibit P). In addition, the City was on notice of this claim when the New Haven Police requested the order to discard evidence. The plaintiff strongly suspects that the defendants desire to conceal severe problems with the false arrest and lack of evidence against him in the Lucky investigation.

Further, the plaintiff made repeated inquiries as to the status of the investigation only to learn on May 10, 2006 that the investigation is still open; however, the City has not produced any record to verify the truth of this statement. The defendants' failure to comply with plaintiff's request has caused undue and unnecessary delay of this case. Even if a murder investigation were ongoing, under defendants' arguments, the plaintiff in this matter would never be permitted to obtain access to the information, if it still exists. For the purpose of the plaintiff seeking relief in his current pending action he should not be denied information the police claimed to have relied on to make the application for his arrest, especially when that evidence is now destroyed. Through this motion, plaintiff is seeking discovery of information that will either prepare him for approximately eighteen (18) depositions or confirm his suspicions and allow him to proceed, albeit at a disadvantage.

## II.    ARGUMENT

### A.    Outstanding Discovery Requested

Interrogatory No. 2-3: Plaintiff is seeking the identity of any persons associated with the New Haven Police Department that have knowledge, recognition, or ability to

Session for a ten year period prior to his arrest on January 8, 2001. This information is relevant because at the time of plaintiff's arrest, he was involved in a lawsuit against several New Haven police officers for excessive force, including Quincy Freeman, the arresting officer in the Lucky murder. The plaintiff does not believe that the police obtained a truthful statement from its confidential informant, Mayra Mercado. Instead, he believes that the police coerced her to make a statement to incriminate him and/or did not verify the truthfulness of her statement.

In the City's first disclosure it claimed that the interrogatory was vague, therefore, the plaintiff rewrote the question more specifically. The City now claims that it is doing a "due diligent search of the police department's file regarding the death of Lucky for information regarding this interrogatory." This is a nonsense response. The City has had three years to do a "due diligent search" to answer this question. At a minimum, the City should be required to let the plaintiff know how and what methods it is using to perform its search.

Interrogatory No. 7: The plaintiff requested that for each police personnel identified in the previous question (Interrogatory No. 6) that the City provide all activities engaged in during the investigation. In the first disclosure, the City instructed counsel to see copies of reports attached. Plaintiff's reply was that the response was inadequate in a variety of ways. Instructing counsel to see copies of police incident reports does not disclose all the activities engaged in during the investigation, *e.g.*, log of phone calls, notes made in journals, leads, or tips to further or redirect the investigation. Plaintiff requests specific answers including information relied upon to conduct the investigation and activities engaged in during the Lucky investigation and arrest of the plaintiff.

Plaintiff also requested an unredacted copy of the statements made by the confidential informant, Mercado.[4]

This information is relevant because, *e.g.*, one of the plaintiff's fact witnesses, Mary DeLeon, is expected to testify that she was summoned to the State's Attorney's Office to make a statement to corroborate the statement by the Mercado. Instead, her statement to the State's attorney challenged them becuase Mercado was lying, and the information DeLeon provided contradicted the Mercado statement. DeLeon was told to leave without the State's attorney taking a formal statement from her, however there should be a record of the meeting with her.

Interrogatory No. 11: In plaintiff's reply to the City's initial disclosure, plaintiff requested a copy of the manual of the procedures and policies of the New Haven Police Department, or at a minimum the table of contents. The City has promised to provide a copy of the entire manual, although plaintiff has not yet received the manual. The City claims that the detectives, Rodriguez and Coppola, never took notes during any of the seven interviews of witnesses, during any discussions with the forensic analysts during any discussions with the crime scene investigators, during any phone calls or other activities regarding the Lucky investigation or during the plaintiff's arrest.

This information is relevant to determine if such a procedure is a custom or practice under the procedures and policies of the New Haven Police Department.

Interrogatory No. 31: The plaintiff is seeking any information to prove or disprove that the New Haven City Police Department is still engaging in any activity regarding the Lucky investigation. In its original disclosure, the City instructed the

---

[4] Statements taken by confidential informants Mayra Mercado and Larkland Martin and witnesses Juan Scruggs and Albert McCann have never been provided to plaintiff, which is one of the reasons the plaintiff questions the cooperation with discovery from the defendants.

plaintiff to see copies of the police incident reports attached. That answer was nonresponsive. Based on the documents provided, the plaintiff could not determine any activity past the date of the arrest warrant for the plaintiff. The City now claims that it is doing a "due diligent search of the police department's file regarding the death of Lucky for information regarding this interrogatory." Again, this is a nonsense response. The City has had three years to do a "due diligent search" to answer this question. At a minimum, the City should be required to let the plaintiff know how and what means it is using to perform its search. The plaintiff consistently inquired over the past five months whether the investigation was open or closed. It was not until the court conference on May 10, 2006 that the City disclosed the investigation is still open. The plaintiff finds it difficult to believe the City cannot provide any further information until it performs its "due diligent search."

The status of the Lucky investigation is relevant because based on the City's disclosure, the plaintiff could not find any proof that the investigation is still open. Again, the plaintiff does not believe the defendant has provided a complete copy of the files related to the Lucky investigation and his arrest warrant. Two other subjects were charged in the Lucky murder, DeShawn Johnson and Jose Santiago, and no information has been disclosed to the plaintiff other than the application for the arrest warrant for Johnson.[5] It is difficult to believe that a file for a murder investigation and the arrests of three persons would amount to only 32 documents (177 pages, which includes 72 photographs), no more than two inches.

Request for Production No. 2: Plaintiff was seeking the taped recordings of the statements made by the witnesses, in particular the statements made by the informant,

---

[5] The charges against DeShawn Johnson and Jose Santiago were *nolled* and dismissed in July 2002.

10

Mercado.  According to the City the tapes were destroyed.  Therefore, the plaintiff requested an evidence log or privilege log that indicates when, where, how, why and at whose direction the recordings were destroyed.  Further, plaintiff requested an explanation of why evidence was destroyed if the investigation is still pending.

The City again claims it is doing a "due diligent search" and once it is received, it will be forwarded.

This information is relevant because Mercado's statement was redacted and those portions of her statement that have been redacted may provide discovery that she was coerced or instructed with what to say during her statement, or promises made to her for her cooperation.  All of these false statements and inaccuracies were known to the defendants when they sought the plaintiff's arrest and persisted in his prosecution.

Request for Production No. 5:  Plaintiff requested all photographs taken in connection with the Lucky investigation.  The City provided black and white photos, however, plaintiff requested color photographs via telephone conversation.  Color photographs are relevant because plaintiff anticipates using the photographs disclosed by the City at trial, therefore he requests an order compelling color reprints be provided.

Request for Production No. 6, 8:  The plaintiff has requested all personnel and internal affairs files regarding the defendants, Rodriguez and Coppola.  The City objects that the information called for is overbroad and not relevant to any of the issues raised in the complaint and not likely to lead to any admissible evidence.  It also objects that the defendants have a constitutional statutory right to privacy of such information and individual complainants are also entitled to privacy and non-disclosure of personal data.

For the sake of judicial economy and ease, the plaintiff moves for an in camera review of documents regarding these two objections.  The fact is, Rodriguez and Coppola

11

are no longer police officers so their claim of privacy is not pertinent at this time. This information is typically requested during the course of discovery. While Rodriguez and Coppola continue to serve in the public sector, the plaintiff will not pursue certain private matters, however, these defendants should certainly be required to provide most of the requested information in their personnel files.

As to the Internal Affairs files, the plaintiff is entitled to discovery at this stage including disciplinary history, civilian complaints, psychological testing, internal investigations, criminal charges, and legal actions. The plaintiff claims that the defendants worked in concert with each other to cause his false arrest, malicious prosecution, and false imprisonment for eleven months.

Plaintiff also claims that the City was negligent in the manner it conducted the investigation and allowed its detectives to act with wanton, reckless or malicious disregard of the plaintiff's constitutional rights. Plaintiff is certainly entitled to know whether these defendants, Rodriguez and Coppola, have been found liable for this type of conduct in the past, including any acts of dishonesty, arrests or convictions. If the defendants have a pattern and practice of using their police power illegally and in violation of the constitution, certainly that is relevant to plaintiff's claims in this case. While it may be true that some or all of this information may be inadmissible at the time of trail, that issue cannot be determined until such time as the discovery is permitted.

Request for Production No. 7: The plaintiff requested the complete file on the Lucky investigation. Plaintiff expects that a file for a homicide would include such items as notes, memoranda, affidavits, warrant applications, evidence logs, video or audiotapes, an autopsy including photographs, or any and all other documents produced in connection with the investigation.

12

Defendant, City of New Haven, has provided plaintiff with additional requests for production, however claims that there are no notes, memoranda, or affidavits, except those previously provided and those now under a "due diligent search." Plaintiff is willing to accept the City's claim that it has produced everything related to the Lucky investigation since the New Haven Police have already admitted that it destroyed all the evidence in this case. However, the City should be ordered to provide an evidence log to substantiate that claim.

The defendants have not offered any valid reason for destroying evidence, whereby denying the plaintiff complete discovery as to the Lucky investigation; they only claim the investigation is ongoing without providing any record to indicate what if any measures have been taken with regards to the investigation. There is no interest by the City, Rodriguez, or Coppola to deprive the plaintiff of his right to discovery as it relates to the "ongoing" Lucky investigation.

Plaintiff is greatly prejudiced by not having these documents prior to the taking of defendant's depositions. The plaintiff has made good faith efforts to receive this discovery compliance. (Exhibit and Affidavit of Counsel).

**B.      Explanation as to why all the Evidence was Destroyed on March 5, 2002**

As stated above, the City disclosed that the New Haven Police Department requested an order from the court to destroy what appears to be all the evidence from the Lucky investigation, which was signed by Judge Robinson on February 15, 2002. Despite requests by the plaintiff's criminal attorney, the evidence was never produced to his counsel during his criminal proceedings. The items were discarded on March 5, 2002, despite the fact that there were two other pending criminal cases for conspiracy to

13

commit murder, against Johnson and Santiago scheduled for July 2002. Upon information and belief, at the time, Judge Robinson was not sitting on Part A of the criminal court in New Haven nor involved with the charges against the plaintiff and should not have been presented with the request for destruction of evidence. Instead, the procedure should have been to make the request by placing it as a motion on the criminal docket for the Presiding Judge Roland Fasano to grant or deny the motion.

Plaintiff is entitled to a written explanation and documentation by the defendants explaining the reasoning for the destruction of evidence, especially when the claim is that the investigation is still ongoing. The defendants were on notice during the criminal proceeding that the plaintiff was going to file his civil claims under 42 U.S.C. §1983.

## III.    Legal Grounds for the Discovery Requests

The Federal Rules of Civil Procedure provide for discovery of information, which, though inadmissible at trial, is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The language of Rule 26(b)(1) is "an explicit recognition that the question of relevancy is to be more loosely construed at the discovery stage than at trial." Inmates of Unit 14 v. Rebideau, 102 F. R. D. 122, 127 (N.D.N.Y. 1984). Neither state nor federal privacy acts contemplate denial to a litigant of information from investigatory files, personnel files or other documents that are necessary to a party to prepare his case. Skibo v. City of New York, 109 F.R.D. 58 (E.D.N.Y. 1985). Further, in the context of discovery of police internal investigation files in a civil rights action, only a "strong public policy should be permitted to prevent disclosure, since enforcement of 42 U.S.C. §1983 has been placed solely in the hands of individual citizens acting in the capacity of private attorneys." Wood v. Breier, 54 F.R.D. 7 (E.D. Wis. 1972).

To justify withholding evidence in a civil rights action, a claim of privilege must be meritorious enough to overcome the fundamental importance of the law meant to protect each citizen from unconstitutional State action. Unger v. Cohen, 125 F.R.D. 67, 69 (S.D.N.Y. 1989). The discovery process is appropriately utilized even when the information that is sought is intended merely to provide "leads" to the location of other evidence. Engl v. Aetna Life Ins. Co. 139 F.2d 469, 472 (2d Cir. 1943).

The plaintiff should be afforded the opportunity to review the entire file of the Lucky investigation and documents relied upon to obtain an arrest warrant of the plaintiff to prepare his case and protect his constitutional rights. In addition to the named defendants, Rodriguez and Coppola, plaintiff plans to depose many of the police personnel that assisted in the Lucky investigation. Review of the entire file will assist counsel in preparation of taking depositions and help narrow the issues for each deponent.

The plaintiff is entitled at a minimum, to review defendants' employment history and personnel files to determine whether they have a history of this type of conduct, including, conduct associated with dishonesty. Certainly, discipline regarding this incident or complaints filed by civilians regarding defendants' conduct whether internally or within the judicial system are calculated to lead to the discovery of admissible evidence. The information sought is not available to plaintiff from other sources and should be provided because it will have an impact on the discovery sought during depositions.

## IV.   CONCLUSION

WHEREFORE, for the reasons set forth above, the plaintiff respectfully requests an order

compelling the defendants to provide adequate and complete responses to plaintiff's

interrogatories and request for production, an in camera review of the personnel files and files

from the Office of Internal Affairs for Stephen Coppola and Edwin Rodriguez, and an award for

costs and attorneys fees.


THE PLAINTIFF,
GARY SESSION


BY _Karen L. Mayer_
Karen L. Mayer
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830
203-661-4200
Federal Bar No. CT 26555

## CERTIFICATION

This is to certify that on this 31st day of May 2006, I hereby mailed a copy of the foregoing to:

Stephanie S. Baier, Esq.
Susan, Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507

Jonathan Beamon, Esq.
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06514

Karen L. Mayer

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT
## HARTFORD

```
************************************
GARY SESSION                    *      CIVIL ACTION NO.
                  PLAINTIFF     *      303-CV-00943 (AWT)

VS.                             *

EDWIN RORDIGUEZ; STEPHEN        *      MAY 31, 2006
COPPOLA; AND CITY OF NEW HAVEN  *
                  DEFENDANTS    *
************************************
```

## AFFIDAVIT OF KAREN L. MAYER

I, Karen L. Mayer, having been duly sworn to depose and state:

1.   I am over 18 years old and understand the obligation of an oath.

2.   I am counsel of record for the plaintiff in this action.

3.   On July 11, 2005, the previous attorney of record served interrogatories
     and requests for production upon the defendants, City of New Haven,
     Stephen Coppola, and Edwin Rodriquez.

4.   Plaintiff scheduled approximately 18 depositions throughout the month of
     September, but postponed all depositions due to the trial schedule of
     counsel for defendants, Rodriguez and Coppola.

5.   Plaintiff also agreed to allow the defendants, Rodriguez and Coppola
     additional time to respond to the written discovery in September because
     counsel provided valid reasons for her request, one defendant was

1

experiencing medical needs and the other no longer worked for the New Haven Police Department.

6. The defendants, Coppola and Rodriquez, served incomplete answers to the interrogatories on November 28, 2005.

7. Plaintiff was deposed on December 29, 2005 and March 10, 2006.

8. Plaintiff rescheduled all depositions throughout the month of February, but postponed because counsel did not receive sufficient written discovery from defendant City of New Haven until late on February 6, 2006, one week before taking depositions.

9. Upon review of the discovery, counsel determined that the written discovery had not been fully, faithfully and honestly disclosed, more particularly that the requests for documents related to the file on the Lucky investigation and arrest warrant for the plaintiff was incomplete. The next day, February 7, 2006, plaintiff's counsel put all counsel on notice that plaintiff could not proceed.

10. On February 21, 2006, the plaintiff replied to certain objections and incomplete answers to plaintiff's interrogatories to all defendants.

11. On February 22, 2006, the defendants Rodriguez and Coppola responded to plaintiff's reply with nonresponsive answers respectively claiming, "his response stands" and continued objections.

12. On several occasions, the plaintiff and the City of New Haven discussed the status of the Lucky investigation, but plaintiff never received

confirmation or verification of whether the investigation was open or closed.

13.    The City of New Haven's initial disclosure received on February 6, 2006, indicated that all evidence and discovery items requested had been ordered and were destroyed on March 5, 2002, well before the criminal case came to trial.  Further, the information requested and relied upon to fairly litigate this civil case was withheld from discovery or disclosure for three years, clearly frustrating and delaying any and all depositions.

14.    The City of New Haven confirmed during the telephone conference on May 10, 2006, that the Lucky investigation is still open.

15.    The court (*Martinez, M.*) ordered all compliance with discovery within one week, no later than May 17, 2006.

16.    The undersigned counsel and Attorney Beamon spoke on May 12, 15, 16, 18, and 24, 2006 regarding outstanding discovery issues.

17.    The undersigned counsel and Attorney Baier spoke on May 15, 2006, regarding outstanding discovery issues, but she believes she has complied and has no further obligation, which is in dispute.

18.    Attorney Beamon represented that he discovered he was never given the complete file from the New Haven Police Department and would provide additional documents to counsel.

19.    Attorney Beamon expressed his continued objection to disclosure of personnel files and Internal Affairs Files for defendants Rodriguez and

3

Coppola; however, he claimed he is not opposed to an in camera review of the documents.

20.    On May 25, 2006, the plaintiff received a response from the City to the outstanding interrogatories and request for production, however, the responses for the most part claim the City is doing a "due diligent search" for the information.

21.    The undersigned has attempted, in good faith, to resolve the issue of defendants' failure to comply with discovery in this case.

22.    The plaintiff does not believe he can conduct meaningful depositions without sufficient written discovery.  Plaintiff has been caused with rescheduling depositions and delayed from litigating his civil claim because of the non-compliance with necessary discovery from the defendants.  Counsel cannot in good faith reschedule the depositions without this basic discovery.

23.    To date, I have expended approximately, conservatively, and collectively more than sixty (60) hours of attorney time from January – May 2006 in asking, begging, and documenting my request for this agreed upon discovery.

24.    Typically, this firm bills my hourly services at $225.00, attorney Philip Russell at $425.00, and attorney Chris Caldwell at $400.00.  For this reason I am asking for a sanction in the form of sixty (60) hours of attorney time.  I am specifically requesting that the City of New Haven be

directed to pay a reasonable portion of the $14,070.00 dollars as a sanction for their deliberate and willful non-compliance with the discovery order.

25.  In addition, the plaintiff must devote additional time and expense to reschedule the previously noted deposition schedule, which is attached as Exhibit O.

26.  Plaintiff has agreed with the defendants in accordance with Rule 37 to work to resolve outstanding discovery problems.

27.  No prior application has been made for the relief sought herein.


THE AFFIANT


_Karen L. Mayer_
Karen L. Mayer


Subscribed and sworn to before
me this 31st day of May 2006.

Notary Public

Shirley A. Reinoso
NOTARY PUBLIC
State of Connecticut
My Commission Expires
June 30, 2010

5

**PHILIP RUSSELL, LLC TIME SHEET**
**CLIENT:  GARY SESSION**

| Date | | Hours | Amount |
|------|------|-------|--------|
| 2/2/06 | Telephone conference regarding letter; draft of Motion. | 0.50 | 112.50 |
| 2/2/06 | Telephone conference with Jonathan Beamon. | 0.30 | 67.50 |
| 2/206 | Memorandum to file regarding officers. | 0.20 | 45.00 |
| 2/2/06 | Telephone conference with attorney; consult. | 0.10 | 22.50 |
| 2/2/06 | Telephone conference with Mr. Beamon regarding Interrogatories. | 0.20 | 45.00 |
| 2/2/06 | Telephone conference with Officer Forbes. | 0.30 | 67.50 |
| 2/2/06 | Received and reviewed deposition schedule. | 0.10 | 42.50 |
| 2/3/06 | Reviewed file; memo attorney consult. | 0.70 | 297.50 |
| 2/7/06 | Telephone conference with Attorney Baier. | 0.10 | 22.50 |
| 2/7/06 | Telephone conference with Attorney Beamon regarding entire policy and procedure manual. | 0.10 | 22.50 |
| 2/7/06 | Received and reviewed Interrogatories for the City of New Haven. | 1.00 | 225.00 |
| 2/8/06 | Conference with Attorney Russell; preparation of pleadings and letters. | 0.90 | 202.50 |
| 2/8/06 | Conference with Attorney Russell regarding deposition of the Keeper of Records. | 0.30 | 67.50 |
| 2/8/06 | Conference with Attorney Mayer regarding Discovery and Motion for Enlargement of Time. | 0.40 | 170.00 |
| 2/8/06 | Memorandum to file. | 0.10 | 42.50 |
| 2/8/06 | Letter to client and letter to counsel for the individual dates. | 0.20 | 85.00 |
| 2/10/06 | Telephone conference with Attorney Beamon, left message regarding depositions and Motion. | 0.10 | 22.50 |
| 2/10/06 | Telephone conference with Attorney Baier, left message. | 0.10 | 22.50 |
| 2/10/06 | Conference with Attorney Russell. | 0.20 | 45.00 |
| 2/13/06 | Preparation of Supplement to Interrogatories. | 0.40 | 90.00 |
| 2/13/06 | Received and reviewed fax/letter from Attorney Baier. | 0.20 | 45.00 |
| 2/13/06 | Conference with Attorney Russell. | 0.20 | 45.00 |
| 2/13/06 | Prepared pleading and letter regarding Discovery. | 0.50 | 212.50 |
| 2/14/06 | Telephone conference with Gary regarding Stern letter regarding Discovery. | 0.10 | 42.50 |

1

| Date | Description | Hours | Amount |
|---|---|---|---|
| 2/14/06 | Conference with Attorney Russell regarding status of communication with attorneys. | 0.20 | 45.00 |
| 2/14/06 | Telephone conference with client. | 0.20 | 45.00 |
| 2/14/06 | Preparation for Discovery. | 3.80 | 855.00 |
| 2/14/06 | Received and reviewed Marshal's return – Subpoenas. | 0.10 | 22.50 |
| 2/15/06 | Preparation of reply to responses to Interrogatories. | 2.20 | 495.00 |
| 2/17/06 | Preparation for discovery responses. | 2.00 | 450.00 |
| 2/17/06 | Telephone conference with client. | 0.40 | 90.00 |
| 2/22/06 | Telephone conference with client regarding Motions and depositions. | 0.50 | 112.50 |
| 2/22/06 | Received and reviewed material from attorney. | 1.00 | 225.00 |
| 2/23/06 | Research for Attorney Mayer regarding discovery issues. | 1.00 | 375.00 |
| 2/23/06 | Telephone conference with attorney. | 0.10 | 22.50 |
| 2/23/06 | Research regarding discovery issues. | 1.00 | 225.00 |
| 2/23/06 | Preparation; review materials from attorney. | 1.00 | 225.00 |
| 2/23/06 | Telephone conference with AWT's law clerk. | 0.20 | 45.00 |
| 2/23/06 | Telephone conference with Corporation Counsel's office regarding depositions. | 0.20 | 45.00 |
| 2/24/06 | Telephone conference with attorney regarding consultation. | 0.60 | 135.00 |
| 2/25/06 | Telephone conference with law clerk; left message on voice mail. | 0.10 | 22.50 |
| 2/25/06 | Telephone conference with law clerk; left message on cell. | 0.10 | 22.50 |
| 2/27/06 | Telephone conference with Elsie (law clerk). | 0.20 | 45.00 |
| 2/27/06 | Telephone conference with client, left message regarding court order. | 0.10 | 22.50 |
| 2/28/06 | Letter to Attorney Beamon regarding deposition problem. | 0.20 | 45.00 |
| 2/28/06 | Received and reviewed Court Order. | 0.10 | 22.50 |
| 3/1/06 | Research on cases regarding discovery. | 0.50 | 112.50 |
| 3/1/06 | Letter to Attorney Baier and Attorney Beamon regarding supplemental discovery. | 0.20 | 45.00 |
| 3/1/06 | Letter to Attorney Beamon; edit letter regarding cancellation of depositions. | 0.30 | 67.50 |
| 3/1/06 | Telephone conference with Officer DeJesus. | 0.20 | 45.00 |
| 5/9/06 | Preparation; review calendar for depositions scheduled with Shirley. | 0.30 | 67.50 |

| | | | |
|---|---|---|---|
| 5/15/06 | Telephone conference with Attorney Beamon regarding discovery. | 0.20 | 45.00 |
| 5/15/06 | Telephone conference with Attorney Baier. | 0.20 | 45.00 |
| 5/17/06 | Telephone conference with Attorney Beamon regarding status of discovery. | 0.10 | 22.50 |
| 5/17/06 | Prepared pleading; Motion to Compel. | 4.00 | 900.00 |
| 5/18/06 | Drafting; edit Motion. | 1.00 | 225.00 |
| 5/20/06 | Received and reviewed documents from client. | 0.50 | 112.50 |
| 5/21/06 | Drafting; edit Affidavit for Motion to Compel. | 1.00 | 225.00 |
| 5/21/06 | Drafting; edit Motion to Compel. | 1.00 | 225.00 |
| 5/21/06 | E-mail to Attorney; consult. | 0.30 | 67.50 |
| 5/24/06 | Telephone conference with Jonathan Beamon. | 0.50 | 112.50 |
| 5/25/06 | Telephone conference with client regarding status. | 0.50 | 112.50 |
| 5/26/06 | Telephone conference with attorney regarding Motion. | 0.20 | 45.00 |
| 5/26/06 | Telephone conference with attorney regarding Local Rules. | 0.50 | 112.50 |
| 5/26/06 | Telephone conference with client. | 0.20 | 45.00 |
| 5/27/06 | Drafting of the Motion to Compel – City. | 3.00 | 675.00 |
| 5/27/06 | Drafting of the Motion to Compel – City. | 4.40 | 990.00 |
| 5/28/06 | Prepared pleading; revise Affidavit. | 0.50 | 112.50 |
| 5/28/06 | Telephone conference with client regarding details, dates. | 0.40 | 90.00 |
| 5/28/06 | Drafting of the Motion to Compel; Rodriguez, Coppola. | 5.00 | 1,125.00 |
| 5/28/06 | Telephone conference with client; review material. | 0.30 | 67.50 |
| 5/29/06 | Drafting of the Motion to Compel; edit facts and allegations. | 4.50 | 1,012.50 |
| 5/30/06 | Preparation of the Motion to Compel; organization of Exhibits. | 4.0 | 900.00 |
| 5/30/06 | Telephone conference with client; review Motion to Compel. | .50 | 112.50 |
| 5/30/06 | Conference with Attorney Russell; review Motion to Compel. | .50 | 112.50 |

3

| 5/30/06 | Letter to Michael O'Donnell enclosing check. | .10 | 22.50 |
| 5/31/06 | Preparation; work with staff to finalize Motion to Compel. | 2.0 | 450.00 |
| 5/31/06 | Conference with Attorney Russell. | 0.50 | 112.50 |

**TOTAL:**    **60.0 14,070.00**

## RATES

| Attorney Philip Russell | $425.00 |
| Attorney Christopher Caldwell | $400.00 |
| Attorney Karen Mayer | $225.00 |

## Exhibit List

Exhibit A:    Juan Scruggs statement, July 25, 1999

Exhibit B:    Albert McCann statement, November 8, 1999

Exhibit C:    Maurya Mercado statement, November 8, 1999

Exhibit E:    Mary DeLeon statement

Exhibit F:    Officer Losty Report, July 25, 1999

Exhibit G:    Officer Forbes Report, July 25, 1999

Exhibit H:    Planning Meeting, September 7, 2004

Exhibit I:    Planning Meeting, June 29, 2005

Exhibit J:    Edwin Rodriguez Response to Plaintiff's Interrogatories and Request for Production

Exhibit K:    Stephen Coppola Response to Plaintiff's Interrogatories and Request for Production

Exhibit L:    City of New Haven Response to Plaintiff's Interrogatories and Request for Production

Exhibit M:    Letters/Correspondence with City over discovery issues

Exhibit N:    Plaintiff's Reply to Defendants' Disclosures

Exhibit O:    Deposition Calendars

Exhibit P:    Application and Court Orders to destroy evidence

Exhibit Q:    Arrest warrant of Plaintiff