## NEW HAVEN POLICE DEPARTMENT

| INCIDENT NO | DATE | TIME STARTED | TIME ENDED | PLACE OF STATEMENT |
|---|---|---|---|---|
| 46990 | 11/07/99 | 7:05 PM | 7:35 PM | |

| NAME (FIRST, LAST) | STREET NO, STREET, CITY, STATE | | PHONE |
|---|---|---|---|
| SHARON ADKINS | | | |

| DATE OF BIRTH | STATEMENT TAKER | | |
|---|---|---|---|
| | DETECTIVE E. RODRIGUEZ | OF THE | New Haven Police Department |

I make the following voluntary statement. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

Q. DO YOU SHARON ADKINS GIVE THE FOLLOWING STATEMENT TO DETECTIVE EDWIN RODRIGUEZ AND DETECTIVE STEVEN COPPOLA OF THE NEW HAVEN POLICE DEPARTMENT, OF YOUR OWN FREE WILL, WITHOUT ANY FEARS, THREATS, OR PROMISES, KNOWING FULL WELL WHATEVER IS CONTAINED IN THIS STATEMENT WILL BE USED IN A COURT OF LAW?

A. YES.

Q. CAN I HAVE YOUR FULL NAME AND CAN YOU SPELL YOUR LAST NAME FOR ME?

A. SHARON LINDA ADKINS, A-D-K-I-N-S.

Q. AND SHARON WHAT IS YOUR DATE OF BIRTH?

A. 10-15-72.

Q. AND YOUR HOME ADDRESS?

A. 246 COLUMBUS AVENUE.

Q. AND THIS IS NEW HAVEN?

A. YES.

Q. AND YOU RESIDE THERE NOW?
A. YES.

By affixing my signature to this statement, I acknowledge that I have read it and/or had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24. _____

Page **1** Of **31**

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS _____

Q. AND SHARON WHAT IS YOUR HOME PHONE NUMBER?

A. DON'T HAVE A HOME PHONE NUMBER.

Q. SHARON HOW MANY YEARS HAVE YOU COMPLETED IN SCHOOL?

A. TEN.

Q. COULD YOU READ, WRITE, AND UNDERSTAND THE ENGLISH LANGUAGE?

A. YES.

Q. SHARON THIS STATEMENT IS NOW BEING TAKEN AT ONE UNION AVENUE, NEW HAVEN POLICE DEPARTMENT IS THAT CORRECT?

A. YES.

Q. SHARON ARE YOU UNDER ANY MEDICATION AT THIS TIME?

A. NO.

Q. ARE YOU UNDER ANY ALCOHOL OR NARCOTICS AT THIS TIME?

A. NO.

Q. DO YOU HAVE ANY PROBLEMS SHARON, AS FAR AS MENTAL HEALTH OR ANY TYPE OF MEDICATION THAT YOU USE?

A. YES.

Q. WHAT DO YOU USE?

A. DEPACOT.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____     Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

## NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____SHARON ADKINS_____

Q. DID YOU USE IT TODAY?

A. NO.

Q. AND YOU SAID DEPECALL IS THAT CORRECT?

A. MM HM.

Q. AND WHAT IS THAT FOR?

A. MEMORY, MEMORY AND MENTAL DISORDER.

Q. SHARON IS THERE ANY OTHER MEDICATION YOU USE?

A. NO.

Q. DID YOU TAKE YOUR MEDICATION TODAY?

A. NO.

Q. HOW DO YOU FEEL TODAY?

A. LOUSY.

Q. DO YOU UNDERSTAND OUR INTERVIEW AND WHAT WE'RE DOING AT THIS PRESENT TIME?

A. YES.

Q. SO YOU'RE FULLY AWARE OF WHAT'S GOING ON AT THIS TIME?

A. YES.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____     Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____SHARON ADKINS_____

Q. AND WHAT WE'RE TALKING ABOUT?

A. YES.

Q. AND WHAT OUR INVESTIGATION INVOLVES?

A. YES.

Q. SHARON ISN'T IT TRUE THAT PRIOR TO THIS STATEMENT MYSELF AND DETECTIVE COPPOLA GAVE YOU A DEPARTMENTAL POLICE VOLUNTARY INTERVIEW FORM?

A. YES.

Q. AND ISN'T IT TRUE THAT YOU READ THE FORM?

A. YES.

Q. ISN'T IT TRUE YOU AGREE TO SPEAK WITH US?

A. YES.

Q. ISN'T IT TRUE THAT YOU SIGNED THE FORM?

A. YES.

Q. AND DATED IT?

A. YES.

Q. AS WELL AS PUT THE TIME WHEN YOU SIGNED IT?

A. YES.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____SHARON ADKINS_____

Q.  AND ISN'T IT TRUE ALSO THAT DETECTIVE COPPOLA AND MYSELF WITNESSED DOCUMENTATION HERE?

A.  YES.

Q.  IT SHOULD BE NOTED THAT A VOLUNTARY FORM WILL BE PLACED INTO EVIDENCE AT ONE UNION AVENUE.  SHARON, PRIOR TO THIS TAPED STATEMENT, GOING ON TAPE, ISN'T IT TRUE THAT MYSELF AND DETECTIVE COPPOLA HAD A PRE-INTERVIEW WITH YOU?

A.  YES.

Q.  AND ISN'T IT TRUE THAT WE DISCUSSED--WE DISCUSSED THE INVESTIGATION WE WERE WORKING ON, AS FAR AS --AS FAR AS A HOMICIDE INVESTIGATION WE'RE CONDUCTING?

A.  YES.

Q.  SHARON, YOU SAID YOU LIVE AT 246 COLUMBUS AVENUE IS THAT CORRECT?

A.  YES.

Q.  DO YOU WORK SHARON?

A.  NO.

Q.  WHAT FLOOR DO YOU LIVE ON AT 246 COLUMBUS AVENUE?

A.  SECOND.

Q.  AND WHAT DO YOU DO FOR INCOME SHARON?

A.  SELL DRUGS.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____        Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF    SHARON ADKINS

Q. YOU SAID YOU SELL DRUGS, WHAT TYPE OF DRUGS DO YOU SELL?

A. CRACK.

Q. DO YOU WORK FOR YOURSELF?

.A NO.

Q. NO. AND WHO DO YOU WORK FOR SHARON?

A. SHAWN, "E", AND BLACK.

Q. CAN YOU SLOW DOWN AGAIN, WHO YOU WORK FOR?

A. SHAWN, "E", AND BLACK.

Q. SO YOU SAID YOU WORK FOR SHAWN, "E", AND BLACK, AND YOU SELL CRACK FOR THEM?

A. YES.

Q. WHAT DO YOU SELL AS FAR AS YOU SELL, BUNDLES, WEIGHT?

A. BUNDLES.

Q. WHAT DO YOU MAKE OUT OF THIS?

A. FIFTY DOLLARS, SIXTY DOLLARS.

Q. A BUNDLE?

A. MM HM.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24.

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____SHARON ADKINS_____

Q. AND WHAT DO THEY MAKE OUT OF IT?

A. TWO HUNDRED,

Q. DO YOU SPECIFICALLY WORK FOR BLACK AND SHAWN OR ALL THREE?

A. ALL THREE.

Q. ARE THESE THREE SUBJECTS YOU WERE TALKING ABOUT, SHAWN, "E", AND BLACK, ARE THEY ALL PARTNERS?

A. NO.

Q. ARE ANY OF THEM PARTNERS?

A. YES.

Q. WHO ARE THE PARTNERS?

A. SHAWN AND "E".

Q. SHAWN AND "E"?

A. MM HM.

Q. IS BLACK PARTNERS WITH THEM?

A. HE WAS.

Q. DO YOU RECALL AT ANY TIME ANY OF THE THREE SUBJECTS ARGUING OR A DISPUTE BETWEEN  EACH OTHER?

A. NO.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

Case 3:03-cv-00943-AWT     Document 59-2     Filed 06/19/2006     Page 8 of 31

# NEW HAVEN POLICE DEPARTMENT

46990

STATEMENT OF _____ SHARON ADKINS _____

Q. NO. DO YOU RECALL ANY ARGUMENTS OR DISPUTE OVER MONEY OR DRUGS BETWEEN ANY OF THE THREE?

A. YES.

Q. CAN YOU TELL ME WHAT THE DISPUTE WAS ABOUT?

A. "E" STEPPED OFF WITH THREE THOUSAND DOLLARS THAT BELONGED TO SHAWN.

Q. WHEN YOU SAY "E" STEPPED OFF WITH THREE THOUSAND DOLLARS THAT BELONGED TO SHAWN, WHAT DO YOU MEAN BY STEPPED OFF?

A. TOOK OFF WITH IT.

Q. HE STOLE IT?

A. HE STOLE IT.

Q. THAT'S WHAT YOU MEAN HE TOOK OFF WITH THE MONEY?

A. YEH,

Q. COMBINATION OF BOTH?

A.

Q. AND THE DRUGS WAS WHAT?

A. CRACK DOPE.

Q. AND IT BELONGED TO SHAWN?

A. YES.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____     Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF        SHARON ADKINS

Q. HOW DID YOU HEAR ABOUT THIS?

A. WHEN ANOTHER GUY WHO WAS WORKING WITH HIM CAME TO MY HOUSE AND FOUND OUT I HAD A BUNDLE OF "E'S", THAT'S WHEN HE SAID TO ME "E" HAD NO BUSINESS WITH NO WORK THERE BECAUSE HE SAID, HE STEPPED OFF WITH SOME MONEY, THAT HE OWED HIM SOME MONEY.        THEY WAS LOOKING FOR HIM.

Q. WHO WAS LOOKING FOR HIM?

A. THAT SHAWN WAS LOOKING FOR HIM.

Q. AND WHO WAS THIS PERSON        ?

A. BONO.

Q. BONO?

A. MM HM.

Q. AND YOU KNOW HIS REAL NAME?

A. NO.

Q. AS FAR AS "E", BLACK AND SHAWN DO YOU KNOW THEIR FULL NAMES?

A. NO.

Q. CAN YOU I.D. THEM IF YOU SAW THEM AGAIN?

A. YES.

Q. DESCRIBE BLACK FOR ME?

A. SHORT, DARK SKINNED, WEAR GLASSES.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____        Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS _____

Q. ABOUT HOW OLD?

A. HE'S 21.

Q. AND HOW ABOUT SHAWN CAN YOU DESCRIBE HIM FOR ME?

A. SHORT, DARK SKINNED WITH A BALD HEAD.

Q. HOW OLD IS ABOUT?

A. NINETEEN.

Q.          "E", COULD YOU DESCRIBE "E" FOR ME?

A. LIGHT SKINNED, LONG HAIR, WEARS IT IN CORN BRAIDS, SOMETIMES

Q. ARE THEY LONG, SHORT?

A. LONG.

Q. NOW GETTING BACK TO BONO TELLING YOU THAT --THAT "E" STEPPED OFF WITH  SOME MONEY AND DRUGS FROM SHAWN, IS THAT CORRECT HE TOLD YOU THIS?

A. YES.

Q. AND HE TOLD YOU THIS BECAUSE YOU TOLD HIM THAT YOU WERE SELLING A BUNDLE FOR "E"?

A. YES HE WAS---HE CAME IN AS A NEW PARTNER AND HE JUST SAID THAT HE WASN'T GONNA HAVE NO SHIRT UP IN THE HOUSE.

Q. AND WHY?

A. CAUSE HE OWE MONEY.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

46990

### STATEMENT OF _____ SHARON ADKINS _____

Q. THIS IS DETECTIVE COPPOLA, SHARON HOW DID HE KNOW YOU HAD "E'S" WORK IN THE HOUSE?

A. WELL HE DIDN'T KNOW WHEN HE CAME AND I WENT TO GO GIVE HIM THE MONEY. I THOUGHT THAT SHAWN HAD TOLD HIM THAT "E" WORK WAS THERE TOO BUT OBVIOUS SHAWN AND BLACK DIDN'T TELL HIM, SO HE SAID WELL I'M GONNA TAKE THIS AND HE TOOK THE BUNDLE AND SAID "E" AIN'T GETTING IT BACK.

Q. THIS WAS A BONO IS THAT CORRECT?

A. YES.

Q. AND BONO IS UPSET BECAUSE "E" STOLE MONEY FROM SHAWN AND BLACK SHAWN?

A. RIGHT IN WHICH HE JUST CAME IN ON THE PARTNERSHIP SO I GUESS          .

Q. SO HE WAS PARTNERS WITH?

A.          PORTION OF IT BELONGED TO HIM TOO.

Q. SO A PORTION OF THE MONEY THAT "E" TOOK BELONGED TO BONO ALSO?

A. MM HM.

Q. AND DID HE TELL YOU ANYTHING ELSE ABOUT "E"?

A. NO.

Q. DID HE TELL YOU THAT SHAWN OR ANYBODY ELSE WAS LOOKING FOR HIM?

A. NO.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____          Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

46990

### STATEMENT OF          SHARON ADKINS

Q. HE JUST STATED THAT "E" WOULD NOT SELL HIM NO MORE?

A. YEH.

Q. DDI HE TELL YOU TO TELL HIM---"E" THAT OR ?

A. NO.

Q. NO.  SHARON BACK ON AT ANY TIME DID YOU SPEAK WITH SHAWN REGARDING "E"?

A. YES.

Q. DID SHAWN SAY ANYTHIGN TO YOU ABOUT "E"?

A. HE TOLD ME IF "E" CAME TO THE HOUSE CALL.

Q. DID HE SAY WHY?

A. NO.

Q. HE NEVER MENTIONED WHY?

A. NO.

Q. THIS IS DETECTIVE COPPOLA, I'M GONNA ASK YOU A QUESTION AGAIN.  SHARON THIS DISPUTE THAT YOU'RE TELLING US ABOUT WITH THE NARCOTIC TRADE, DCO YOU REMEMBER WEHNT HIS HAPPENED AT ALL APPROXIMATELY?

A. AUGUST.  S.L.A.  E.R. 11 8 99

Q. SOME TIME IN AUUGST?

A. MM HM.

By affixing my signature to this statement, I acknowledge that I read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____          Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS

Q. ARE YOU SURE OF THE DATE OR YOU'RE UNSURE OF THE DATE?

A.

Q. WHEN?

A. AUGUST 16TH. S.L.A. E.R. 11/8/99

Q. THAT'S WHEN YOU WERE MADE AWARE OF IT?

A. YES, WHEN I MADE THE PHONE CALL TO SHAWN.

Q. GOING BACK TO WHAT DETECTIVE COPPOLA SAID, WHEN BONO TOLD YOU ABOUT HE STEPPING OFF WITH THE MONEY, WAS THIS IN AUGUST ALSO? S.L.A. E.R.

A. YEH THAT WAS AROUND AFTER.

Q. IT WAS IN AUGUST? — S.L.A. E.R.

A. YEH.

Q. BACK ON AFTER YOU TALKED TO SHAWN AND HE TOLD YOU TO NOTIFY HIM, HE TOLD YOU TO CALL HIM WHEN YOU SAW "E"?

A. YEH HE TOLD ME IF "E" CAME BY THE HOUSE TO CALL HIM.

Q. BACK ON--DID YOU RUN INTO "E"?

A. YES "E" CAME BY MY HOUSE

Q. DO YOU RECALL WHAT DATE WAS THAT THAT HE CAME BY YOUR HOUSE?

A. AUGUST 16TH. — S.L.A. E.R.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS _____

Q. AUGUST 16TH OKAY. WAS THAT THE SAME DAY DURING THE PRE-INTERVIEW YOU TOLD US THERE WAS A SHOOTING? _S.L.A._

A. YES.

Q. WHAT TIME DID "E" COME BY YOUR HOUSE THAT NIGHT?

A. LATE NIGHT.

Q. AND ONCE HE CAME TO YOUR HOUSE WHAT DID HE WANT IN YOUR HOUSE?

A. HE CAME TO MAKE SURE IF I WAS STRAIGHT AND TO SEE IF I HAD ANYTHING WORK.

Q. FOR YOU TO SELL?

A. AND DID I SEE SHAWN.

Q. AND DID HE SAY ANYTHING ABOUT SHAWN?

A. NO JUST DID ANYBODY COME BY AND HIT ME YET.

Q. AND WHEN YOU MEAN HIT YOU MEAN?

A. GIVE ME THE WORK OR PICK UP MONEY.

Q. TO SELL OR PICK UP MONEY OKAY, AND WHEN "E"---WHEN YOU LEFT, WHEN DID YOU CONTACT OR DID YOU CONTACT THAT SAME NIGHT SHAWN?

A. I WENT TO GO CALL SHAWN WHILE "E" WAS THERE.

Q. OKAY SO HE WAS THERE STILL?

A. YEH BUT WHEN I GOT BACK HOME HE WAS GONE.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF    _____ SHARON ADKINS _____

Q. SO WHEN YOU WENT TO CONTACT SHAWN DID YOU CALL FROM YOUR HOUSE?

A. NO.

Q. CAUSE YOU DON'T HAVE A PHONE?

A. NO I WALK TO THE PAY PHONE.

Q. AND WHERE DID YOU WALK THE PAY PHONE?

A. ON LIBERTY, RIGHT THERE ON LIBERTY BY MY FAVORITE CORNER STORE.

Q. LIBERTY AND CARLISLE?

A. YEH.

Q. THERE'S A PAY PHONE THERE?

A. MM HM.

Q. AND YOU CALLED SHAWN FROM THERE?

A. MM HM.

Q. AND WHAT DID YOU TELL SHAWN?

A. TO COME BY I NEEDED---TO COME BY MY HOUSE I NEEDED TO SEE HIM AND THAT "E" WAS THERE.

Q. AND THAT "E" WAS THERE?

A. MM HM.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____      Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS _____

Q. AND WHAT DID HE SAY?

A. I'LL BE RIGHT THERE.

Q. WHERE DID YOU GO FROM THERE?

A. I LEFT THE HOUSE AND I WENT DOWN TO CHURCH STREET SOUTH TO COP.

Q. DID YOU COME BACK HOME AFTER THE CALL OR DID YOU GO TO CHURCH STREET SOUTH?

A. NO I WENT TO CHURCH STREET SOUTH FIRST.

Q. SO YOU WENT TO COP?

A. MM HM.

Q. COP WHAT?

A. CRACK.

Q. YOU WENT TO BUY SOME CRACK COCAINE? WERE YOU BY YOURSELF?

A. NO I WAS WITH MY GIRLFRIEND.

Q. AND WHAT'S HER NAME?

A. CASH.

Q. DO YOU KNOW HER REAL NAME?

A. DORIE.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS _____

Q. DORIE WHAT?

A. DORIE CASH.

Q. AND ONCE YOU COPPED IN CHURCH STREET SOUTH WHERE DID YOU GO FROM THERE?

A. WE START WALKING UP         WE HEARD THE SHOOTING.

Q. YOU HEARD THE SHOOTING?

A. YES.

Q. WHEN YOU SAY YOU HEARD THE SHOOTING DID YOU KNOW WHERE IT WAS COMING FROM?

A. WE HEARD GUNSHOTS.

Q. YOU HEARD GUNSHOTS, HOW MANY DID YOU HEAR?

A. ABOUT EIGHT, NINE.

Q. DO YOU KNOW WHERE THEY CAME FROM?

A. NO.

Q. WAS THIS LATE AT NIGHT?

A. YES.

Q. YOU CONTINUED TO WALK?

A. NO WE JUMPED OUT---WE LAYED DOWN ON THE GROUND, THEN WE GOT UP AND I RAN HOME BECAUSE IT SOUND LIKE IT WAS NEAR BY MY HOUSE AND MY SISTER WAS OUTSIDE WITH US.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF        SHARON ADKINS

Q. HOW FAR IS FROM WHERE YOU HEARD A GUNSHOT TO YOUR HOUSE, APPROXIMATELY?

A. A BLOCK AND A HALF.

Q. SO YOU BELIEVE THAT THEY WERE COMING FROM WHERE YOU WERE LIVING AT?

A. YES,

Q. AND THAT'S AT?

A. 246 COLUMBUS AVENUE.

Q. SO DID DORIE RUN WITH YOU OR DID YOU JUST RAN BY YOURSELF?

A. I RAN BY MYSELF.

Q. AND WHEN YOU GOT TO WHERE YOU WERE AT DID YOU SEE ANYTHING?

A. NO, IT WAS JUST OFFICERS THAT HAD                AND THEY ASKED US DID WE SEE ANYTHING.

Q. AND WHAT DID YOU SAY?

A. WE TOLD HIM NO.

Q. DID YOU TELL HIM YOU HEARD THE SHOTS?

A. YES.

Q. DID YOU TELL HIM WHERE YOU WERE?

A. YEH.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____        Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

46990

STATEMENT OF _____ SHARON ADKINS _____

Q. ONCE YOU GOT BACK HOME DID YOU TALK TO ANYBODY?

A. NO.

Q. NOBODY AT ALL. DID YOU HEAR ANYTHING?

A. NO.

Q. DID YOU TALK TO SHAWN LATER ON THAT NIGHT?

A. NO.

Q. DID YOU TALK TO?

A. HE NEVER EVEN CAME TO BRING ME THE PACKAGE, HE NEVER EVEN CAME THAT NIGHT.

Q. DID YOU KNOW WHO GOT SHOT THAT NIGHT?

A. NO.

Q. SHARON, I'M GONNA SHOW YOU, I'M GONNA SHOW YOU A PHOTO BOARD OF EIGHT BLACK MALES, ALL SIMILAR IN APPEARANCE, AND I WANT TO ASK YOU IF YOU RECOGNIZE ANYBODY IN THIS PHOTO, PHOTO BOARD?

A. YES.

Q. AND WHAT NUMBER YOU RECOGNIZE?

A. NUMBER FOUR.

Q. AND WHO IS THAT?

A. SHAWN.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

46990

STATEMENT OF _____ SHARON ADKINS _____

Q. IS THIS THE SAME SHAWN THAT YOU WERE WORKING FOR?

A. THAT I WAS WORKING FOR.

Q. AND IS THIS THE SAME SHAWN YOU CALLED?

A. YES.

Q. ON AUGUST 16TH? ← S.L.A. C.R.

A. YES.

Q. 1999?

A. YES.

Q. AND THIS IS THE SAME SHAWN THAT WORKS WITH "E" AND BLACK?

A. YES.

Q. ALSO ?

A. BONO.

Q. BONO?

A. MM HM.

Q. COULD YOU SIGN THIS AND PUT THE DATE TODAY WHICH IS NOVEMBER 7, 1999?

A. WHAT'S TODAY'S DATE.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____      Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____SHARON ADKINS_____

Q. NOVEMBER, 11-7-99 AND THE TIME NOW IS 7:20 P.M. IT SHOULD BE NOTED DETECTIVE COPPOLA WILL BE WITNESSING THE SIGNING OF PHOTOGRAPH NUMBER FOUR IN THE PHOTO BOARD THAT BEING SHAWN, SHAWN        SHAWN JOHNSON. IT SHOULD ALSO BE NOTED THAT IT WILL BE PLACED INTO EVIDENCE BY THESE DETECTIVES. SHARON IS THIS WHEN YOU SAY YOU SOLD FOR SHAWN, IS THIS---IS IT SOLELY SHAWN'S OPERATION OR DOES HE WORK FOR ANYBODY HIMSELF?

A. HE WORKS FOR SOMEBODY ELSE.

Q. DO YOU KNOW WHO HE WORKS FOR?

A. SHABAZZ.

Q. SHABAZZ. DO YOU KNOW SHABAZZ' FULL NAME?

A. N O.

Q. DO YOU KNOW WHAT KIND OF VEHICLE HE DRIVES OR ANYTHING?

A. HE USE TO HAVE A PURPLE CAR AND NOW HE GOT A BLAZER.

Q. LIKE A BLAZER?

A. FOUR WHEELER.

Q. FOUR WHEELER TYPE VEHICLE?

A. YES.

Q. DO YOU KNOW THE COLOR?

A. GRAY.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____        Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24. _____

©1998 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

46990

STATEMENT OF _____ SHARON ADKINS _____

Q. IT'S GRAY. YOU SAY SHAWN WORKS FOR SHABAZZ, HAVE YOU EVER MET SHABAZZ?

A. HE'S LIKE A BROTHER TO ME.

Q. DID HE EVER COME TO YOUR HOUSE AND DROP OFF?

A. NEVER.

Q. DID SHABAZZ KNOW "E"?

A. YES.

Q. HAVE YOU EVER SEEN THEM TOGETHER?

A. NO.

Q. HOW DO YOU KNOW HE KNOWS "E"?

A. "E" WORKED ON HALLOCK STREET AT SHABAZZ SPOT.

Q. AND YOU KNOW THAT SHABAZZ HAD A SPOT ON HALLOCK        ?

A. YEH.

Q. DO YOU KNOW WHERE ON HALLOCK STREET?

A. THE BRICK BUILDING, DON'T KNOW THE NUMBER.

Q. YOU SAID BRICK BUILDING?

A. MM HM.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____          Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24. _____

Page 22 Of 31

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF      SHARON ADKINS

Q. AND "E" WORKED FOR SHABAZZ ON HALLOCK?

A. YES AND NOW "E" WORKS FOR HIS SELF.

Q. AFTER THE SHOOTING WERE YOU CONTACTED BY SHAWN OR WERE YOU EVER CONTACTED BY SHABAZZ OR BY BLACK OR BY BONO?

A. NO.

Q. THE NEVER CONTACTED YOU?

A. NO.

Q. SO SINCE THEN WHICH TODAY IS NOVEMBER 7, 1999, YOU HAVEN'T HEARD FROM NONE OF THEM?

A. NO, JUST "E".

Q. SO YOU'VE SPOKEN TO "E"?

A. MM HM.

Q. AND WHEN IS THE LAST TIME YOU SPOKE TO "E"?

A. WEDNESDAY TO BE EXACT.

Q. WEDNESDAY OF?

A. WEDNESDAY OF.

Q. NOVEMBER?

A.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____     Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24. _____

Page   23   of   31

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF          SHARON ADKINS

Q. LAST WEEK?

A. YES.

Q. SO THAT WOULD HAVE BEEN?

A. I THINK IT WAS OCTOBER.

Q. OCTOBER?

A. THE 29TH.

Q. THE 29TH OF OCTOBER?

A. MM HM.

Q. AND WHAT DID "E" WANTED?

A. HE WANTED TO KNOW WHERE HE COULD MAKE SOME MONEY AT AND I TOLD HIM HE COULDN'T MAKE IT HEAR IN MY HOUSE.

Q. HE WANTED YOU TO MAKE MONEY, WHAT DO YOU MEAN BY THAT?

A. HE WANTED TO SELL MONEY—HE WANTED TO SELL DRUGS AT MY HOUSE AND I TOLD HIM NO.

Q. SHARON GETTING BACK TO THE PRE-INTERVIEW, PRIOR TO THIS STATEMENT AGAIN IN THE PRE-INTERVIEW, I SHOWED YOU TWO SEPARATE PHOTO BOARDS. THE FIRST PHOTO BOARD I SHOWED YOU WAS OF EIGHT BLACK MALES ALL SIMILAR IN APPEARANCE AND ISN'T IT TRUE THAT YOU SINGED ONE OF THE PHOTOS IN THE PHOTO BOARD?

A. YES.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____          Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS _____

Q. AND WHAT---WHAT NUMBER WAS THAT?

A. NUMBER THREE.

Q. AND WHO IS THAT?

A. E.

Q. DO YOU KNOW HIS FULL NAME?

A. NO.

Q. ISN'T IT TRUE THAT YOU SINGED AND PUT THE DATE ON IT?

A. YES.

Q. ALSO THE TIME?

A. YES.

Q. AND IS IT TRUE THAT DETECTIVE COPPOLA WITNESSED IT?

A. YES.

Q. AND THE SECOND PHOTO BOARD, EXCUSE ME, THAT I SHOWED YOU IN THE PRE-INTERVIEW OF EIGHT BLACK MALES ALL SIMILAR IN APPEARANCE, ISN'T IT TRUE THAT YOU ALSO SIGNED A PHOTOGRAPH IN THAT PHOTO BOARD?

A. YES.

Q. AND WHAT NUMBER WAS THAT?

A. EIGHT.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF            SHARON ADKINS

Q.  AND WHO IS THAT?

A.  A YOUNG BOY HE USE TO BE WITH "E" ALL THE TIME.

Q.  DO YOU KNOW HIS NAME?

A.  NO, THEY NICKNAME                    .

Q.            AND HE WAS ALWAYS WITH "E"?

A.  YES.

Q.

A.  SHABAZZ OVER THERE, SHABAZZ        .

Q.  ON HALLOCK?

A.  BOTH OF THEM WORKED FOR HIM.

Q.  SO HE ALSO WORKED FOR SHABAZZ?

A.  YES.

Q.  AND HOW DO YOU KNOW THIS?

A.  ALL OF THEM DO.

Q.  DID YOU EVER HAVE DEALINGS WITH HIM, ARE YOU AN ADDICT YOURSELF?

A.  YES.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to
the best of my knowledge and belief.

Witness: _____          Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained
therein.

Subscribed and sworn to before me on this _____ day of _____  under authority of the
Connecticut General Statutes, 1-24.  _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

46990

STATEMENT OF _____ SHARON ADKINS _____

Q. AND WHAT DO YOU DO?

A. SMOKE CRACK.

Q. HAVE YOU EVER BOUGHT FROM ANYBODY?

A. YES.

Q. HAVE YOU BOUGHT FROM BUDDHA?

A. YES.

Q. FROM "E"?

A. YES.

Q. AND FROM SHAWN?

A. YES.

Q. AND ISN'T IT TRUE THAT YOU SIGNED A PHOTOGRAPH?

A. YES.

Q. AND PUT THE DATE?

A. YES.

Q. AND TIME?

A. YES.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

46990

STATEMENT OF        SHARON ADKINS

Q. AND WITH DETECTIVE COPPOLA WITNESSING IT?

A. YES.

Q. THIS IS DETECTIVE COPPOLA AGAIN, SHARON I WANNA GO BACK, WE TALKED EARLIER ABOUT DURING OUR INTERVIEW ON THE 16TH WHEN "E" CAME TO YOUR HOUSE, WHEN YOU CALLED SHAWN, WAS BOODAMAN WITH HIM THEN?

A. NO.

Q. HE CAME BY HIMSELF?

A. YES.

Q. PRIOR TO HIM COMING THERE DID --DID THEY COME TO YOUR HOUSE AT ALL?

A. NO.

Q. THIS DETECTIVE RODRIGUEZ HERE.  EARLIER THAT DAY?

A. EARLIER THAT DAY.

Q. EARLIER THAT DAY YOU DID TELL US IN THE PRE-INTERVIEW THAT "E" CAME TO YOUR HOUSE IS THAT CORRECT?

A. YES.

Q. WAS HE BY HIMSELF?

A. EARLIER THAT DAY NO.

Q. WHO WAS HE WITH?

A. BUDDHA MAN.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness:

Witness:

Signature:

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the

Connecticut General Statutes, 1-24.

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS _____

Q. DID YOU SEE WHAT VEHICLE THEY WERE IN?

A. NO, THEY WERE WALKING.

Q. THEY WERE WALKING, AND WHEN YOU MEAN EARLIER IN THE DAY WAS THIS IN THE AFTERNOON, MORNING?

A. IT WAS MORNING.

Q. MORNING, AND WHAT THEY--DID THEY WANT ANYTHING FROM YOU?

A. NO THAT'S WHEN I FIRST STARTED WORKING FOR THEM.

Q. SO THE 16TH WAS THE FIRST DAY YOU STARTED WORKING FOR HIM?    — S.L.A.

A. YES.

Q. IT WAS THE DAY OF THE SHOOTING?

A. NO, I STARTED MY FIRST TIME WORKING FOR THEM WAS LIKE AUGUST THE 8TH.

Q. THE 8TH?

A. THAT'S WHEN I REALLY FIRST MET HIM.

Q. AND WHO INTRODUCED YOU TO THEM?

A. WELL I .

Q. YOU MET THEM ON HALLOCK STREET?

A. ON HOWARD AVENUE.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____        Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the

Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPARTMENT

46990

STATEMENT OF _____ SHARON ADKINS _____

Q. ON HOWARD AVENUE?

A. MM HM, THEY WAS LOOKING FOR A HOUSE TO WORK IN.

Q. AND THEY TOLD YOU THIS?

A. MM HM.

Q. WHO TOLD YOU THIS? "E" OR?

A. SHAWN.

Q. SHAWN DID.  AND THEY WERE WORKING FOR SHAWN AT THAT TIME?

A. MM HM.

Q. DO YOU KNOW OF ANYONE ELSE WHO WORKED FOR SHAWN, ANY OTHERS?

A.        A WHOLE LOT OF PEOPLE.

Q. SO GETTING BACK TO THE 16TH YOU'VE HAVEN'T HEARD FROM SHAWN?

A. I HAVEN'T HEARD FROM SHAWN SINCE —SINCE THEY ARRESTED ME AT HIS HOUSE.

Q. AND WHEN WAS THAT?

A. TWO MONTHS AGO NOW.

Q. AND THAT WAS THE LAST TIME YOU HEARD FROM HIM?

A. YES.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____          Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ _____ under authority of the Connecticut General Statutes, 1-24. _____

Page   30   of   31

©1996 Hanahan Computer Designs LLC

46990

# NEW HAVEN POLICE DEPARTMENT

STATEMENT OF _____ SHARON ADKINS _____

Q. DID HE EVER MENTION ANYTHING TO YOU?

A. NO.

Q. SHARON, EVERYTHING YOU STATED TODAY IS IT TRUTH IS THAT CORRECT?

A. YES.

Q. ONCE THIS STATEMENT IS TYPED AND YOU HAVE A CHANCE TO READ IT, WOULD YOU BE WILLING TO SIGN IT AS A TRUE STATEMENT TO THE BEST OF YOUR KNOWLEDGE?

A. YES.

Q. THIS IS DETECTIVE COPPOLA. SHARON IN OUR PRE-INTERVIEW PRIOR TO THE TAPED STATEMENT, WE ASKED YOU QUESTIONS REGARDING OUR INVESTIGATION?

A. YES.

Q. IS IT THE SAME AS WHAT WE ASKED YOU ON TAPE?

A. YES.

Q. SHARON, ON AUGUST 16, 1999, THE NIGHT OF THE SHOOTING, DID YOU KNOW ANYTHING WHAT'S GONNA HAPPEN THAT NIGHT?

A. NO.

Q. DID YOU KNOW ANYTHING ABOUT THE SHOOTING?

A. NO.

Q. AND YOU WERE NOT PRESENT DURING THE SHOOTING?

A. NO.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this _____ day of _____ under authority of the Connecticut General Statutes, 1-24. _____

©1996 Hanahan Computer Designs LLC