1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
GARY SESSION,                    .    Case No. 3:03-CV-00943
                                 .    (AWT)
                Plaintiff,       .
                                 .
       v.                        .    Hartford, Connecticut
                                 .    May 10, 2006
                                 .
EDWIN RODRIGUEZ, ET AL.,         .
                                 .
                Defendants.      .
. . . . . . . . . . . .          .
```

ORAL ARGUMENT ON THE PLAINTIFF'S MOTION FOR ENLARGEMENT
   OF TIME IN WHICH TO COMPLETE DISCOVERY (DOC. #42)
      BEFORE THE HONORABLE DONNA F. MARTINEZ
          UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:        Phillip Russell, LLC
                          By:  KAREN L. MAYER, ESQ.
                               CHRIS CALDWELL, ESQ.
                          (Address not provided.)

For Defendant:            Susman, Duffy & Segaloff
                          By:  STEPHANIE BAIER, ESQ.
                          55 Whitney Avenue, POB 1684
                          New Haven, Connecticut 06507

                          Corporation Counsel's Office
                          City of New Haven
                          By:  JONATHAN H. BEAMON, ESQ.
                          165 Church Street
                          New Haven, Connecticut 06510

Official Court
Reporter:                 MR. STEPHEN C. BOWLES

---

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

**T E L E P H O N I C A L L Y   I N   C H A M B E R S:**

1   (Proceedings commenced at 11:03 a.m.)

2       THE COURT:  All right.  This is <u>Session v.</u>

3   <u>Rodriguez</u>, 3:03-CV-00943, assigned to Judge Thompson.

4       Will counsel identify themselves for the

5   record?

6       MS. MAYER:  It's Karen Mayer for the

7   plaintiff.  I also have Attorney Chris Caldwell from

8   our firm here.

9       MR. BEAMON:  Jonathan Beamon, for the

10  defendant, City of New Haven.

11      MS. BAIER:  Stephanie Baier, B-A-I-E-R, for

12  Defendants Rodriguez and Coppola.

13      THE COURT:  All right.  All right.

14      Let me just ask you a couple of questions

15  about counsel.

16      We have, I think it's Ms. Mayer, whose

17  address is coming up on the docket as The Superior

18  Court in Stamford, is that correct?

19      MS. MAYER:  No, Your Honor.

20      Philip Russell, LLC.

21      THE COURT:  All right.

22      MS. MAYER:  I believe I changed my address a

23  few months ago.  I'll have to check into that and make

24  sure that it was changed.

 1                THE COURT:  It's not -- It hasn't been

 2    changed.  It's showing up on the docket as "Superior

 3    Court, Stamford, Clerk's Office, Hoyt Street,

 4    Stamford."  I don't know why that is, but --

 5                MS. MAYER:  Disemployment (phonetic), Your

 6    Honor.

 7                THE COURT:  All right.

 8                And then I also see Marty Echter's name for

 9    the City.

10                Is that still --

11                MR. BEAMON:  He no longer works for the City,

12    Your Honor.

13                THE COURT:  All right.  Well, he's --

14                MR. BEAMON:  Jonathan Beamon.

15                THE COURT:  -- he's still appearing as

16    counsel of record.

17                All right.  We have the plaintiff's motion

18    for enlargement of time in which to complete the

19    plaintiff's discovery.

20                So I'll hear from the plaintiff.

21                MS. MAYER:  Your Honor, our motion for

22    enlargement of time for discovery was filed because we

23    had been moving along with discovery, and approximately

24    two weeks before the depositions were scheduled, and we

25    had, I believe, about 18 depositions scheduled, it was

4

1    not until that time that I received the answers to

2    written discovery from the City of New Haven.

3              It was after I received the written discovery

4    that I discovered -- I do not believe that we had

5    fully, fairly and honestly received the response from

6    the City of New Haven, and although Defendants

7    Rodriguez and Coppola had served their answers on us, a

8    lot of their responses claimed that they did not have

9    certain requests for production, that that would be in

10   the control of the City of New Haven.

11             So, I had to cancel about a month's worth of

12   depositions so that we could reply to defendants, with

13   regards to their answers.

14             I have a list of outstanding items that

15   plaintiff feels need to be handled and addressed before

16   we can go in and have a meaningful deposition with all

17   of the main defense detectives, plus the other police

18   officers involved in the investigation of Anthony

19   Luckey (phonetic) --

20             THE COURT:  And why haven't you filed --

21             MS. MAYER:  -- go through those outstanding

22   items, if you like.

23             THE COURT:  Why haven't you filed a motion to

24   compel?

25             MS. MAYER:  Well, Your Honor, the initial

1    response was to try to work everything out, in good

2    faith, with the defendants, and I'd attempted to do

3    that.

4         They were open to consenting to enlargement

5    of time.  However, you know, without getting the full

6    discovery, I just was not able to come up with a new

7    schedule, and I am -- I mean, I am prepared a file a

8    motion to compel, I'm just trying to use the good faith

9    efforts first.

10        THE COURT:  Well, how long have you been

11   doing that?

12        MS. MAYER:  I have made attempts, going back

13   to January.  Most recently, a few weeks ago.

14        THE COURT:  How is it that all this is

15   happening now, and we have a docket number indicating

16   the case was filed in '03?

17        MS. MAYER:  The case was filed in '03, but

18   there were some issues in the early stages, I believe,

19   as to some motions to dismiss, and motions -- requests

20   to revise the complaint.

21        I came into the firm and took this case over

22   in the fall, and at that time, you know, it was in the

23   early stages of discovery.

24        THE COURT:  All right.

25        All right, let --

6

```
1              MS. MAYER:  I was -- Interrogatories had just
2    been served, prior to my arrival.
3              THE COURT:  Uh-huh, and so your discovery
4    issues are with the City, or with the individual
5    defendants, or both?
6              MS. MAYER:  Well, it's really as to both,
7    only because the individuals have claimed that the City
8    has control of some of those items, but I believe that
9    between both defendants -- all defendants, they should
10   be able to work it out to produce some of the items
11   that we've requested.
12             THE COURT:  All right.
13             Defendants?
14             MS. BAIER:  Your Honor, Stephanie Baier for
15   the individual officer defendants.
16             I think I'm the only one who's been in the
17   case for the longest amount of time, and I would just
18   indicate that all the parties had actually agreed to
19   26(f) reports back in the summer of 2004, and
20   plaintiff's counsel was supposed to submit that to the
21   court, didn't do it for a year, and by the time they
22   submitted it, we actually had to push out the deadlines
23   'cause some had passed.
24             It got approved by the Court, and all of the
25   deadlines were the end of March.
```

1    I understand that Ms. Mayer came into the

2    case later on, but the fact is, is that my -- at this

3    point, neither one of my clients work for the City

4    anymore.  They have -- They're the only ones who

5    responded, and responded fully to discovery in the time

6    frame set forth in the 26(f) report, and they can't

7    produce documents that they don't have in their

8    possession, and them not working for the City anymore,

9    they don't have access to certain documents.

10    What's happened with the investigation and so

11    forth, since my clients have left the department, is

12    somewhat unknown to my clients.  So I can't produce

13    things that I don't have, and I do have to rely on the

14    City, and I have been working with, and I believe Ms.

15    Mayer has also been working with, Jon Beamon, to try to

16    get whatever documentation may be available.

17    You know, to the extent that they asked my

18    clients for documents which did not exist, you know,

19    any photographs, for example, that my clients took, if

20    my clients didn't take any, and -- they answered "No."

21    You know, Ms. Mayer can't insist that my

22    clients have any.  They didn't take any.  So if someone

23    else at the City took some, they may have, but that's

24    not in the possession of myself or my clients, and I'm

25    not able to produce it.

1          So, at this point my clients feel that they

2     have fully complied, and they did file a written

3     objection to the plaintiff's motion for enlargement of

4     time, simply because the motion was unilateral and it

5     came after a conversation between myself and Ms. Mayer,

6     where we were discussing that we should all jointly

7     seek to revise the scheduling deadline to push all of

8     the deadlines out.

9          I mean, it's not gonna do any good to give

10    them an extension to conduct discovery and depositions,

11    and so forth, but still keep the trial date the same,

12    and the dates for dispositive motions, and so forth.

13         So, our only objection is that we feel that

14    if the dates are gonna change, we think all the dates

15    need to change.

16              THE COURT:  All right, and --

17              MS. MAYER:  And I agree, Your Honor.

18              THE COURT:   -- and what about the City?

19              MR. BEAMON:  Your Honor, unfortunately, I

20    have been waiting for an answer from the investigative

21    services regarding the death of Anthony Luckey.  I've

22    just recently got it, and they still are telling me

23    that it is an open homicide investigation and, with

24    that, they are uncomfortable releasing certain

25    information because it may contain names of

1    confidential informants and things of that nature, but

2    I had tried to work with Attorney Mayer to get certain

3    information in the interrogatories.

4        I had objected to some because I thought many

5    of them were vague and over-broad in some of the

6    information requested.  So I'm still, you know, willing

7    to get out whatever I can, based on what the

8    circumstances are that are at the police department in

9    regards to the -- Anthony Luckey's death, but.

10        MS. MAYER:  Your Honor, if I may?

11        THE COURT:  Yes.

12        MS. MAYER:  I had replied to the written

13    discovery from Attorney Beamon.

14        He did make some objections as to vague and

15    over-broad, and I did send a reply.

16        I have yet to receive his responses on that,

17    and that's part of my problem, Your Honor, is that I

18    clarified some of the interrogatory questions, and my

19    explanation as to the request for production.

20        So I'm still waiting for that, and my next

21    step probably is a motion to compel.

22        In the discovery -- And since that time, I

23    have asked for the status of the investigation, and

24    regardless of -- if the investigation is open or

25    closed, at this point, I believe that there were three

1    accused persons, all charges against those individuals

2    have been nollied, and even if a murder investigation

3    is ongoing, under defendant's arguments, the plaintiff

4    in this matter would never be permitted to obtain

5    access to the information, if it even still exists.

6            As part of their discovery, there are orders

7    to destroy evidence, whereby most of the evidence in

8    this murder investigation was destroyed in March of

9    2002, one year after Mr. Session's probable cause

10   hearing, and now it raises great concern to the

11   plaintiff, that if all of the evidence from the murder

12   investigation is destroyed, he's not going to have

13   access to that type of discovery for his claim in this

14   case.  So that, you know, that raises great concern for

15   the plaintiff.

16           I had also asked for a privilege log.  At a

17   minimum, if the defendants could show a log providing a

18   general description, including a date, and all the

19   recipients, and privilege claimed, as to the legal and

20   factual basis of those documents, that would at least

21   allow me to proceed with whether or not we have an in-

22   camera review of the discovery material, or what

23   actions we do take.

24           THE COURT:  Uh-huh.

25           MS. MAYER:  We can't take depositions without

1    better discovery.

2              THE COURT:  Right.

3              Mr. Beamon?

4              MR. BEAMON:  Yeah.  I would have no objection

5    to an in-camera review, as well.  I think that would,

6    you know, satisfy some of the concerns that the police

7    department have over -- regarding this murder

8    investigation.

9              THE COURT:  What about a privilege log?  Have

10   you supplied that?

11             MR. BEAMON:  No, Your Honor, I have not.  I'm

12   not -- No, I have not.

13             THE COURT:  Are you claiming an informer's

14   privilege?

15             MR. BEAMON:  Your Honor, this is based on

16   some of the materials I have from Attorney Echter, when

17   he was handling it.  He, I guess, stopped handling it

18   at the end of 2004, but I'll see what --

19             THE COURT:  Did he file a --

20             MR. BEAMON:  -- what else is available.  I

21   thought I had the whole file, but maybe he's done a

22   privileged log but, at this point, I would say that one

23   has not been done, but he had raised that concern

24   initially, that there were -- that he -- in his words,

25   the information in a certain memo might compromise the

1  identity and safety of a confidential informant.

2          THE COURT:  Uh-huh.

3          MS. BAIER:  Your Honor, I don't know if it

4  adds to it at all -- Stephanie Baier speaking -- but

5  we, in our interrogatory responses, objected to

6  disclosing the names of two confidential informants, I

7  believe simply because at that point we were told that

8  it was an ongoing investigation, and we thought that

9  that information would be protected under FOIA.

10         I can tell you that I believe that the

11 plaintiff is in possession, and produced to me at his

12 deposition, copies of the statements taken by those

13 confidential informants.

14         Whether or not there's other information that

15 I'm not privy to, I don't know, but I don't know, you

16 know, whether or not there's -- Their names are in the

17 complaint, and so forth.  I don't know that there's

18 much confidentiality to them anymore.

19         THE COURT:  All right.

20         Well, here's what's got to happen.  What's

21 got to happen, it seems to me, is that the City has to

22 make a thorough review of the interrogatories and

23 requests for production which have been put to it, and

24 respond appropriately.

25         If there are responses it needs to

1    supplement, it needs to do that very, very quickly.

2         If it's -- If the City's relying on a

3    privilege ground for withholding documents, it needs,

4    of course, to give a privilege log.

5         The privilege -- The requirement of the

6    privilege log is so that when the Court gets a motion

7    to compel, theoretically, the Court needs only to look

8    at the privilege log, not the documents, look only to

9    the privilege log to make a determination as to whether

10   the documents, in fact, fall within the privilege.

11        So there has to be sufficient information in

12   the privilege log for the Court to do that, and I don't

13   expect that what would happen is somebody would just

14   give me all the documents, and have me, you know,

15   thrash through and try to understand whether, you know,

16   it might be relevant, might not be relevant, that kind

17   of thing.

18        If, ultimately, at some point, there's

19   something that, you know, you just can't figure out

20   and, you know, it's appropriate for an in-camera

21   inspection, you know, that might be an alternative, but

22   there's -- that's a few miles down the road, it seems

23   to me.  It seems to me that there's a good done -- good

24   deal to be done by the parties and counsel before the

25   Court would consider that alternative.

1          So, I think what you have to do is get the

2    ball moving here.  The City's got to, obviously, make

3    this review, and inform the plaintiff as to where

4    things stand here, and the plaintiff's gotta make a

5    motion to compel if there are outstanding discovery

6    issues.

7          It won't suffice to just keep this, you know,

8    going.  It's an '03 case.  It's an '03 case.  It's

9    three years old.

10         MS. BAIER:  Your Honor?

11         THE COURT:  Yes.

12         MS. BAIER:  Baier speaking.

13         With due respect, one of my concerns is

14    simply --

15         THE COURT:  I'm sorry, this is?

16         MS. BAIER:  Stephanie Baier speaking --

17         THE COURT:  Okay.

18         MS. BAIER:  -- for the individual defendants,

19    is --

20         THE COURT:  Yes.  Yes.

21         MS. BAIER:  -- is that, you know, I

22    understand what you're saying, and for the most part I

23    feel as if it doesn't necessarily affect my clients.

24    Again, you know, I stand on the position that I believe

25    my clients have complied as fully as they can.

1          To the extent that Ms. Mayer directs any sort

2    of motion to compel to my clients, as well as the City,

3    I --

4          THE COURT:  Yes --

5          MS. BAIER:   -- I guess I would just like to

6    state for the record that I would seek sanctions

7    because she's --

8          MS. MAYER:  (Inaudible), seeking things from

9    me that I can't produce, so --

10          THE COURT:  Yes.  Well, we're not at that

11    point.  I'm not hearing her say she's concerned about

12    your responses.  What I hear her saying is that she's

13    concerned about the City's responses.

14          MS. BAIER:  However, in her motion she did --

15    the motion that she made previously, even though it was

16    -- her concern was the City, she did include my clients

17    in that one, which is why I felt the need to file the

18    objection.

19          THE COURT:  Well, listen, I can't sort any of

20    this through because I don't have any papers.

21          All I have is a motion for enlargement of

22    time, and in the motion for enlargement of time, it

23    becomes clear to me that you've got these underlying

24    discovery disputes which haven't been before the court.

25          If you want me to, you know, try to help you

1    sort through them informally, while we're on the phone,

2    I can try to do that --

3              MS. BAIER:  You don't have my objection that

4    was filed on or about February 17th?

5              THE COURT:  Yes.

6              MS. BAIER:  Okay.

7              THE COURT:  Yes.  Well, --

8              MS. MAYER:  Well, Your Honor, I -- you are

9    correct.  I mean,  --

10             THE COURT:  This is Ms. Mayer?  Is this Ms.

11   Mayer?

12             MS. MAYER:  Yes, I'm sorry.  This is Attorney

13   Mayer.

14             THE COURT:  Okay.  Yeah.

15             MS. MAYER:  Most of the discovery, I do

16   believe the City is in possession of and could produce,

17   and I believe if the City is able to produce our

18   requests, I would be in a better position to move

19   forward with the deposition and take the other

20   discovery.

21             Attorney Baier is correct.  I mean, I named

22   all defendants, and it's only because I felt at the

23   time, that they could work together to produce the

24   documents.

25             My understanding now, she did reply to my

```
 1   response of the interrogatories in February, and with
 2   her further responses, I'm, for the most part,
 3   satisfied that the City could produce everything.
 4            THE COURT:  Well, --
 5            MS. MAYER:  Well, I -- at this time I would
 6   represent to the Court that I'm not looking to file a
 7   motion to compel against the individual detectives,
 8   only as to the City of New Haven.
 9            THE COURT:  All right.
10            I'm going to give you a deadline.  I'm going
11   to give the City a week to work with counsel to resolve
12   any outstanding discovery issues, and thereafter, I'll
13   give the plaintiff two weeks to file a motion to
14   compel, because it seems to me that there are too many
15   -- there are just too many open questions.
16            If you file a motion to compel, make sure
17   that you follow the dictates of the local rule very
18   carefully.
19            So what you'll have to do is, among other
20   things, set forth a precise discovery request that's at
21   issue, give me the answer that's been -- the answer and
22   objections that have been advanced, to withhold
23   whatever the discovery is, and then make whatever
24   argument you want to make about what remains
25   outstanding.
```

1          So, I need the request, as it was originally

2    made, the response, including the objections that were

3    made, and I need the argument about what's outstanding.

4          So, I'll need that for each discovery request

5    that's in contention, and then the party at whom the

6    motion to compel is aimed, of course, will respond in

7    writing, and I'll schedule you for argument and we'll

8    go through these one by one.

9          MS. BAIER:  Your Honor, --

10         THE COURT:  I would hope that in the next

11   week you can have some dialogue and -- or some further

12   dialogue, and narrow the issues considerably, if not

13   entirely.

14         MS. BAIER:  Your Honor, --

15         THE COURT:  But I think what we have to do is

16   get you on a deadline to make sure that the case is

17   moving along.

18         Yes?

19         MS. BAIER:  Your Honor, Stephanie Baier

20   speaking.

21         THE COURT:  Yes.

22         MS. BAIER:  I'm just wondering, as far as any

23   amendment to the 26(f) report, the scheduling order, is

24   that something that you would take up after argument on

25   the motion to compel, or is that something that you

1   want the parties to just try to agree upon, you know,

2   by ourselves, at a later date, and then submit an

3   amendment to you, or to the court?

4           THE COURT:  Well, I think what has to happen

5   is that you have to bring this -- the question of the

6   outstanding written discovery to closure, --

7           MS. BAIER:  Right.

8           THE COURT:  -- and you ought to be looking to

9   reschedule the depositions that got waylaid, and you

10  probably should talk about all of that right away,

11  because I'm gonna give you a short period of time in

12  which to wrap everything up, in view of the age of the

13  case.

14          Did that answer your question?

15          MS. BAIER:  Yeah.  Yes --

16          THE COURT:  Okay.

17          MS. BAIER:  Thank you.

18          THE COURT:  So what I'm gonna do is give you

19  a short period of time to focus your energy on bringing

20  the case to fruition.  Okay?

21          MR. BEAMON:  Yes, Your Honor.

22          THE COURT:  Anything else we should talk

23  about?

24          MR. BEAMON:  Your Honor, Jonathan Beamon.

25          While I comply with discovery, I would also

1    like to file summary judgment in this case, because the

2    City really is a party only in name.  There's no cause

3    of action against the city.  There's no <u>Monell</u> claim or

4    anything, but I didn't know if I was foreclosed from

5    doing that until this discovery had been worked out,

6    because I don't even think discovery really addresses

7    whether the City should be a -- the City should be sued

8    at all.  So --

9              THE COURT:  Okay.

10             What's the plaintiff's position?

11             MS. MAYER:  Well, I don't believe that the

12   timing for summary judgement is until after discovery.

13   I mean, the whole thing is that there are issues at

14   fact -- of fact here that are at dispute, and I think

15   it's premature for summary judgment, Your Honor.

16             MS. BAIER:  Your Honor, Stephanie Baier.

17             I have to say that I also -- and I had

18   mentioned this to Karen Mayer before, is I also intend

19   to file a motion for summary judgment on behalf of the

20   individual defendants, and have actually started

21   working on it, and I don't certainly think I need

22   anymore discovery to complete that either, but I

23   understand plaintiff's position.

24             THE COURT:  All right.

25             Well, the point made by the City is that

1    there's no <u>Monell</u> claim here, there's -- that there's

2    no cause of action that's set forth for either

3    plaintiffs against the City.

4            MS. MAYER:  Your Honor, there is up to -- the

5    police standards and policy and customs of the police,

6    and how they've run the department, that is in our

7    complaint, Your Honor.

8            THE COURT:  All right.  Okay.

9            MR. BEAMON:  I'm sorry, Your Honor.  I don't

10   believe there was any specific claim -- certainly no

11   specific count against the City, based on the City's

12   policies in this case.  I --

13           THE COURT:  All right.

14           Well, the dispositive  --

15           MS. MAYER:  Your Honor, Attorney Mayer.

16           That is a matter for debate, and I'm not the

17   one that filed the complaint, and if it's a matter of

18   filing an amended complaint so that we, you know,

19   clearly state to counsel -- I -- I'm not sure how to

20   respond other than that, you know, there is a debate as

21   to the count against the City.

22           THE COURT:  All right.

23           Well, there is a deadline in place for the

24   filing of dispositive motions.  It's May 31st.  I would

25   expect that if I'm going to give you a little more time

1   for discovery, I would give you a little more time for

2   the filing of dispositive motions, as well.

3          Anything else we should do?

4          MR. BEAMON:  I have nothing further, Your

5   Honor.

6          MS. MAYER:  No, Your Honor.  We'll work out

7   the issues, as you've told us to do.

8          THE COURT:  All right.

9          All right.  Thank you for calling, counsel.

10         MS. BAIER:  Okay, Your Honor.

11         MR. BEAMON:  Thank you.

12         MS. MAYER:  Thank you, Your Honor.

13      (Proceedings concluded at 11:30 a.m.)

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

I hereby certify that the foregoing 22 pages are a complete and accurate transcription of my original stenomask voice notes taken of the Oral Argument on the Plaintiff's Motion for Enlargement of Time in Which to Complete Discovery in the matter of: GARY SESSION, Plaintiff, versus EDWIN RODRIGUEZ, ET AL., Defendants, Civil Action Number 3:03-CV-00943, which was held before the Honorable Donna F. Martinez, United States Magistrate Judge, at the Federal Building, 450 Main Street, Hartford, Connecticut, on May 10, 2006.

*Stephen C. Bowles*                    June 6, 2006

STEPHEN C. BOWLES
Official Court Reporter