**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **GARY SESSION** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     vs. | : | **CIV NO. 3:03CV00943 (AWT)** |
| | : | |
| **CITY OF NEW HAVEN, STEPHEN** | : | |
| **COPPOLA & EDWIN RODRIGUEZ** | : | |
|     **Defendants.** | : | **JUNE 21, 2006** |

**OBJECTION TO MOTION TO COMPEL AND MOTION FOR SANCTIONS**

The defendant City of New Haven ("City") hereby objects to the plaintiff's Motion to Compel and Motion for Sanctions.

**I.    FACTUAL BACKGROUND**

Counsel for the defendant City adopts Part I (entitled "Facts") of the defendant Stephen Coppola and Edwin Rodriguez's Objection to Motions to Compel dated June 19, 2006.

The undersigned counsel was assigned to the case in early 2005 after Attorney Martin Echter initially represented the defendant City and Attorney Echter was the sole attorney assigned to the case.  Attorney Echter no longer works in the Office of Corporation Counsel.

II. **ARGUMENT**

   A. <u>Counsel for the defendant City made a diligent search within the NHDPS after the Judge's order on May 10, 2006</u>.

After the telephone conference on May 10, 2006, the undersigned counsel went to the New Haven Department of Police Service (NHDPS) to inquire about what materials the Department had regarding the Anthony Lucky investigation. The undersigned counsel had access to the Records Room and the Property Room and physically searched materials related to the Lucky investigation. There are very few materials left in either room at the NHDPS.

After speaking with Attorney Mayer to report the result of the search in the NHDPS, it appeared that Attorney Mayer had almost all of the materials related to the Lucky investigation that are currently at the NHDPS. Plaintiff's counsel indicated that she needed further autopsy reports and unredacted statements, which the defendant can provide.

   B. <u>Response to Plaintiff's Selected Interrogatories and Requests for Production</u>

The defendant City responds to the selected plaintiff's interrogatories and requests for production as listed in his Motion to Compel.

<u>Interrogatory #2-3</u>.  The plaintiff expects the defendant City, in essence, to ask hundreds of NHDPS employees if they know and/or can identify the plaintiff.  Interrogatories #2 and #3 are vague and oppressive.  The defendant maintains its objection to Interrogatories #2 and #3.

<u>Interrogatory #7</u>.    As stated above, counsel for the defendant City searched the NHDPS for materials in the Lucky investigation.  Counsel for the defendant City did not find phone logs or notes relative to the Lucky investigation.

<u>Interrogatory #11</u>.   Counsel for the defendant City will provide the general orders to the plaintiff.

<u>Interrogatory #31</u>    As stated above, counsel for the defendant City searched the NHDPS for materials in the Lucky investigation.

<u>Request for Production No. 2</u>   As stated above, counsel for the defendant City searched the NHDPS for materials in the Lucky investigation.   Counsel for the defendant did not discover any tapes.

<u>Request for Production No. 5</u>    Counsel for the defendant City can provide color photographs at the plaintiff's expense.

<u>Requests for Production Nos. 6 and 8</u>  As to the entire personnel files and internal affairs files for the defendants Coppola and Rodriguez, counsel for the defendant City

objects to their disclosure as the request is overbroad and is likely to disclose irrelevant information. However, counsel for the defendant City would supply the files to the Court for an in-camera review to ascertain if there are relevant documents in the files.

Request for Production No. 7   As stated above, counsel for the defendant City searched the NHDPS for materials in the Lucky investigation. Whatever is left in the Lucky investigation has been provided with the exception of more autopsy reports and unredacted statements.

Explanation why all evidence was destroyed on March 5, 2002.

Counsel for the defendant City does not know why evidence was destroyed. Besides the orders from Judge Richard Robinson of the Connecticut Superior Court authorizing the destruction of certain material, there is no further written documentation explaining the destruction of evidence.

C.    The Motion for Sanctions should be denied.

The defendant City has provided extensive discovery to the plaintiff. There is no reason why the plaintiff could not depose the defendants Coppola and Rodriguez months ago before attempting to depose several police officers who are not parties to this litigation. The defendants Coppola and Rodriguez were directly involved in the Lucky investigation, not the entire NHDPS.

### III.     **CONCLUSION**

For the foregoing reasons, the defendant City of New Haven respectfully objects to the Motion to Compel and Motion for Sanctions.

                                              THE DEFENDANT
                                              CITY OF NEW HAVEN

                                              BY:/s/_____
                                              Jonathan H. Beamon
                                              Assistant Corporation Counsel
                                              165 Church Street, 4th Floor
                                              New Haven, CT 06510
                                              Phone: (203) 946-7966
                                              Fax: (203) 946-7942
                                              Federal Bar No. ct22937
                                              E-mail: jbeamon@newhavenct.net

## **C E R T I F I C A T I O N**

     I hereby certify that a copy of the foregoing Objection to Motion to Compel and for Sanctions was mailed on June 21, 2006 to the following counsel of record, to wit:

Karen Mayer, Esq.
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT  06830

Stephanie S. Baier, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

                                      /s/_____
                                      Jonathan H. Beamon
                                      Assistant Corporation Counsel