## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GARY SESSION** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIV NO. 3:03CV00943 (AWT)** |
| | : | |
| **CITY OF NEW HAVEN, STEPHEN** | : | |
| **COPPOLA & EDWIN RODRIGUEZ** | : | |
| **Defendants.** | : | **JULY 10, 2006** |

## MOTION TO QUASH SUBPOENAS

The defendant City of New Haven (City) submits the instant Motion to Quash plaintiff's Subpoenas for the personnel files, internal affairs files and training files of Detective Edwin Rodriguez and Detective Stephen Coppola in the above named action (copies of Subpoenas are attached as Exhibit A.)   The defendant City submits the following in support of its motion:

1.     The Subpoenas, which requests the personnel and internal affairs files of Detective Edwin Rodriguez and Detective Stephen Coppola, requests information that may be totally irrelevant as the personnel file may contain unrelated instances of misconduct.  Rule 404 of the Federal Rules of Evidence states that character evidence,

**ORAL ARGUMENT IS NOT REQUESTED**

including evidence of past misconduct, is generally inadmissible.

2.      A defendant's request for information from a police internal affairs or personnel file must be specific and set forth the issue in the case to which the confidential information will relate.  State v. Januszewski, 182 Conn. 142 (1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1005 (1981); State v. Moore, 23 Conn. App. 479, 487, 581 A.2d 1071 (1990).

3.      The request for the "complete personnel file" is clearly not specific or clearly related to the issues of the case.  The subpoena is overly broad and unduly burdensome, and production of the requested documents is not likely to lead to the disclosure of admissible evidence.  Additionally the requested documents are presumptively privileged under Connecticut General Statute § 1-210(2)(b) (Formerly Connecticut General Statute § 1-19(b)(2)).  State v. Moore, 23 Conn. App. 479, 486 (1990); see Januszewski, supra, 182 Conn. 142.  Unless an adequate showing has been made to the court that there is a sufficient nexus between the information requested and the case at hand, the court may even deny to review the records in camera.  Moore, supra, 23 Conn. App. at 486-487.

4.      The right of the particular party in each case to impeach the witnesses who testify against him must be weighed against the public policy concerns for maintaining the

confidentiality of the type of files requested in this case.  <u>Januszewski</u>, <u>supra</u>, 182 Conn. at 171.  The fact is complainants in the type of files requested have privacy interests and their identities are not relevant in this action or in potential lawsuits brought by others. Discovery in pending lawsuits and criminal proceedings should not become a method for discovering new clients or encouraging or inciting new lawsuits by persons who have thus far determined not to file any.

5.      To the extent there exist such records, and to the extent that they relate to alleged "dishonesty" or "untruthfulness" of the officer or are otherwise relevant, they must not only be relevant and material but also close in time to the events at issue in the instant trial.  <u>State v. Perry</u>, 195 Conn. 505, 523 (1985); <u>Martyn v. Donlin</u>, 151 Conn. 402, 408 (1964); <u>Vogel v. Sylvester</u>, 148 Conn. 666, 675 (1961); <u>Shailer v. Bullock</u>, 78 Conn. 65, 69 (1905); <u>Spiro v. Nitkin</u>, 72 Conn. 202, 205 (1899); <u>State v. Wynter</u>, 19 Conn. App. 654, 663-64 (1989); <u>Marsh v. Washburn</u>, 11 Conn. App. 447, 452-453 (1987).

6.      The plaintiff has already requested the information sought in the subpoenas through requests in formal discovery.  The plaintiff should not be allowed to circumvent the discovery process through the issuance of subpoenas.

WHEREFORE, the defendant City moves this Court to quash the plaintiff's subpoenas.

THE DEFENDANT
CITY OF NEW HAVEN


BY:/s/_____
Jonathan H. Beamon
Assistant Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7966
Fax: (203) 946-7942
Federal Bar No. ct22937
E-mail: jbeamon@newhavenct.net


## **C E R T I F I C A T I O N**

    I hereby certify that a copy of the foregoing Motion to Quash was mailed on July 10, 2006 to the following counsel of record, to wit:

Karen Mayer, Esq.
Philip Russell, P.C.
71 Lewis Street
Greenwich, CT  06830

Stephanie S. Baier, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

/s/_____
Jonathan H. Beamon

# EXHIBIT A