**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

-----------------------------------------------------X

| | | |
|---|---|---|
| GARY SESSION | | CIVIL ACTION NO. |
| Plaintiff | : | 303-CV-00943 (AWT) |
| VS. | : | |
| EDWIN RODRIGUEZ; STEPHEN COPPOLA; AND CITY OF NEW HAVEN | : | JULY 31, 2006 |
| | : | |
| Defendants | | |

----------------------------------------------------- X

**PLAINTIFF'S OBJECTION TO**
**DEFENDANT CITY OF NEW HAVEN'S MOTION TO QUASH**

The plaintiff in the above-captioned matter hereby respectfully objects to Defendant, City of New Haven's Motion to Quash dated July 10, 2006.  In support hereof the plaintiff responds to each of the six arguments in the City's Motion, as follows:

1. **Discovery is broader in scope and not circumscribed by the trial admissibility of the information requested.**

    To argue that the reports requested are not discoverable because they are not admissible would be unduly restrictive. Usually most internal affairs investigations consist of summarized fact statements given by police officers, plaintiffs, and other witnesses. Because those statements were made earlier in time when events were fresh, their value as impeachable material is clear. Relevancy and discoverability of these factual revelations would seem to be beyond argument. Segura v. City of Reno, 16 F.R.D. 42 (D. Nev. 1987).

1

Judge Weinstein's recent decision in <u>King v. Conde</u>, 121 F.R.D. 180 (1988), includes a comprehensive review of the case law relating to production of police files in civil rights cases, and a summary of the factors to be considered in weighing defendants' interest in confidentiality of the records against the plaintiff's need for them in developing the proof for his case.  The "factors favoring disclosure" include relevance to the plaintiff's case; importance to the plaintiff's case; strength of the plaintiff's case; and importance to the public interest.  <u>King</u>, 121 F.R.D. at 194-195 and authorities cited.

The factors "disfavoring" disclosure include threats to police officers' safety; invasion of officers' privacy interest in "highly personal" information "unrelated" to acts done in their enforcement programs through disclosure of police procedures; and "chilling" of internal investigations or citizen complainant candor.  <u>Id</u>. at 190-194.  In the instant case, the defendant has not made a substantial threshold showing that disclosure of the information requested would result in specific harm under any of these factors.  Nor has the defendant made a persuasive argument that would prevent disclosure.

Under the first factor favoring disclosure, relevance to the plaintiff's case, "discovery should be broad and any relevant materials, including those reasonably calculated to lead to admissible evidence, should be accessible."  <u>King</u>, at 194, *citing* <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682, 78 S. Ct. 983, 986, 2 L. Ed. 2d 1077 (1958).  "Discovery is of broader scope than admissibility, and discovery may be had of inadmissible matters."  <u>King</u>, *citing* <u>Trammel v. United States</u>, 445 U.S. 40, 48, 100 S. Ct. 906, 911, 63 L. Ed. 2d 186 (1980).

Under the second factor, importance to the plaintiff's case, "the court must consider the plaintiff's need for the information, including the availability of the information from alternative

sources." King, at 194. "The truly dominant interest will usually be the public policy underlying the federal civil rights laws…" Id. at 194. Additionally, "if the [objecting party] cannot show that information of comparable quality is as efficiently available from alternative sources, this factor should weigh in favor of disclosure." Id. at 195, *citing* Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D.Cal. 1987).

The third factor addresses consideration of the strength of the plaintiff's case in order to avoid frivolous discovery in meritless actions. However, the court should not "put the plaintiff in a Catch-22: the plaintiff may not be able to demonstrate the strength of his or her case without the requested materials themselves." King, at 195. "Doubts must be resolved, at the discovery stage, in favor of the [civil rights] claimant." Id. *citing* Kelly, *supra*, 144 F.R.D. at 666.

Finally, the importance to the public interest favors disclosure. "Lawsuits brought under 42 U.S.C. §1983 require special attention to full disclosure:

> …Section 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden."

Wood v. Breier, 54 F.R.D. 7, 10-11 (E.D.Wisc. 1972)(citations omitted).

Application of the balancing test of all the factors weigh in favor of disclosure. The personnel records and internal affairs files are relevant to plaintiff's claims. The information obtained in these files such as the length of service and training of the individual defendants, as well as their periodic performance evaluations and disciplinary actions are clearly relevant as this is a §1983 action arising out of alleged on-duty conduct. Likewise, the records pertaining to civilian complaints are relevant and may lead to admissible evidence. The names and

circumstances of those complaints may present certain similarities to the facts here alleged. Finally, the individuals in question are no longer police officers and there is no danger whatsoever of retaliation from their employer or third parties if the information sought is disclosed.

**2.    The plaintiff made specific requests for the information, setting forth the relevancy thereof through his written discovery, correspondence with counsel, and Plaintiff's Motion to Compel.**

Plaintiff has attempted to resolve discovery disputes by cooperation among the attorneys and avoid formal motion practice. (Copies of written correspondence are collectively attached hereto as Exhibit A.) Plaintiff had no alternative but to file a Motion to Compel following oral arguments on May 10, 2006, because the City still did not produce documents requested nor did it provide a privilege logbook. The Motion to Compel provided further arguments for plaintiff's need to receive the documents requested (please refer to Plaintiff's Motion to Compel #54). The documents requested are clearly relevant as a §1983 action arising out of alleged on-duty conduct. Plaintiff has merely used the methods available to him to obtain such basic discovery because the defendants have unreasonably obstructed his discovery requests in his civil rights action.

In the instant case, the information requested as to the personnel files and internal affairs investigation is information typically requested during the course of discovery in a civil rights case. The defendant cites State v. Januszewski, 182 Conn. 142 (1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1005 (1981), which was a criminal defendant making the request for his criminal case and not related to a civil lawsuit. Regardless, the court found that it

was an error to quash the subpoena and that the defendant did have a right to inspect the files for relevant material in an in camera review through the court; however, the error was found to be harmless. Consequently, the *Januszewski* court held that it is permissible to inspect personnel files in certain circumstances. Januszewski at 173-174.

Plaintiff will not pursue private matters, such as home address and social security numbers. As stated, defendants, Edwin Rodriguez and Stephen Coppola, are no longer police officers so their claim of privacy is not pertinent at this time. There is no threat to the safety of the defendants in this case and the information obtained is solely for the purpose of this litigation and to determine if the information will lead to any admissible evidence.

Information obtained as it relates to the defendants' professional personnel records, prior involvement in disciplinary proceedings or citizen complaints filed against them is standard discovery in a civil rights case. The privacy interest in this kind of professional record is not substantial, because it is not the kind of "highly personal" information warranting constitutional safeguard. *See* Whalen v. Roe, 429 U.S. 589, 598-600, 97 S.Ct. 869, 875-76, 51 L.Ed. 2d 64 (1977). *Cf.* Nixon v. Administrator of General Services, 433 U.S. 425, 457, 97 S.Ct. 2777, 2797, 53 L.Ed. 2d 867 (1977) (public official's privacy interest is in "matters of personal life unrelated to any act done by them in their public capacity"). Disclosure of the defendants' professional records in both the personnel files and internal affairs files should be required because of the role played by them as police officers and as public servants, they should be accountable to public review, especially in the case of a civil rights claim. (A copy of the subpoenas at issue are attached hereto as Exhibit B.)

Here, the plaintiff claims that the defendants worked in concert with each other to cause his false arrest, malicious prosecution, and false imprisonment for eleven months. One of the issues in this case is that the defendants either coerced the false statements from the confidential informants and/or were negligent in not verifying any truth of the statements provided by the informants. The fact remains that the statements made by the two informants several months later were inconsistent with statements provided by witnesses who were at the scene of the shooting and who were active participants in the events that took place the night of July 25, 1999. Furthermore, the individual defendants provided false information and caused omissions in the application for the arrest warrant in order to meet the probable cause threshold and persuade the court's execution of the warrant. Therefore, the issues of police misconduct and the credibility of the detectives is relevant and should be revealed to the plaintiff.

3.      **The requests made are not overly broad or unduly burdensome.**

With regard to the request for the complete personnel file of the individual defendants, Rodriguez and Coppola, the plaintiff specifically requested a complete list of all law enforcement training and certification programs, documents regarding negative job performance or conduct, written performance evaluations, documents reflecting citizen complaints, complaints by fellow employees and/or personnel from within the New Haven Police Department, infractions of policies, procedures, rules or regulations, and a complete list of administrative misconduct by the individual defendants. The request is specific and not unduly burdensome. The request calls for production of professional matters and does not call for documents related to personal issues.

The human resources division should maintain a file on all employees, which would contain all of the specific requests.

Plaintiff respectfully requests that the Court consider the arguments made under section one and two of this Objection as though repeated herein.

**4.    Disclosure of documents related to civilian complaints will not have an adverse affect on other complainants.**

The defendant is attempting to argue that the disclosure of these files will affect the privacy interests and identities of other complainants.  As set forth in <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 656 (N.D.Cal. 1987), the more persuasive argument is that disclosure will have no influence on citizen complaints.  "It is not at all clear that people who feel aggrieved by actions of police officers would even think about the possibility that their complaints might be disclosed to another person who feels aggrieved by police officers.  <u>Id</u>. at 666.  Presumably those who did think about disclosure would ordinarily approve of it because they would hope to assist others similarly aggrieved.  <u>Id</u>.

Finally, the defendant argues that the discovery "should not become a method for discovering new clients or encouraging or inciting new lawsuits by persons who have thus far determined not to file any."  (Motion to Quash, ¶ 4.)  That statement is personally objectionable and offensive.  It is no more worthy of consideration than any other irrelevant, gratuitous banter one might see written in dust on the back of a truck trailer.

It absolutely runs afoul of the general principle that courts of law are open to redress the grievances of all members of the citizenry, even prisoners.  To make policy on the happenstance that, heaven forbid, some other innocent person might seek redress for wrongs brought upon him

by unethical and unscrupulous members of, in this instance, law enforcement, is manifestly unconstitutional and would create an unbearable chilling effect on the rights of the people. If the City of New Haven is so concerned about what it views as an inordinate amount of lawsuits over its police and police practices, then perhaps it should reevaluate the character and qualifications of those to whom it grants such broad and sweeping powers.

For his own part, plaintiff has been forced to use the court to obtain basic discovery requests such as this for his own use in this case. The incredulous argument made by the defendant is reason enough to summarily order the disclosure sought.


5.    **The "close in time" factor does not prevent disclosure in the discovery process.**

The defendant argues that the material obtained in such records must also be close in time to the events at issue in the instant trial, *citing* State v. Perry, 195 Conn. 505, 523 (1985). In contradiction, the *Perry* court held that the defendant was allowed to examine personnel files and discovered the officer had violated police rules *eight years* before the defendant's arrest that was conduct unbecoming of a patrolman. The court does not address the issue of the time period of the misconduct, but rather that the limited single violation did not speak to the officer's veracity and therefore was not unreasonably restricted in his cross-examination. Perry nor the other cases cited by the defendant deal with the issue of obtaining documents under a subpoena and are not on point. The issue of admissibility is a matter to be determined at trial, not a matter to be dealt with for a request under subpoena.

**6.    The plaintiff used all methods reasonably available to him in order to obtain relevant documents repeatedly requested throughout discovery.**

Plaintiff incorporates arguments made under paragraph one of section two (2) as though set forth fully herein.

Plaintiff received cooperation from The Office of the Medical Examiner and the Major Crime Unit after issuance of the subpoenas. Both organizations indicated that the New Haven Police Department received the documents requested during the underlying investigation and should have disclosed them directly to plaintiff without causing issuance of a subpoena. The only resistance plaintiff has received is related to subpoenas issued to obtain the personnel files and internal affairs files regarding the individual defendants. Plaintiff has received no response for the subpoena issued to obtain documents from the New Haven Police Department regarding the "Lucky Investigation". (A copy of the subpoena is attached hereto as Exhibit C.) Yale New Haven Hospital responded that it needs a properly executed HIPPA form in order to release the documents. (A copy of the subpoena is attached hereto as Exhibit D.)

The defendant has hemmed, hawed and obfuscated at every turn wherein the mere possibility that information potentially damaging to their defense might properly be made available to the plaintiff. It is still the substantive law of the land that "a trial is a search for the truth." See Cheney v. United States Dist. Court, 542 U.S. 367 (2004); Mathews v. United States, 485 U.S. 58, 72 (1988). The defendant's "interest in nondisclosure ... is minimal, and should therefore yield to the readily apparent benefit that full disclosure would convey to the search for truth." United States v. Bagley, 473 U.S. 667, 704 (1985).

**WHEREFORE**, for the reasons set forth above, plaintiff respectfully requests that the court deny the defendant, City of New Haven's Motion to Quash the plaintiff's subpoenas and sustain this objection thereto, in it's entirety.

THE PLAINTIFF,
GARY SESSION

BY  *Karen L. Mayer*

Karen L. Mayer
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830
203-661-4200
Federal Bar No. CT 26555

## CERTIFICATION

This is to certify that on this 31st day of July 2006, I hereby mailed a copy of the foregoing to:

Thomas E. Katon
Stephanie S. Baier, Esq.
Susan, Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507

Jonathan Beamon, Esq.
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06514

_Karen L Mayer_

Karen L. Mayer