# PHILIP RUSSELL, L.L.C.
## ATTORNEYS AT LAW
(203) 661-4200

PHILIP RUSSELL*+
JAMES PASTORE
CHRISTOPHER CALDWELL*
KAREN L. MAYER*

of counsel:
HAROLD H. DEAN

* MEMBER CONNECTICUT AND NEW YORK BAR
+ BOARD CERTIFIED
  CRIMINAL TRIAL ADVOCACY
  NATIONAL BOARD OF TRIAL ADVOCACY

66 FIELD POINT ROAD
P.O. BOX 1437
GREENWICH, CT 06836

FAX
(203) 661-3666

January 20, 2006

Jonathan Beamon, Esq.
City of New Haven
165 Church Street
4th Floor
New Haven, CT 06514

Re: <u>Session v. City of New Haven, et al.</u>
Docket No.: 3:03 CV 00943 (AWT)

Dear Jonathan:

This letter shall reflect your promise to provide me with answers to interrogatories dated August 1, 2005, by next week.

As you can see from the tentative schedule of depositions to be re-noticed we plan to depose Officer Coppola and Officer Rodriguez on February 13 and 14, 2006. I will be unable to proceed with the depositions scheduled without prior opportunity to review the answers to the interrogatories and request for production.

Thank you for your anticipated cooperation.

Very truly yours,

Karen L. Mayer

KLM/sr

## PHILIP RUSSELL, L.L.C.
ATTORNEYS AT LAW
(203) 661-4200

PHILIP RUSSELL*+
JAMES PASTORE
CHRISTOPHER CALDWELL*
KAREN L. MAYER*

of counsel:
HAROLD H. DEAN

* MEMBER CONNECTICUT AND NEW YORK BAR
+ BOARD CERTIFIED
   CRIMINAL TRIAL ADVOCACY
   NATIONAL BOARD OF TRIAL ADVOCACY

66 FIELD POINT ROAD
P.O. BOX 1437
GREENWICH, CT 06836

FAX
(203) 661-3666

February 15, 2006

Jonathan Beamon, Esq.
City of New Haven
165 Church Street, 4th Floor
New Haven, CT 06514

Re: Session v. City of New Haven, et al.
    Civil Docket No.: 03CV00943 (AWT)

Dear Attorney Beamon:

I am in receipt of your responses to plaintiff's interrogatories and request for production dated February 3, 2006, which I received at the close of business in February 6, 2006.

I am in the process of going through the packet and will provide you with my request for more responsive answers and production request.

We cannot proceed with our depositions without more complete written discovery.

Very truly yours,

Karen L. Mayer

KLM/sr

cc: Attorney Stephanie Baier
    Mr. Session

# PHILIP RUSSELL, L.L.C.
## ATTORNEYS AT LAW
(203) 661-4200

PHILIP RUSSELL*+
JAMES PASTORE
CHRISTOPHER CALDWELL*
KAREN L. MAYER*

of counsel:
HAROLD H. DEAN

\* MEMBER CONNECTICUT AND NEW YORK BAR
+ BOARD CERTIFIED
  CRIMINAL TRIAL ADVOCACY
  NATIONAL BOARD OF TRIAL ADVOCACY

66 FIELD POINT ROAD
P.O. BOX 1437
GREENWICH, CT 06836

FAX
(203) 661-3666

February 21, 2006

**VIA FACSIMILE: 203-946-7942**

Jonathan Beamon, Esq.
City of New Haven
165 Church Street
4th Floor
New Haven, CT 06514

Re: <u>Session v. City of New Haven, et al.</u>
Civil Docket No.: 03CV00943 (AWT)

Dear Attorney Beamon:

As I indicated on the phone last week we intended to take depositions of defendants Stephen Coppola and Edwin Rodriguez along with numerous personnel from the New Haven Police Department, but cannot do so without more complete responses to Plaintiff's Interrogatories and Requests for Production dated August 1, 2005.

Please amend defendant's Interrogatory responses by providing complete responses and requested documentation for the following Interrogatories and Request for Production:

1. <u>Interrogatory #2</u>: Plaintiff re-writes Interrogatory #2 so that it is not vague. "Please identify all persons associated with the New Haven Police Department who have any knowledge, recognition, or ability to identify Gary Session, including but not limited to identification by written documents, name or sight for a ten year period prior to his arrest on January 8, 2001. (Your answer should include, and separately identify, any and all persons who provided information to the police department regarding Gary Session.)

2. <u>Interrogatory #3</u>: Whereby Interrogatory #2 is rewritten to eliminate defendant's claim of vagueness, #3 is also rewritten to eliminate vagueness. "For all persons listed in the proceeding Interrogatory, please state: a) a list of the persons associated with the New Haven Police Department, including name and title, that has any knowledge, recognition, or ability to identify Gary Session, including but not limited to identification by written documents or by sight. b) an explanation as to when, where, how and why they have any knowledge, recognition, or ability

1

3. to identify Gary Session. c) the facts and circumstances surrounding the person(s) gaining the knowledge, recognition, or ability to identify Gary Session. d) how many times did such person(s) have contact with Gary Session. e) the facts and circumstances of each contact with Gary Session. f) the date and location of each meeting with Gary Session. g) the purpose of every meeting with Gary Session. i) the substance of each contact, conversation, or communication related to Gary Session.

4. Interrogatory #7: Defendant's answer is inadequate in a variety of ways. Instructing counsel to see copies of police incident reports does not disclose all the activities engaged in during the investigation, *e.g.*, log of phone calls, notes made in journals, leads, or tips to further the investigation. Plaintiff requests specific answers including the information relied upon to conduct the investigation and activities engaged in during the investigation of the murder of Anthony Lucky, Jr. and the arrest of Gary Session.

5. Interrogatory #9: This answer is inadequate in a variety of ways. No reports are provided. The only document provided is a press release, July 25, 1999, claiming "officers . . . responded to the area of Howard Avenue and Columbus Avenue on report of two vehicles exchanging gun fire," how many shots were reported, that a victim of the shooting was located near South Frontage Road and College Street, the victim suffered a single gun shot wound to the chest and later expired. The press release identifies the deceased as Anthony Lucky, Jr. and his acquaintances Juan Scruggs and Albert McCann, and that they were charged with weapons violations. This answer does not provide any reports for July 28, 1999, September 1, 1999, or January 3, 2000 as reported in Interrogatory #9a and evidence listed in #9b. Plaintiff needs any and all reports along with all activities engaged in testing or analyzing the evidence prepared by James S. Stephenson, Edward Jachimoqicz, Robert K. O'Brien, Deborah A. Messina, and Edward T. McPhillips. Plaintiff also needs any and all reports and activities relied on by any persons involved with the investigation of the murder of Anthony Lucky, Jr. and the arrest of Gary Session.

6. Interrogatory #11: Defendant's response is insufficient because inquiry can be made to determine whether or not notes were kept during the interviews. Further, a simple reference to the manual on policy and procedures of the police department or training manual could help determine if notes are to be kept during an interview. Plaintiff requests further inquiry to any persons involved with the interviews to determine if notes were kept along with a copy of the table of contents of the procedures and policies of the police department. If any notes exist, plaintiff requests production of such documents.

7. Interrogatory #31: This answer is nonresponsive. Based on the documents provided Plaintiff cannot determine any activity past the date of the arrest warrant.

PHILIP RUSSELL, L.L.C.

8. <u>Request for Production #2</u>: Defendant admits certain interviews were recorded; yet claims that such evidence was destroyed. Plaintiff requests the evidence log that indicates when, where, how, why, and at whose direction the recordings were destroyed. Explanation of why evidence was destroyed if the investigation is still pending is requested.

9. <u>Request for Production #3</u>: In the Interrogatory #9, defendant claims that forensic testing or analysis was performed on July 28, 1999, September 1, 1999, and January 3, 2000. Reports for September 1, 1999 and January 3, 2000 have not been provided.

10. <u>Request for Production #4</u>: Plaintiff requests the evidence log that indicates when, where, how, why, and at whose order the recordings were destroyed.

11. <u>Request for Production #5</u>: there is no reasonable explanation why defendant cannot provide photographs requested. Having to review the photographs at Corporation Counsel's Office places an undue hardship on plaintiff if not able to retain a copy of the photographs with his file to refer to throughout the discovery process and prepare for trial. Plaintiff is willing to review certain evidence at Corporation Counsel's Office if it is an undue hardship for defendant to reproduce a copy for the plaintiff.

12. <u>Request for Production #6</u>: The plaintiff disputes defendant's objection that the information called for is overbroad and not relevant to any of the issues raised in the complaint. In general, Fed.R.Civ.P. 26(b)(1) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identity and location of persons having knowledge of any discoverable matter." The defendant is in a better position to obtain the requested discovery than the plaintiff. The defendant has not raised an objection that shows any harm to public interest by disclosure of any internal affairs files regarding Edwin Rodriguez and Stephen Coppola.

13. <u>Request for Production #7</u>: There is no reasonable explanation why defendant cannot provide photographs requested. Having to review the photographs at Corporation Counsel's Office places an undue hardship on plaintiff if not able to retain a copy of the photographs with his file to refer to throughout the discovery process and prepare for trial. Plaintiff is willing to review certain evidence at Corporation Counsel's Office if it is an undue hardship for defendant to reproduce a copy for the Plaintiff.

14. <u>Request for Production #8</u>: The plaintiff disputes defendant's objection that the information called for is overbroad and not relevant to any of the issues raised in the Complaint. In general, Fed.R.Civ.P. 26(b)(1) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party,

PHILIP RUSSELL, L.L.C.

including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identity and location of persons having knowledge of any discoverable matter." The defendant is in a better position to obtain the requested discovery than the plaintiff. The defendant has not raised an objection that shows any harm to public interest by disclosure of any internal affairs files regarding Edwin Rodriguez and Stephen Coppola.

Without the above information, the plaintiff will be prejudiced in the preparation of his case. Once I have your supplemental responses along with the defendants', Stephen Coppola and Edwin Rodriquez, supplemental responses we will be able to propose a new schedule and re-notice the depositions.

Please note that we will additionally need to notice the depositions of The Keeper of Records for the City if New Haven as certain records, photographs, boards and other evidence may not be easily copied for plaintiff's convenience and must be done so at Corporation Counsel's Office.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

Karen L. Mayer

KLM/sr

cc: Attorney Stephanie Baier
    Gary Session

4

# PHILIP RUSSELL, L.L.C.
## ATTORNEYS AT LAW
(203) 661-4200

PHILIP RUSSELL*+
JAMES PASTORE
CHRISTOPHER CALDWELL*
KAREN L. MAYER*

of counsel:
HAROLD H. DEAN

66 FIELD POINT ROAD
P.O. BOX 1437
GREENWICH, CT 06836

FAX
(203) 661-3666

* MEMBER CONNECTICUT AND NEW YORK BAR
+ BOARD CERTIFIED
  CRIMINAL TRIAL ADVOCACY
  NATIONAL BOARD OF TRIAL ADVOCACY

March 24, 2006

*VIA FACSIMILE: 203-946-7942*

Jonathan Beamon, Esq.
City of New Haven
165 Church Street
4th Floor
New Haven, CT 06514

Re: Session v. City of New Haven, et al.
    Civil Docket No.: 03CV00943 (AWT)

Dear Attorney Beamon:

During our discussion following the deposition of Mr. Session on March 10, 2006, you agreed to confirm whether the investigation into the murder of Anthony Lucky, Jr. was closed or remains open. I am still awaiting such confirmation.

Further, you indicated that you need to review my packet, mailed on February 28, 2006, that contained plaintiff's responses to answers by the City of New Haven to plaintiff's interrogatories and requests for production. As discussed on March 10, 2006, I suggested service of additional interrogatories depending on your review of the packet and status of the Lucky investigation.

Please advise. Thank you for your anticipated cooperation.

Very truly yours,

Karen L. Mayer

KLM/sr

cc: Mr. Session
    Attorney Stephanie Baier