AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF Connecticut

GARY SESSION

V.

EDWIND RODRIGUEZ, STEPHEN COPPOLA
AND CITY OF NEW HAVEN

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:03 CV 00943 (AWT)

TO:   Keeper of Records
      New Haven Police Department
      One Union Avenue
      New Haven, CT 06519

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The materials listed in Schedule A pertaining to Edwin Rodriguez.

| PLACE | DATE AND TIME |
|---|---|
| Philip Russell, L.L.C.<br>66 Field Point Road, Greenwich, CT 06830  (203) 661-4200 | July 12, 2006 at 11:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Karen Mayer* | 7/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen L. Mayer, Attorney for the Plaintiff
Philip Russell, L.L.C., 66 Field Point Road, Greenwich, CT 06830    (203) 661-4200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1. If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | JULY 6, 2006 | ONE UNION AVENUE, NEW HAVEN, CT |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SGT R. SWEENEY | LEFT WITH AND IN THE HANDS OF SGT R. SWEENEY, PER POLICE POLICY WHO IS AUTHORIZED TO ACCEPT FOR THE KEEPER OF RECORDS, NEW HAVEN POLICE DEPARTMENT |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| T. JERRY JULIANO | STATE MARSHAL |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  JULY 6, 2006
DATE

SIGNATURE OF SERVER

396 ORANGE STREET
NEW HAVEN, CT 06471
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| GARY SESSION | : | CIVIL ACTION NO. |
| | : | 3:03-CV-00943 (AWT) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN RODRIGUEZ, STEPHEN | : | JULY 5, 2006 |
| COPPOLA, AND CITY OF NEW HAVEN | : | |
| | : | |
| DEFENDANTS | : | |

## SCHEDULE A

**DEFINITIONS:**

"You." The term "you" means you personally and any other person acting on behalf of or at the direction of you or the New Haven Police Department.

"And/or." The terms "and" and "or", as used herein, shall be construed either in the disjunctive or conjunctive so as to bring within the stated particular request any documentation that would otherwise be considered to be outside of the scope of the request of the alternative meeting of the term were utilized.

"Document" or "documentation." The terms "document" and "documentation" mean, however stored and/or maintained and/or generated: all notes, photographs, images, graphs, charts, computer aided reports and/or printouts memoranda, logs, notebooks, reports, transcripts, audiotapes, videotapes, electronic recordings, drafts, list, inventory, forms, materials, test, aids, books, manuals, pantalets, summaries, computer printouts, computer disks, and data collections, and/or compilations, in any form.

1

1. Any and all documents contained in the personnel file of Edwin Rodriguez, Badge #0444 (hereinafter "Rodriguez").

2. A complete list of all law enforcement training and certification programs taken by Rodriguez, including but not limited to dates, location, duration of program and name of program, address, contact person and phone number.

3. Any and all documentation regarding negative job performance or conduct by Rodriguez.

4. Any and all written performance evaluations.

5. Any and all documentation concerning or reflecting citizen complaints against Rodriguez.

6. Any and all documentation regarding complaints by fellow employees and/or personnel from within the New Haven Police Department against Rodriguez.

7. A complete list of infractions of policies, procedures, rules, or regulations by Rodriguez.

8. A complete list of administrative misconduct by Rodriguez, including but not limited to neglect of duty, insubordination or failure to follow valid, lawful orders, abuse of sick leave, abuse of city equipment, significant infractions or work hours, violations of personnel policies and verbal mistreatment of others.

THE PLAINTIFF
GARY SESSION

BY _____
Karen L. Mayer
Philip Russell, LLC
66 Field Point Rd.
Greenwich, CT 06830
(203) 661-4200
Federal Juris No.: CT26555

## **CERTIFICATION**

I herby certify that a copy of the above was mailed on July 5, 2006, to all counsel and pro se parties of record, namely:

Jonathan Beamon, Esq.
New Haven City Attorney's Office
165 Church Street
New Haven, CT  06510

Stephanie S. Baier, Esq.
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
New Haven, CT  06510

_____
Karen L. Mayer

3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____ Connecticut

GARY SESSION

**V.**

EDWIND RODRIGUEZ, STEPHEN COPPOLA
AND CITY OF NEW HAVEN

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 3:03 CV 00943 (AWT)

TO: Keeper of Records
New Haven Police Department
One Union Avenue
New Haven, CT 06519

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The materials listed in Schedule A pertaining to Stephen Coppola.

| PLACE | DATE AND TIME |
|---|---|
| Philip Russell, L.L.C.<br>66 Field Point Road, Greenwich, CT 06830    (203) 661-4200 | July 12, 2006 at 11:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Karen L Mayer* — Attorney for the Plaintiff | 7/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen L. Mayer, Attorney for the Plaintiff
Philip Russell, L.L.C., 66 Field Point Road, Greenwich, CT 06830    (203) 661-4200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | JULY 6, 2006 | ONE UNION AVENUE, NEW HAVEN, CT |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SGT R. SWEENEY | LEFT WITH AND IN THE HANDS OF SGT R. SWEENEY, PER POLICE POLICY WHO IS AUTHORIZED TO ACCEPT FOR THE KEEPER OF RECORDS, NEW HAVEN POLICE DEPARTMENT |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| T. JERRY JULIANO | STATE MARSHAL |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   JULY 6, 2006
                    DATE

SIGNATURE OF SERVER

396 ORANGE STREET
NEW HAVEN, CT 06471
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| GARY SESSION | : | CIVIL ACTION NO. |
| | : | 3:03-CV-00943 (AWT) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN RODRIGUEZ, STEPHEN | : | JULY 5, 2006 |
| COPPOLA, AND CITY OF NEW HAVEN | : | |
| | : | |
| DEFENDANTS | : | |

## SCHEDULE A

**DEFINITIONS:**

"You." The term "you" means you personally and any other person acting on behalf of or at the direction of you or the New Haven Police Department.

"And/or." The terms "and" and "or", as used herein, shall be construed either in the disjunctive or conjunctive so as to bring within the stated particular request any documentation that would otherwise be considered to be outside of the scope of the request of the alternative meeting of the term were utilized.

"Document" or "documentation." The terms "document" and "documentation" mean, however stored and/or maintained and/or generated: all notes, photographs, images, graphs, charts, computer aided reports and/or printouts memoranda, logs, notebooks, reports, transcripts, audiotapes, videotapes, electronic recordings, drafts, list, inventory, forms, materials, test, aids, books, manuals, pantalets, summaries, computer printouts, computer disks, and data collections, and/or compilations, in any form.

1. Any and all documents contained in the personnel file of Stephen Coppola, Badge #523 (hereinafter "Coppola").

2. A complete list of all law enforcement training and certification programs taken by Coppola, including but not limited to dates, location, duration of program and name of program, address, contact person and phone number.

3. Any and all documentation regarding negative job performance or conduct by Coppola.

4. Any and all written performance evaluations.

5. Any and all documentation concerning or reflecting citizen complaints against Coppola.

6. Any and all documentation regarding complaints by fellow employees and/or personnel from within the New Haven Police Department against Coppola.

7. A complete list of infractions of policies, procedures, rules, or regulations by Coppola.

8. A complete list of administrative misconduct by Coppola, including but not limited to neglect of duty, insubordination or failure to follow valid, lawful orders, abuse of sick leave, abuse of city equipment, significant infractions or work hours, violations of personnel policies and verbal mistreatment of others.

THE PLAINTIFF
GARY SESSION

BY ___Karen L. Mayer___
Karen L. Mayer
Philip Russell, LLC
66 Field Point Rd.
Greenwich, CT 06830
(203) 661-4200
Federal Juris No.: CT26555

## CERTIFICATION

I herby certify that a copy of the above was mailed on July 5, 2006, to all counsel and pro se parties of record, namely:

Jonathan Beamon, Esq.
New Haven City Attorney's Office
165 Church Street
New Haven, CT 06510

Stephanie S. Baier, Esq.
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
New Haven, CT 06510

_____
Karen L. Mayer

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
DISTRICT OF Connecticut

GARY SESSION

V.

EDWIND RODRIGUEZ, STEPHEN COPPOLA
AND CITY OF NEW HAVEN

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 3:03 CV 00943 (AWT)

TO: City Town Clerk
Attn: Ron Smith
200 Orange Street
New Haven, CT 06510

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The materials listed in Schedule A pertaining to Edwin Rodriguez.

| PLACE | DATE AND TIME |
|---|---|
| Philip Russell, L.L.C. 66 Field Point Road, Greenwich, CT 06830  (203) 661-4200 | July 12, 2006 at 11:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Karen L. Mayer* | 7/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karen L. Mayer, Attorney for the Plaintiff
Philip Russell, L.L.C., 66 Field Point Road, Greenwich, CT 06830   (203) 661-4200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | JULY 6, 2006 | 200 ORANGE STREET, NEW HAVEN, CT |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| RON SMITH | LEFT WITH AND IN THE HANDS OF RON SMITH CITY CLERK, WHO IS AUTHORIZED TO ACCEPT FOR THE CITY CLERK CITY OF NEW HAVEN |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| T. JERRY JULIANO | STATE MARSHAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___JULY 6, 2006___
DATE

SIGNATURE OF SERVER

396 ORANGE STREET
NEW HAVEN, CT 06471

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| GARY SESSION | : | CIVIL ACTION NO. |
| | : | 3:03-CV-00943 (AWT) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN RODRIGUEZ, STEPHEN | : | JULY 5, 2006 |
| COPPOLA, AND CITY OF NEW HAVEN | : | |
| | : | |
| DEFENDANTS | : | |

## SCHEDULE A

**DEFINITIONS:**

"Internal Affairs Bureau." The term "Internal Affairs Bureau" means any person and any other person acting on behalf of or at the direction of the Internal Affairs Bureau and/or the New Haven Police Department.

"And/or." The terms "and" and "or", as used herein, shall be construed either in the disjunctive or conjunctive so as to bring within the stated particular request any documentation that would otherwise be considered to be outside of the scope of the request of the alternative meeting of the term were utilized.

"Document" or "documentation." The terms "document" and "documentation" mean, however stored and/or maintained and/or generated: all notes, photographs, images, graphs, charts, computer aided reports and/or printouts memoranda, logs, notebooks, reports, transcripts, audiotapes, videotapes, electronic recordings, drafts, list, inventory, forms, materials, test, aids,

1

books, manuals, pantalets, summaries, computer printouts, computer disks, and data collections, and/or compilations, in any form.

1. The complete file of the Internal Affairs Bureau regarding Edwin Rodriguez, Badge #0444 (hereinafter "Rodriguez").

2. Any and all documentation concerning or reflecting internal affairs investigations with regard to Rodriguez, including but not limited to:

    a) Any and all documentation of any formal or informal disciplinary action taken against Rodriguez while a member of the New Haven Police Department.

    b) Any and all documentation regarding negative job performance and/or conduct of Rodriguez.

    c) Any and all written performance evaluations concerning Rodriguez.

    d) A complete list of all training and certification programs taken by Rodriguez, including but not limited to dates, location, duration of program and name of program, address, contact person and phone number.

    e) Any and all documentation concerning or reflecting citizen complaints against Rodriguez.

    f) Any and all documentation regarding any formal or informal recommendations by the authority board of internal affairs.

    g) Any and all documentation regarding complaints by fellow employees and/or personnel from within the New Haven Police Department against Rodriguez.

    h) A complete list of infractions of policies, procedures, rules, or regulations by Rodriguez.

    i) A complete list of administrative misconduct including but not limited to neglect of duty, insubordination or failure to follow valid, lawful orders, abuse of sick leave, abuse of city equipment, significant infractions or work hours, violations of personnel policies and verbal mistreatment of others.

3. All documents not already produced in response to the proceeding requests, which relate to internal affairs investigations of Rodriguez.

THE PLAINTIFF
GARY SESSION

BY  *Karen L. Mayer*
Karen L. Mayer
Philip Russell, LLC
66 Field Point Rd.
Greenwich, CT 06830
(203) 661-4200
Federal Juris No.: CT26555

## **CERTIFICATION**

I herby certify that a copy of the above was mailed on July 5, 2006, to all counsel and pro se parties of record, namely:

Jonathan Beamon, Esq.
New Haven City Attorney's Office
165 Church Street
New Haven, CT  06510

Stephanie S. Baier, Esq.
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
New Haven, CT  06510

*Karen L. Mayer*
Karen L. Mayer

3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Connecticut

GARY SESSION

V.

EDWIN RODRIGUEZ, STEPHEN COPPOLA
AND CITY OF NEW HAVEN

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:03 CV 00943 (AWT)

TO: City Town Clerk
Attn: Ron Smith
200 Orange Street
New Haven, CT 06510

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The materials listed in Schedule A pertaining to Stephen Coppola.

| PLACE | DATE AND TIME |
| --- | --- |
| Philip Russell, L.L.C. 66 Field Point Road, Greenwich, CT 06830   (203) 661-4200 | July 12, 2006 at 11:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Karen L Mayer* | 7/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karen L. Mayer, Attorney for the Plaintiff
Philip Russell, L.L.C., 66 Field Point Road, Greenwich, CT 06830   (203) 661-4200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | JULY 6, 2006 | 200 ORANGE STREET, NEW HAVEN, CT |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| RON SMITH | LEFT WITH AND IN THE HANDS OF RON SMITH CITY CLERK, WHO IS AUTHORIZED TO ACCEPT FOR THE CITY CLERK CITY OF NEW HAVEN |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| T. JERRY JULIANO | STATE MARSHAL |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____JULY 6, 2006_____
DATE

SIGNATURE OF SERVER 396 ORANGE STREET
NEW HAVEN, CT 06471

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| GARY SESSION | : | CIVIL ACTION NO. |
| | : | 3:03-CV-00943 (AWT) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN RODRIGUEZ, STEPHEN | : | JULY 5, 2006 |
| COPPOLA, AND CITY OF NEW HAVEN | : | |
| | : | |
| DEFENDANTS | : | |

## SCHEDULE A

**DEFINITIONS:**

"Internal Affairs Bureau." The term "Internal Affairs Bureau" means any person and any other person acting on behalf of or at the direction of the Internal Affairs Bureau and/or the New Haven Police Department.

"And/or." The terms "and" and "or", as used herein, shall be construed either in the disjunctive or conjunctive so as to bring within the stated particular request any documentation that would otherwise be considered to be outside of the scope of the request of the alternative meeting of the term were utilized.

"Document" or "documentation." The terms "document" and "documentation" mean, however stored and/or maintained and/or generated: all notes, photographs, images, graphs, charts, computer aided reports and/or printouts memoranda, logs, notebooks, reports, transcripts, audiotapes, videotapes, electronic recordings, drafts, list, inventory, forms, materials, test, aids,

1

books, manuals, pantalets, summaries, computer printouts, computer disks, and data collections, and/or compilations, in any form.

1. The complete file of the Internal Affairs Bureau regarding Stephen Coppola, Badge #523 (hereinafter "Coppola").

2. Any and all documentation concerning or reflecting internal affairs investigations with regard to Coppola, including but not limited to:

    a) Any and all documentation of any formal or informal disciplinary action taken against Coppola while a member of the New Haven Police Department.

    b) Any and all documentation regarding negative job performance and/or conduct of Coppola.

    c) Any and all written performance evaluations concerning Coppola.

    d) A complete list of all training and certification programs taken by Coppola, including but not limited to dates, location, duration of program and name of program, address, contact person and phone number.

    e) Any and all documentation concerning or reflecting citizen complaints against Coppola.

    f) Any and all documentation regarding any formal or informal recommendations by the authority board of internal affairs.

    g) Any and all documentation regarding complaints by fellow employees and/or personnel from within the New Haven Police Department against Coppola.

    h) A complete list of infractions of policies, procedures, rules, or regulations by Coppola.

    i) A complete list of administrative misconduct including but not limited to neglect of duty, insubordination or failure to follow valid, lawful orders, abuse of sick leave, abuse of city equipment, significant infractions or work hours, violations of personnel policies and verbal mistreatment of others.

3. All documents not already produced in response to the proceeding requests, which relate to internal affairs investigations of Coppola.

THE PLAINTIFF
GARY SESSION

BY  *Karen L. Mayer* (signature)
Karen L. Mayer
Philip Russell, LLC
66 Field Point Rd.
Greenwich, CT 06830
(203) 661-4200
Federal Juris No.: CT26555

## **CERTIFICATION**

I herby certify that a copy of the above was mailed on July 5, 2006, to all counsel and pro se parties of record, namely:

Jonathan Beamon, Esq.
New Haven City Attorney's Office
165 Church Street
New Haven, CT 06510

Stephanie S. Baier, Esq.
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
New Haven, CT 06510

*Karen L. Mayer* (signature)
Karen L. Mayer