Westlaw.

Not Reported in A.2d                                                                                                   Page 1
Not Reported in A.2d, 2001 WL 1712685 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

c
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut.
Alfred LIPKA,
v.
David MADOULE et al.
No. CV990428311S.

Dec. 17, 2001.

MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)

ARNOLD, J.
**\*1** Pursuant to Practice Book § 17-44 et seq., the defendants, Madoule, DeLuise and North Branford have filed a motion for summary judgment regarding the First and Second Counts of the plaintiff's complaint dated June 29, 1999, bearing a return date of August 3, 1999. The defendants claim that said action is barred by the doctrine of governmental immunity and that the claim against the defendant North Branford pursuant to General Statutes § 7-465, is derivative to the negligence claim against defendants DeLuise and Madoule and, thus, must fail as a matter of law.

The plaintiff allegedly sustained physical injuries on or about July 4, 1997, when he was struck in the head by a pyrotechnic firework while he assisted in igniting a fireworks display at 516 Totoket Road, North Branford, Connecticut. The plaintiff was a guest at this residence, attending a July 4th party. The owner of said residence did not possess a permit to conduct a fireworks display.

Acting upon a complaint regarding a fireworks display at 516 Totoket Road, the North Branford Police Department dispatched the defendant, DeLuise, a police officer, to the residence to investigate the complaint. Upon his arrival DeLuise, exited his police vehicle near the driveway area of 516 Totoket Road. Noticing no audible or visual signs of a fireworks display in this area, defendant DeLuise re-entered his vehicle, left the area, and responded to another fireworks complaint. DeLuise did not physically enter onto the premises at 516 Totoket Road to investigate further or to question the homeowners regarding the fireworks complaint. DeLuise left the 516 Totoket Road location for another location near Marjorie Drive, North Branford, where he was met by a fellow police officer, defendant Madoule. While at this second location DeLuise and Madoule became involved in an enforcement action resulting in the seizure of illegal fireworks. However, upon leaving this second location, DeLuise and Madoule were ordered to return to 516 Totoket Road to respond to another complaint regarding a fireworks display.

Upon their arrival at 516 Totoket Road, the two defendants were notified of an injury having occurred at this location. Upon entering onto the subject property, the two defendants discovered that the plaintiff had sustained physical injuries. Defendant DeLuise administered First Aid to the plaintiff, and defendant Madoule began his investigation of the incident.

As a result of this incident, the plaintiff has filed an action alleging negligence against DeLuise and Madoule, in that they failed to break up the illegal fireworks show upon arriving on the scene; they failed to perform a ministerial act which they are empowered to perform by law; and that they failed to take action, even though circumstances of perceptible imminent harm to a crowd of people existed. As to defendant, North Branford, the plaintiff claims that pursuant to General Statutes § 7-465,[FN1] North Branford is liable to pay damages on behalf of its employees who become liable by law to a plaintiff for physical damages to person or property.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN1. Sec. 7-465 provides in relevant part:
(a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of Section 7-308, and on behalf of any member from such municipality of a local emergency planning district, appointed pursuant to Section 22a-601, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any willful or wanton act of such employee in the discharge of such duty. This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury or, in the case of his death, his dependent, has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee or, in the case of his death, his dependent, has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent, shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was willful and malicious or the action is based on the fellow employees negligence in the operation of a motor vehicle as defined in Section 14-1. This section shall not apply to libel or slander proceedings brought against any such employee and, in such cases, there is no assumption of liability by any town, city or borough. Any employee of such municipality, although excused from official duty at the time, for the purposes of this section shall be deemed to be acting in the discharge of duty when engaged in the immediate and actual performance of a public duty imposed by law. Such municipality may arrange for and maintain appropriate insurance or may elect to act as a self-insurer to maintain such protection. No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefore arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. Governmental immunity shall not be a defense in any action brought under this section. In any such action the municipality and the employee may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that will pay any verdict rendered in such action against such employee. No mention of any kind shall be made of such statement by any counsel during the trial of such action. As used in this section, " employee" shall include (1) a member of a town board of education and any teacher, including a student teacher doing practice teaching under the direction of such a teacher, or other person employed by such board and (2) a member of the local emergency planning committee from such municipality appointed pursuant to Section 22a-601. Nothing in this section shall be construed to abrogate the right of any

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                              Page 3
Not Reported in A.2d, 2001 WL 1712685 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

person, board or commission which may accrue under Section 10-235.

*2 The defendants in arguing for summary judgment claim that the acts of the defendants in investigating the complaint of a fireworks display were governmental acts which they performed in a discretionary manner. The investigation of these complaints were not ministerial, to be performed in a prescribed manner without the exercise of judgment or discretion. As to the claim against North Branford, pursuant to General Statutes § 7-465, the defendants claim that this statutory action is derivative. Municipal liability against North Branford can only be predicated on a prior finding of individual negligence by the employee and North Branford's municipal employment relation with the employee. *Kaye v. Manchester,* 20 Conn.App. 439, 443-44 (1990). Thus, if suit against the employees fails, the claim against the municipality is moot and must also fail.

In opposing the defendants' defense of governmental immunity for discretionary acts, the plaintiff argues that under the circumstances prevailing on July 4, 1997 at 516 Totoket Road, North Branford, he was an "identifiable person who was subjected to imminent harm" by the defendants' DeLuise and Madoule's failure to thoroughly investigate the initial fireworks complaint at 516 Totoket Road. The plaintiff claims that this failure to protect him from imminent harm at this fireworks display, is an exception to governmental immunity. The plaintiff further argues that as a guest at this display at a private residence he was not only an identifiable person subject to imminent harm, but a foreseeable victim.

"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." *Wilson v. New Haven,* 213 Conn. 277, 279 (1989). " In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." *Hertz Corp. v. Federal Ins., Co.,* 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. *Nolan v. Borkowski,* 206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Hertz Corp. v. Federal Ins. Corp., supra,* 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." *Id.* "A material fact is a fact which will make a difference in the result of a case." *Suarez v. Dickmont Plastics Corp.,* 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. *Connell v. Colwell,* 214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. *Santopietro v. New Haven,* 239 Conn. 207, 225 (1996).

*3 "Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortuous conduct. The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees." *Purzycki v. Fairfield,* 244 Conn. 101, 107 (1998). "A municipal employee is liable for the misperformance of ministerial acts, but has qualified immunity in the performance of governmental acts." *Mulligan v. Rioux,* 229 Conn. 716, 727 (1994)." Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. In contrast, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." *Gauvin v. New Haven,* 187 Conn. 180, 184 (1982). Municipal employees are entitled to governmental immunity for acts which require the sound exercise of discretion. *Gordon v. Bridgeport Housing Authority,* 208 Conn. 161, 180-81 (1988).

Courts have recognized three exceptions where a municipal employee or official can be held liable when performing a discretionary act. They are: " first where the circumstances make it apparent to the public official that his or her failure to act would be like to subject an identifiable person to imminent harm ...; second, where a statute specifically

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                         Page 4
Not Reported in A.2d, 2001 WL 1712685 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws ... and third, where the alleged acts involve malice, wantonness or intent to injure, rather than mere negligence." *Purzycki v. Fairfield, supra* at 108.

Policing the community and investigating those who break the law is a governmental function which requires the exercise of discretion. *Gordon v. Bridgeport Housing Authority, supra* at 180-81. The process by which a police officer decides to make an arrest or conduct an investigation involves discretionary acts. *Anderson v. City of New London,* 2000 Ct.Sup. 2609, judicial district of New London at New London (Corradino, J., February 24, 2000); *Castorina v. Stewart,* 1998 Ct.Sup. 9118, judicial district of Fairfield at Bridgeport (Skolnick, J., June 3, 1998) (22 Conn. L. Rptr. 1); *Elinsky v. Marlene,* 1997 Ct.Sup. 11144, judicial district of Hartford-New Britain at New Britain (Hale, JTR, October 31, 1997).

The investigation of a fireworks complaint is a governmental function which requires the discretion of the investigating officers. At all times mentioned in the Amended Complaint, the defendants DeLuise and Madoule were acting within the scope of their employment and performing their duties as police officers for the North Branford Police Department.

Having concluded that the actions of the two defendants DeLuise and Madoule were governmental acts requiring the exercise of discretion and not ministerial acts, the court must decide whether the plaintiff falls within the first exception to governmental immunity, the identifiable person-imminent harm exception.

*4 Plaintiff argues that he was among a group of 100 to 200 persons who gathered at 516 Totoket Road to view the fireworks display. Plaintiff argues that thus, he, was among a small class of foreseeable victims in the area of this illegal fireworks display. He argues that the defendants could have foreseen that anyone in the immediate area of such a large fireworks display including the plaintiff, might have been hurt. He claims the defendants should have been aware, or were aware of the magnitude of the danger. The plaintiff has criticized the defendants for not discovering a large gathering of 100 to 200 persons, yet he alternately argues that he was among a small class of foreseeable victims "as one of the few people in the area of the illegal fireworks display."

The plaintiff cites *Burns v. Board of Education,* 228 Conn. 640 (1994) to advance his argument that this incident is an example of the exception to municipal immunity. He states that imminent harm can be defined as a dangerous condition that was limited in duration and geographical scope, such as this fireworks display at a private residence. However, the instant case differs from the subject matter discussed in *Burns v. Board of Education, supra* 640. In that case the injured party was a student who was required by law to attend school and was under the administration and protection of the school. The student could not leave school, and therefore, the school owed a duty to the student to protect the student from conditions rendering the school grounds unsafe.

The court can consider whether the relationship of the plaintiff with his hosts on July 4, 1997 was voluntary. The court can also consider the seriousness of the injury threatened ... the duration of the threat of injury ... and whether the plaintiff had the opportunity to protect himself from harm. *Fortune v. City of New London,* 2000 Ct.Sup. 16933, judicial district of Middlesex at Middletown (Shapiro, J., December 14, 1999) (27 Conn. L. Rptr. 637), citing *Burns v. Board of Education, supra* at 647-48.

The court finds that the plaintiff voluntarily attended the party on the Fourth of July, as a guest of the homeowners. He had the option not to participate in the viewing of the fireworks or the igniting of the fireworks. He was not compelled to participate in the igniting of the fireworks which injured him. His own judgment, or lack thereof, played a critical part in his well-being.

When defendant DeLuise arrived at 516 Totoket Road on the first occasion, he did not find an indication of a fireworks display in progress at that location. When he discovered a fireworks display a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                      Page 5
Not Reported in A.2d, 2001 WL 1712685 (Conn.Super.)
**(Cite as: Not Reported in A.2d)**

distance from 516 Totoket Road, he and defendant Madoule proceeded to that location and did confiscate fireworks. On the second visit to 516 Totoket Road, the defendants DeLuise and Madoule did view an illegal fireworks display. It was at this time that the plaintiff was injured, concurrent with the defendant's arrival at the scene. The defendant police officers noted the plaintiff's injuries and administered First Aid when they arrived on this second occasion.

**\*5** The defendants DeLuise and Madoule, as police officers performing their governmental duties, are deemed immune from liability as to the plaintiff's claims based on negligence. Where the plaintiff alleges facts in dispute, the question of whether governmental immunity applies is a question of law for the court to decide. *Purzycki v. Fairfield, supra* at 107 08. The question of whether the plaintiff himself falls within the first exception to governmental immunity is a question of law not fact.

As the court has determined that the plaintiff's claims against the defendants DeLuise and Madoule fail as a matter of law, the plaintiff's claim against the defendant Town of North Branford must also fail. Since there is no underlying liability against the two defendant police officers, there can be no liability for North Branford to indemnify for. "Any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee ..." *Wu v. Town of Fairfield,* 204 Conn. 435, 438 (1987). "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach, thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." *Sestito v. Groton,* 178 Conn. 520, 527 (1979). "The municipality's liability is derivative." *Kay v. Manchester,* 20 Conn.App. 439, 443-44 (1990).

Accordingly, for the reasons set forth herein, the motion for summary judgment in behalf of the defendants DeLuise, Madoule and North Branford is hereby granted.

Conn.Super.,2001.
Lipka v. Madoule
Not Reported in A.2d, 2001 WL 1712685 (Conn.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                                           Page 1

Not Reported in A.2d, 2001 WL 236755 (Conn.Super.), 29 Conn. L. Rptr. 371
**(Cite as: Not Reported in A.2d)**

c

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut.
Francisca NUNEZ, Adm.,
v.
VPSI, INC., et al.
**No. CV970347902.**

Feb. 20, 2001.

MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 168
MELVILLE.

*1 The plaintiff, Francisca Nunez, administratrix of the estate of the decedent, Maria Isabel Nunez, alleges the following facts in her second revised complaint. On October 21, 1995, the decedent was a passenger in a van [FN1] owned by VPSI and operated by Edgar Moran.[FN2] While driving the van, Moran disregarded a traffic signal. The defendant, Lieutenant Richard Priolo of the Stamford police department, proceeded to follow the van. Moran then stopped for the next traffic signal. Once the second light turned green, Priolo put on his overhead lights to stop the van. In response to Priolo's overhead lights, Moran began to pull the van over to the side of the road but then accelerated the van and continued to drive away from Priolo. The plaintiff alleges that Moran subsequently lost control of the van, the van left the road and collided with several objects. The decedent was severely injured in the collision and died two days later.

> FN1. According to the second revised complaint, the van was owned by defendant, Van Pool Services, Inc. (VPSI), leased by defendant Dress Barn, Inc., and was in the possession and control of defendants Yvonne Spears, Hector Alberty and Winston Coleman, who are Dress Barn employees.

> FN2. According to the evidence, Moran obtained possession of the van through Winston Coleman. Moran did not work for Dress Barn, did not have authority to use the van and did not have a driver's license.

On October 19, 1998, the plaintiff filed a twelve-count second revised complaint against the defendants. In count twelve, the plaintiff asserts a cause of action against Priolo for negligence. The plaintiff alleges that Priolo pursued the van and that his pursuit violated, *inter alia*, General Statutes § 14-283(d) and the Stamford police departments's motor vehicle pursuit policy. Priolo filed an amended answer and special defenses on November 18, 1999. In his special defenses, he asserts, *inter alia*, that he was acting in his official capacity as a police officer, and within his privilege of qualified immunity and within the performance of his discretionary duties. He also asserts that the decedent's actions caused her injuries. On January 12, 2000, Priolo filed a motion for summary judgment as to count twelve and a memorandum (Defendant's Memorandum), affidavit, and exhibits in support thereof.[FN3]

> FN3. In an apparent reference to an earlier version of the complaint, Priolo states that he is seeking summary judgment as to count twenty-four. Count twelve however, is the only count of the operative complaint in which the plaintiff asserts a cause of action against Priolo. The court will therefore treat the defendant's Motion for Summary Judgment as applying to count 12 of the revised complaint.

Practice Book § 384 (now § 17-49) provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                  Page 2
Not Reported in A.2d, 2001 WL 236755 (Conn.Super.), 29 Conn. L. Rptr. 371
**(Cite as: Not Reported in A.2d)**

submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material facts. (Citations omitted; internal quotation marks omitted.) *Appleton v. Board of Education,* 254 Conn. 205, 209, 757 A.2d 1059 (2000).

Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner. (Internal quotation marks omitted.) *Amendola v. Geremia,* 21 Conn.App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 218 (1990). The ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court unless there are unresolved factual issues material to the applicability of the defense where the resolution of those factual issues is properly left to the jury. (Internal quotation marks omitted.) *Purzycki v. Fairfield,* 244 Conn. 101, 107-08, 708 A.2d 937 (1998).

Priolo initially argues that he is entitled to summary judgment pursuant to the doctrine of qualified immunity because the plaintiff's cause of action against him is premised on his decision to make a motor vehicle stop which is a discretionary act. In the context of this argument. Priolo claims he did not engage in a high speed pursuit. In the alternative, if he did engage in a high speed pursuit, Priolo argues that summary judgment is still warranted because the pursuit was an inherently discretionary act and he acted in the performance of a governmental, public duty pursuant to General Statutes §§ 14-283 and 14-283a. Priolo also argues that summary judgment is warranted under 42 U.S.C. § 1983 because his conduct did not shock the conscience. Lastly, Priolo contends that he is entitled to summary judgment because Moran's criminal acts were the sole proximate cause of the accident. In opposition, the plaintiff argues that Priolo is not entitled to summary judgment because his actions were ministerial in nature. The plaintiff specifically asserts that Priolo pursued the van and that his conduct in so doing was ministerial. The plaintiff argues that the issue of whether Priolo violated prescribed statutory and municipal police procedures presents material factual questions for the jury to decide. The plaintiff contends that there are genuine issues of material fact as to whether or not there was a pursuit, what Priolo's rate of speed was, the length of the chase and whether he had probable cause to stop the van. Lastly, the plaintiff contends that 42 U.S.C. § 1983 does not apply because the plaintiff does not allege substantive due process violation of the constitution or a violation of other federal law.

*2 A public officer has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. (Internal quotation marks omitted.) *Lombard v. Edward J. Peters. Jr., P.C.,* 252 Conn. 623, 628, 749 A.2d 630 (2000). Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. (Citation omitted; internal quotation marks omitted.) *Kolaniak v. Board of Education,* 28 Conn.App. 277, 280, 610 A.2d 193 (1992). And where the duty of the public official to act is not ministerial but involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal. *Shore v. Stonington,* 187 Conn. 147, 153, 444 A.2d 1379 (1982).

The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. *Lombard v. Edward J. Peters. Jr., supra,* 252 Conn. 628. Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder, except where that issue is apparent from the complaint. (Citations omitted; internal quotation marks omitted.) Under Connecticut law, it is firmly

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                    Page 3
Not Reported in A.2d, 2001 WL 236755 (Conn.Super.), 29 Conn. L. Rptr. 371
**(Cite as: Not Reported in A.2d)**

established that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality. *Gordon v. Bridgeport Housing Authority,* 208 Conn. 161, 180, 544 A.2d 1185 (1988). The deployment of officers is particularly a governmental function. *Id.* (Citations omitted; internal quotation marks omitted.) Accordingly, several Superior Court cases have held that the process by which a police officer decides to make an arrest involves discretionary actions. (Internal quotation marks omitted.) *Anderson v. New London,* Superior Court, Judicial district of New London at New London, Docket No. 541273 (March 4, 1999) (Hurley, J.).

In this case, Priolo's initial decision to attempt to stop the van was related to police functions and thus was discretionary. The nature of Priolo's conduct after Moran failed to pull over and accelerated away from him, however, is also at issue here. Although Priolo maintains that he did not engage in a high speed pursuit, both parties presented sufficient evidence to raise a genuine question of material fact on this issue. For example, although Priolo attests that he did not "engage in a motor vehicle pursuit of the van," (Defendant's Memorandum, Exhibit A, ¶¶ 14, 16, 20, 21), he acknowledged that he continued to follow the van to keep it in sight and accelerated his vehicle up to about forty miles per hour in so doing. (*Id.,* ¶¶ 14, 15, 16.) In addition, in his police report, Priolo stated that after the van accelerated away from him, he "notified dispatch that [he] was attempting to stop a van ..." (Defendant's Memorandum, Exhibit B, p. 1.) Furthermore, Moran testified that, as he was speeding away from Priolo and again a half a block before the collision, he looked in the rear view mirror and Priolo was right behind him. (Plaintiff's Memorandum, Exhibit E, pp. 19, 20.)

*3 This court and at least one other judge of the Superior Court have held that pursuant to General Statutes 14-283,[FN4] an officer's conduct in engaging in a pursuit may be ministerial and thus not be protected by qualified immunity. As this court explained, although, "[t]he decision to engage in pursuit is discretionary and immunity may be a defense. However, once pursuit begins, the officer must abide by certain rules (e.g. the use of an audible warning signal) if he is to engage in pursuit in the manner described in the complaint. See Connecticut General Statutes § 14-283. The rules for such a pursuit are clearly set forth in the statute and if the officer neglected to follow the mandate of the statute ... thereby caused the plaintiff's injury, immunity *may not apply. Boone v. Mills,* Superior Court, judicial district of Litchfield at Litchfield, Docket No. 51318 (October 17, 1990) (McDonald, J.) (2 Conn.L.Rptr. 636)." (Emphasis in the original.) *Sciuto v. State,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322569 (December 23, 1999, Melville, J.) (26 Conn.L.Rptr. 182); see also, *Letowt v. Norwalk,* 41 Conn.Supp. 402, 579 A.2d 601, 1 Conn.L.Rptr. 12 (1989) (actions of police in driving to the accident scene are ministerial); *Borchetta v. Brown,* 41 Conn.Supp. 420, 580 A.2d 1007, 2 Conn.L.Rptr. 76 (1990) (same); *Hurdle v. Waterbury,* Superior Court, judicial district of Waterbury, Docket No. 123428 (Dec. 11, 1995) (Sullivan, J.) (same).

> FN4. Section 14-283(b) provides, in part, that: "The operator of any emergency vehicle may ... (3) exceed the posted speed limits ... as long as he does not endanger life or property by doing so." Section 14-283(c) provides, in part, that: "The exemptions herein granted shall apply only when an emergency vehicle is making use of an audible warning signal, device, including but not limited to a siren, whistle or bell ... and visible flashing or revolving lights ... and to any state or local police vehicle properly and lawfully making use of an audible warning signal device only." Section 14-283(d) provides that: "The provisions of this section shall not relieve the operator of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property."

In addition, as noted by the Connecticut Supreme Court, Section 14-283(d) expressly states "that it ' shall not relieve the operator of an emergency vehicle from the duty to drive with due regard for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d    Page 4
Not Reported in A.2d, 2001 WL 236755 (Conn.Super.), 29 Conn. L. Rptr. 371
**(Cite as: Not Reported in A.2d)**

the safety of all persons and property.' " *Tetro v. Stratford,* 189 Conn. 601, 609, 458 A.2d 5 (1983). Section 14-283 provides no special zone of limited liability once the defendants' negligence has been established. *Id.,* 610, 458 A.2d 5. The effect of the statute is merely to displace the conclusive presumption of negligence that ordinarily arises from the violation of traffic rules. The statute does not relieve operators of the emergency vehicles from their general duty to use due care for the safety of others. *Id.,* 609, 458 A.2d 5. Specifically, although § 14-283(b)(4) permits the operator of an emergency vehicle, with lights flashing and siren on, to "disregard statutes, ordinances or regulations governing direction of movement or turning in specific directions," § 14-283(d) also requires such an operator "to drive with due regard for the safety of all persons and property." It is also noteworthy that General Statutes § 14-283(b)(3) allows such operator "to exceed ... speed limits ... as long as he does not endanger life or property by doing so ..." *State v. Nesteriak,* 60 Conn.App. 647, 653, 760 A.2d 984 (2000).

In this case, the plaintiff alleges that Priolo operated his vehicle in violation of due care, § 14-283(d) and the pursuit policy of the Stamford Police department and the evidence submitted by the parties is sufficient to raise genuine issues of material fact as to these allegations. For example, although § 14-283a; *Fasanelli v. Terzo,* 150 Conn. 349, 357, 189 A.2d 500 (1963); and the Stamford pursuit policy; (Plaintiff's Memorandum, Exhibit C, p. 4); mandate that police cars engaged in pursuit must use an audible device or siren, Priolo attests that he did not activate his siren. (Defendant's Memorandum, Exhibit A, ¶¶ 19, 24.) Therefore, there are material questions of fact on the issue of whether Priolo negligently performed ministerial acts and thus this court cannot determine that Priolo is immune from liability as a matter of law.

*4 Priolo also argues that he is entitled to summary judgment because the accident was caused by the criminal conduct of Moran, and not by any action of Priolo. The question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue. (Citations omitted; internal quotation marks omitted.) *Stewart*

*v. Federated Dept. Stores, Inc.,* 234C 597, 611 (1995). It becomes a conclusion of law only when the mind of a fair and reasonable person could reach but only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact. *Id.* The test for finding proximate cause is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence. *Tetro v. Stratford, supra,* 189 Conn. 605. The foreseeable risk may include the acts of the plaintiff and of third parties. *Id.*

In analyzing issues of proximate cause, the Appellate Court notes that an intervening intentional or criminal act relieves a negligent defendant of liability, except where the harm caused by the intervening act is within the "scope of risk" created by the defendant's conduct or where the intervening act is reasonably foreseeable. Thus, as a *general* rule, the act of a third person in committing an intentional act or crime is a superseding cause of harm to another resulting therefrom. (Citations omitted.) *Suarez v. Sordo,* 43 Conn.App. 756, 762, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1998). This rule is subject, however, to the exception as
set forth in § 442B of the Restatement [of Torts], that: "[w]here the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct."

*Stewart v. Federated Department Stores, Inc., supra,* 234 Conn. 608-09.

*5 The doctrine of superseding cause cannot serve as a basis for determining as a matter of law that a defendant is relieved of liability. The doctrine must be applied to the facts of a case and therefore involves the resolution of questions properly left to the factfinder. (Citations omitted.) *Amendola v. Geremia, supra,* 21 Conn.App. 39. As explained by the Supreme Court:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
Not Reported in A.2d, 2001 WL 236755 (Conn.Super.), 29 Conn. L. Rptr. 371  
**(Cite as: Not Reported in A.2d)**

Page 5

the recklessness of the operator of the pursued car ... does not relieve the [police officer] defendants of liability because the trier of fact may find that the plaintiff's injury falls within the scope of the risk created by their negligent conduct in maintaining a police pursuit at high speeds in the wrong direction on a busy one-way street.

*Tetro v. Stratford, supra,* 189 Conn. 605-06.

In this case, Priolo submitted evidence that Moran pleaded guilty to the crime of negligent homicide with a motor vehicle under the Alford doctrine in connection with the accident. (Defendant's Memorandum, Exhibit D, pp. 9-10; Exhibit F. p. 1.) This evidence is insufficient to establish that, as a matter of law, Moran's criminal actions were the superseding cause of the accident. Consequently, genuine issues of material fact remain on the question of whether Priolo's conduct was the proximate cause of the accident.

Finally, as to Priolo's contention that he is entitled to summary judgment pursuant to 42 U.S.C. § 1983, the court declines to consider this argument because, as the plaintiff notes, the plaintiff does not allege that Priolo violated her constitutional right to due process or other federal laws.

Accordingly for all of the foregoing reasons Priolo's motion for summary judgment is hereby DENIED.

Conn.Super.,2001.  
Nunez v. VPSI, Inc.  
Not Reported in A.2d, 2001 WL 236755 (Conn.Super.), 29 Conn. L. Rptr. 371

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.