**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **GARY SESSION** | : | |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **CIV NO. 3:03CV00943 (AWT)** |
| | : | |
| | : | |
| **EDWIN RODRIGUEZ, STEPHEN COPPOLA** | : | |
| **& CITY OF NEW HAVEN** | : | |
| **Defendants** | : | **AUGUST 15, 2006** |

<u>**DEFENDANT CITY OF NEW HAVEN'S MEMORANDUM OF LAW**</u>
<u>**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

Pursuant to Rule 56, Fed. R. Civ. Proc., and Rule 7 of the Local Rules of Civil Procedure, the defendant City of New Haven ("City') moves for the entry of summary judgment in its favor on Counts One, Two and Three of the Revised Complaint dated June 29, 2005.  There is no genuine dispute of any of the material facts and the defendant City is entitled to judgment as a matter of law.

I.    <u>**BACKGROUND**</u>

The defendant City adopts the defendants Edwin Rodriguez and Stephen Coppola's "Background" section of their Memorandum of Law in Support of Motion for Summary Judgment in its Memorandum of Law in Support of Motion for Summary Judgment.

II.    **ARGUMENT**

The defendant City adopts the defendants Edwin Rodriguez and Stephen Coppola's "Argument" section of their Memorandum of Law in Support of Motion for Summary Judgment in its Memorandum of Law in Support of Motion for Summary Judgment.  The defendant City sets forth four additional arguments as listed below.

A.    **The Defendant City is Entitled to Summary Judgment**

1.    **The Federal Claims Against The City of New Haven Are Barred as The Alleged Violation of The Plaintiff's Rights Was Not The Result of an Official Policy, And Was Neither Ordered Nor Ratified**

As a preliminary matter, the plaintiff alleges that he is suing the all of the defendants in their individual capacity.  "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." (Citations and internal quotation marks omitted.)  Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).  Suing the defendant City of New Haven is an official capacity suit, even though the plaintiff alleges that he is suing the defendants in their individual capacities.

Under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a municipality "may not be held liable under §

1983 simply for the isolated unconstitutional acts of its employees. In order to impose §
1983 liability upon a municipality, a plaintiff must demonstrate that any constitutional
harm suffered was the result of a municipal policy or custom." Sorlucco v. New York
City Police Dep't, 971 F.2d 864, 870 (2d Cir. 1992). "To prevail on a §1983 claim
against a municipality, a plaintiff must plead and prove the following: "(1) an official
policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a
constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) (citing
Monell, 436 U.S. at 691, 694, 98 S.Ct. at 2036, 2037).

"Although this rule does not mean that the plaintiff must show that the
municipality had an explicitly stated rule or regulation, a single incident alleged in a
complaint, especially if it involved only actors below the policy-making level, does not
suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

The plaintiff alleges in the Revised Complaint that "these violations and torts
were committed as a result of policies and customs of the City of New Haven." (Rev.
Compl., ¶3.) Beyond that legal conclusion, the plaintiff has not set forth facts regarding
any official policy or custom of the City of New Haven that exists to violate
constitutionally protected rights. This case involves one particular homicide
investigation and the actions of two detectives, who are not at the policy-making level,
in regards to that investigation. There is no municipal liability for the City of New Haven
in this case.

Chief Francisco Ortiz, the head of the New Haven Department of Police Service ("NHDPS"), stated in an affidavit that there is no policy to violate the plaintiff's constitutional rights nor does the NHDPS condone violations of an individual's constitutional rights.  (Affidavit of Francisco Ortiz, Exhibit A). There is no evidence of Chief Ortiz either ordering or ratifying, either explicitly or implicitly, any policy that violates the plaintiff's constitutional rights.

As such, there is no legally sufficient cause of action against the defendant City. Summary judgment should be granted as to the City on all of the federal claims in Count One under 42 U.S.C. §1983.

> **2.    The Defendant City Did Not Violate the Plaintiff's Right to Equal Protection**

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.' Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073,1074-75, 145 L.Ed.2d 1060 (2000).  "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Id.

The plaintiff has not alleged that he is being treated any differently than anyone else, nor has any evidence suggesting a violation of equal protection come to light during discovery.   The defendant City is entitled to summary judgment on the equal protection claim.

> **3.    The Defendant City is Entitled to Governmental Immunity for Counts Two and Three**

Connecticut General Statutes §52-557n(a)(2)(A) provides, in pertinent part, that, "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct." Pane v. City of Danbury, 267 Conn. 669, 684, 841 A.2d 684 (2004).

In Count One and Two, the plaintiff claims that the City "falsely imprisoned" him and summarily punished him.   The defendant City of New Haven is entitled to governmental immunity pursuant to C.G.S. §52-557n(a)(2)(A) as to those three counts because the causes of actions in those counts require intentional or wilful misconduct. Summary judgment should be granted in the City's favor based on state law governmental immunity.

> **4.    The Defendant City Did Not Intentionally Inflict Emotional Distress on the Plaintiff.**

"In order for the plaintiff to prevail in a case for liability under ... intentional infliction of emotional distress, four elements must be established.   It must be shown:

(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)  Appleton v. Board of Education, 254 Conn. 205, 210 (2000).  "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine."  Id.

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Appleton, supra, 254 Conn. at 210-211.  "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'."  Id. at 211.  "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress."  Id.  "The rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind."  Petyan v. Ellis, 200 Conn. 243, 254 fn.5 (1986).

In Appleton, the conduct claimed to be extreme and outrageous included: condescending comments from Appleton's employer to her fellow colleagues questioning her vision and ability to read; Appleton's employer telephoning her daughter, representing that Appleton had been acting differently and should take a few days off from work; a telephone call from Appleton's employer to the police, who came to the school and escorted Appleton out of the building to her car; Appleton undergoing two psychiatric examinations at the request of the defendant board of education; and Appleton's forced suspension that ultimately caused her to resign.

The Appleton court held "these occurrences may very well have been distressing and hurtful to the plaintiff.  They do not, however, constitute extreme and outrageous conduct . . ." Appleton, supra, 254 Conn. at 211.  "In fact, this court has noted that it is not patently unreasonable for an employer to remove a discharged employee from its premises under a security escort."  (Internal quotation omitted.)  Id. at 211-12.

In Count Three of the Revised Complaint, the plaintiff never alleged that the defendant City's conduct was extreme and outrageous nor did the plaintiff allege that he suffered severe emotional distress as a result of the subject incident.  Second, there is no evidence that the defendant City acted extremely or outrageously at any time.  The plaintiff in this case also cannot establish an intentional infliction of emotional distress claim and the defendants are entitled to summary judgment on that claim.

III.     **<u>CONCLUSION</u>**

For the above stated reasons, the defendant City of New Haven moves this

Court to grant its motion for summary judgment.

THE DEFENDANT
CITY OF NEW HAVEN


BY:<u>/s/  Jonathan H. Beamon</u>
Jonathan H. Beamon
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th Floor
New Haven, CT  06510
Federal Bar No. ct22937
Phone: (203) 946-7958
Fax: (203) 946-7942
E-mail: jbeamon@newhavenct.net

**C E R T I F I C A T I O N**

I hereby certify that on a copy of the foregoing Memorandum of Law in Support of

Motion for Summary Judgment has been mailed and/or electronically delivered on

August 15, 2006 to the following:

Karen Mayer, Esq.
Philip Russell, P.C.
66 Field Point Road
P.O. Box 1437
Greenwich, CT  06836

Meghan Gallagher, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

/s/      Jonathan H. Beamon_____
Jonathan H. Beamon