**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

---------------------------------------------------X

| | |
|---|---|
| GARY SESSION | CIVIL ACTION NO. |
| Plaintiff     : | 303-CV-00943 (AWT) |
| VS.          : | |
| EDWIN RODRIGUEZ; STEPHEN       : | SEPTEMBER 1, 2006 |
| COPPOLA; AND CITY OF NEW HAVEN | |
|              : | |
| Defendants | |

--------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S RULE 56(f) MOTION**

The plaintiff respectfully submits this memorandum of law in support of his Rule 56(f) motion requesting the court to defer ruling on defendants' motions for summary judgment until such time as discovery has been completed and plaintiff can, accordingly, file substantive opposition papers thereto.

## I.   STANDARD FOR OBTAINING RULE 56(F) CONTINUANCE

Rule 56(f) of the Federal Rules of Civil Procedure provides that:

> Should it appear from the affidavits of the party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The policy behind Fed.R.Civ.P. 56(f) is basic. "Summary judgment should not be granted where the non-moving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986). "The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary

1

judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant

of summary judgment." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10[th]

Cir. 1986). "The federal rules evince a liberal policy with regard to discovery in order to allow

litigants to secure helpful evidence from the hands of their adversaries. See, e.g., Rule 56(f),

which allows the court to order a continuance on a summary judgment motion to allow

discovery; Rule 15(b), allowing the parties to conform the pleadings to the evidence that was

actually discovered and adduced at trial." Schlesinger Inv. Partnership v. Fluor Corp., 671 F.2d

739, 742 (1982). Summary judgment "should rarely be granted…when the plaintiff has not had

an opportunity to resort to discovery procedures." Id. at 743, *quoting* Schoenbaum v.

Firstbrook, 405 F.2d 215, 218 (2d Cir. 1968) (in bank), cert. denied *sub nom.*

The Second Circuit has developed a four-part test for district courts to use when ruling on

a party's request for discovery under Rule 56(f).    Sage Realty Corp. v. Ins. Co. of North

America, 34 F.3d 124, 128 (2d Cir. 1994).

> Rule 56(f) requires the opponent of a motion for summary judgment who seeks discovery
> to file an affidavit explaining: (1) the information sought and how it is to be obtained; (2)
> how a genuine issue of material fact will be raised by that information; (3) what efforts
> the affiant has made to obtain the information; and (4) why those efforts were
> unsuccessful.

Id.; *see also* Burlington Coat Factory Warehouse Corp. v. Esprit de Corp., 769 F.2d 919, 926,

(2d Cir. 1985).

## II.    PLAINTIFF HAS DILIGENTLY PURSUED THE DISCOVERY HE SEEKS

**A.    Plaintiff requires the requested continuance in order to complete discovery with respect to, at least, the following:**

1.    The plaintiff seeks a court order with respect to the outstanding discovery requests

    as set forth more completely in his Motion to Compel #52, #53, #54, dated May

    31, 2006.  Although defendants Rodriguez and Coppola objected to the motion

and the City of New Haven did not, the court has not yet entered orders on the motion. Because the plaintiff has reason to believe that the documents requested exist and that the defendants have the control and/or ability to obtain such documents but have failed to produce such documents, plaintiff resorted to the issuance of subpoenas upon the Office of the Medical Examiner, State of Connecticut Crime Squad Unit, Yale New Haven Hospital, and the New Haven Police Department.

2.      The plaintiff also seeks a court order with respect to plaintiff's opposition to defendant City of New Haven's Motion to Quash plaintiff's subpoena as against the police department files containing the personnel file and internal affairs files of Rodriguez and Coppola, Motion #67.

3.      Plaintiff intends to depose the two individually named defendants, Rodriguez and Coppola, and approximately 16 other officers. Plaintiff has previously scheduled and rescheduled these depositions because of the unwillingness of defendants to provide the underlying documentation sought.

4.      Plaintiff intends to depose Malka Shah, M.D. as a result of discovery obtained directly from the Office of The Chief Medical Examiner under the subpoena.

5.      Plaintiff also intends to depose Detective Schaefer as the result of discovery obtained directly from Major Crimes Unit under the subpoena.

6.      Plaintiff must continue with his deposition of the Keeper of Records of the New Haven Police Department for the files of the Lucky Investigation. The deposition was suspended on August 23, 2006 because the Keeper of Records had admittedly not made a thorough search for the items requested under the subpoena. (A copy

3

of the subpoena dated July 5, 2006 is attached hereto as Exhibit A. A copy of the subpoena and notice of deposition of the Keeper of Records dated August 10, 2006 is attached hereto as Exhibit B)

7.     The parties will also need to properly disclose several experts under the Federal Rules of Civil Procedure as a result of recent discovery and investigation.

**B.     <u>The discovery requested will preclude the entry of summary judgment.</u>**

Throughout discovery, plaintiff has continually requested basic items including but not limited to all warrant applications, including those rejected, evidence logs, written notes, privilege logs, memorandums, tape recordings of witness statements, photo boards and videotapes. Plaintiff's arguments are set forth more fully in his Motion to Compel #52, #53, and #54. In particular, plaintiff has requested any and all warrant applications for his arrest. *See* Request for Production #2, dated August 1, 2005.

After multiple attempts to obtain documents requested, plaintiff deposed The Keeper of Records of the New Haven Police Department, Sergeant Roger Young, on August 23, 2006. During his deposition he admitted that he is aware of at least one other arrest warrant for the plaintiff which was made by the defendants and was rejected by the Court. Nevertheless, he was unable to produce such documentation and *summarized that he would have to search for it because he hadn't done so prior to his deposition.* (A copy of the deposition of Sgt. Young is attached hereto as Exhibit C.)

While the plaintiff currently does not know what was contained within the application(s) for the prior rejected arrest warrant submitted by Officers Rodriguez and Coppola, the plaintiff does know that the Affidavits that were submitted in support of the arrest warrant and which did result in the plaintiff's arrest contained a material statement that the plaintiff had prior numerous

4

felony convictions. Those assertions were patently false inasmuch as defendant had no such record. Accordingly, the applications for arrest warrant which were rejected by the Court in the first instance, and which the plaintiff still has not seen, are germane as to the issue of intent with respect to the plaintiff's claims of false imprisonment and false arrest as averred against Officers Coppola and Rodriguez. Specifically, if the Officers submitted Affidavits which did not contain erroneous information regarding the plaintiff's alleged numerous prior felony convictions, and the same were rejected, and then the Officers inserted that information on a new arrest warrant application, which was accepted by the Court and for which probable cause was found, that would show that the Officers intentionally placed the plaintiff in jeopardy of his liberty both in terms of his false arrest and false imprisonment by intentionally placing false information before the Court so as to deprive him of same.

Plaintiff believes it will be able to show and should have the chance to submit evidence from which a trier of fact could find that the defendants Rodriguez and Coppola made materially false statements in the warrant application in order to claim probable cause, which ultimately led to plaintiff's arrest. Further, the defendants Rodriguez and Coppola omitted statements that would have exonerated plaintiff from arrest.

These omissions include: (i) an admission by Juan Scruggs that his gun discharged and he (not plaintiff) accidentally shot Anthony Lucky, Jr. (Scruggs statement page 13, 15, 24, 25); that there were three Hispanic males in the vehicle and that he could recognize them as Hispanic males because he is half Hispanic (page 7) (attached hereto as Exhibit D); and that he could recognize them (the suspects) again and make an I.D. (Exhibit E, Page 21). The defendants omitted this eyewitness information, which was exculpatory and instead only included

information from a confidential informant, Larkland Martin, who claims he witnessed the shooting and could identify the suspects.

Martin claimed he could identify the suspect and placed two of the passengers outside the vehicle, which was inconsistent with Scruggs and McCann's testimony that they were fired upon as the vehicle made a left turn. McCann also identified the suspects as three Hispanic males and stated he could identify them again if he saw them (McCann statement page 9, 20). This, too, was omitted from the arrest warrant affidavits.

Accordingly, the discovery sought is material to the opposition of the motions for summary judgment in that the plaintiff claims that no probable cause existed for his arrest and continued detention and the magistrate was misled by information contained in the affidavits that the affiants either knew were false or would have known was false had they not recklessly disregarded the truth. This, in addition to the omissions cited above.

Further, the Keeper of Records testified to the fact that many of the requests for production set forth in the subpoena can be kept under the control of other interdepartmental sections, such as the Property Room, the Detective's Bureau, and the Bureau of Identification. Although the Keeper was under subpoena to produce the records at his deposition, he stated he would need to do a thorough search for requested items such as evidence logs, tape-recorded statements, video tapes, lists of investigations in which the confidential informants provided knowledge that led to a conviction of a defendant, a list of the case numbers which supports the sworn affidavit in support of the arrest warrant of the plaintiff that he had been "convicted for numerous felonies", photo boards and mug shots used in the Lucky investigation for positive identifications, and a memo by Officer Hollie Miller regarding the plaintiff dated May 11, 2001.

Plaintiff identified each item on the inventory list of evidence as to the Lucky Investigation with the Keeper of Records.  Nevertheless, although requested, none of the items were produced during the deposition and the deposition was suspended until the Keeper of Records performs a more thorough search as set forth above.

Plaintiff maintains the necessity of this basic production before proceeding with depositions of the two individually named detectives.  Plaintiff should not be expected to depose the individual defendants without being able to question and confront them with this documentary information and should be afforded the opportunity to obtain the discovery and properly prepare for such deposition.  Once properly prepared, plaintiff expects to further adduce emergent facts from that testimony which will influence the outcome of the pending summary judgment motions.   As it currently stands, the production of the affidavits in support of the rejected first arrest warrant, by themselves, should preclude summary judgment on the false arrest and false imprisonment claims.

**C.** **Plaintiff made good faith efforts to obtain this basic discovery through interrogatories and request for production, written correspondence, repeated telephone calls to defense counsel, the filing of Plaintiff's Motion to Compel,  the issuance of subpoenas, and the filing of Plaintiff's Opposition to Defendant's Motion to Quash.**

On May 10, 2006, a telephonic status conference was held before Magistrate Martinez with all parties' counsel present.  At that time, plaintiff argued that discovery was not complete and an enlargement of time was necessary to obtain basic discovery requests.  The court ruled on Plaintiff's Motion for Enlargement of Time and ordered the parties to cooperate regarding outstanding discovery issues.  During the conference the Magistrate ordered compliance by May 17, 2006, and if necessary, plaintiff was to file a Motion to Compel no later than May 31, 2006.

During the conference call the Magistrate indicated that if discovery is in contention and a motion to compel was filed and responded to, that the Court would schedule the parties for argument and go through them one by one. (Attached hereto as Exhibit F (court transcript, page 18.)) Further, the court indicated that before the parties could amend the scheduling orders under Rule 26(f) the outstanding discovery must have come to a closure (Exhibit G).

Following the court conference, the court issued orders setting a deadline of July 14, 2006 to complete discovery and August 15, 2006 to file dispositive motions. Plaintiff's counsel contacted the court inquiring about and disputing the deadlines set by the court. (A copy of the letter dated May 15, 2006 is attached hereto as Exhibit H.)

In plaintiff's Motion to Compel, an enlargement of time was again proposed due to the frustration of failed discovery compliance by, and disputes with, defendants.

**D.    Plaintiff's efforts have been unsuccessful because defendants have continued to object to plaintiff's basic discovery request in a civil rights case and have not provided privilege or evidence logs to substantiate the objections.**

Plaintiff sought the discovery of evidence that the State of Connecticut was planning to use at trial in the underlying criminal charges against him and throughout this civil lawsuit. Although defendant City of New Haven claims that the Lucky Investigation remains open, the City disclosed in February, 2006, by way of written documentation, that it destroyed all the evidence in the case, including but not limited to taped statements, several spent shell casings, A 9 millimeter handgun and other unspecified projectiles, a soft top from a Suzuki Samurai vinyl covering of the interior tail gate, passenger side seat cover and driver's side seat cover.

The destruction of evidence occurred prior to the criminal trial of Jose Santiago and DeShawn Johnson for the murder of Lucky and subsequent to notice by the plaintiff herein that he was going to commence the instant civil lawsuit. Plaintiff has been frustrated by the policies

and procedures of the City inasmuch as he requested such evidence during the proceedings of his criminal trial as early as November, 2001.  It was the municipalities' duty to zealously protect evidence in its possession.  Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). Even if the City believed the evidence had no value against Johnson or Santiago, it was not justified in destroying it when doing so would prejudice the plaintiff.  The City made the application for destruction of evidence to the Court and, after obtaining orders by the Court (Robinson, J.) in February, 2002, and discarded the evidence on March 5, 2002.

Additionally, the individual defendants have not made a diligent effort to obtain the requested documents and instead defer by claiming that the City bears such responsibility since they do not have access to the records and no longer are employed by the City.  Plaintiff is still attempting to confirm whether or not all of the evidence was destroyed.  If all the evidence was destroyed and if there is evidence to support the fact that it has been destroyed, the plaintiff may also succeed against the instant summary judgment motions and at trial on an adverse-inference instruction.  The issue of intent, which is a question of fact generally unable to be decided in a motion for summary judgment,   will remain unresolved until such time as the evidence sought, including the rejected first arrest warrant application affidavits, are produced.  For this, the plaintiff should not be punished by having to respond to the instant summary judgment motions in a vacuum.

## III.    CONCLUSION

Plaintiff has the right to rely upon the court's ordered period of discovery and the defendant's good faith in attempting to resolve disputes during the  same.  The purpose of Rule 56(f) is to deal with premature motions for summary judgment by allowing "the hearing on the

motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

It is customary that the court's scheduling order sets the bar date for dispositive motions *after* the conclusion of discovery. In re Handy & Harman Refining Group, Inc. v. Coeur D'Alene Mines Corp., et al., 284 B.R. 333 (2002) (although all parties and the Court anticipated discovery to be complete, it is not). The court's decision on the pending discovery motions and objections, and the further discovery on the aforementioned issues, is very likely to establish evidence that controverts the material facts contained in the motions filed by Rodriguez, Coppola, and City of New Haven. Despite plaintiff's best efforts, and due to the defendants objections as on file, plaintiff has not been able to discover the information requested, even though the defendants did not properly make privilege logs concerning the disputed information. Finally, this request is not made for purposes of delay, will not prejudice any party herein and will serve to further the interests of justice.

This relief sought herein is based upon the memorandum, the attached Affidavit of Karen L. Mayer, all pleadings and paper on file in this action, and upon such other matters as properly may be presented to the Court at any hearing on this request.

WHEREFORE, for the foregoing reasons, the plaintiff respectfully moves for the court to allow plaintiff thirty (30) days after the close of discovery to file his opposition to the dispositive motions.

THE PLAINTIFF,
GARY SESSION

BY ___ /s/ Karen L. Mayer
    Karen L. Mayer
    Philip Russell, LLC
    66 Field Point Road
    Greenwich, CT 06830
    203-661-4200
    Federal Bar No. CT 26555