UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION

-----------------------------------------------------X
GARY SESSION                                :       CIVIL ACTION NO.

       Plaintiff                :       303-CV-00943 (AWT)

VS.                                         :

EDWIN RODRIGUEZ; STEPHEN                    :       SEPTEMBER 1, 2006
COPPOLA; AND CITY OF NEW HAVEN
                                            :
       Defendants
------------------------------------------------------X

### AFFIDAVIT OF KAREN L. MAYER IN SUPPORT OF PLAINTIFF'S RULE 56(f) MOTION

I, Karen L. Mayer, being duly sworn, deposes and states:

1. I am over the age of 18 and believe in the obligations of an oath.

2. I am counsel for the plaintiff and a member of good standing of the bar of this Court, the bar of the State of Connecticut, and the bars of the State of New York and the Southern District of New York. I submit this declaration, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, in support of plaintiff's request for discovery.

3. On the basis of a careful assessment of plaintiff's allegations and the current record, I believe that, to present his claims fully and responsibly, plaintiff needs the discovery sought for the reasons set forth in plaintiff's Rule 56(f) motion and memorandum and for the reasons detailed in plaintiff's counterstatement of material facts.

4. In particular, the discovery sought is necessary to determine, inter alia:

   a) What information the defendants Rodriguez and Coppola added to the application for plaintiff's arrest after the first application was rejected?

1

    b) What information or records the defendants Rodriguez and Coppola relied upon to make the statement in the application that the plaintiff had been "convicted for numerous felonies?"

    c) Why the defendants Rodriguez and Coppola omitted statements from their affidavits in support of arrest warrant that would have exonerated plaintiff from arrest, including: an admission by Juan Scruggs that his gun discharged and he (not plaintiff) accidentally shot Anthony Lucky, Jr.; that there were three Hispanic males in the vehicle and that Scruggs could recognize as Hispanic males because he is half Hispanic; and that Scruggs could recognize them (the suspects) again and make an identification?

    d) Whether the information and documentation that Sgt. Young, the Keeper of the Records for the New Haven Police Department, failed and neglected to search for and produce at his deposition on August 23, 2006, and which he has promised to search for and produce at the continuation of his deposition, contains further suppressed information germane to plaintiff's claims of false imprisonment and false arrest, such as more statements of third parties identifying persons other than plaintiff as suspects? (A copy of the deposition of Sgt. Young is attached to the plaintiff's Memorandum of Law as Exhibit C.)

5. In short, the plaintiff reasonably needs and should be allowed to complete discovery within the next 90 days, and thereafter file substantive responsive pleadings to the

motion for summary judgment, so long as the disputed requests currently pending before the court as on file are heard and determined shortly.

6. The plaintiff must take and should be allowed to pursue the depositions of the other police witnesses as set forth in the memorandum of law once the information and documentation sought is produced. The conclusion of these depositions should de facto end discovery, so long as the pending disputes on file have been determined and timely complied with by defendants, if the court so orders.

7. I declare under the penalty of perjury that that foregoing is true and correct.

                                              /s/ Karen L. Mayer  
                                              Karen L. Mayer

Subscribed and sworn to before  
me this 1st day of September, 2006.

/s/ Philip Russell  
Commissioner of the Superior Court

## **CERTIFICATION**

I hereby certify that on September 1, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of the filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

> BY   /s/ Karen L. Mayer
> Karen L. Mayer
> Philip Russell, LLC
> 66 Field Point Road
> Greenwich, CT 06830
> 203-661-4200
> Federal Bar No. CT 26555

4