UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
GARY SESSION                          *       CIVIL NO.: 3:03CV00943 (AWT)
          PLAINTIFF    *
vs.                                   *
                        *
CITY OF NEW HAVEN, STEPHEN
COPPOLA AND EDWIN RODRIGUEZ           *

          DEFENDANTS   *       SEPTEMBER 15, 2006
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S 56(F) MOTION

The Defendants, Stephen Coppola and Edwin Rodriguez (hereinafter, the "Individual Defendants"), through their attorneys, hereby object to the Plaintiff's 56(f) Motion. The Individual Defendants have complied, fully, with all of the Plaintiff's discovery requests and the scheduling orders set by the Court. Any attempts by the Plaintiff to expand the discovery deadlines set by this court should not be connected to the Plaintiff's ability to respond to the Individual Defendants' motions for summary judgment. The Individual Defendants' motion for summary judgment, filed on August 15, 2006, is based upon a question of law.

**The Individual Defendants have complied, fully, with the Plaintiff's Discovery Requests and with the Scheduling Order Set by This Court.**

On May 10, 2006, the court heard Oral Argument on the Plaintiff's Motion for Enlargement of Time (#42). On that date, the court entered an order expanding the deadline to complete discovery to July 14, 2006 and setting the deadline for dispositive motions at August 15, 2006. Since that time, instead of concentrating efforts on the completion of discovery, Plaintiff's counsel has focused a considerable amount of energy and time on filing motions to compel (#52 and #53), despite representations to the court that such motions would not be filed against the Individual

Defendants, and a motion for enlargement of time to conduct discovery (#61). The Individual Defendants' position as to the status of discovery and their request for sanctions is set forth at greater length in their memorandum in opposition to the Plaintiff's motions to compel ( #59), filed on June 19, 2006. The Individual Defendants have complied fully with the Plaintiff's requests for discovery and with the scheduling orders set by this court.

In the Plaintiff's most recent motion, he is requesting additional time for discovery in order to respond to the Individual Defendants' motion for summary judgment. Given that the Individual Defendants have fully complied with all of the Plaintiff's requests, there is no additional discovery that the Plaintiff could obtain from the Individual Defendants. Therefore, this motion appears to be yet an additional method by the Plaintiff of unnecessarily delaying and needlessly increasing the costs of this litigation.

**Additional Discovery is not Necessary to Respond to the Individual Defendants' Motion for Summary Judgment.**

Because the Individual Defendants' motion for summary judgment is based upon a question of law, no additional discovery is necessary for the Plaintiff to respond to the motion. The Plaintiff's claims for false arrest and malicious prosecution are contingent upon the Plaintiff's ability to demonstrate a lack of probable cause and a showing that the underlying criminal proceeding terminated in his favor. The threshold issue for the court is whether, on the facts alleged, [the plaintiff's] right to be free from arrest without probable cause was violated. This question is primary both for a § 1983 false arrest or malicious prosecution analysis . . . [because] the existence of probable cause is a complete defense to a civil rights claim alleging false arrest or malicious prosecution." Shattuck v. Town of Stratford, 233 F. Supp. 2d 301, 307 (2002). Moreover, "[i]t is well-settled in the Second Circuit that in order to prevail on a cause of action for false arrest or malicious prosecution, a plaintiff must prove that the underlying criminal proceeding terminated in

his favor. . . . A nolle, like [a]n adjournment in contemplation of dismissal involves the consent of both the prosecution and the accused and leaves open the question of the accused's guilt." (Citations omitted; internal quotation marks omitted.) Birdsall v. City of Hartford, 249 F. Supp. 2d 163, 171 (2003). The existence of probable cause and the outcome of the underlying criminal proceeding is evident both from the discovery propounded thus far and by the material facts agreed upon by the parties.

The arrest warrant[1] for the Plaintiff contained the accounts of several witnesses, who independently corroborated each other's detail of the events, various police reports and findings from the medical examiner that Anthony Lucky had been shot in the back. This warrant was presented to and signed by a neutral magistrate. After his arrest, the Plaintiff was afforded a probable cause hearing pursuant to Connecticut General Statutes § 54-46a. Considering the Plaintiff's claims that he was incarcerated for the following eleven months, one can logically conclude that there was a finding of probable cause at the Plaintiff's probable cause hearing. The credibility of the information was likely tested in the course of the probable cause hearing. Therefore, this court should be relieved of re-determining the issue of probable cause.

In addition, the Plaintiff has admitted that the charges against him were nolled and later dismissed. The charges were nolled because two witnesses became unavailable pursuant to Connecticut General Statutes § 54-56b. It is well-settled that a nolle is not sufficient showing that the underlying proceeding terminated in the Plaintiff's favor.

The relevant facts as admitted by the Plaintiff clearly establish the existence of probable cause and indicate that the underlying outcome of the Plaintiff's criminal proceeding was a nolle.

---

[1] The Plaintiff makes much of the possibility that a first warrant was rejected. However, the arrest warrant, which was used in connection with the Plaintiff's arrest contained sufficient evidence to obtain a signature by a neutral magistrate. It is the warrant that was used in connection with the Plaintiff's arrest that should be the only relevant warrant to the issue of probable cause.

The law is clear that when there is probable cause and when the accused does not receive a disposition which clearly establishes the accused's innocence, he or she cannot later establish claims for false arrest or malicious prosecution. Accordingly, no additional discovery is necessary in order to challenge the issues of law addressed in the Individual Defendants' Motion for Summary Judgment. .

For the foregoing reasons, the Individual Defendants respectfully request that this court deny the Plaintiff's Motion Pursuant to Rule 56(f).

                                    DEFENDANTS,

                                    /s/ Thomas E. Katon
                                    Thomas E. Katon
                                    Federal Bar No. ct 01565
                                    Susman, Duffy & Segaloff, P.C.
                                    55 Whitney Ave.
                                    New Haven, CT 06510
                                    tel.: 203-624-9830
                                    fax: 203-562-8430
                                    email: tkaton@susmanduffy.com

## CERTIFICATION

      I hereby certify that on September 15, 2006 a copy of the Defendants' Objection to Plaintiff's 56f Motion Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Thomas E. Katon
Thomas E. Katon
Federal Bar No. ct 01565
Susman, Duffy & Segaloff, P.C.
55 Whitney Ave.
New Haven, CT 06510
tel.: 203-624-9830
fax: 203-562-8430
email: tkaton@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\objection to plaintiff's 56f motion.doc