```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| GARY SESSION, | : |
| Plaintiff, | : |
| v. | : |
|  | : CASE NO. 3:03CV0943 (AWT) |
| EDWIN RODRIGUEZ, et al., | : |
| Defendants. | : |

## RULING ON DISCOVERY MOTIONS

Pending before the court are the following motions: plaintiff's Motion to Compel Defendant Stephen Coppola's Responses, and for Sanctions (doc. #52), plaintiff's Motion to Compel Defendant Edwin Rodriguez's Responses, and for Sanctions (doc. # 53), plaintiff's motion to compel defendant City of New Haven's Responses, and for Sanctions (doc. #54), plaintiff's Motion for Extension of Time to Complete Discovery (doc. #61) and defendant City of New Haven's Motion to Quash Subpoena (doc. #64). The court heard oral argument on these motions on October 20, 2006 and rules as follows.

A.   <u>Motions to Compel as to Individual Defendants (doc. #52,53)</u>:

As to the motions directed to the individual officers (doc. #52, 53), the court grants in part and denies in part the motions as follows:

Interrogatory #24- Granted.

Interrogatory #25- Granted.

Interrogatory #27- Granted.

Interrogatory #29- Withdrawn by plaintiff.

Interrogatory #35- Withdrawn by plaintiff.

Production Request #1- Granted.  Each individual defendant shall produce all responsive documents which are in his possession, custody or control.  Fed. R. Civ. P. 34(a).

Production Request #2- Granted.  Each individual defendant shall produce all responsive documents which are in his possession, custody or control.  Fed. R. Civ. P. 34(a).

Production Request #11- The plaintiff withdraws his motion to compel as to this request without prejudice.

The parties' respective requests for sanctions are denied.

B.   Motion to Compel as to City of New Haven (doc. #54):

As to the motion to compel directed to the City of New Haven (doc. #54), the court grants in part and denies in part the motion as follows:

Interrogatory #2- Denied without prejudice to reformulation of the request.

Interrogatory #3- Denied without prejudice to reformulation of the request.

Interrogatory #7(a) and 7(c)- Granted.  Pursuant to Fed. R. Civ. P. 33, if the answer to an interrogatory may be ascertained by examining a business record of the party upon whom the interrogatory has been served, production of the business record

is a sufficient answer to the interrogatory.

    Interrogatory #7(b)- The plaintiff withdraws his motion to compel as to this request.

    Interrogatory #11- The plaintiff withdraws his motion to compel as to this request.

    Interrogatory #31- Granted.

    Production Request #2- Granted.

    Production Request #5- The plaintiff withdraws his motion to compel as to this request without prejudice.

    Production Request #6- The plaintiff withdraws his motion to compel as to this request without prejudice.

    Production Request #7- Granted in part and denied in part. The defendant City of New Haven shall produce the complete file on the death of Anthony Lucky, Jr. with the exception of documents concerning any investigation which occurred after November 1, 2001.  Because the parties represented to the court that they are attempting to reach agreement as to any documents concerning any investigation which occurred after November 1, 2001, the request is denied without prejudice as to any such documents.

    Production Request #8- The plaintiff withdraws his motion to compel as to this request without prejudice.

    The plaintiff's request for sanctions is denied.

C.   <u>Motion for Extension of Time(doc. #61)</u>:

    The plaintiff's motion is granted.  The parties' deadline for

completion of discovery shall be December 20, 2006.

D.  <u>Motion to Quash Subpoena (doc. #64)</u>:

At oral argument, the defendant City of New Haven withdrew this motion without prejudice.

SO ORDERED at Hartford, Connecticut this 24th day of October, 2006.

```
           /s/
      _____
      Donna F. Martinez
      United States Magistrate Judge
```