# NEW HAVEN POLICE DEPT.
## CASE/INCIDENT REPORT

| COMPLAINT NO | INCIDENT DATE | TIME | DATE OF REPORT | TIME | TYPE OF INCIDENT | CODE | INVESTIGATING OFFICER | BADGE NO | REPORT TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99 | 0:01 | 7/25/99 | 13:30 | Assault w/Firearm | 040 | Det. Edwin Rodriquez | 0444 | Initial |

| STREET NO. STREET | | APT NO | INTERSECTING STREET | REFERRALS | TYPIST | DATE TYPED | TIME | DIVISION | CAR NO |
|---|---|---|---|---|---|---|---|---|---|
| Howard Avenue | | | Columbus Avenue | IS | | 7/25/99 | 13:32 | DetDiv | I-44 |

STATUS CODE   C - Complainant   V - Victim   A - Arrestee   AX - Arrestee Dangerous   W - Wanted On Warrant   J - Juvenile Referred   O - Others   M - Missing

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # |
|---|---|---|---|---|---|---|---|---|---|---|
| V | Lucky | Anthony | M | B | 08/16/82 | N/A | 76 Greta Street, 156 | West Haven | CT | |
| A | Mccann | Albert | | | 03/01/80 | 937-9422 | 649 First Avenue, 156 | West Haven | CT | |
| A | Scruggs | Juan | M | B | 09/25/82 | N/A | 125 Olson Drive, Ansonia | Ansonia | CT | |
| O | Det. Coppola | | | | P. D. 093 | | | | | |
| O | Det. Schaller | | | | P. D. 093 | | | | | |
| O | Det. Adger | | | | P. D. 093 | | | | | |
| O | Sgt. Norwood | | | | P. D. 093 | | | | | |
| O | Sgt. Peterson | | | | P. D. 093 | | | | | |
| | 1988 Suzuki | Samurai (red) | | | | | Vin # Js4 J C51 C5 J 42184 61 | | CT-472-HSK | CT |

## DETAILS

On July 25, 1999, at approximately 01:53 hours, Ofc. L. Dejesus notified the radio dispatch that while on the corner of Howard and Putnam Street she heard six (6) to eight (8) shots coming from the area of Rosette Street and Howard Avenue. Seconds Later Ofc. Freeman notified the dispatch he had a red Suzuki Samurai bearing CT 472-HSK traveling recklessly in the area Cedar Street and Congress Avenue, whom he believed was involved with the gunshots at Rosette and Howard Avenue. As both officers attempted to pull over aforementioned vehicle with their lights and siren, the operator then turned right onto York Street and attempted to elude aforementioned officers. The vehicle finally pulled over on College & South Frontage, at which time Officers had the two subjects from the vehicle exit ( Albert McCann, Juan Scruggs ). The third subject ( Anthony Lucky ) who was in the rear seat did not comply with the officers commands because he was suffering from a single gunshot wound to the stomach area. Lucky was treated at the scene for his injuries and later transported to 20 York Street ( Yale New Haven hospital ) where he was pronounced dead at 02:30 hours by Dr. Spector. Officers located a 380 Bretta semi-automatic Handgun, serial #589124 under the passenger seat of the red Suzuki Samurai. McCann and Scruggs stated to the officers that the shooting occurred at the corner of Howard Avenue and Columbus Avenue. It was at this time both McCann and Scruggs were placed under arrest and transported to 01 Union Avenue ( Police garage ) for processing For further details please refer to Bureau Identification case incident report. Both McCann and Scruggs had stated to detectives that Lucky had been shot at the corner of Howard Avenue and Columbus Avenue. A short time later uniform personnel had located a crime scene at the corner of Howard Avenue and Columbus Avenue.

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.

| SIGNED | DATE 7/25/99 | PAGES 1 | SUBSCRIBED AND SWORN TO BEFORE ME THIS 25th DAY OF July 19 99 | SIGNED | NOTARY PUBLIC |
|---|---|---|---|---|---|

©1997 Hanahan Computer Designs LLC    COPY A

# NEW HAVEN POLICE DEPT.
## CASE/INCIDENT REPORT - CONTINUATION

| COMPLAINT NO | INCIDENT DATE | TIME | APT NO | DATE OF REPORT | TIME | INTERSECTING STREET | REFERRALS | TYPE OF INCIDENT | CODE | INVESTIGATING OFFICER | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99, Sun | 0:01 | | 7/25/99 | 13:30 | Columbus Avenue | IS | Assault w/Firearm | 040 | Det. Edwin Rodriguez 0444 | 0444 |

| STREET NO, STREET | | | | | | | TYPIST | DATE TYPED | TIME | DIVISION | CAR NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Howard Avenue | | | | | | | | 7/25/99 | 13:32 | DetDiv | I-44 |

Members of the Bureau of Identification unit responded to the area of Howard & Columbus Avenue and located several 9mm casings on Howard Avenue as well as several 380 casings on Columbus Avenue. Det. Dadio recovered all items and placed them into the property room at 01 Union Avenue. For further details please refer to Det. Dadio police case incident report.

On aforementioned date Juan Scruggs supplied the undersigned with a taped statement regarding the shooting at Howard & Columbus Avenue. Prior to the statement Scruggs waived his rights. Scruggs stated that he and his friends Anthony Lucky, and Albert McCann drove to Columbus Avenue to meet his girlfriend "Ebony". Scruggs stated they were in McCann Aunt's vehicle, 1988, Red Suzuki Samurai, CT-477-HSK. Scruggs stated McCann blew the horn but that Ebony did not come out. Scruggs and the guys drove off and proceeded down Columbus Avenue towards Howard Avenue. Scruggs went on to state that he observed a blue Honda vehicle behind them and that the vehicle pulled up along the left side of them and then cut in front of them. Once they caught up to them at the light on Howard & Columbus Avenue Scruggs stated that McCann and the driver of the Honda had words. Scruggs states that McCann continued to drive on Columbus Avenue toward Church Street South and that the Honda took a left onto Howard Avenue. It was at this time the passenger of the Honda started firing at them. Scruggs asked McCann for the gun and McCann told him that it was in back of the driver seat. When Scruggs grabbed the gun he put his finger on the trigger and pulled off the safety, it was at this time the gun fired inside the vehicle. Scruggs then leaned over McCann who was driving and pointed the weapon out the drivers window and fired two at the Honda. Once the gunshots stopped Scruggs stated Lucky yelled "I'm hit, I can't breath.". McCann then proceeded to drive Lucky to the hospital but he pass by it because he was nervous. As he went around the block on South Frontage they were stopped by Officer Freeman and Losty. Both Scruggs and McCann told the officers that Lucky was in the back seat and that he was suffering from a single gunshot wound to the stomach area. Lucky was treated at the scene and later transported to 20 York Yale New Haven Hospital emergency room for further treatment. While in the operating room Lucky expired (02:30). Inside the vehicle under the passenger seat officers located a 380 semi auto- handgun (serial -589124). Juan Scruggs was placed under arrest and charged with weapon in a motor vehicle 29-38, unlawful discharge of a firearm 53-203, reckless endangerment 1st 53a-63. For further details please refer to Scruggs taped statement.

On July 25, 1999, at approximately 10:00 hours, Albert McCann supplied the under signed with a taped statement regarding the shooting of Anthony Lucky. Prior to the statement McCann waived his rights. They They drove to Scruggs girlfriends house (Ebony) on Columbus Avenue but that she was not there. McCann then stated that they drove off down Columbus Avenue toward Howard Avenue, McCann noticed that they were being followed by a blue Honda. The Honda passed them on the left side and then proceeded to cut in front of them. As they stopped at the light on Howard & Columbus Avenue McCann stated that their were three Hispanic males in the blue Honda.

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.

SIGNED [signature]  DATE 7/25/99  PAGES 1-2  SUBSCRIBED AND SWORN TO BEFORE ME THIS 25th DAY OF July [signature]  SIGNED [signature]

©1997 Hanahan Computer Designs LLC

# NEW HAVEN POLICE DEPT.
## CASE/INCIDENT REPORT - CONTINUATION

Report Type: Initial

| COMPLAINT NO | INCIDENT DATE | TIME | APT NO | DATE OF REPORT | TIME | INTERSECTING STREET | REFERRALS | TYPE OF INCIDENT | CODE | INVESTIGATING OFFICER | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99, Sun | 0:01 | | 7/25/99 | 13:30 | Columbus Avenue | ISU | Assault w/Firearm | 040 | Det. Edwin Rodriquez  0444 | 0444 |

| STREET NO. STREET | | | | | | TYPIST | DATE TYPED | TIME | DIVISION | | CAR NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Howard Avenue | | | | | | | 7/25/99 | 13:32 | DetDiv | | I-44 |

Words were exchanged between the driver of the blue Honda and McCann. After the words were exchanged McCann stated that he heard the driver of the blue Honda state to the passenger " It's under the seat, get it ". It was at this time McCann proceeded down Columbus Avenue toward Church Street South and the blue Honda left on Howard toward Washington Avenue. Once the Honda made the turn McCann saw the passenger point a weapon and start firing shot at him and his friends. McCann stated that Scruggs then asked him for the heat ( Gun ) and he told him that it was in back of the driver seat. Scruggs grabbed the gun and then pointed the gun out of the driver window and fired two to three shots at the Honda. Once the shooting stopped McCann state he heard Lucky say " I been hit, I been hit in the back ". McCann then tried to drive Lucky to the hospital but drove by it, so he tried to go around the block. McCann was then stopped by the police on the corner South Frontage Road and College Street. Officer had medical personnel treat Lucky for his injuries and then transport him to 20 York Street Yale New Haven hospital emergency room. Lucky expired a short time later ( 02:30 ). McCann state that I. D. is possible and that the subject in the rear seat he has seen before in Fair Haven ( Grand Avenue & Poplar Street ). Albert McCann was placed under arrest and charged with Weapon in a Motor vehicle 29-38. For further detail please refer to taped statement.

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.

SIGNED _____ DATE 7/25/99  PAGES 1-3

SUBSCRIBED AND SWORN TO BEFORE ME THIS 25th DAY OF July 19 99

SIGNED _____ COPY B    NOTARY PUBLIC

©1997 Hanahan Computer Designs LLC

(watermark: ORIGINAL)

# NEW HAVEN DEPARTMENT OF POLICE SERVICE
## CASE/INCIDENT REPORT — SUPPLEMENTARY

| COMPLAINT NO. | STREET NO. | STREET NAME AND TYPE | APARTMENT NO./LOCATION | DATE OF INCIDENT | TIME OF INCIDENT | DATE OF REPORT | TIME OF REPORT | TOWN CODE | TYPE OF INCIDENT | INTERSECTING STREET NAME AND TYPE | INCIDENT CODE | INVESTIGATING OFFICER | BADGE NO. | DIVISION | CAR NO. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 46990 | | Columbus Avenue Street | | 07-25-99 1 | 0150 | 07-26-99 | 1800 | 093 | Homicide – supplemental | Howard Avenue | 4813 | R. Benson | 804 | ID X | I-123 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Status | Last Name | First Name | Middle | Sex | Race | Date of Birth (Month/Day/Year) | Telephone | Address |
| C/V | Lucky | Anthony | | M | B | 08 16 82 | | |
| C/V | Wolcheski | J., PD093 | | | | | | |
| O | Melendez | F., PD093 | | | | | | |
| O | Petersen | J., PD093 | | | | | | |

**Details:** On 07-25-99, I was requested by Det. Sgt. J. Petersen, ISU, to meet with USD units at Beirne's Pharmacy, #615 Howard Avenue to retrieve projectiles that had entered the pharmacy earlier on 07-25-99 during a gun battle which had resulted in the death of the complainant. I met with Offs. J. Wolcheski and F. Melendez at approximately 2130 hours.

There were three apparent bullet strikes to the north side of the building. Two were in the building's siding and were approximately four feet from the sidewalk. The third strike was in a pane of glass and measured approximately six feet from the sidewalk. On the interior of the store, I found that one projectile had entered a particle board counter and I photographed its location and retrieved same. Another projectile had passed through the pharmacy counter and was located on the floor, away from the counter it had struck; this projectile was also photographed and retrieved. The third projectile, which had entered through the window, had struck a heavy metal security bar and fragmented into very small pieces that would not be identifiable.

Upon return to the Identification Unit, I packaged the two copper-jacketed projectiles for further testing at the state laboratory and placed them with other firearms evidence from this incident. The negatives of the photographs will be on file in the Identification Unit; refer to the original report for further details.

I HEREBY CERTIFY THAT THE DOCUMENT(S) ATTACHED HERETO ARE TRUE COPIES OF THE OFFICIAL RECORDS OF THE NEW HAVEN DEPARTMENT OF POLICE SERVICE

SIGNED: _[signature]_ 07-26-99
SUBSCRIBED AND SWORN TO BEFORE ME
THIS ___ DAY OF _____ 19__
NOTARY PUBLIC ☐ 1-24 CGS

COPY A

## DEPARTMENT OF POLICE SERVICES
## IDENTIFICATION UNIT REPORT

COMPLAINT NUMBER: 99-46990          DATE: 7-28-99

TYPE OF INCIDENT: Homicide - Supplement
LOCATION: Columbus + Howard
OFFICER: L. Mazzola

LATENTS FOUND:    YES    (NO)
PHOTOS:           YES    (NO)
INJURY PHOTOS:    YES    (NO)

REMARKS: On 7-28-99 I processed a 9mm Beretta #1934 serial number 589124 that was entered into evidence by ofc R Costy to assist Det. Dadio. I utilized the superglue fuming method in conjunction with flourescent powders. No prints suitable for identification developed. —End Report.—

I HEREBY CERTIFY THAT THE DOCUMENT(S) ATTACHED HERETO ARE TRUE COPIES OF THE OFFICIAL RECORDS OF THE NEW HAVEN DEPARTMENT OF POLICE SERVICE.

THIS REPORT IS SIGNED UNDER PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.
SIGNED: L M Mazzola
DATE: 7-28-99

# New Haven Police Bureau Of Identification
## PERSONS REPORT

| COMPLIANT NO | INCIDENT DATE | TIME | DATE OF REPORT | TIME | TYPE OF INCIDENT | REFERRALS | TYPIST | DATE TYPED | TIME | CODE | INVESTIGATING OFFICER | REPORT TYPE | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99, Sun | 150:00 | 7/29/99 | 20:31 | Suppl. Inv. | ISU | LMD | 7/29/99 | 20:32 | 4813 | Det. Lisa M. Dadio 0545 | Suppl. | I-120 |

| STREET NO., STREET | APT NO | INTERSECTING STREET | DIVISION | CAR NO |
|---|---|---|---|---|
| Howard Avenue | | Columbus Avenue | Ident | |

STATUS CODE: C - Complainant  V - Victim  A - Arrestee  AX - Arrestee Dangerous  W - Wanted On Warrant  J - Juvenile Referred  O - Others  M - Missing

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| V | Lucky | Anthony | M | B | 08/16/82 | | 76 Greta Street | West Haven | CT | 472-HSK | CT |
| O | Mccann | Albert | M | B | 03/01/80 | | 649 First Avenue | West Haven | CT | | |
| O | Scruggs | Juan | M | B | 09/25/82 | | 125 Olsen Drive | Ansonia | CT | | |
| O | Kendall | Sgt. E. Pd093 | | | | 946-6304 | 1 Union Avenue | New Haven | CT | | |
| O | Shelton | Det. G. Pd093 | | | | 946-6304 | 1 Union Avenue | New Haven | CT | | |
| O | O'connell | Sgt. J. Pd093 | | | | 946-6316 | 1 Union Avenue | New Haven | CT | | |
| O | Kearney | Capt. B. Pd093 | | | | 946-6316 | 1 Union Avenue | New Haven | CT | | |
| O | Norwood | Sgt. B. Pd093 | | | | 946-6304 | 1 Union Avenue | New Haven | CT | | |
| O | Dejesus | Ofc. L. Pd093 | | | | 946-6316 | 1 Union Avenue | New Haven | CT | | |
| O | Teague | Ofc. S. Pd093 | | | | 946-6316 | 1 Union Avenue | New Haven | CT | | |
| O | Minardi | Ofc. Ja. Pd093 | | | | 946-6316 | 1 Union Avenue | New Haven | CT | | |
| O | Rohmer | Ofc. L. Pd093 | | | | 946-6316 | 1 Union Avenue | New Haven | CT | | |
| O | Peterson | Sgt. J. Pd093 | | | | 946-6304 | 1 Union Avenue | New Haven | CT | | |
| O | Losty | Ofc. R. Pd093 | | | | 946-6316 | 1 Union Avenue | New Haven | CT | | |
| O | Adger | Det. P. Pd093 | | | | 946-6304 | 1 Union Avenue | New Haven | CT | | |
| O | Schaller | Det. J. Pd093 | | | | 946-6304 | 1 Union Avenue | New Haven | CT | | |
| O | Freeman | Ofc. Q. Pd093 | | | | 946-6316 | 1 Union Avenue | New Haven | CT | | |
| O | Suzuki Samurai | Color- Red | | | | | Vin# Js4jc51c5j4218461 | | | 472-HSK | CT |

I HEREBY CERTIFY THAT THE DOCUMENT(S) ATTACHED HERETO ARE TRUE COPIES OF THE OFFICIAL RECORDS OF THE NEW HAVEN DEPARTMENT OF POLICE SERVICE



THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.

SIGNED L.M. Dadio  DATE 7/29/99  PAGES /9

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____ 19 ___ SIGNED _____ NOTARY PUBLIC ☐

©1997 Hanahan Computer Designs LLC   1-24

New Haven Police Bureau Of Identification

## CASE/INCIDENT REPORT - CONTINUATION

| COMPLAINT NO | STREET NO. STREET | INCIDENT DATE | TIME | DATE OF REPORT | TIME | INTERSECTING STREET | REFERRALS | TYPE OF INCIDENT | TYPIST | DATE TYPED | TIME | CODE | DIVISION | INVESTIGATING OFFICER | CAR NO | BADGE NO | Report Type | Page | Suppl. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | Howard Avenue | 07/25/99, Sun | 150:00 | 7/29/99 | 20:31 | Columbus Avenue | ISU | Suppl. Inv. | LMD | 7/29/99 | 20:32 | 4813 | Ident | Det. Lisa M. Dadio 0545 | 1-120 | 0545 | | | 2 |

On July 25, 1999, at approximately 0237 hours, I had received a telephone call at my residence from Sgt. Kendall, the supervisor in charge of the Bureau of Identification. Sgt. Kendall had informed me that there had been a serious shooting and I had been asked to come in and process the crime scene.

At the police department, prior to my arrival at the primary scene, I had learned that the victim of the shooting had succumbed from his wounds and had been being treated at one of the area hospitals. Sgt. Kendall had informed me of what little information had been known at this time concerning the incident. The primary crime scene had been near the intersection of Columbus and Howard Avenues and there had been a secondary scene at South Frontage Road and College Street, where the vehicle that the victim had been in had been parked.

At approximately 0330 hours, Det. Shelton and I responded to the area of Howard and Columbus Avenue. The streets had been blocked off preventing any vehicular or pedestrian traffic from entering the crime scene. The following streets had been blocked off: The intersection of Columbus Avenue and Salem Street, the intersection of Columbus Avenue and Howard Avenue, and the intersection of Howard Avenue and Minor Street. The intersection of Howard and Columbus had been closed off as not to allow vehicles to travel north on Howard Avenue. The crime scene had been secured by some of the above named officers. The area where this incident had occurred is in a primarily residential neighborhood, in the Hill section of the city. There is a school located on the south west corner of the intersection of Howard and Columbus. The weather had been very warm and humid, with no forms of precipitation falling either prior to or during our stay at the crime scene. The overhead traffic control signals at the intersection of Howard and Columbus had been fully functional. The time that this incident had occurred had been in the night, with the lighting conditions being good. There had been overhead street lights as well as lighting from neighboring residences that had illuminated the area of the crime scene.

I had begun my aspect of the crime scene by noting both the above information as well as the following: There had been spent shell casings, and projectiles within this crime scene. The building of 615 Howard Avenue, which houses Beirne's Pharmacy had been struck at least three times by bullets, all on the south east corner, that facing Columbus Avenue. The following vehicles had been parked within the Howard Avenue area of the crime scene: Connecticut registration 774-MEW, a three door Toyota Corolla color silver which had been parked between 619-621 and 623-625 Howard Avenue on the east side facing north. Connecticut registration 750-MXH a two door Nissan Pulsar color white which had been parked in front of 623-625 Howard Avenue on the east side facing north. Connecticut registration 531-MPT, a four door Acura Vigor color white which had been parked in front of 644 Howard Avenue on the west side facing south. Connecticut registration 602-MGA, a two door Cadillac Eldorado color silver which had been parked in front of 634 Howard Avenue on the west side facing south. A two door Oldsmobile Cutlass tan in color which had no registration

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.

SIGNED _L.M. Dadio_  DATE 7/29/99  PAGES 2/9

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF ___ 19 ___

SIGNED ___  NOTARY PUBLIC ☐   COPY B ☐ 1-24

©1997 Hanahan Computer Designs LLC

New Haven Police Bureau Of Identification

## CASE/INCIDENT REPORT - CONTINUATION

| COMPLAINT NO | STREET NO. STREET | INCIDENT DATE | TIME | APT NO | INTERSECTING STREET | DATE OF REPORT | TIME | REFERRALS | TYPE OF INCIDENT | CODE | DIVISION | INVESTIGATING OFFICER | CAR NO | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | Howard Avenue | 07/25/99, Sun | 150:00 | | Columbus Avenue | 7/29/99 | 20:31 | ISU | Suppl. Inv. | 4813 | Ident | Det. Lisa M. Dadio  0545 | 1-120 | 0545 |

Report Type: Suppl.  Page: 3

plate upon it and had been parked in front of 622 Howard Avenue on the west side facing south. Connecticut registration 770-NHE, a four door Chevrolet Cavalier color silver which had been parked in front of 622 Howard Avenue on the west side facing south. There had not been any parked vehicles on the east portion of the intersection of Howard and Columbus Avenue that had been involved in the crime scene. Prior to our arrival some officers had placed business cards under the ballistic items of evidence that they had located within the crime scene as well as marking the building of 615 Howard Avenue. The first shell casing had been located on the street of Columbus Avenue east of its intersection with Howard Avenue, across from 261 Columbus Avenue, that being the Iglesia Cristiana Damasco Pentecostal Church. There had been two additional items of ballistic evidence on Columbus Avenue, in the street prior to its intersection with Howard Avenue, one of these had been a lead projectile and the other had been a spent shell casing. The three ballistic items of evidence had all been within an approximate area of fifty feet. There had been three additional items of ballistic evidence located within the intersection of Howard and Columbus Avenues. Two of which had been spent shell casings and one had been a lead projectile. There had been two ballistic items of evidence located on Howard Avenue in the area of 619-621 and 625-627 Howard Avenue, in the street.

Prior to photographing the crime scene, I went to South Frontage and College Street to photograph the vehicle that the victim had been in. Ofc. Losty had been securing the vehicle. When I had arrived at the intersection of South Frontage and College, I had observed the following pertaining to the vehicle: The vehicle had been a Suzuki Samurai, with Connecticut registration 472-HSK, color red. The vehicle had been parked on College Street just past its intersection with South Frontage, facing south on the west side of the street. The passenger side front door had been open and its window had been completely down. The driver's side door had been closed and the window had been down about three quarters of the way. The vehicle had a soft top, and the back portion of the soft top above the tail gate had been unzipped and unfastened. The interior of the vehicle had been in complete disarray and I had learned from Ofc. Losty that both he and Ofc. Freeman had searched the entire interior of the vehicle. The glove compartment box had been open, the front passenger side seat had been up towards the dashboard, the keys to the vehicle had been on the roof, and the vehicle had not been running. I photographed the vehicle in the condition that I had found it. The vehicle had then been towed to the police garage for further processing. (Refer to both Ofc. Losty and Ofc. Freeman's reports for their aspect of this investigation)

I had then returned to Howard and Columbus Avenues, which had still been secured. I had then begun photographing the crime scene and the items of evidentiary value that had been within the crime scene. As I was photographing the crime scene, Det. Shelton had prepared a rough sketch of the crime scene and had taken measurements of the crime scene with the assistance of Ofc. Teague. Det. Shelton had placed photographic number stanchions next to each item of ballistic evidence, to enhance the crime scene photography and show how the items of evidence had related to each other and the crime scene.

©1997 Hanahan Computer Designs LLC
THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT
SIGNED  DATE 7/29/99  PAGES 3/9
SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF ___  19 ___  SIGNED ___  NOTARY PUBLIC ☐  COPY B  1-24

New Haven Police Bureau Of Identification

# CASE/INCIDENT REPORT - CONTINUATION

| COMPLAINT NO | INCIDENT DATE | TIME | DATE OF REPORT | TIME | TYPE OF INCIDENT | CODE | INVESTIGATING OFFICER | BADGE NO |
|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99, Sun | 150:00 | 7/29/99 | 20:31 | Suppl. Inv. | 4813 | Det. Lisa M. Dadio 0545 | 0545 |

| STREET NO, STREET | APT NO | INTERSECTING STREET | REFERRALS | TYPIST | DATE TYPED | TIME | DIVISION | CAR NO |
|---|---|---|---|---|---|---|---|---|
| Howard Avenue | | Columbus Avenue | ISU | LMD | 7/29/99 | 20:32 | Ident | 1-120 |

Report Type: Suppl.  Page 4

Once the photography had been completed, I had then begun to collect the items of evidence. The following item numbers also had referred to the photographic number stanchions that had been used for the crime scene photography:

Item #1 - A spent shell casing, which had been facing up on a card, and had been located on Columbus Avenue. This shell casing had been damaged.
Item #2 - A lead projectile, which had been facing up on a card, and had been located on Columbus Avenue.
Item #3 - A spent shell casing, which had been facing up on a card, and had been located on Columbus Avenue.
Item #4 - A spent shell casing, which had been on its side on a card, and had been located in the intersection of Howard and Columbus Avenue. This shell casing had been damaged.
Item #5 - A spent shell casing, which had been on its side on a card, and had been located in the intersection of Howard and Columbus Avenue.
Item #6 - A lead projectile, which had been located in the intersection of Howard and Columbus Avenue.
Item #7 - A spent shell casing, which had been on its side on a card, and had been located on Howard Avenue.
Item #8 - A spent shell casing, which had been located on Howard Avenue.

Each item of evidence that had been seized had been placed into separate evidence envelopes.

Three additional item numbers had been used for crime scene photography. A piece of paper had been placed next to each apparent bullet strike that had hit Beirne's. Number 9 had been used to show the bullet hole that had entered Beirne's on the Columbus Avenue side, closest east. Number 10 had been used to show the bullet hole that had struck closest west. Number 11 had been used to show the bullet hole that had hit the glass window on the Columbus Avenue side closest west.

Due to the hour that this incident had occurred, I had been able to take daylight photographs of the crime scene, as well as look for any additional items of evidence that pertained to this incident. There had been two additional items of ballistic evidence that had been located, one of which had been seized and the other had not. The ballistic item of evidence that had been seized, had been from the front of the building which houses Beirne's. On the Howard Avenue side, there had been a bullet hole and projectile that had been lodged in the upper portion of the building, below the words of Home Care Center. Below the "re" in "Care", there had been a lead projectile protruding from the wood. This projectile had been photographed and removed. It had appeared to had come from the line of fire from Howard Avenue and its intersection with Columbus Avenue, as one would travel north on Howard Avenue. The three bullet holes in the side of Beirne's had also appeared to had come from the same direction. The other ballistic item of evidence that had been located but we had been unable to retrieve, had been into the wood shingles on the house located at 622

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.
SIGNED L.M. Dadio   DATE 7/29/99   PAGES 4/4
©1997 Hanahan Computer Designs LLC   1-24
SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF ___ 19__   SIGNED ___   COPY B   NOTARY PUBLIC

New Haven Police Bureau Of Identification

## CASE/INCIDENT REPORT - CONTINUATION

| COMPLAINT NO | INCIDENT DATE | TIME | DATE OF REPORT | TIME | TYPE OF INCIDENT | REFERRALS | TYPIST | DATE TYPED | TIME | CODE | DIVISION | INVESTIGATING OFFICER | BADGE NO | CAR NO | Report Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99, Sun | 1450:00 | 7/29/99 | 20:31 | Suppl. Inv. | ISU | LMD | 7/29/99 | 20:32 | 4813 | Ident | Det. Lisa M. Dadio  0545 | 0545 | I-120 | Suppl. |

| STREET NO. STREET | APT NO | INTERSECTING STREET | | | | | | | | | | | | | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Howard Avenue | | Columbus Avenue | | | | | | | | | | | | | 5 |

Howard Avenue. The hole had been on the first floor of the building, to the south of the first floor windows. This hole had been consistent with having been caused from a line of fire from Columbus Avenue towards Howard Avenue, in the east to west direction. As with all the buildings that had been damaged from ballistic evidence, at this time it had not been determined whether these items had been caused from this incident or another.

We had released this scene at approximately 0630 hours.

On July 25, 1999, at approximately 1445 hours, a search and seizure warrant had been served on the Suzuki Samurai that had been kept secure inside of the police garage located at 710 Sherman Parkway. We had begun this aspect of the investigation by locating any ballistic evidence that would assist in the investigation in this incident. The back seat of this vehicle had just consisted of a bench seat with no backing. There had been numerous items of clothing, oil bottles, and the such strewn about within the vehicle. The vehicle had been extremely dirty and there had been numerous dents and the such on the exterior of the vehicle. We had removed most of the items that had been within the vehicle prior to our search. While we had been removing items, we had observed reddish/brown in color stains present on a few items that had been in the back portion of the vehicle. There had also been a substantial portion of a reddish/brown in color substance on the back bench seat, on a speaker in the back and on the bottom metal portion of the vehicle. I had observed a tear/hole in the vinyl covering that is on the interior of the tail gate. I pulled down the top portion of the tailgate and observed that there had been a piece of cardboard type insulation that had also had a tear/hole that lined up with the vinyl, and then behind this insulation there had been an apparent bullet hole that had been through the tail gate, and appeared to had been caused from a bullet entering the exterior to the interior. The hole in the tail gate had actually opened up into the vehicle. A search of the spare tire that had been on the exterior of the vehicle's tailgate, had yielded an apparent bullet hole that had traveled into the spare tire into the tail gate on an angle. Using a trajectory rod, we had been able to show the path of the bullet that had entered the vehicle from the exterior. The bullet hole that had entered the vehicle had been approximately seven inches high from the bench seat, ten and one half inches from the bottom of the interior back floor and thirty five and one half inched from the ground to the puncture in the tire. This had been photographed. This had appeared to had been the only ballistic related evidence that had been located. There had been what appeared to be a dent caused from a projectile on the driver's side rear tire rim. This had also been photographed. A search throughout the interior of the vehicle had not yielded any other items of ballistic evidence or damage. The only items of evidence that had been seized from the vehicle on this date had been two yellow in color t-shirts that had been located in the back area of the vehicle. The vehicle was to remain secure until the following day when we would return to further examine the vehicle. We had left the police garage at approximately 1730 hours.

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.

SIGNED _L.M. Dadio_  DATE 7/29/99  PAGES 5/9

SUBSCRIBED AND SWORN TO BEFORE ME

THIS ___ DAY OF ___ 19 ___

SIGNED ___   NOTARY PUBLIC ☐   COPY B ☐

©1997 Hanahan Computer Designs LLC    1-24

New Haven Police Bureau Of Identification

## CASE/INCIDENT REPORT - CONTINUATION

| COMPLAINT NO | INCIDENT DATE | TIME | DATE OF REPORT | TIME | TYPE OF INCIDENT | CODE | INVESTIGATING OFFICER | BADGE NO |
|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99, Sun | 150:00 | 7/29/99 | 20:31 | Suppl. Inv. | 4813 | Det. Lisa M. Dadio 0545 | 0545 |

| STREET NO. STREET | APT NO | INTERSECTING STREET | REFERRALS | TYPIST | DATE TYPED | TIME | DIVISION | CAR NO |
|---|---|---|---|---|---|---|---|---|
| Howard Avenue | | Columbus Avenue | ISU | LMD | 7/29/99 | 20:32 | Ident | 1-120 |

Report Type: Suppl.
Page: 6

On July 25, 1999, at approximately 2040 hours, Det. Benson who is also currently assigned to the Bureau of Identification had responded to 615 Howard Avenue, Beirne's Pharmacy relative to this investigation. Det. Benson had been able to retrieve two additional items of ballistic evidence from the interior of the Pharmacy that had been related to this incident. (Refer to Det. Benson's report pertaining his aspect of the investigation)

On July 26, 1999, at approximately 1400 Sgt. Kendall, Det. Benson and I returned to the police garage at 710 Sherman Parkway to further examine the Suzuki Samurai. We had removed the soft top, both front seats, the carpeting of the interior of the vehicle, the cushion of the bench seat and everything else that had been within the vehicle. Both the front driver's side and passenger side seats had been thoroughly examined for ballistic evidence. The vehicle had then been put onto a lift so that Det. Benson and I could examine the undercarriage of the vehicle. There appeared not to be any damage to the undercarriage that would had been consistent with a bullet. The entire interior of the vehicle had also been extensively examined and no damage had been visible. There had been a hole in the floor of the vehicle, where a bolt that once had held the front passenger side seat had been, but had since been removed. Additional photographs had been taken showing the trajectory of the bullet that had entered the spare tire on the tail gate through the tailgate. (The trajectory rod that we had used for photography on this day, had been spray painted yellow to better enhance the crime scene photographs) and into the victim as well as photographs depicting lack of damage inside of the vehicle. Depending on the position of the victim in the back seat of the vehicle, it is possible that the bullet continued right out the the passenger side door window as it exited the victim. There had been no apparent damage anywhere on the interior of the vehicle where a projectile could had gone. Once we had finished examining the vehicle, we had seized numerous items from the vehicle that will be detailed later in this report. We had left the police garage at approximately 1700 hours.

The following items of evidence were seized from the victim at Yale New Haven Hospital by Ofc. Forbes on July 25, 1999:

-One pair of black in color sweatpants, "Rooky" brand, size L.
-One pair of black rimmed glasses.
-One pair of boxer shorts, "Knightsbridge" brand, size M 34-36, white red and black in color, which had contained reddish/brown in color stains upon them.
-One pair of gray in color, "Nike Air" brand sneakers, size 9.
-One pair of black socks with white stripes.
-One piece of paper with the name "Nelisse" and the number "491-4132."
-One piece of paper with the name "Melissa" and the number "624-6723."
-One key on a key ring with two "Stop & Shop" key rings.
-One piece of paper with the partial number of "932-057" and the number "1-800-953-9815."

SIGNED: L.M. Dadio
DATE 7/29/99   PAGES 6/9

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS ___ DAY OF ___  19___
SIGNED _____

COPY B   NOTARY PUBLIC

©1997 Hanahan Computer Designs LLC

New Haven Police Bureau Of Identification

# CASE/INCIDENT REPORT - CONTINUATION

| COMPLAINT NO | INCIDENT DATE | TIME | APT NO | DATE OF REPORT | TIME | INTERSECTING STREET | REFERRALS | TYPE OF INCIDENT | CODE | DIVISION | Report Type | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99, Sun | 150:00 | | 7/29/99 | 20:31 | Columbus Avenue | ISU | Suppl. Inv. | 4813 | Ident | Suppl. | 7 |

| STREET NO., STREET | | | | | | | TYPIST | DATE TYPED | TIME | INVESTIGATING OFFICER | BADGE NO | CAR NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Howard Avenue | | | | | | | LMD | 7/29/99 | 20:32 | Det. Lisa M. Dadio  0545 | 0545 | I-120 |

-One red in color lighter.
-One "People's Photo ID System Card" in the name of "Anthony Lucky, Jr." of 76 Greta Street in West Haven.
-Four, one dollar bills.

I had located the following additional items from the victim's belongings: The four one dollar bills, and the red lighter where located in the right front pant pocket of the sweatpants. The piece of paper with the name of Jack and the numbers written upon it were located in the rear right sweatpants pocket. Ofc. Forbes had located the remaining items of evidence in the victim's clothing.

The following items of evidence were seized from the crime scene:

Item #1 - One spent shell casing with the headstamp "PMC 380 Auto." (Corresponds to photographic stanchion 1)
Item #2 - One projectile. (Corresponds to photographic stanchion 2)
Item #3 - One spent shell casing with the headstamp "PMC 380 Auto."
Item #4 - One spent shell casing with the headstamp "A-Merc 9MM." (Corresponds to photographic stanchion 3)
Item #5 - One spent shell casing with the headstamp "A-Merc 9MM." (Corresponds to photographic stanchion 4)
Item #6 - One projectile. (Corresponds to photographic stanchion 5)
Item #7 - One spent shell casing with the headstamp "A-Merc 9MM." (Corresponds to photographic stanchion 6)
Item #8 - One spent shell casing with the headstamp "A-Merc 9MM." (Corresponds to photographic stanchion 7)
Item #9 - One projectile. (Corresponds to photographic stanchion 8)
Item #10 - One projectile. (Taken from the part of the building of 615 Howard, below Home Care Center letters " ")
Item #11 - One projectile. (Taken from the interior of Beirne's, corresponds to photograph number 9 or 10)

The following items of evidence were seized from the vehicle on July 25, 1999:

Item #12 - One "Jerzees" brand, size 2X, bright yellow in color t-shirt, which had been taken from the back seat of the vehicle.
Item #13 - One "Russell Athletic" brand, size XXL, pale yellow in color t-shirt, which had been taken from the back seat of the vehicle.

The following items of evidence were seized from the vehicle on July 26, 1999:

Item #14 - One black in color, soft top from a Suzuki Samurai.
Item #15 - One black in color, vinyl covering on the interior portion of the tailgate.
Item #16 - One gray in color, passenger side seat cover.

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.
SIGNED [signature]  DATE 7/29/99  PAGES 7/9   SUBSCRIBED AND SWORN TO BEFORE ME [signature]  THIS 19 DAY OF SIGNED   NOTARY PUBLIC ☐   COPY B ☐
©1997 Hanahan Computer Designs LLC                                                                                                                    1-24

New Haven Police Bureau Of Identification

# CASE/INCIDENT REPORT - CONTINUATION

| COMPLAINT NO | STREET NO. STREET | INCIDENT DATE | APT NO | TIME | DATE OF REPORT | TIME | INTERSECTING STREET | REFERRALS | TYPE OF INCIDENT | CODE | DIVISION | INVESTIGATING OFFICER | BADGE NO | CAR NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99-46990 | Howard Avenue | 07/25/99, Sun | | 150:00 | 7/29/99 | 20:31 | Columbus Avenue | ISU | Suppl. Inv. | 4813 | Ident | Det. Lisa M. Dadio  0545 | 0545 | I-120 |

| | TYPIST | DATE TYPED | TIME | | | Report Type | Page |
|---|---|---|---|---|---|---|---|
| | LMD | 7/29/99 | 20:32 | | | Suppl. | 8 |

Item #17-One gray in color, driver's side seat cover.
Item #18-One insurance card and one Connecticut registration certificate in the name of Laura Lucky of 649 First Avenue, first floor, in West Haven, CT. for a 1988 Suzuki Samurai, which had been taken from the glove compartment.
Item #19-Numerous lottery tickets, miscellaneous motor vehicle receipts, parking tickets, empty Fleet bank envelopes, employment applications, expired insurance card, and other miscellaneous paper work which had been in the glove compartment.
Item #20-One blue, black and tan in color bookbag, "Eastsport" brand containing three pieces of notebook paper with numbers upon it and the name "Jovan G.", a camouflaged glove, and a gray in color, size XX Large, "Starter" brand t-shirt with the imprint of "Uplifting the Peace," on the front, which had been located in the back seat area.
Item #21-One pair of tan in color "Timberland" work boots, which had numerous reddish/brown in color stains upon them. These boots had been located in the back seat area.
Item #22-One "Cabincreek" brand denim shirt/coat which had contained reddish/brown in color stains and had been located in the back seat area.
Item #23-One gray in color hooded sweatshirt, which had contained reddish/brown in color stains and had been located in the back seat area.

There had been a weapon that had been seized from the vehicle on July 25, 1999, by Ofc. Losty and Ofc. Freeman. Ofc. Losty had handed the weapon and the magazine from the weapon over to me on July 25, 1999 to be processed. The weapon that had been taken from the vehicle had been a "P. Beretta - Cal. 9 Corto - Mo 1954 - Brevettato". This weapon had also been stamped "Gardone V.T. 1937-XV" with the serial number "589124." The serial number had been partially removed. There had not been any ammunition in the magazine that had been inside of the weapon. (Refer to Ofc. Losty's report pertaining to this aspect of the investigation.)
On July 26, 1999, the ballistic evidence that had been seized from the scene had been sent to the Forensic Laboratory of the Department of Public Safety for further examination and analysis. The firearm that had been seized had not been sent up on that date.
On July 26, 1999, I had taken the ignition key for the Suzuki off of the key ring and had given Sgt. Norwood the key ring with the remaining keys to be returned to the owner of the key ring.
On July 27, 1999, all the items of evidence that had been submitted into the property room as evidence in this case.
On July 28, 1999, Ofc. Mazzola, who is also assigned to the Bureau of Identification had chemically processed the weapon that had been seized in this investigation. (Refer to Ofc. Mazzola's report for this aspect of the investigation.)
On July 30, 1999, the weapon seized had been sent to the Forensic Laboratory of the Department of Public Safety for further examination and analysis.

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT

SIGNED _L.M. Dadio_   DATE 7/29/99   PAGES 8/9   SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____ 19 ___ SIGNED _____ NOTARY PUBLIC

©1997 Hanahan Computer Designs LLC   COPY B   1-24

# New Haven Police Bureau Of Identification

## CASE/INCIDENT REPORT - CONTINUATION

Report Type: Suppl.

Page: 9

| COMPLAINT NO | INCIDENT DATE | TIME | DATE OF REPORT | TIME | TYPE OF INCIDENT | CODE | INVESTIGATING OFFICER | BADGE NO |
|---|---|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99 | 150:00 | 7/29/99 | 20:31 | Suppl. Inv. | 4813 | Det. Lisa M. Dadio 0545 | 0545 |

| STREET NO, STREET | APT NO | INTERSECTING STREET | REFERRALS | TYPIST | DATE TYPED | TIME | DIVISION | CAR NO |
|---|---|---|---|---|---|---|---|---|
| Howard Avenue | | Columbus Avenue | ISU | LMD | 7/29/99 | 20:32 | Ident | I-120 |

The negatives of the photographs taken and the crime scene sketch and measurements will be kept on file within the Bureau of Identification.

*[signature: LMD]*

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT

SIGNED *[signature: L.M. Dadio]*   DATE 7/29/99   PAGES 9/9

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF ___ 19 ___ SIGNED ___

COPY B    ☐ NOTARY PUBLIC

© 1997 Hanahan Computer Designs LLC    1-24

# NEW HAVEN POLICE DEPARTMENT
## CASE/INCIDENT REPORT

| COMPLAINT NO | INCIDENT DATE | TIME | APT NO | DATE OF REPORT | TIME | INTERSECTING STREET | REFERRALS | TYPE OF INCIDENT | CODE | INVESTIGATING OFFICER | REPORT TYPE | Initial |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 199-45990 | 07/25/99, Sun | 1:50 | street | 8/1/99 | 23:17 | Howard Avenue | ISU | Homicide | 4813 | George Shelton | | |

| STREET NO, STREET | | | | | | | TYPIST | DATE TYPED | TIME | DIVISION | CAR NO | BADGE NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Columbus Avenue | | | | | | | GAS | 8/1/99 | 23:19 | Identification Unit | I-124 | 510 |

STATUS CODE C - Complainant  V - Victim  A - Arrestee  AX - Arrestee Dangerous  W - Wanted On Warrant  J - Juvenile Referred  O - Others  M - Missing

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # |
|---|---|---|---|---|---|---|---|---|---|---|
| V | Lucky | Anthony | M | B | 08/16/82 | | 77 Greta Street | West Haven | CT | |
| O | Shah, M.D. | Malka, B. | F | | | | 11 Shuttle Road | Farmington | CT | |
| O | Sergeant Norwood | | | | | | P D 093 | | | |
| O | Det. E. Rodriguez | | | | | | P D 093 | | | |

### DETAILS

On July 26, 1999, I attended the post mortem examination of Anthony Lucky at the Office of the Chief Medical Examiner, in Farmington, Connecticut. Also attending the examination were Sergeant B. Norwood and Detective E. Rodriguez. The examination was scheduled for 10:00 am, and was performed by Malka B. Shah, an Associate Medical Examiner at the Office of the Chief Medical Examiner. The Medical Examiner's Case Number was 99-08116.

The body to be examined was a black male with a dread lock hair style. There was no clothing or jewelry on the body. The length of the body was 71 inches. There was a tattoo on the right upper arm of the "Grim Reaper" firing two handguns. There were sutures across the chest and from the middle of the chest down the abdomen from the hospital, where Anthony Lucky received medical attention in an attempt to save his life. There was a throat tube in his mouth and an intra venous catheter in his left and right inner arms. There was an old healed scar on the right side of his body. There was one wound twenty five and a half inches (25 1/2) from the top of the victim's head and one quarter inch (1/4) right of the mid line. Doctor M. Shah said the wound was an entrance wound made by a bullet. There was no exit wound visible, because of the surgical incision across the chest. Examining the path of the bullet through the internal organs, Doctor Shah determined that the bullet path entered the back right of the mid line and traveled through the body right to right into the chest right of the mid line were the surgical cut across the chest and the abdomen intersected.

| | | | THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT. | |
|---|---|---|---|---|
| DATE Sun, Aug 1, 1999 | PAGES 19 | SIGNED SUPERVISOR | SIGNED OFFICER George Shelton | |

SUBSCRIBED AND SWORN TO BEFORE ME

THIS _____ DAY OF _____

☐ NOTARY PUBLIC    ☐ 1-24 CGS

©1997 Hanahan Computer Designs LLC

E.P. 32

# NEW HAVEN POLICE DEPARTMENT
## CASE/INCIDENT REPORT - CONTINUATION

| INCIDENT NO | DATE | TYPE OF INCIDENT | INVESTIGATING OFFICER | LOCATION | CONTINUATION PAGE | REPORT DATE |
|---|---|---|---|---|---|---|
| 99-46990 | 07/25/99 | Homicide | George Shelton S/O | Columbus Avenue street | 2 | Initial |

I photographed the body and the entrance wound, and drew a rough sketch of the body. I also took a set of inked impressions of the victim's fingers. Doctor Malka B. Shah has certified the cause of death as a gunshot wound to the abdomen. The manner of death has been certified as a homicide. The photo negatives, the sketches, and the inked fingerprint impressions of Anthony Lucky, will remain on file in the Identification Unit.

| DATE | PAGES | SIGNED SUPERVISOR | SIGNED OFFICER |
|---|---|---|---|
| Sun, Aug 1, 1999 | 19 | | *George Shelton* |

THIS REPORT IS SIGNED UNDER THE PENALTIES PROVIDED BY STATE LAW FOR MAKING A FALSE STATEMENT.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS ____ DAY OF ____

☐ NOTARY PUBLIC    ☐ 1-24 CGS

©1997 Hanahan Computer Designs LLC

E.P. 31