UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION : | |
| Plaintiff : | |
| : | |
| V. : | CIV. NO. 3:03CV00943 (AWT) |
| : | |
| CITY OF NEW HAVEN; STEPHEN : | |
| COPPOLA; AND EDWIN RODRIGUEZ, : | |
| Defendants : | JANUARY 22, 2007 |

**MEMORANDUM OF LAW OF THE DEFENDANT CITY OF NEW HAVEN
IN SUPPORT OF THE CITY'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56, Fed. R. Civ. Proc., and Rule 7 of the Local Rules of Civil Procedure, the defendant City of New Haven (the "City') moves for the entry of summary judgment in its favor on Counts One, Two and Three of the Revised Complaint dated June 29, 2005. There is no genuine dispute of any of the material facts and the City is entitled to judgment as a matter of law.

**I.   BACKGROUND**

The City incorporates the "Background" section of the Memorandum of Law filed by defendants Edwin Rodriguez and Stephen Coppola in Support of their Motion for Summary Judgment into this Memorandum of Law.

**II.   THE CITY IS ENTITLED TO SUMMARY JUDGMENT**

First, rather than repeat the arguments set forth by defendants Edwin Rodriguez and Stephen Coppola in their Memorandum of Law in Support of their Motion for

Summary Judgment, the City adopts and incorporates those arguments into this Memorandum of Law in Support of Motion for Summary Judgment.

As set forth in the documents filed in support of the Summary Judgment Motion filed by Coppola and Rodriguez, there is no genuine dispute that Session's rights were not violated. In the absence of such a violation, there is no liability upon the City. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under Monell was entirely correct.")

Even if there were issues that required a trial as to Coppola and Rodriguez, however, there are no such issues on the plaintiff's claims against the City, because of the reasons that follow.

**A.     No City Policy Caused a Violation of Plaintiff's Federal Rights**

> In order to hold a municipality liable under § 1983 for the conduct of employees below the policymaking level, a plaintiff "must show that the violation of his constitutional rights resulted from a municipal custom or policy." *Ricciuti v. New York City Transit Authority,* 941 F.2d 119, 122 (2d Cir.1991); *see Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989). Similarly, there must be proof of such a custom or policy in order to permit recovery on claims against individual municipal employees in their official capacities, since such claims are tantamount to claims against the municipality itself. *See Hafer v. Melo,* 502 U.S. 21, ----, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991).
> The mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference. *See Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983); *Black v. Stephens,*

2

>662 F.2d 181, 189 (3d Cir.1981), *cert. denied,* 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982); *Lewis v. Hyland,* 554 F.2d 93, 98 (3d Cir.), *cert. denied,* 434 U.S. 931, 98 S.Ct. 419, 54 L.Ed.2d 291 (1977).

Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). In Dwares, the Second Circuit affirmed the entry of summary judgment based on a complaint that "did not allege any facts, other than the police officers' inaction in the instance complained of, to suggest that there existed such a custom or policy of failure to train. We conclude that the district court correctly ruled that the complaint failed adequately to plead a custom or policy on the part of the City contributing to Dwares's injuries." Id.

As a preliminary matter, the plaintiff alleges that he is suing defendants Coppola and Rodriguez in their individual capacity, and sues the City of New Haven separately. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." (Citations and internal quotation marks omitted.) Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Therefore, the claims against Coppola and Rodriguez are against those defendants alone, and not against the City of New Haven.

"To prevail on a §1983 claim against a municipality, a plaintiff must plead and prove the following: "(1) an official policy or custom that (2) causes the plaintiff to be

3

subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) (citing Monell, 436 U.S. at 691, 694, 98 S.Ct. at 2036, 2037).

"Although this rule does not mean that the plaintiff must show that the municipality had an explicitly stated rule or regulation, a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998). Gagne v. DeMarco, 281 F.Supp.2d 390, 398 (D.Conn. 2003) (judgment entered on false arrest and malicious prosecution claims due to absence of sufficient allegations).

The plaintiff alleges the bare conclusion that "these violations and torts were committed as a result of policies and customs of the City," (Rev. Compl. ¶3), but has not alleged facts that would demonstrate any official New Haven policy that caused a violation of the plaintiff's constitutionally protected rights.

The plaintiff's claims involve the actions of two detectives, who were not at the policy-making level, during one particular homicide investigation. Those actions of those individuals do not impose municipal liability upon the City. Rather, the plaintiff's allegations in Count One are based solely upon the alleged actions of Coppola and Rodriguez as the City's alleged "agents and employees". That is not sufficient to establish municipal liability under 42 U.S.C.§1983.

Chief Francisco Ortiz, the head of New Haven's Department of Police Service (the "Department") attests in his affidavit that there is no policy to violate individuals' constitutional rights, and that the City does not condone violations of individuals'

4

constitutional rights. (Affidavit of Francisco Ortiz, Exhibit A). There is no allegation, much less any evidence, of any policy or action by Chief Ortiz or New Haven's Board of Police Commissioners that caused the plaintiff's constitutional rights to be violated.

Therefore, there is no genuine issue of any material fact of the absence of any such municipal policy, custom or practice and summary judgment must enter in favor of the City on all of the federal claims under 42 U.S.C. §1983 in Count One.

**B.**   **New Haven Did Not Violate Plaintiff's Rights**

The plaintiff alleges that New Haven, through the actions of Coppola and Rodriguez, deprived the plaintiff of property without due process of law and otherwise deprived him of due process and equal protection of the laws." Revised Complaint, ¶21. However, there is no evidence that New Haven, by the actions of Coppola, Rodriguez or anyone else, deprived the plaintiff of any property. Certainly, the complaint fails to identify any property that was taken from the plaintiff, or the process that was due.

Nor, as noted in the previous section, does the plaintiff allege any action by any person with policy-making authority in the City of New Haven.

Finally, it is unclear what the basis of any equal protection claim would be. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.' Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75, 145 L.Ed.2d 1060 (2000). "Our cases have recognized successful

equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id.

The plaintiff has not alleged that he was treated differently from anyone else, and there is no evidence suggesting a violation of equal protection. Nor did the plaintiff allege that any municipal policy, practice or custom caused any difference in treatment.

Therefore, the City is entitled to summary judgment on the due process and equal protection claims.

### C. The City is Entitled to Governmental Immunity from Liability for the Acts Alleged in Counts Two and Three

In Count Two, the plaintiff claims that the city of New Haven deprived plaintiff of his rights to be free from false imprisonment and prosecution.

As a preliminary matter, the plaintiff would need to establish that Coppola and Rodriguez caused him to be falsely imprisoned and prosecuted. As demonstrated in the memorandum filed by those defendants, they did not. Apart from their arguments, however, New Haven is not liable to the plaintiff .

Connecticut General Statutes §52-557n(a)(2) provides, in pertinent part:

> Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

6

Pane v. City of Danbury, 267 Conn. 669, 684, 841 A.2d 684 (2004).

In Count Two, the plaintiff claims that the City "falsely imprisoned" him and summarily punished him. However, the acts by which the plaintiff claims to have been imprisoned and punished are alleged to have been performed "with wanton, reckless or malicious disregard of the plaintiff's rights" Revised Complaint, ¶19. Section 52-557n(a)(2)(A) immunizes the City from liability for any of those alleged acts, which constitute criminal conduct, fraud, actual malice, or wilful misconduct.

In addition, each act or omission that Coppola and Rodriguez are alleged to have committed required them to exercise judgment and discretion. For example, they are alleged to have failed to investigate Mercado's story adequately. Rev. Compl., ¶15. There are no actions complained of that did not require some decision-making process. Therefore, the City is entitled to governmental immunity for these claims, under C.G.S. §52-557n(a)(2)(B).

In Anderson v. New London, 1999 WL 162791 (Conn. Super.), 26 Conn. L. Rptr. 418, the court found that §52-557n provides immunity from claims for intentional false imprisonment under subsection (a)(2)(A), and from claims for negligent false imprisonment under subesction (a)(2)(B). A copy of that decision is attached.

Judges in this district have entered judgment for defendants based on governmental immunity from liability when reviewing claims similar to the plaintiff's. See Myslow v. New Milford School Dist., 2006 WL 473735 (D.Conn.)(MRK); Coleman v. Town of Old Saybrook, 2004 WL 936174 (D. Conn.) (RNC).

7

Summary judgment must enter for New Haven based on its governmental immunity under Connecticut law.

**D.   New Haven Did Not Inflict Emotional Distress on the Plaintiff, and is Not Liable for Any Acts Alleged to Have Done So**

It is unclear whether the Third Count of the plaintiff's complaint attempts to assert a claim against New Haven for intentional or negligent infliction of emotional distress, both of those theories are discussed – but the plaintiff's claims fail under either theory.

*(1). Plaintiff Cannot Recover for Intentional Infliction of Emotional Distress*

> In *Miner v. Cheshire,* 126 F.Supp.2d 184, 186 (D.Conn.2000), the plaintiff brought a complaint against the town of Cheshire and a town employee alleging, inter alia, intentional infliction of emotional distress. The District Court concluded that, "[t]o the extent that [the plaintiff] alleges that the [t]own is liable for any intentional infliction of emotional distress by [the town employee] ⋯ such a claim is precluded by [General Statutes] § 52-557n, which provides, that 'a political subdivision of the state shall not be liable for damages to person or property caused by ⋯ [a]cts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or *wilful* misconduct⋯.' [General Statutes] § 52-557n (a)(2)(A)⋯ Under Connecticut law, the term 'wilfulness' is synonymous with 'intentional.' *Bhinder v. Sun Co.,* 246 Conn. 223, 242 n. 14, 717 A.2d 202 (1998) ('While [courts] have attempted to draw definitional [distinctions] between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing.'), quoting *Dubay v. Irish,* 207 Conn. 518, 533, 542 A.2d 711 (1988) ["Wilful misconduct has been defined as intentional conduct"]; see also *Elliott v. City of Waterbury,* 245 Conn. 385, 415, 715 A.2d 27 (1998) (legal concepts of wanton, reckless, wilful, intentional and malicious conduct indistinguishable); *Bauer v. Waste Management of Connecticut, Inc.,* 239 Conn. 515, 527, 686 A.2d 481 (1996) ('A wilful act is one done intentionally or with reckless disregard of the consequences of one's conduct.'). Thus, the [t]own may not be liable under [§ ] 52-557n (a)(2)(A) for [its

> employee's] alleged intentional infliction of emotional distress."
> (Emphasis in original.) *Miner v. Cheshire,* supra, at 194.

Pane v. City of Danbury, 267 Conn. 669, 685, 841 A.2d 684, 694-695 (2004).

"In order for the plaintiff to prevail in a case for liability under ... intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 210 (2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Id.

As previously noted, conduct that was extreme and outrageous would also fall within the category of conduct for which a municipality is immune from liability under §52-557n.

Even if New Haven could be liable for such conduct, the conduct described in the Revised Complaint falls far short of that which would satisfy the threshold for an Intentional Infliction of Emotional Distress claim. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Appleton, supra, 254 Conn. at 210-211.

"Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'." Id. at 211. "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Id. "The rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Petyan v. Ellis, 200 Conn. 243, 254 fn.5 (1986).

In Count Three of the Revised Complaint, the plaintiff never alleged that the City's conduct was extreme and outrageous nor did the plaintiff allege that he suffered severe emotional distress as a result of the subject incident. Second, there is no evidence that the City acted extremely or outrageously at any time.

For the foregoing reasons, the plaintiff cannot establish a claim for intentional infliction of emotional distress.

### *(2) Plaintiff Cannot Recover for Negligent Infliction of Emotional Distress*

Even if plaintiff's Third Count seeks to recover for negligent infliction of emotional distress, plaintiff cannot prevail.

> Plaintiff's theory of respondeat superior liability must be dismissed because "[a] municipality enjoys governmental immunity for common-law negligence unless a statute has limited or abrogated that immunity." *Hughes v. City of Hartford,* 96 F.Supp.2d 114, 120

> (D.Conn.2000), citing *Williams v. City of New Haven,* 243 Conn. 763, 766, 707 A.2d 1251 (1998).
> Similarly, Conn.Gen.Stat. § 52-557n does not permit a claim against the Town for its own negligence-or that of its employees-because that statute only authorizes claims in negligence where the municipality has breached a ministerial, but not a discretionary, duty. *Tice v. Southington Board of Education,* 94 F.Supp.2d 242, 245 (D.Conn.2000). Under Connecticut law, a municipality is immune from liability for the "negligent acts or omissions which require the exercise of judgment or discretion…." Conn.Gen.Stat. § 52-557n(a)(2)(B). A municipality is "not immune, however, from liability for ministerial acts performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action… Thus, liability may attach for a negligently performed ministerial act, but not for a negligently performed … discretionary act." *Romano v. Derby,* 42 Conn.App. 624, 629, 681 A.2d 387 (1996) (citations and internal quotation marks omitted).

Miner v. Town of Cheshire, 126 F.Supp.2d 184, 196 (D.Conn. 2000) (SRU) (footnote omitted).

Every act and omission that the plaintiff complains of was one that required the exercise of judgment and discretion as noted in the previous section addressing Count Two. For the reasons set forth there, the City of New Haven is entitled to judgment on the plaintiff's negligent infliction of emotional distress claim.

Because plaintiff cannot establish a claim for intentional or negligent infliction of emotional distress, the City of New Haven is entitled to summary judgment on the claims in the Third Count.

## III. CONCLUSION

For the above stated reasons, the undisputed material facts demonstrate that the City of New Haven is entitled to judgment as a matter of law, and the Court should grant New Haven's motion for summary judgment.

```
                              THE DEFENDANT,
                              THE CITY OF NEW HAVEN


                    BY:/s/:Thomas W. Ude, Jr._____
                          Thomas W. Ude, Jr.
                          Corporation Counsel
                          City of New Haven
                          165 Church Street, 4th Floor
                          New Haven, CT  06510
                          Federal Bar No. ct06567
                          Phone: (203) 946-7958
                          Fax: (203) 946-7942
                          E-mail: tude@newhavenct.net
```



Not Reported in A.2d  
Not Reported in A.2d, 1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418  
**(Cite as: Not Reported in A.2d)**

Page 1

Anderson v. City of New LondonConn.Super.,1999.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Connecticut.
Barbara ANDERSON, et al.,
v.
CITY OF NEW LONDON.
**No. 541273.**

March 4, 1999.

MEMORANDUM OF DECISION
HURLEY.

**\*1** The plaintiff, Barbara Anderson, brought an action individually and as administratrix of the decedent, Erik Anderson's estate, solely against the City of New London. The plaintiff did not name any municipal officers, agents or employees as codefendants. The plaintiff's thirteen-count complaint is structured so that the first seven counts (counts one through seven) are on behalf of the decedent, Erik Anderson, and the remaining six counts (counts eight through thirteen) are on behalf of Barbara Anderson, individually and as administratrix of the decedent's estate.

The first through sixth counts seek damages for the personal injuries, death, false arrest, false imprisonment and infliction of emotional distress of the decedent, and request municipality indemnification pursuant to General Statutes § 7-465. The seventh count alleges a violation of 42 U.S.C. § 1983. The eighth count does not independently state a legal cause of action, but alleges that the plaintiff was appointed administratrix of the decedent's estate, and that she and the decedent were concurrently taken into custody by the New London Police Department. The ninth, eleventh and twelfth counts allege, respectively, false arrest, false imprisonment and infliction of emotional distress. The tenth count alleges that the conduct of the defendant's employees was neither wanton nor wilful, and requests relief pursuant to § 7-465. The thirteenth count alleges a violation of 42 U.S.C. § 1983.

On November 4, 1998, the defendant filed a motion for summary judgment. On December 14, 1998, the plaintiff filed an opposition to the defendant's motion, and a request for leave to amend the complaint.

The plaintiff has apparently acknowledged the legal insufficiencies of her complaint. In her Opposition Memorandum to the Defendant's Motion for Summary judgment, the plaintiff states, "To the extent that the Complaint attempts to impose the duty of indemnification upon the defendant municipality [under § 7-465], those causes of action may be removed from this case because no individuals were sued in their own names. Thus indemnification is not applicable. In addition, no actions pursuant to 42 U.S.C. § 1983 will be prosecuted by the plaintiffs. But ... the Motion as it applies to all other counts should be denied as a matter of law." Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, pp. 10-11.

Thus, the plaintiff has conceded that summary judgment should and will enter for the defendant as to those counts seeking indemnification under § 7-465 (counts one through six, and ten), and the counts seeking relief under 42 U.S.C. § 1983 (counts seven and thirteen). In addition, the court notes that the eighth count simply asserts general factual allegations and does not independently state a legal cause of action.

Accordingly, the remaining counts for the court to consider are as follows: count nine (intentional/negligent false arrest and imprisonment); count eleven (intentional false imprisonment); and count twelve (intentional/negligent infliction of emotional distress).

**\*2** "Connecticut courts have permitted the use of the motion for summary judgment to contest the legal sufficiency of the complaint, even though legal sufficiency is more appropriately tested by a motion to strike." *Jewett v. General Dynamics Corp.,* Superior Court, judicial district of New London, Docket No. 530943 (May 1, 1997) (Booth, J.).

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418
**(Cite as: Not Reported in A.2d)**

"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ... [T]he trial court must view the evidence in the light most favorable to the nonmoving party ... [A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue ..." (Citations omitted; internal quotation marks omitted.) *Maffucci v. Royal Park Ltd. Partnership,* 243 Conn. 552, 554-55, 707 A.2d 15 (1998).

Counts nine, eleven and twelve of the plaintiff's complaint assert direct municipal liability for the alleged false arrest, false imprisonment and infliction of emotional distress on behalf of the plaintiff, Barbara Anderson. The plaintiff's complaint, however, does not expressly provide the statutory authority under which the defendant may be held liable.

"The general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity ... The legislature ... has set forth general principles of municipal liability and immunity in General Statutes § 52-557n." *Williams v. New Haven,* 243 Conn. 763, 766-67, 707 A.2d 1251 (1998) (holding plaintiffs must cite to statutory provision, i.e., § 52-557n, to pursue direct claim against city). The plaintiff must, therefore, cite to a statutory abrogation of governmental immunity in order to permit her claims directly against a municipality. See *id.,* 767, 707 A.2d 1251; see also Practice Book § 10-3(a) ("When any claim made in a complaint ... is grounded on a statute, the statute shall be specifically identified by its number"). However, express reference to a statute within a pleading is directory, rather than mandatory. See *Peerless Ins. Co. v. Tucciarone,* 48 Conn.App. 160, 163 n. 3, 708 A.2d 611 (1998) ("Although it is not mandatory, we note the preferred manner of pleading is to identify specifically the number of the statute relied upon").

Although the plaintiff in the present case does not cite to any statutory abrogation of governmental immunity in her complaint, the court and the defendant are aware that the plaintiff now seeks to impose liability on the defendant under § 52-557n. See Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 8. Accordingly, the court will consider the defendant's liability, if any, in light of § 52-557n.

**\*3** Section 52-557n(a)(1) confers liability upon a municipality "for damages to person or property caused by ... [t]he negligent acts or omissions of such [municipality] or any employee, officer or agent thereof acting within the scope of his employment or official duties." The municipality's liability is limited, however, by the exceptions in § 52-557n(a)(2), which provides that a municipality "shall not be liable for damages to person or property caused by: (A) [a]cts or omissions of any employee ... which constitute ... wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." General Statutes § 32-557n; see also *Sanzone v. Board of Police Commissioners,* 219 Conn. 179, 193, 592 A.2d 912 (1991).

To the extent that the complaint seeks redress for the *intentional* torts of false arrest, false imprisonment and intentional infliction of emotional distress, the defendant is immune pursuant to § 52-557n(a)(2)(A). That section states that a municipality shall not be liable for the "wilful misconduct" of its employees. Because count eleven, in its entirety, seeks redress for intentional false imprisonment, the defendant is entitled to summary judgment as to count eleven. Furthermore, to the extent that counts nine and twelve seek redress for the intentional torts of false arrest, false imprisonment and intentional infliction of emotional distress, the defendant is entitled to summary judgment.

Counts nine and twelve may, however, be read so as to include causes of action for *negligent* false imprisonment, false arrest and negligent infliction of emotional distress. Although false imprisonment "comes within the category of intentional torts," *Green v. Donroe,* 186 Conn. 265, 268, 440 A.2d 973 (1982), the law recognizes that "[n]egligent conduct which results in a confinement of sufficient consequence to constitute the actual damage required to maintain a negligence action is a sufficient basis

Not Reported in A.2d                                                                                                                                 Page 3
Not Reported in A.2d, 1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418
**(Cite as: Not Reported in A.2d)**

for imposing liability." *Id.,* 270, 440 A.2d 973. The same theory applies to false arrest, which is a subset of false imprisonment. See R. Newman & J. Wildstein, Tort Remedies in Connecticut (1996) § 12-5(g), p. 173. "However, a plaintiff may recover for false imprisonment under a theory of negligence only if it is explicitly pleaded." R. Newman & J. Wildstein, *supra,* § 12-5(a)(1), citing *Green v. Donroe, supra,* 186 Conn. 271. "Moreover, in such a case the plaintiff must allege and prove actual damages." *Id.* "Incarceration of even brief duration has been found sufficient to fulfill the requirement of actual damage." *Green v. Donroe, supra,* 186 Conn. 271.

**\*4** The plaintiff in the present case alleges that the conduct of the defendant's employees causing her arrest and imprisonment may have been done in a negligent manner. See Complaint, Count 9, 14. The municipality, however, is immune from liability for the "negligent acts or omissions which require the exercise of judgment or discretion ..." General Statutes § 52-557n(a)(2)(B). Municipalities "are not immune, however, from liability for ministerial acts performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action ... Thus, liability may attach for a negligently performed ministerial act, but not for a negligently performed ... discretionary act." (Citations omitted; internal quotation marks omitted.) *Romano v. Derby,* 42 Conn.App. 624, 629, 681 A.2d 387 (1996).

Accordingly, the defendant's liability in the present case hinges upon whether the alleged conduct of the defendant's employees was discretionary or ministerial. The plaintiff argues that the conduct of the defendant's employees was "clearly ministerial."

Ordinarily, "whether the act complained of ... is discretionary or ministerial is a factual question which depends upon the nature of the act complained of." *Id.* However, "the deployment of police officers is a discretionary governmental action as a matter of law." *Gordon v. Bridgeport Housing Authority,* 208 Conn. 161, 180, 544 A.2d 1185 (1988). Several Superior Court cases have held "that the process by which a police officer decides to make an arrest involves discretionary actions [as a matter of law]." *Castorina v. Stewart,* 22 Conn. L. Rptr. 1, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324487 (June 3, 1998) (Skolnick, J.), citing *Elinsky v. Marlene,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 557659 (October 31, 1997) (Hale, S.T.R.); *Gonzalez v. Bridgeport,* 9 Conn. L. Rptr. 202, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 253464 (June 4, 1993) (Fuller, J.). Accordingly, this court finds that the defendant's employees' actions in arresting the plaintiff were discretionary as a matter of law.

Thus, the defendant is entitled to summary judgment with respect to count nine to the extent it seeks recovery for negligent false arrest.[FN1]

> FN1. The plaintiff attempts to raise the "identifiable person/imminent harm" exception. See *Purzycki v. Fairfield,* 244 Conn. 101, 107, 708 A.2d 937 (1998) ("one of the recognized exceptions to qualified immunity for discretionary acts ... [is] where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm"). It is well settled that this exception is only applicable in an action against an individual municipal employee. See *Maderos v. Shelton,* Superior Court, judicial district of Milford, Docket No. 058185 (October 7, 1998) (Thompson, J.) (23 Conn. L. Rptr. 100) ("exception applies only to an action against a specific municipal employee"); *Reynolds v. Phelps,* Superior Court, judicial district of Windham at Putnam, Docket No. 057089 (July 6, 1998) (Sferrazza, J.) (22 Conn. L. Rptr. 335) ("Unlike municipal employee liability ... 52-557n affords no exception to governmental immunity for subjecting individuals to imminent harm").

The plaintiff's claims for negligent false imprisonment and negligent infliction of emotional distress, however, do not necessarily entail discretionary actions as a matter of law. The conduct of the defendant's employees giving rise to those claims may or may not have been ministerial in nature. This is a question of fact which cannot

Not Reported in A.2d                                                                                                                                            Page 4
Not Reported in A.2d, 1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418
**(Cite as: Not Reported in A.2d)**

appropriately be decided by way of a motion for summary judgment. Accordingly, the defendant is not entitled to summary judgment with respect to count nine to the extent it seeks recovery for negligent false imprisonment, and count twelve to the extent it seeks recovery for negligent infliction of emotional distress.

### IV. CONCLUSION

**\*5** The court grants the defendant's motion for summary judgment insofar as it does not request judgment as a matter of law with respect to the plaintiff, Barbara Anderson's, claims for negligent false imprisonment and negligent infliction of emotional distress.

The court also grants the motion for summary judgment, as already stated, as to counts one, three, six, seven, eight and thirteen.

Conn.Super.,1999.
Anderson v. City of New London
Not Reported in A.2d, 1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## **C E R T I F I C A T I O N**

I hereby certify that on January 22, 2007, a copy of foregoing Memorandum of Law in Support of Renewed Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this through the court's CM/ECF System.

Karen Mayer, Esq.
Philip Russell, P.C.
66 Field Point Road
P.O. Box 1437
Greenwich, CT  06836

Meghan Gallagher, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507-1684

/s/:  Thomas W. Ude, Jr._____
Thomas W. Ude, Jr.