UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
GARY SESSION                             *     CIVIL NO.:  3:03CV00943 (AWT)
            PLAINTIFF     *
vs.                                      *
                           *
CITY OF NEW HAVEN, STEPHEN
COPPOLA; AND EDWIN RODRIGUEZ             *
                           *     FEBRUARY 5, 2007
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
PORTIONS OF PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT**

      The Defendants, Stephen Coppola and Edwin Rodriguez, through their attorneys, hereby move to strike portions of the Plaintiff's Local Rule 56(a)2 Statement, including the entirety of the Plaintiff's Rule 56(a)2 Statement of Disputed Material Facts, because such portions fail to comply with the Local Rules of Civil Procedure, as indicated herein, by failing to make the required specific citations and/or failing to support the 56(a)2 Statement with evidence admissible at trial.  The inadmissible exhibits cited in support of these portions should also be stricken as should Plaintiff's Statement of Undisputed Material Facts, which is impermissible under the Local Rules.  Finally, such portions of Plaintiff's opposition memorandum of law that rely on the above should also be stricken and disregarded.

**I.     INTRODUCTION**

      This is an action for damages brought pursuant to 42 U.S.C. § 1983 action alleging violations of the Plaintiff's rights under the Fourth, Fifth and Eighth Amendments to the United States Constitution and for false imprisonment, malicious prosecution and negligent and intentional infliction of emotional distress under Connecticut law.  Plaintiff claims that the Defendants, New

1

Haven police officers Edwin Rodriguez ("Rodriguez") and Stephen Coppola ("Coppola") recklessly, knowingly, deliberately and wrongfully accused him of having committed a murder, which events lead to Plaintiff's arrest and subsequent incarceration.

On December 22, 2006, the Defendants filed a Motion for Summary Judgment with a supporting memorandum and the required Local Rule 56(a)1 Statement of Undisputed Material Facts ("Defendants' Statement").  In response, Plaintiff filed an Objection to the Motion For Summary Judgment, with a supporting memorandum of law.  Plaintiff also filed a Local Rule 56(a)2 Statement ("Plaintiff's Statement"), which included denials of portions of the Defendants' Statement, a Local Rule 56(a)2 Statement of Disputed Material Facts and a section entitled "Plaintiff's Rule 56(a)2 Statement of Undisputed Material Facts."

Plaintiff's Statement contains a number of bad faith denials, fails to provide specific and appropriate citations as required by Rule 56(a)3 and fails to set forth evidence admissible at trial to rebut Defendants' Statement.  In addition, Plaintiff has failed to set forth *any* evidentiary basis in support of the twenty-nine (29) issues itemized in his Statement of Disputed Material Facts.  Finally, as he has not cross-moved for summary judgment, Plaintiff's Statement of Undisputed Material Facts is impermissible under the Federal and Local Rules of Civil Procedure and it should be stricken and disregarded.

**II.      ARGUMENT**

    **A.      Legal Standards**

A motion to strike may be "made by a party before responding to a pleading."  Fed.R.Civ.P. 12(f).  Such a motion permits the court to order the removal "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Id.  Although a Local Rule 56(a)2 Statement and its exhibits are not strictly a "pleading" under Rule 7(a), a Rule 12(f)

motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion.[1]  See, e.g., Newport Electronics, Inc. v. Newport Corporation, 157 F.Supp.2d 202, 208 (D.Conn. 2001) (Hall, J.) (motion to strike correct vehicle to challenge material submitted with summary judgment motion, although "moving party must be specific in regards to what it is seeking to have stricken and must set forth reasons why the materials should not be considered by the court").

Rule 56(a)3 of the Local Rules of Civil Procedure provides, in relevant part, that "[e]ach statement of material fact . . . by an opponent in a Local Rule 56(a)2 Statement, and each denial [therein], must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e)."  Moreover, Rule 56(a)3 provides that "[t]he 'specific citation' obligation . . . requires counsel . . . to cite to specific paragraphs when citing affidavits or responses to discovery requests, and to cite specific pages when citing to deposition or other transcripts or to documents longer than a single page in length."  Finally, Rule 56(a)3 warns that the "failure to provide specific citations to evidence in the record as required . . . may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1 or in the Court imposing sanctions, including . . . when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law."  Rule 56(a)3 "is strictly interpreted, and failure to *properly* controvert facts in opposing a summary judgment motion is an appropriate consideration in

---

[1] Exhibits are made a part of motions and other papers pursuant to Fed. R. Civ. P. 7(b)(2) and 10(c).

granting the motion." (Emphasis added.) In re Fowler, 250 B.R. 828, 830 (Bankr.D.Conn. 2000) (Krechevsky, J.).

> B. **Plaintiff Has Failed To Set Forth Affidavits or other Evidence Sufficient to Meet the Requirements of Local Rule 56(a)3 in Support of His Denials and His Statement of Disputed Material Facts.**

To meet his burden and successfully oppose summary judgment, Plaintiff was required to comply strictly with the requirements of Local Rule 56(a)3 and to provide admissible evidentiary proof in conjunction with both his denials and the issues of material fact which he contends are disputed and must be tried. Here, Plaintiff fails to cite any affidavits, transcripts or other evidence that would be admissible at trial, either in his denials of Defendants' Statement or in his Local Rule 56(a)2 Statement of Disputed Material Facts. Thus, he has failed to meet the requirements of Local Rule 56(a)3.

More specifically, while Plaintiff has denied all or a portion of paragraphs 13, 15, 27, 32, 34, 35, 36, 37, 56, 60, 61, 63, 67, 68 and 69[2] of Defendants' Statement in his Reply thereto, he either fails to provide the required specific citations,[3] cites insufficient and/or inadmissible evidence,[4] or

---

[2] Plaintiff improperly neither admits nor denies the Defendants' statements in paragraphs 67 through 69 and cites no evidence in support of his response. Accordingly, this Court should strike the Plaintiff's responses and deem Defendants' correlating statements of facts admitted under Rule 56(a)3.

[3] Plaintiff's citations in relation to paragraphs 27, 32, 34, 35, 36, 37, 60 and 61 are insufficient and improper because they do not meet the specific citations obligation required by Rule 56(a)3.

[4] As to number 63, Plaintiff cites to Exhibits K and L in support of his partial denial. Exhibit L is a three-page affidavit, to which no specific paragraph reference is made. As such, under Rule 56(a)3, the improperly cited affidavit cannot support Plaintiff's denial. Exhibit K is a one page copy of a photograph purporting to show the stump of a tree that once existed in front of 630 Howard Avenue. See Pl's Exh. P, ¶ 37. Neither of these exhibits is sufficient, even upon a full reading of the affidavit, to support the Plaintiff's denial. While the citation to Exhibit K may be sufficient, the photocopied exhibit is unlabeled as to time, date, or place and is so grainy as to be unreliable and inadmissible concerning the purported subject of the photograph, in which no tree stump is clearly visible. See Fed. R. Evid. 401, 901, 1002 and 1003. Further, Exhibit L indicates there was a visible street light in the vicinity of 630 Howard Avenue, which is a fact that, if true, would support Defendants' statement of undisputed fact. See Pl's Exh. L, ¶ 9. Thus, neither Exhibit K nor Exhibit

4

cites absolutely no evidentiary basis for the denials.[5]  These denials are made in bad faith and in direct violation of Rule 56(a)3.  In the face of Defendants' evidence which clearly supports their statements, Plaintiff has simply issued denials of facts he would prefer did not exist.

In addition, Plaintiff's twenty-nine (29) issues to be tried, as itemized in his Local Rule 56(a)2 Statement of Undisputed Facts do not cite to any supporting affidavit or other sufficient or admissible evidence of any kind; many are not even material to the allegations in the case.  See Pl's 56(a)2 Statement at 24-26, ¶¶ 1-29.  Thus, under Rule 56(a)3 this entire section should be stricken.

Even where Plaintiff provides specific citations, he has failed to produce the evidence necessary to oppose Defendants' Local Rule 56(a)1 Statement of Undisputed Facts or to create a genuine issue of material fact.  First, for the reasons set forth in Defendants' Motion to Strike Transcript of an Interview with Mayra Mercado and its supporting memorandum of law, which are incorporated herein by reference, Plaintiff's denials of paragraphs 18-26, 28-31, 33, 38 and 39 of Defendant's Statement cannot stand.  Plaintiff relies on a Transcript (Plaintiff's Exhibit E) that is inadmissible and that should be stricken and disregarded.  As detailed further in the referenced papers, the Transcript is laden with hearsay or hearsay within hearsay, it is improperly verified and of questionable authenticity, it violates the best evidence rule and it contains statements that are irrelevant, conclusory and/or not based on personal knowledge.  Thus, Plaintiff's denials should be discarded and the facts at issue should be deemed admitted.

Next, as to his denials of paragraphs 44 and 46, Plaintiff relies on Exhibit A, which is the transcript of Sharon Adkins' statement to Detectives Rodriguez and Coppola on November 7, 1999.

---

L indicates that a person in the same place and time as Martin was had inadequate lighting or visibility conditions.  As such, these exhibits are irrelevant and inadmissible at trial under F.R.E. 402 and do not support Plaintiff's denial.
[5] As to paragraphs 13, 15, and 56, Plaintiff cites no evidence in support of his denials or other comments upon the facts stated in Defendant's Statement.

Plaintiff's denials as to paragraph 44 and 46 do not create any genuine issues of material fact. It is clear from the statement that Adkins is stating what she recalled from the night of the shooting in question. See Pl's Exhibit A at 31.[6] Moreover, whether Adkins was selling or buying drugs is wholly immaterial to the issues of this case. Plaintiff admits that Adkins walked to a payphone to call Johnson and then heard gunshots. Accordingly, these denials should be stricken and the material facts at issued should be deemed admitted.

     Finally, as to his denials of paragraphs 55, 57, 60 and 61, Plaintiff cites Exhibit H, which is the transcript of Larkland Martin's statement to Detectives Rodriguez and Velleca on December 4, 1999. Plaintiff denies that Martin saw a Honda vehicle in connection with the underlying shooting and that the driver of the vehicle was black. First, as to paragraphs 55 and 57, Martin confirmed in his statement that the vehicle he saw was a Honda and that the black man he saw was the driver of the car. See Pl's Exhibit H, p.3, 9-10. More importantly, however, the make and model of the car and its actual driver are not truly relevant here and a denial of the same has no bearing on this case. The material undisputed facts, which Plaintiff has not denied, are that Martin saw a vehicle surrounded by three men, two Hispanics and one African-American, one of whom was firing upon the red Jeep occupied by Lucky before the men reentered the car and sped away. See id. at 4-5. As to paragraph 60, which lacks a specific citation, Plaintiff claims Martin did not identify the men by name. From the photoboards, however, Martin clearly identified the two males at issue as the ones he had seen. See id. at 8-10. Finally, as to paragraph 61, Plaintiff references Exhibit H without a specific citation and makes no reference to the exhibit relied upon by Defendants. This is not a

---

[6] Similarly, in his impermissible Statement of Undisputed Material Facts, Plaintiff hammers away at the idea that Adkins incorrectly identified August 16, 1999, as the date of the shooting at issue. See Pl's Rule 56(a)2 Statement at 10-12, ¶¶ 10-23. Adkins' correct identification of the exact dates is not relevant to the issue of probable cause. Plaintiff does not dispute that Adkins was discussing the circumstances surrounding the shooting. Rather, Plaintiff disputes the irrelevant issue of whether Adkins was subjectively certain of the exact dates. See Pl's 56(a)2 Statement at 25, ¶¶ 13-14.

6

permissible denial. Accordingly, the Plaintiff's denials are improper or reference irrelevant facts that have no impact on the ultimate issue of probable cause and do not create a genuine issue of material fact. As such, these denials should be stricken and the material facts at issue should be deemed admitted.

        **C.**      **Plaintiff's Statement of Undisputed Material Facts Must be Stricken Because It Is Impermissible Under the Federal and Local Rules of Civil Procedure.**

In addition to his denials and a Statement of Disputed Material Facts, and despite the fact that Plaintiff has not cross-moved for summary judgment, Plaintiff has submitted a fifteen-page Statement of Undisputed Material Facts containing one hundred and four (104) allegedly undisputed facts, which do not challenge facts material to the core probable cause issue and many of which suffer from the same failures to use specific citations, to cite admissible evidence or to cite any supporting evidence at all.[7] This entire section, which is not authorized by Rule 56 of the Federal Rules or Local Rule 56(a)2, should be disregarded, as should the evidence cited therein to the extent Plaintiff has employed it in support of his assertions. See Demaine v. Samuels, 2000 WL 1658586, *1 n.1 (Arterton, J.), aff'd, 29 Fed.Appx. 671 (2d Cir. 2002) (attached as Appendix II) (adverse party's "Counter-statement of Undisputed Facts," which failed to contest material facts asserted in defendants' Statement, disregarded and defendants' material facts deemed admitted). Plaintiff was entitled only to admit or deny the material facts set forth in Defendants' Statement and to list the

---

[7] Paragraphs 8, 17, 21, 23, 50, 52, 61, 64, 70, 71, 75 and 90 are improper and should be stricken and disregarded because they cite no supporting evidence or fail to provide a specific citation for exhibits that are more than one-page in length. See L.Civ.R. 56(a)3. Paragraphs 25, 27-48, 56, 61, 62, 63, 68, 70, 71, 91 and 93-104 (statement number 104 is misnumbered as number 38) are improperly supported in whole or in part by Exhibits E, I, O and P, all of which are inadmissible.

7

issues of material fact as to which he contends there is a genuine issue to be tried.  See L.Civ.R. 56(a)2.[8]

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff has failed to meet the requirements of Local Rule 56(a)3. Consequently, the above portions of Plaintiff's Local Rule 56(a)2 Statement and the entirety of Plaintiff's Local Rule 56(a)2 Statement of Disputed Material Facts should be stricken, and all facts stated in Defendants' Statement should be deemed admitted.  Moreover, Plaintiff's Statement of Undisputed Material Facts is impermissible and should be stricken, and, in any event, is not

---

[8] Even if Plaintiff's Statement of Undisputed Material Facts were permissible, it could not be considered because, in addition to the improper exhibits already discussed in this memorandum, Plaintiff has relied on several other inadmissible exhibits to support the assertions in this section of his statement.  For example, Exhibit B (incomplete website printout concerning the drug Depakote ER); Exhibit I (website printout showing pharmacy address cited at Pl's Local Rule 56(a)2 Statement, at 17, ¶ 61); and Exhibit O (map printout from "Mapquest" website cited at Pl's Local Rule 56(a)2 Statement, at 16-18, ¶¶ 56, 63-64, 71) are not authenticated or relevant under Fed. R. Evid. 401, 901, 902, and they are hearsay under Rule 801.  See Welch-Rubin v. Sandals Corp., 2004 WL 2472280, *2 (D.Conn. 2004) (Kravetz, J.) (magazine article, report and website material recognized as inadmissible hearsay) (attached as Appendix I).  Exhibit C (28 page document about treatment of bi-polar disorder) is also wholly irrelevant hearsay used here simply to fuel speculation. There is no credible, relevant or admissible evidence that Sharon Adkins was affected by a bi-polar episode or significant symptoms when making her statement or at any relevant time.  Indeed, Exhibit C states "people with this illness can lead full and productive lives."  See Pl's Exhibit C at 2.

Exhibit P (Plaintiff's affidavit) is an inadmissible, self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form and is insufficient to preclude summary judgment. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).  Exhibit P merely reasserts the allegations of Plaintiff's Revised Complaint by setting forth "facts" surrounding the police investigation, probable cause hearing and subsequent incarceration and claiming that Plaintiff did not know the victim or the other men involved in the shooting and was not involved in any way with that or the events preceding it.  Compare Exhibit P, ¶¶ 3-36 with July 29, 2005 Revised Complaint, ¶¶ 4-17.  Paragraph 37 of the affidavit also relies on the inadmissible Exhibit K and paragraph 38 attempts to introduce improper material to scandalize the police department without support for the "facts" alleged therein.  Such self-serving averments are not properly considered by this Court and should be stricken.

Accordingly, these exhibits should be stricken and all the Plaintiff's alleged undisputed material facts relying on them should be disregarded as such statements are not supported by admissible evidence and are not permitted by the Local Rule in the first instance.

supported by admissible evidence.  The correlating portions of Plaintiff's opposition memorandum should also be stricken.

        DEFENDANTS,

        /s/ Thomas E. Katon
        Thomas E. Katon
        Federal Bar No. ct 01565
        Susman, Duffy & Segaloff, P.C.
        55 Whitney Ave.
        New Haven, CT 06510
        tel.:  203-624-9830
        fax:  203-562-8430
        email: tkaton@susmanduffy.com

## CERTIFICATION

I hereby certify that on February 5, 2007 a copy of the Defendants' Memorandum of Law in Support of Motion to Strike Portions of Plaintiff's Local Rule 56(a)2 Statement was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

        /s/ Thomas E. Katon
        Thomas E. Katon
        Federal Bar No. ct 01565
        Susman, Duffy & Segaloff, P.C.
        55 Whitney Ave.
        New Haven, CT 06510
        tel.:  203-624-9830
        fax:  203-562-8430
        email: tkaton@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\FINAL Memo in Support of Motion To Strike Portions of LR 56(a)2 Statement 2.05.07.doc