Westlaw.

Not Reported in F.Supp.2d                                                                                 Page 1

Not Reported in F.Supp.2d, 2004 WL 2472280 (D.Conn.)
(Cite as: Not Reported in F.Supp.2d)

Briefs and Other Related Documents
Welch-Rubin v. Sandals Corp.D.Conn.,2004.Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Lori WELCH-RUBIN and David Welch-Rubin, Plaintiffs,
v.
SANDALS CORPORATION, et al. Defendants.
No. 3:03CV481 (MRK).

Oct. 20, 2004.

Michael Stanton Hillis, Dombroski, Knapsack & Hillis, New Haven, CT, for Plaintiffs.

*RULING AND ORDER*
KRAVITZ, J.
*1 Plaintiffs sue Defendants for negligence in connection with an injury sustained while Plaintiffs were visiting the Beaches Turks & Caicos Resort & Spa ("Beaches Resort"). Before the Court is Defendants' Motion for Summary Judgment [doc. # 23]. For the reasons stated below, the Court hereby GRANTS Defendants' motion.

The central issue in this case is whether Defendants-a resort company and a tour operator-owned, operated, or controlled the Beaches Resort where Plaintiff Lori Welch-Rubin injured her shoulder while attempting to board a boat. Plaintiffs' do not dispute that under Connecticut law, Defendants cannot be liable to Plaintiffs if Defendants did not control, own or operate the premises where Ms. Welch-Rubin was injured. *See, e.g., Mozeleski v. Thomas,* 76 Conn.App. 287, 294-95, 818 A.2d 893 (2003) (legal responsibility for maintaining premises in a reasonably safe condition depends on who has possession and control of those premises). *See also Davies v. General Tours, Inc.* 63 Conn.App. 17, 22-23, 774 A.2d 1063 (2001) (tour operators have no duty to warn travelers of unsafe conditions at resort locales). Defendants are entitled to summary judgment because Plaintiffs have failed to produce any evidence that Defendants owned, controlled or operated the premises where Ms. Welch-Rubin was injured. Accordingly, there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

Before addressing the merits of Plaintiffs' arguments, the Court notes at the outset that there are numerous defects in Plaintiffs' submissions in opposition to Defendants' summary judgment motion. First, Plaintiffs Rule 56(a)2 Statement [doc. # 29] does not comply with the Court's Local Rules of Civil Procedure. **Local Rule 56(a)3** states that every **statement** of **material fact** and every denial of an opponent's **statement** of **fact** in a **Local Rule 56(a)2 Statement** "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the **facts** at trial and/or (2) evidence that would be admissible at trial." D. Conn. L. Civ. R. 56(a)3. Nevertheless, while Plaintiffs denied certain facts listed by Defendants in their Rule 56(a)1 Statement [doc. # 25], Plaintiffs failed to provide even a single citation to an affidavit or admissible evidence to support Plaintiffs' denials. As the Local Rules provide, that failure alone would be sufficient reason to deem Defendants' statements of fact admitted, though the Court has not done so in this case. *See* D. Conn. L. Civ. R. 56(a)1 ("All **material facts** set forth in [a Rule 56(a)1 **Statement**] will be deemed admitted unless controverted by the **statement** required to be filed and served by the opposing party in accordance with **Local Rule 56(a)2**.").

Second, in opposing Defendants' summary judgment motion, Plaintiffs urge the Court to accept the allegations of their Complaint and construe them in Plaintiffs' favor. Indeed, Plaintiffs cite their own Complaint as the sole support for certain assertions of fact in their Rule 56(a)2 Statement. But as the Defendants rightly point out, allegations in a complaint are not evidence. A party opposing

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 2
Not Reported in F.Supp.2d, 2004 WL 2472280 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange,* 84 F.3d 511, 518 (2d Cir.1996) (internal citations omitted). At the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient. *See id.* ("In order to defeat a summary judgment motion ... the opposing party is required to come forward with materials ... setting forth specific facts showing that there is a genuine issue of material fact to be tried.").

*2 The evidence that Plaintiffs do proffer in their opposition brief [doc. # 28] does not create any genuine issue of fact on the central issue in this case-namely, whether Defendants own, control, or manage the Beaches Resort. Plaintiffs' first point to a series e-mails between Ms. Welch-Rubin and an unidentified individual at the e-mail address "info@sandals.com." These emails merely confirm receipt of Ms. Welch Rubin's complaint about the injuries she sustained. *See* Ex. A [doc. # 28]. Nothing in this email correspondence even remotely acknowledges that Defendants own, control or operate the Beaches Resort.

In their brief, Plaintiffs also cite to an affidavit from a self-described "investigative research paralegal" named Carl Frederick and documents constituting the fruits of Mr. Frederick's research. *See* Ex. B [doc. # 28]. Mr. Frederick's research uncovered the following: (1) an article from a travel magazine that lists the Beaches Resort as within the Sandals/Beaches consortium of hotels; (2) an 8th Circuit decision that names Sandals Resorts Int'l Ltd. and Unique Vacations Inc. (but not the Beaches Resort) as defendants; (3) a Dun & Bradstreet report that indicates that Unique Vacations "has an alias of Sandals Resort"; and (4) a website that lists Unique Vacations as the "worldwide contact for Sandals and Beaches." *See* Frederick Aff. Ex. B [doc. # 28]. As Defendants rightly note, these documents (most of which would be considered inadmissible hearsay) do not make a single mention of the legal ownership, control, or management of the Beaches Resort, and therefore do not shed any light on the validity of Plaintiffs' claims against Defendants. Indeed, the fact that this is all Plaintiffs' investigator could come up with speaks volumes about Plaintiffs' claim against these Defendants. Accordingly, Mr. Frederick's report is insufficient to create a genuine issue of material fact about Defendants' ownership, operation or control of the Beaches Resort.

Contrary to Plaintiffs' inadequate submissions, Defendants have provided the Court with two affidavits signed by corporate officers of each defendant corporation. The first affidavit is signed by Merrick Frey, the managing director of Sandals Resorts Int'l Ltd. [doc. # 26]. The second affidavit is signed by Kevin Froemming, the president of Unique Vacations Inc. [doc. # 27]. Messrs. Frey and Froemming both unequivocally state that their respective companies do not own, operate or control the Beaches Resort where Ms. Welch-Rubin was injured. *See* Frey Aff. ¶ 6; Froemming Aff. ¶ 2.

Plaintiffs attempt to discredit Defendants' evidence by making much of the fact that one affidavit is undated. *See* Fray Aff. [doc. # 26]. The Court has no reason to believe that this omission was intentional and declines to be "unnecessarily hypertechnical and overly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied." *Pfeil v. Rogers,* 757 F.3d 850, 858 (7th Cir.1985). In any event, when this omission was pointed out to Defendants, they promptly re-submitted affidavits that fully conform with all technical requirements [doc. # 31]. Plaintiffs also baldly assert without *any* citation to authority, that the affidavits, which are executed by the president and managing director of Defendants' companies, lack proper foundation. The Court disagrees. It is a well accepted principle of evidence law that corporate officers are presumed to have personal knowledge of the affairs of the corporation. *See, e.g.,* 6 James Wm. Moore et al., *Moore's Federal Practice* § 56.14[1][c].

*3 Plaintiffs' claims of negligence against Defendants hinge on their allegations that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 3
Not Reported in F.Supp.2d, 2004 WL 2472280 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

Defendants owned, managed, or controlled the resort where Ms. Welch-Rubin was injured. Despite the fact that Plaintiffs have had ample time to uncover evidence, through discovery or otherwise, that would support their claims, Plaintiffs have failed to do so.[FN1] Accordingly, Defendants' Motion for Summary Judgement [doc. # 23] is GRANTED. The Clerk is directed to close this case.

> FN1. Even though Defendants identified the entities that own and manage the Beaches Resort-The Bay Hotel and Resort Ltd. and Royal Bay Resort and Villas Ltd., respectively-Plaintiffs made no efforts to join in this action the entities that would appear to be the proper defendants.

IT IS SO ORDERED.

D.Conn.,2004.
Welch-Rubin v. Sandals Corp.
Not Reported in F.Supp.2d, 2004 WL 2472280 (D.Conn.)

Briefs and Other Related Documents (Back to top)

• 3:03CV00481 (Docket) (Mar. 18, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.