UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************
GARY SESSION                         *    CIVIL NO.:  3:03CV00943 (AWT)
              PLAINTIFF              *
vs.                                  *
                                     *
CITY OF NEW HAVEN, STEPHEN
COPPOLA; AND EDWIN RODRIGUEZ         *
                                     *    FEBRUARY 5, 2007
*************************************
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE TRANSCRIPT OF AN INTERVIEW WITH MAYRA MERCADO SUBMITTED BY PLAINTIFF IN CONNECTION WITH PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Stephen Coppola and Edwin Rodriguez submit this memorandum of law in support of their Motion to Strike the transcript of an interview with Mayra Mercado ("Transcript") submitted as Exhibit E in connection with Plaintiff's January 12, 2007 Objection to Defendants' Motion For Summary Judgment.  The Transcript should be stricken and not considered in deciding Defendants' Motion For Summary Judgment because it: (1) is laden with hearsay or hearsay within hearsay so as to constitute such in its entirety; (2) is improperly verified and of questionable authenticity; (3) contravenes the best evidence rule; and (4) contains statements that are irrelevant, conclusory and/or not based on personal knowledge.  In turn, all portions of Plaintiff's opposition memorandum and his Local Rule 56(a)2 Statement that rely on the Transcript should be stricken.

**I.      LEGAL STANDARDS.**

A motion to strike may be "made by a party before responding to a pleading."  Fed.R.Civ.P. 12(f).  Such a motion permits the court to order the removal "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Id.  Although the

1

documents and exhibits at issue here are not strictly "pleadings" under Rule 7(a), a Rule 12(f) motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion.[1]  See, e.g., Newport Electronics, Inc. v. Newport Corporation, 157 F.Supp.2d 202, 208 (D.Conn. 2001) (Hall, J.) (motion to strike correct vehicle to challenge material submitted with summary judgment motion, although "moving party must be specific in regards to what it is seeking to have stricken and must set forth reasons why the materials should not be considered by the court").

Moreover, a party can make a motion to strike affidavits, depositions or other documentary evidence if they contain inadmissible hearsay or otherwise fail to meet the requirements of the rules of evidence.  See Hollander v. American Cyanamid Co., 999 F.Supp. 252, 255-56 (D.Conn. 1986) (Eginton, J.) (court may strike portions of affidavits which are not made upon affiant's personal knowledge, contain inadmissible hearsay or make generalized conclusory statements), aff'd, 172 F.3d 192 (2d Cir.), cert. denied, 528 U.S. 965, 120 S.Ct. 399, 145 L.Ed.2d 311 (1999); Newport, supra, 157 F.Supp.2d at 207 (motion to strike appropriate if depositions contain testimony that contains hearsay, speculation or conclusory statements or to challenge documentary evidence which has not been properly authenticated); Monroe v. Board of Education of Town of Wolcott, 65 F.R.D. 641, 648-50 (D.Conn.1975) (Blumenfeld, J.) (portions of affidavits stricken where such were irrelevant, hearsay, lacked personal knowledge and contained impermissible opinions and conclusions); see also Fed. R. Civ. P. 56(e) (requiring affidavits related to summary judgment to (1) be made on personal knowledge; (2) contain admissible facts; and (3) show affirmatively that the affiant is competent to testify on the matters therein); Fed.R.Civ.P. 56(a)3 (requiring that "[e]ach statement of material fact . . . in a Local Rule 56(a)2 Statement, and each denial [therein], must be

---

[1] Exhibits are made a part of motions and other papers pursuant to Fed. R. Civ. P. 7(b)(2) and 10(c).

followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial [in conformity with Fed. R. Civ. P. 56(e)").

## II.  LEGAL ARGUMENT.

### A.  The Transcript Is Inadmissible Hearsay and Hearsay Within Hearsay and Must Be Stricken In Its Entirety

The Transcript is subject to the rules of evidence, and statements or assertions that are irrelevant, constitute hearsay, or are made with no basis of personal knowledge, or that are opinions or conclusions are subject to being stricken.  See Monroe, supra, 65 F.R.D. at 648-50; Newport, supra, 157 F.Supp.2d at 207.  The Transcript here is not admissible because it is replete with hearsay and hearsay within hearsay and otherwise does not contain admissible facts.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed.R.Evid. 801(c).  The Second Circuit has held that, although out-of-court statements are not hearsay when they are offered, not to prove their truth, but solely for the limited purpose of proving that they were made; see United States v. Harwood, 998 F.2d 91, 97 (2d Cir.), cert. denied, 510 U.S. 971, 114 S.Ct. 456, 126 L.Ed.2d 388 (1993); such statements are still hearsay where they have no evidentiary value unless they are true.  See United States v. Abreu, 342 F.3d 183, 190 (2d Cir.2003) (rejecting defendant's assertion that the proffered statements were not hearsay because they were not offered for their truth).  Hearsay is not admissible except under an exception to the hearsay rule.  See Fed. R. Evid. 802.  Similarly, hearsay within hearsay must also be deemed inadmissible unless "each part of the combined statements conforms with an exception to the hearsay rule."  Fed. R. Evid. 805.

So far as it is possibly relevant, the Transcript here is made up entirely of out-of-court statements offered for their truth and Plaintiff has demonstrated no exception under which such materials may be admitted into evidence for consideration by this Court.  As a result, and in its

3

entirety, the Transcript is inadmissible hearsay and hearsay within hearsay from start to finish. See Fed. R. Evid. 402, 801 and 805.

In his opposition memorandum and his Local Rule 56(a)2 Statement, Plaintiff cites and relies upon pages 2-3, 5-15, 17, and 21-22 of the Transcript, except where he cites no page at all in support of his assertions.[2] As such, the remainder of the Transcript need not be examined.[3] To show each example of hearsay and hearsay within hearsay, Defendants must examine each of the Plaintiff's Transcript citations, as referenced by the Plaintiff:

Pages 2-3 (Pl's Obj. Mem. at 4-5): Mercado's statement that she was arrested, or at least found herself at the police station on November 8, 1999, for the purpose of giving a statement regarding the underlying shooting is hearsay under Rule 801, and these facts are irrelevant under Rule 402.

Pages 5 (Pl's Obj. Mem. at 5): Mercado's statements regarding her purported symptoms of drug withdrawal on the date of her original statement are hearsay or hearsay within hearsay under Rules 801 or 805.

Pages 5-14, 17 (Pl's Obj. Mem. at 7-8): Mercado describes in these pages her relationship with her brother Ishmael and things she said in the November 8, 1999 meeting between Detective Rodriguez and Mercado and a subsequent meeting between Mercado, Rodriguez and Sergeant Norwood. She also recounts how she knew the Plaintiff and sets forth denials of her November 8,

---

[2] At paragraph 18 of Plaintiff's 56(a)2 Statement, Plaintiff cites to page 5 of the Transcript, but that citation apparently is a typographical error referring to page 15. On page 8 of the opposition memorandum, Plaintiff employs an unspecified citation to the Transcript concerning a tape recorder being in the room with Mercado when she gave her original statement. Paragraphs 27, 32, 34, 35, 36 and 37 of Plaintiff's 56(a)2 Statement also make unspecified citations to the Transcript.

[3] Even so, and for similar reasons, the remainder of the Transcript is just as inadmissible as the sections upon which Plaintiff relies. Page 1 and 23 of the Transcript offer irrelevant material. Page 16 is ignored by the Plaintiff as it reflects Mercado's current failure to recall certain facts. Pages 18-20 refer to alleged events and conversations leading up to the probable cause hearing, all of which are hearsay or hearsay within hearsay.

1999 statements. As such, her remarks are all hearsay and hearsay within hearsay. Mercado's statements that Rodriguez knew she had a younger brother are also not based on personal knowledge but are speculative and conclusory under Rules 602, 701 and 901.

Pages 15, 21-22 (Pls' Obj. Mem. at 7-8; Pl's 56(a)2 Statement ¶¶ 18-26, 28-31, 33, 38, 39): Mercado's continued denials in the Transcript of her November 8, 1999 statements were not subject to cross-examination, are out-of-court statements intended to be introduced for their truth in this proceeding and are hearsay under Rule 801.

Thus, the introduction of Mercado's current statements serves no permissible purpose. As shown, each page of the Transcript is deficient and does not comport with Fed.R.Civ.P. 56(e) or the Local Rules. Accordingly, it should be stricken and disregarded.

**B.    The Transcript Is Inadmissible And Should Be Stricken Because It is Not Properly Authenticated And It Is Inherently Unreliable**

In addition to the above issues, the Transcript is not properly authenticated and it is inherently unreliable. The Transcript is not submitted properly as either an affidavit or deposition testimony under Rules 30(b)(4),[4] 30(f)(1)[5] or 56(e). Contrary to Rule 30(f)(1), there is no certification from a transcriptionist indicating that the Transcript is a true record or an accurate transcription as reduced to typewritten form of the original recording of the interview nor is there any statement that the deponent was duly sworn. See Fed.R.Civ.P. 30(f)(1). Accordingly, the Transcript itself has not been authenticated by the person who transcribed it. Moreover, the certificate of acknowledgment purportedly executed by a notary public, which is attached to the back

---

[4] Rule 30(b)(4) requires in relevant part that a deposition must begin with, among other things, "the administration of the oath or affirmation of the deponent."
[5] Rule 30(f)(1) provides in relevant part that "[t]he officer must certify that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. This certificate must be in writing and accompany the record of the deposition."

of the Transcript, is irregular in three ways. First the certification is a separate page distinct from any part of the actual transcript and appended as the last page thereto. Second, while Mercado purportedly signed the certification on January 10, 2007, the notary indicates on the same one page document that Mercado personally appeared before her and swore to the truth of the document on December 10, 2006, five days after the interview concluded. Third, there is no indication that the notary affixed her seal to the certification. Given these irregularities, the Transcript is not properly authenticated, it is inherently unreliable and it is, therefore, inadmissible.

In addition, although the certification states that Mercado "made solemn oath to the truth of the foregoing," the Transcript and the certification run afoul of 28 U.S.C. § 1746 (2), which authorizes the use of unsworn documents in support of matters, if the declarant verifies that such a document is "under penalty of perjury . . . true and correct." No such recognition of the penalty for making false statements is found in the certification and no such reference is found within the Transcript itself. For that matter, there is absolutely nothing in the Transcript indicating that Mercado took any oath to tell the truth *prior* to the interview, so as to awaken in her mind the duty to do so. See Fed. R. Evid. 603. Accordingly, the Transcript is insufficiently acknowledged, effectively unsworn and has not been authenticated properly. See Fed. R. Evid. 901 & 902; see also Chaiken v. VV Publishing Corp., 119 F.3d 1018, 1032-33 (2d Cir. 1997), cert. denied, 522 U.S. 1149, 118 S.Ct. 1169, 140 L.Ed.2d 1790 (1998) (unsworn letters insufficient to satisfy Rule 56(e) and cannot defeat motion for summary judgment); Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3d Cir. 2005) (affirming summary judgment where only evidence that could raise genuine issue of material fact was unsworn statement that was not in form of affidavit such that district court properly decided under Rule 56(e) not to consider that statement in ruling on motion); Watts v. Kroger Co., 170 F.3d 505, 508-509 (5th Cir. 1999) (trial court did not abuse discretion in granting

motion to strike several unsworn statements that were not notarized or in affidavit form because the same was not competent evidence under Rule 56(e) and did not comply with federal requirements for unsworn declarations).

    **C.**    **The Transcript Violates the Best Evidence Rule**

Because the Transcript is not properly authenticated, it would be unfair to admit the Transcript, especially where no transcriptionist has verified the accuracy of the Transcript, the original recording of the Transcript has not been produced and Plaintiff has made no effort to account for the nonproduction of the original recording. <u>See</u> Fed. R. Evid. 1002 and 1003. Instead, Plaintiff relies on a questionable Transcript, the certification of which is irregular and out of compliance with federal law regarding unsworn documents. Accordingly, along with the fact that the entire Transcript is hearsay, unauthenticated and inherently unreliable, it is also inadmissible because it does not constitute the best evidence of the alleged interview at issue and the recorded contents thereof. <u>See id.</u>

**III. CONCLUSION.**

For all of the reasons above, the Transcript cannot constitute admissible and material evidence. In sum and substance, the Transcript is unreliable, improperly authenticated and is made up of wholly inadmissible hearsay and hearsay within hearsay. Accordingly, it must be stricken and given no consideration by the Court in ruling on the Defendants' Motion for Summary Judgment. Moreover, for the same reasons, all parts of the Plaintiff's opposition memorandum and his Local Rule 56(a)2 Statement that rely on the Transcript should be stricken as well.

DEFENDANTS,

/s/ Thomas E. Katon
Thomas E. Katon
Federal Bar No. ct 01565
Susman, Duffy & Segaloff, P.C.
55 Whitney Ave.
New Haven, CT 06510
tel.: 203-624-9830
fax: 203-562-8430
email: tkaton@susmanduffy.com

## **CERTIFICATION**

      I hereby certify that on February 5, 2007 a copy of the Defendants' Memorandum of Law in Support of Motion to Strike Transcript of an Interview With Mayra Mercado Submitted By Plaintiff in Connection With Plaintiff's Objection to Defendants' Motion For Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

      /s/ Thomas E. Katon
Thomas E. Katon
Federal Bar No. ct 01565
Susman, Duffy & Segaloff, P.C.
55 Whitney Ave.
New Haven, CT 06510
tel.:  203-624-9830
fax:  203-562-8430
email: tkaton@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\FINAL Memo in Support of Motion To Strike Mercado Transcript 2.05.07.doc