UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 303-CV-00943 (AWT) |
| | * | |
| VS. | * | |
| | | |
| CITY OF NEW HAVEN; STEPHEN | * | FEBRUARY 5, 2007 |
| COPPOLA; AND EDWIN RODRIGUEZ | * | |
| | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' STEPHEN COPPOLA AND EDWIN RODRIGUEZ
REPLY TO PLAINTIFF'S OBJECTION TO THE DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

Pursuant to L. CIV. R. 7(d), the Defendants, Stephen Coppola (hereinafter, "Coppola") and

Edwin Rodriguez (hereinafter, "Rodriguez,"), through counsel, respectfully submit this Reply

Memorandum in Support of Motion for Summary Judgment.

## I.    The Plaintiff Cannot Establish a Lack of Probable Cause for his Arrest[1]:

The law is well-settled that a finding of probable cause is a complete defense to a claim for

false arrest and malicious prosecution.  Jocks v. Tavernier, 316 F.3d 128, 134-35 (2d Cir. 2003).

The Plaintiff concedes that an arrest warrant signed by a neutral judge or magistrate normally carries

a presumption that it was made with probable cause.  Artis v. Liotard, 934 F. Supp. 101, 103

(S.D.N.Y. 1996); Plaintiff's Opposition, Page 15. In this case, the arrest warrant was signed by a

neutral magistrate.  Consequently, the Plaintiff's argument rests upon his contention that the

Defendants "deliberately omitted material information from the warrant application or knowingly

---

[1]As probable cause is also a complete defense to the Plaintiff's state law claims for false arrest and malicious prosecution, the same arguments apply to the Plaintiff's claims set forth in Counts Five and Eight.

included false information" in that application.[2]  (Plaintiff's Opposition, Page 15).  Indeed, the

Plaintiff attempts to vitiate the warrant application by pointing out various immaterial inaccuracies

and endeavoring to discredit several witnesses, after the fact, by producing statements which lack

any indicia of reliability.  In particular, the Plaintiff focuses on the witness statements given by

Sharon Adkins (hereinafter, "Adkins"), Larkland Martin (hereinafter, "Martin"), and Myra Mercado

(hereinafter, "Mercado"), which were cited in the warrant application.  Despite the Plaintiff's

attempts to cast doubt on the trustworthiness of the witness statements, he fails to establish a

substantial preliminary showing that the Defendants knowingly and intentionally or with reckless

disregard for the truth made a false statement in the arrest warrant affidavit or that the Defendants

omitted material statements in the warrant affidavit.  Moreover the Plaintiff cannot show that the

Defendants' reliance on the information provided to them in the course of their investigation was

unreasonable.

     "[A] claim for false arrest cannot stand if probable cause existed at the time of the arrest."

Martinetti v. Town of New Hartford Police Department, 12 Fed. Appx. 29, 32.  (Citations omitted.)

"To successfully challenge a . . . warrant based on the allegations set forth in the underlying

affidavit, an objectant must show by a preponderance of the evidence that the affidavit contained

false statements that were material on the issue of probable cause."  United States v. Ferguson, 758

F.2d 843, 848 (2d Cir.1985) (Citations omitted; internal quotation marks omitted.).  In order to

mount such a challenge, the plaintiff must make a "substantial preliminary showing" that the affiant

"knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his

---

[2] Although the Plaintiff claims that both of the individual defendants deliberately omitted material information and knowingly included false information in the arrest warrant application, the Plaintiff fails to submit any evidence that Defendant Coppola was involved in the alleged conduct.  In fact, the Plaintiff focuses entirely on the alleged conduct of Defendant Rodriguez.  "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Because the Plaintiff has failed to raise any genuine issue of fact with regard to Defendant Coppola, summary judgment should enter for Defendant Coppola on all counts.

SUSMAN, DUFFY & SEGALOFF, P.C.  §  ATTORNEYS AT LAW
P.O.BOX 1684  §  NEW HAVEN,CONNECTICUT 06507  §  (203)624-9830  §  JURIS NUMBER 62505

affidavit and that the allegedly false statement was necessary to the finding of probable cause."
Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978); Golino v.
City of New Haven, 950 F.2d 864, 870-71 (1991).   "Omissions from an affidavit that are claimed
to be material are governed by the same rules." United States v. Ferguson, supra 758 F.2d 848.

 "In determining whether the necessary quantum of evidence existed to support a finding of
probable cause, the Court is required to evaluate the totality of the circumstances." Illinois v. Gates,
462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).  "[E]very statement in a warrant
affidavit does not have to be true."  United States v. Canfield, 212 F.3d 713, 717 (2d Cir. 2000).
"An affidavit in support of a . . . warrant application that contains both lawful and tainted
allegations is valid if the lawful information, considered independently, supports probable cause."
United States v. Ferguson, supra, 758 F.2d 849.  "To determine if the false information was
necessary to the issuing judge's probable cause determination, i.e. material, a court should disregard
the allegedly false statements and determine whether the remaining portions of the affidavit would
support probable cause to issue the warrant.  If the corrected affidavit supports probable cause, the
inaccuracies were not material to the probable cause determination and suppression is inappropriate.
 As with the inclusion of false information, [o]missions from an affidavit that are claimed to be
material are governed by the same rules. . . . The ultimate inquiry is whether, after putting aside
erroneous information and material omissions, there remains a residue of independent and lawful
information sufficient to support probable cause."  United States v. Canfield, supra, 212 F.3d 718
(Citations omitted.)  "[P]robable cause can exist even where it is based on mistaken information, so
long as the arresting officer acted reasonably and in good faith in relying on that information."
United States v. Bernard, 25 F.3d 98, 102 (2d. Cir, 1994).

**Adkins:**

 The Plaintiff's attempt to establish a lack of probable cause through Adkins' statements
focuses on information that was omitted from the arrest warrant affidavit.  In particular, the Plaintiff

3

contends that Defendants failed to include facts which would establish Adkins as a reliable informant, and to include information regarding Adkins' arrest two months prior to her statements to police, her use of Depakote and crack cocaine, and her initial inaccuracy as to the date of the incident. The Plaintiff attempts to suggest that Adkins' statements were patently unreliable because she was susceptible to coercion as a result of her arrest and that she was incompetent to make her statements as her use of Depakote and crack cocaine should suggest that she was bipolar. The Plaintiff, however, fails to establish that these omissions were material to the finding of probable cause and that had this information been included in the warrant application, there would not have been an independent finding of probable cause. Moreover, the Plaintiff cannot establish that the Defendants reliance on Adkins' statement, as part of their investigation, was not reasonable.

The Plaintiff contends that police may not rely upon a confidential informant when it is or should be clear that the informant is unreliable. (Plaintiff's Opposition, Page 18). The Plaintiff seems to suggest that Adkins' initial inaccuracy as to the date of the incident renders Adkins entire statement unreliable and that the Defendants acted unreasonably by including her statement in the arrest warrant application. (Id.). Notwithstanding, "[w]hen the affidavit in support of the . . . warrant is based on information obtained from a confidential informant, courts assess the information by examining the totality of the circumstances bearing upon its reliability." United States v. Canfield, supra, 212 F.3d 718 (Citations omitted; internal quotation marks omitted.) "[I]t is improper to discount an informant's information simply because he has no proven record of truthfulness or accuracy. . . . [I]f an informant's declaration is corroborated in material respects, the entire account may be credited, including parts without corroboration." Id., 719-720. (Citations omitted; internal quotation marks omitted.) The Defendants did not base the arrest affidavit solely on Adkins' statement. Her statement was corroborated by the other witnesses and the evidence collected in course of the investigation of Anthony Lucky's death. The mere fact that Adkins' statement was corrected and that the Defendants did not list Adkins' credentials as a confidential

4

informant in the warrant does not indicate that a neutral magistrate would not have made a finding of probable cause.

The Plaintiff also contends that the Defendants should have included information regarding Adkins' arrest *two months* prior to the issuance of her statement to police and her use of Depakote and crack cocaine.[3] Moreover, even though the Plaintiff has presented no conclusive evidence to suggest that Adkins suffered from manic depression, the Plaintiff maintains that the Defendants should have perceived that Adkins was mentally ill and included such information in the warrant application. The Plaintiff's argument implies that had this information been placed in the warrant application that Adkins' statement would have been considered manifestly unreliable, therefore obviating a finding of probable cause. The Plaintiff must establish both that if this information had been included that a neutral magistrate could not find probable cause and that the Defendants reliance on Adkins' statement, despite this information, was unreasonable. As police officers the Defendants should not be expected to diagnosis mental illness, nor should they automatically discount her statements by virtue of her admitted drug use and criminal past. Even if the Plaintiff could conclusively prove that Adkins was suffering from manic depression and that the officers were aware of this fact, knowledge of a witness' criminal or psychiatric history, alone, is not enough to destroy probable cause or strip officers of qualified immunity on the basis of arguable probable cause. See Escalara v. Lunn, 361 F.3d 737, 746 (2004); United States v. Canfield, supra, 212 F.3d 720 (criminal history); United State v. Ferguson, supra, 758 F.2d 849 (psychiatric history). The Defendants acted reasonably in assessing whether Adkins was lucid and competent to make her statements.[4] Given the totality of the evidence presented in the arrest warrant and the fact that the Adkins' statement was corroborated by the remaining evidence, even if this information had been

---

[3] Despite Plaintiff's insinuation that Adkins' arrest approximately two months prior to her statement made her open to manipulation, he has presented no evidence to establish nor has he made the claim that Adkins was in any way manipulated by the Defendants in rendering her statement.

[4] Before taking Adkins' statement, the Defendants asked her whether she was taking medication and whether she understood the questions being asked of her. (Defendants' Exhibit G, pages 1-4).

SUSMAN, DUFFY & SEGALOFF, P.C. § ATTORNEYS AT LAW
P.O.BOX 1684 § NEW HAVEN,CONNECTICUT 06507 § (203)624-9830 § JURIS NUMBER 62505

included, the Plaintiff cannot establish that the court would not have made a finding of probable cause.

**Martin:**

The Plaintiff attempts to cast doubt upon Martin's statement by pointing to an alleged inconsistency in his statement regarding the position of the shooter and the Plaintiff's contention that a "cursory examination" of the scene should have revealed that Martin could not have witnessed the shooting. (Plaintiff's Opposition, pages 19-20). The Plaintiff argues that this information should have been included in the arrest warrant and that because of this information, Martin's statements alone, would not have been sufficient to establish probable cause for the Plaintiff's arrest. (Plaintiff's Opposition, page 19). The Plaintiff's argument fails to appreciate that Martin's statement was one of many relied upon by the Defendants in making the warrant affidavit. Despite any inconsistencies within the statement, it is clear that material aspects of his account are corroborated by the other witnesses interviewed by the Defendants and by the evidence presented through reconstruction and by the medical examiner. Indeed "the actual accuracy or veracity of this statement is irrelevant to a determination of whether [an officer] had probable cause. Rather the question is whether [the officer] could have reasonably relied on it." Escalera v. Lunn, supra 361 F.3d 745. Given the totality of the evidence, it is clear that even if these inconsistencies were indicated in the arrest warrant, they were immaterial and would certainly not have affected the ultimate finding of probable cause.

Similarly, the Plaintiff cannot establish his claim that a cursory examination of the scene would have indicated that Martin could not have witnessed the shooting. The Plaintiff contends that there was a large tree obstructing Martin's view and that there was insufficient lighting. (Plaintiff's Opposition, Pages 19-20). The Defendants, however, probed Martin about his ability to see the shooting, specifically asking about the lighting conditions. (Defendants' Exhibit H, Pages 12-13). The evidence presented by the Plaintiff does not establish that Martin could not have observed the

6

shooting. More importantly, however, the Plaintiff has failed to produce any evidence that the witness' alleged inability to see was known to the Defendants at the time that they applied for the arrest warrant. See, Escalera v. Lunn, supra, 361 F.3d 745. There is nothing to indicate that Defendants' reliance on Martin's claimed ability to observe the incident was unreasonable.

**Mercado:**

The allegations of the Plaintiff's complaint focus almost entirely on the statements made by Mercado. (Complaint, ¶¶ 14 and 15). She was the primary witness to connect the Plaintiff to the shooting. As a consequence, the Plaintiff attempts to discredit all of Mercado's statements by submitting a recent statement by Mercado, recanting her previous testimony. (Plaintiff's Exhibit E). As set forth more fully in the Defendants' Motion to Strike, filed herewith, the statement submitted by the Plaintiff lacks any indicia of reliability. Although Mercado recants her former statements and claims to have been coerced into making these statements, she does not explain why several months (15) later she provides a materially consistent account at the Plaintiff's probable cause hearing.[5] Despite the Plaintiff's attempts to show that Mercado's testimony at the probable cause hearing is inconsistent with her previous statements, these inconsistencies are not material. Mercado's statements were deemed credible by a neutral judge both at the warrant stage of the investigation and later during the probable cause hearing. See Rodriguez v. City of Bridgeport, 2005 WL 3307274 (D.Conn)(attached hereto). The transcript provided by the Plaintiff is not sufficient to establish that her statements were false nor that the Defendants unreasonably relied on them and thus should have no bearing on the issue of probable cause.

## II. The Plaintiff Cannot Establish that the Plaintiff's Criminal Proceeding Terminated in his Favor.

Despite the Plaintiff's contention that the holding in Birdsall does not represent the majority

---

[5] Mercado's last statement to police regarding this case was made on December 4, 1999. Mercado later testified at a probable cause hearing on March 1, 2001. Her statements at the probable cause hearing were materially consistent. The Plaintiff cannot account for why these statements remained largely consistent over one year later if the initial statements were allegedly made under duress.

7

view in Connecticut, the other viewpoints discussed at length by the Plaintiff demonstrate that in order to establish that the criminal proceeding terminated in the Plaintiff's favor there must be some indication that withdrawal of the case "took place under circumstances creating an inference that the plaintiff was innocent," Plaintiff's Opposition, Page 23; DeLaurentis v. New Haven, 220 Conn 250-51, 597 A.2d 807 (1991), or that the prosecution of the case was abandoned. Plaintiff's Opposition, Page 24-25; See v. Gosselin, 133 158, 159, 48 A.2d 560 (1946). In this case, the Plaintiff's case was not terminated in a manner which would create an inference that the Plaintiff was innocent, nor was there any indication that the prosecution of this case would be abandoned. The Plaintiff's criminal proceeding was nolled pursuant to Connecticut General Statutes § 54-56b. Connecticut General Statutes §54-56b provides that "a nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary." The prosecutor stated that there were two witnesses "who have 5[th] Amendment privileges *at this point in the case* and therefore unavailable to testify and they are necessary witnesses in the prosecution of the matter". (Defendants' Exhibit M.) There was no indication that the Plaintiff was found to be innocent. Moreover, there was no indication that the prosecutor would be abandoning the case and that the Plaintiff would not be prosecuted some time in the future, should circumstances change, for the homicide of Anthony Lucky. Therefore, the nolle in this case should not be sufficient to establish that the Plaintiff's criminal proceeding terminated in his favor.

### III. The Defendants are entitled to Qualified Immunity:

Although it is well settled that the plaintiff has a constitutional right not to be arrested without probable cause, Caldarola v. Calabrese, 298 F.3d 156, 161 (2d Cir. 2002), as discussed supra, there was

8

probable cause to arrest the Plaintiff here.  See supra Part I.  Notwithstanding,"[e]ven if probable cause to arrest is ultimately found not have existed, an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was arguable probable cause to arrest. Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met. . . .  Thus, the analytically distinct test for qualified immunity is more favorable to the officers than the one for probable cause; arguable probable cause will suffice to confer qualified immunity for the arrest."  Escalera v. Lunn, supra, 361 F.3d 743 (Citations omitted; internal quotation marks omitted.)  It was objectively reasonable for the Defendants to rely on the statements provided to them, particularly because those witnesses corroborated each other.  The Plaintiff cannot establish that the information included or omitted by the Defendants was done so in a malicious or reckless manner or that had the information been included or omitted, there could be no independent finding of probable cause by a neutral judge both when the warrant was signed and during the probable cause hearing. Because the Defendants can establish that there was arguable probable cause and that they acted reasonably, they should be entitled to Qualified Immunity.

IV.    **Summary Judgment Should Enter as to the Plaintiff's State Law Claims Because the Defendants Are Entitled to Governmental Immunity.**

As set forth above, the Plaintiff has not established that the Defendants included false information or omitted information that was material to the finding of probable cause.  The process by which a police officer investigates a crime or makes an arrest is a discretionary act.  See Lipka v. Madoule, No. CV990428311S, 2001 WL 1712685, at *3 (Conn. Super. Ct. Dec. 17, 2001) (cases cited therein); Nunez v. VPSI, Inc., No. CV970347902, 2001 WL 236755, at *2 (Conn. Super. Ct. Feb. 20, 2001).  The Plaintiff has presented no authority to the contrary.  Because it is apparent from the Complaint that the alleged conduct of the Defendants was discretionary, the Individual Defendants are protected by governmental immunity.  The Plaintiff's claims, as alleged in Counts Two through Six, cannot stand as a matter of law.

9

## IV.    CONCLUSION.

For all of the foregoing reasons, summary judgment as to Defendants Coppola and Rodriguez should be granted in its entirety.  The Plaintiff cannot overcome the presumption of probable cause and cannot establish that the underlying criminal matter terminated in his favor.  Therefore the Plaintiff's claims for false arrest, false imprisonment and malicious prosecution must fail.  Moreover, the Defendants are entitled to immunity as to all claims.  Accordingly, summary judgment should enter in favor of the Defendants.

THE DEFENDANTS,
STEPHEN COPPOLA AND EDWIN RODRIGUEZ

BY:_____/s/ Thomas E. Katon_____
Thomas E. Katon
Susman, Duffy & Segaloff, P.C.
P. O. Box 1684
New Haven, CT  06507-1684
Phone: (203) 624-9830
Fax: (203) 562-8430
Federal Bar no:  ct01565
Email: tkaton@susmanduffy.com

## CERTIFICATION

I hereby certify that on February 5, 2007, a copy of the foregoing was filed electronically and swerved by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF system.

By:____/s/ Thomas E. Katon_____
Thomas E. Katon (ct01565)
Susman Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830
Facsimile:  (203) 562-8430
Email:      tkaton@susmanduffy.com

10