UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION,<br>　　　　Plaintiff | CIVIL ACTION NO.<br>3:03-cv- 00943  (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL.<br>　　　　Defendants | MARCH 21, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
ENLARGEMENT OF TIME TO COMPLETE DISCOVERY**

**FACTUAL BACKGROUND**

　　　This is a federal civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff alleges that the Defendants, former New Haven, Connecticut police officers knowingly and recklessly caused him to be wrongfully arrested on a charge of murder and that as a consequence, he was falsely imprisoned for nearly one (1) year before all charges against him were dropped. The Plaintiff further alleges that the Defendant City of New Haven is liable for the actions of the individual defendant officers.

　　　Plaintiff was originally represented in this matter by the law firm of Philip Russell, P.C. This matter was alternately handled by Attorney Russell, Attorney David Feldman and more recently Attorney Karen Mayer of Philip Russell, P.C. In October 2006, the undersigned filed an appearance in addition to those of the above named attorneys.

　　　The undersigned is a solo practitioner with a busy civil and criminal litigation practice. When the undersigned appeared, he received fourteen (14) legal size accordion

folders packed with documents including sixty (60) plus pleadings in this case, an entire pleading file from the underlying state court criminal case, dozens of police reports, transcripts of various official proceedings including the hearing in probable cause in the state court criminal case and depositions in this case, numerous witness statements and vast amounts of legal research. It has taken months for the undersigned to become sufficiently familiar with the enormous complexities of this case.

Soon after my appearance in this case, I began moving my law office. Starting on October 30, 2006, I moved my offices from Westport to Southport and began the process of merging portions of my practice with that of another attorney. In addition to the ordinary inconveniences and problems associated with any move, my move was beset by a number of other difficulties including problems with the computer system that interfered with a smooth transition from one office to another. In addition to the foregoing, the undersigned is the principal custodial parent of a disabled child, placing additional demands upon my time.

When the undersigned appeared, there had been a protracted dispute over written discovery that was only partially resolved after a hearing before the Hon. Magistrate Donna Martinez on October 20, 2006. The Defendants were ordered to produce certain documents within one (1) week. In fact, the production was not made for over a month.

In the interim, the Defendants obtained an order requiring the Plaintiff to respond to their Motion for Summary Judgment, previously filed in July 2006 (while discovery disputes were still unresolved) by January 12, 2007. The Summary Judgment motion

from the individual defendants was long and involved and the objection to it absorbed all of the time I had to devote to this case.

Pursuant to a prior order of this Court, discovery was to have been completed by December 20, 2006. In early November, the undersigned served deposition subpoenas upon a number of fact witnesses in the hope of completing the depositions prior to the expiration of the discovery deadline. That discovery plan, for the reasons set forth above, proved overly optimistic and the undersigned simply could not be prepared in time to proceed with the depositions. Thereafter, the undersigned was consumed with the Objection to the Motion for Summary Judgment.

The undersigned then began work on an Objection to a Motion for Summary Judgment filed by the Defendant City of New Haven. However, before that objection could be completed, the case became significantly more complicated by action taken by the Plaintiff. Apparently, the Plaintiff wrote to Judge Thompson expressing dissatisfaction with his attorneys, seeking their removal and the substitution of a new attorney on his behalf.

On March 5, 2007, the undersigned participated in a telephone conference call with Judge Thompson, Attorneys Russell and Mayer for the Plaintiff, attorneys Gallagher and Ude for the Defendants and the Plaintiff. During the conference call, the Plaintiff expressed his dissatisfaction with all of his attorneys and stated his desire to have new representation. At that time, the Court granted Attorney Russell's oral Motion to Withdraw but declined to permit the undersigned or Attorney Mayer to withdraw at that juncture.

The Court further agreed to stay rulings on any un-briefed motions for forty five (45) days [1] and to not release a ruling on the individual Defendants' Motion for Summary Judgment [2] during that time to afford the Plaintiff the opportunity to obtain new counsel. The undersigned now seeks an enlargement of time to complete discovery in order to both obtain the information needed for trial and to protect the interests of Plaintiff and any successor counsel.

**LAW AND ARGUMENT**

    **1.    Legal Standards**

Motions for enlargement of time are governed by the provisions of Fed. R. Civ. P. 6 and Local Rule of Civil Procedure 7(b).

Fed. R. Civ. P. 6(b) provides

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them.

Local Rule 7(b)(2) states:

> (b) MOTIONS FOR EXTENSIONS OF TIME.
>
> 1. Unless otherwise directed by a particular Judge with respect to cases

---

[1] To the best of my knowledge, the only Motion that is not yet fully briefed is the Defendant City of New Haven's Motion for Summary Judgment.
[2] The Court indicated that a draft ruling on the Motion has been prepared but the Court did not reveal what form the ruling would take.

> on his or her docket, the Clerk is empowered to grant initial motions for extensions of time, not to exceed 30 days, in civil cases with regard to the following time limitations:
>
>> (a) the date for filing an answer or motion addressed to the complaint, counterclaim or third party complaint; and
>>
>> (b) the date for serving responses to discovery requests.
>
> 2. All other motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

" If a motion for enlargement is filed after the expiration of the prescribed date or period, then the court may permit the act to be done "where the failure to act was the result of excusable neglect[.]" Fed. R. Civ. P. 6 (b) (2); Stephenson v. Cox, 223 F. Supp. 2d 119, 120 (D.D.C. 2002); see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151-52 (D.C. Cir. 1996). (district court has broad discretion in the management of its docket consistent with concerns of the Supreme Court and Congress "for the fair and efficient administration of justice").

The Supreme Court, in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 387-96, 113 S.Ct. 1489, 123 L. Ed. 2d 74 (1993) liberalized the "excusable neglect" standard in Rule 60(b)(1) and held that attorney negligence or carelessness may constitute excusable neglect under appropriate circumstances. Hartford Steam Boiler Inspection & Ins. Co. v. Southeastern Refr., 212 F.R.D. 62   (D. Conn. 2003). In Pioneer, the Court rejected the holdings of several circuits, including the Second, that the excusable neglect standard could be met only if a

5

party's failure to timely perform was due to circumstances beyond its reasonable control. Instead, the Court held,

> although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" . . . is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

Hartford Steam Boiler, supra quoting Pioneer, 507 U.S. at 392.

As noted by the Hartford Steam Boiler court, the Supreme Court in Pioneer concluded that, because Congress had provided no guideposts for determining what sorts of neglect will be considered "excusable," the determination was "at bottom an equitable one, taking account of all relevant circumstances surroundings the party's omission." These circumstances include "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S at 395 (internal citations omitted)  see also Bateman v. United States Postal Service, 231 F. 3d 1220, 1223-24 (9th Cir. 2000).

The Supreme Court held in Pioneer that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer, 507 U.S. at 392.  The Second Circuit has held that the reason for the delay is the "most prominent factor" and should be given particular weight in the analysis. United States v. Hooper, 43 F.3d 26, 28 (2d Cir. 1994). The Court of Appeals has interpreted this factor strictly, delineating a standard that will not be satisfied by a simple failure to follow the rules. The excusable neglect standard can never be met by a showing of inability or

6

refusal to read and comprehend the plain language of the federal rules. <u>Hartford Steam Boiler Inspection & Ins. Co. v. Southeastern Refr</u>., 212 F.R.D. 62, 65 (D. Conn. 2003).

This case does not involve inadvertence, ignorance of the rules, inability to read or comprehend the rules or mistakes construing the rules. Rather, it is a matter of being unable to complete discovery within the deadline for the reasons set forth above despite the exercise of diligence. This case differs significantly from <u>Hartford Steam Boiler</u> in one significant respect. The Plaintiff there missed deadlines that he himself had requested. <u>Id.</u> at 65. The deadlines in this case had been established before the undersigned appeared. The undersigned is not seeking special consideration simply based on his appearance; rather he asks the court to recognize the enormous burden of managing the information and discovery in this case and his good faith efforts to do so, manifested at least in part by the Objection to the Defendants' Motion for Summary Judgment prepared by the undersigned.

One reason why the undersigned did not move to extend the discovery deadline before December 20 was the desire not to inconvenience the opposing parties or the court by seeking an enlargement of time based upon an honest, albeit mistaken belief that he could accomplish the discovery in the limited time remaining after filing his appearance. Assuming for the sake or argument that the Plaintiff's case survives the individual defendants' Motion for Summary Judgment, then those defendants will not be prejudiced by the granting of this Motion. Discovery, including the depositions of the individual Defendants is certainly something they must have anticipated and the fact that those

depositions may occur later than originally scheduled does not set forth a viable claim for prejudice.

The undersigned is now prepared to complete discovery. In the process of learning the facts of the case, the undersigned has decided that far fewer depositions will be required than originally thought. The undersigned can issue the necessary deposition notices and subpoenas immediately upon the granting of this Motion.

The undersigned is seeking May 31 advisedly. Pursuant to the Court's order on March 5, 2007, the Plaintiff has until April 20, 2007 within which to obtain successor counsel before the Court begins issuing rulings on pending Motions. The proposed extension of time would leave nearly six (6) weeks after that date for the completion of discovery, enough time for the undersigned to work with new counsel to assure both a smooth transition of the file and the effective use of discovery. This time frame would also obviate the need for successor counsel to seek an additional extension of time upon his or her appearance on behalf of the Plaintiff.

                                        THE PLAINTIFF
                                        GARY SESSION

                                        By /Roy S. Ward/
                                        Roy S. Ward, Esq.
                                        3695 Post Road, Suite 203
                                        Southport, CT  06890
                                        Tel: (203) 255-9829
                                        Fax: (203) 255-9839
                                        Email: attyrward@yahoo.com
                                        Fed. Bar. No. ct11618

## **CERTIFICATION**

      I hereby certify that on March 21, 2007 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
/Roy S. Ward/