UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION, | CIVIL ACTION NO. |
|     Plaintiff | 3:03-cv- 00943  (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL. | JUNE 4, 2007 |
|     Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
ENLARGEMENT OF TIME TO FILE REPLY TO DEFENDANT
CITY OF NEW HAVEN'S MOTION FOR SUMMARY JUDGMENT**

**FACTUAL BACKGROUND**

    This is a federal civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff alleges that the Defendants, former New Haven, Connecticut police officers knowingly and recklessly caused him to be wrongfully arrested on a charge of murder and that as a consequence, he was falsely imprisoned for nearly one (1) year before all charges against him were dropped. The Plaintiff further alleges that the Defendant City of New Haven is liable for the actions of the individual defendant officers.

    On January 22, 2007, the Defendant City of New Haven (hereinafter "the City") filed a Motion for Summary Judgment. On May 19, 2007, the Court issued an order resetting the deadlines in this matter. The Plaintiff was ordered to file a reply to the City of New Haven's  Motion for Summary Judgment by June 5, 2007.

    Since receiving notice of the revised scheduling order on May 20, 2007,  the undersigned has worked diligently on the Reply to the City's Motion for Summary Judgment. However, due to a prior family commitment, the undersigned was out of the

office from May 25 through May 28, 2007. In addition, the undersigned is a solo practitioner with a busy civil and criminal litigation practice, which has included numerous court appearances over the past two (2) weeks. Moreover, as alluded to in the affidavit of the undersigned in support of his Motion to Withdraw Appearance, the strained relationship with the Plaintiff has further compromised the ability of the undersigned to finish the Reply. Nevertheless, the Reply is now more than two-thirds completed and the undersigned is certain that it can be filed by Friday, June 8, 2007, *at the latest*. Finally, all defense counsel consent to the granting of this Motion.

**LAW AND ARGUMENT**

    1.    **Legal Standards**

Motions for enlargement of time are governed by the provisions of Fed. R. Civ. P. 6 and Local Rule of Civil Procedure 7(b).

Fed. R. Civ. P. 6(b) provides

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them.

Local Rule 7(b)(2) states:

> (b) MOTIONS FOR EXTENSIONS OF TIME.
>
> 1. Unless otherwise directed by a particular Judge with respect to cases

on his or her docket, the Clerk is empowered to grant initial motions for extensions of time, not to exceed 30 days, in civil cases with regard to the following time limitations:

   (a) the date for filing an answer or motion addressed to the complaint, counterclaim or third party complaint; and

   (b) the date for serving responses to discovery requests.

2. All other motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

This Motion has been filed before the expiration of the newly reset deadline. Therefore, this request does not fall under the heading of excusable neglect. The Plaintiff needs only to show good cause. " If a motion for enlargement is filed after the expiration of the prescribed date or period, then the court may permit the act to be done "where the failure to act was the result of excusable neglect[.]" Fed. R. Civ. P. 6 (b) (2); Stephenson v. Cox, 223 F. Supp. 2d 119, 120 (D.D.C. 2002); see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151-52 (D.C. Cir. 1996). (district court has broad discretion in the management of its docket consistent with concerns of the Supreme Court and Congress "for the fair and efficient administration of justice").

The foregoing establishes that Motions for Enlargement of Time should be liberally construed. The undersigned has been diligently working on the Reply to the City's Motion for Summary Judgment and has been doing the best he can under the circumstances. The Reply is nearly complete. The undersigned is seeking only a three (3) day enlargement of time to file the Reply with the consent of opposing counsel.

**CONCLUSION**

Wherefore, based upon the foregoing, the Plaintiff's Motion for Enlargement of Time until June 8, 2007 within which to file a Reply to the Defendant City of New Haven's Motion for Summary Judgment should be granted.

.

                THE PLAINTIFF
                GARY SESSION


                By /Roy S. Ward/
                Roy S. Ward, Esq.
                3695 Post Road, Suite 203
                Southport, CT  06890
                Tel: (203) 255-9829
                Fax: (203) 255-9839
                Email: attyrward@yahoo.com
                Fed. Bar. No. ct11618


**CERTIFICATION**

I hereby certify that on June 4, 2007 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
/Roy S. Ward/