UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
GARY SESSION,                  :
                               :
        Plaintiff,             :
v.                             :    Civ No. 3:03CV00943(AWT)
                               :
CITY OF NEW HAVEN, STEPHEN     :
COPPOLA, and EDWIN RODRIGUEZ,  :
                               :
        Defendants.            :
-------------------------------x
```

## ORDER RE DEFENDANTS' MOTION TO STRIKE TRANSCRIPT

The Defendants' Motion to Strike Unsworn Transcript of an Interview with Mayra Mercado Submitted by Plaintiff in Connection with Plaintiff's Objection to Defendants' Motion for Summary Judgment (Doc. No. 102) is hereby DENIED.

In their motion, the defendants first argue that the Transcript is based on hearsay and hearsay within hearsay, and is inadmissible in its entirety.

1. The defendants' objection to pages 2-3 of the Transcript is overruled under both Fed. R. Evid. 801 and Fed. R. Evid. 402.

2. The defendants' challenge to page 5 of the Transcript is overruled. The witness's description of her symptoms does not fit within the definition of hearsay.

3. The defendants' blanket challenge to pages 5-14 of the Transcript is overruled. The court notes that the witness's testimony about statements made by Rodriguez

      are admissible pursuant to Fed. R. Evid. 801(d)(2). The witness's testimony concerning what she told Rodriguez at a prior interview is not hearsay so long as it is not offered for the truth of the matter asserted. The witness's statements concerning the extent of her knowledge of the plaintiff, "Shabazz," do not relate prior statements, and are not hearsay. A foundation would need to be laid before statements concerning the officers' knowledge of her relationship with her brother could be admitted.

4. The defendants' objection to page 15 of the Transcript, which is based on the fact that the witness was not subject to cross-examination is overruled because the Transcript should be treated as an affidavit. The witness's recitation of her previous assertions of disagreement is inadmissible to show the truth of the matter asserted, but is admissible for other purposes.

The defendants also argue that the Transcript is inadmissible because it is not properly authenticated. The defendants have cited no authority for the proposition that Fed. R. Evid. 603 applies to affidavits as opposed to testimony. The transcript is admissible as an affidavit pursuant to Fed. R. Civ. P. 56(e).

The defendants also argue that the best evidence rule requires that the recording of the interview be produced.  As this document functions as an affidavit, that objection is overruled.

It is so ordered.

Dated this 20th day of August 2007 at Hartford, Connecticut.

                                                     /s/AWT
                                          Alvin W. Thompson
                                  United States District Judge