**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
--------------------------------x
GARY SESSION,                   :
                                :
        Plaintiff,              :
v.                              :    Civ No. 3:03CV00943(AWT)
                                :
CITY OF NEW HAVEN, STEPHEN      :
COPPOLA, and EDWIN RODRIGUEZ,   :
                                :
        Defendants.             :
--------------------------------x
```

## ORDER RE STEPHEN COPPOLA
## AND EDWIN RODRIGUEZ'S MOTION FOR SUMMARY JUDGMENT

The plaintiff's Revised Complaint (Doc. No. 24) sets forth claims for false arrest and malicious prosecution pursuant to 28 U.S.C. § 1983 in addition to common law causes of action for false imprisonment[1], malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress.[2] Individual defendants Edwin Rodriguez ("Rodriguez") and Stephen Coppola ("Coppola") have moved for summary judgment on all claims. Their motion is being granted in part and denied in part.

The defendants argue that defendant Coppola should be dismissed as a defendant because the plaintiff has produced no evidence to show unlawful conduct by Coppola. The court agrees,

---

[1] The Revised Complaint uses the term "false imprisonment," and the defendants' motion for summary judgment refers to both false arrest and false imprisonment. The court notes that "the applicable law for theses two causes of action is identical." Outlaw v. City of Meriden, 43 Conn. App. 387, 392 (1996).

[2] As the defendants note, the plaintiff cites to the due process clause, the equal protection clause, in addition to the Fourth, Fifth, Eighth, and Fourteenth Amendments. The plaintiff does not address these potential claims in his opposition, and the court deems them abandoned.

and summary judgment is being granted in favor of defendant Coppola. While the plaintiff states in his affidavit that Coppola was present for statements made by specific witnesses, there is no evidence that Coppola was involved in or present for the alleged threatening and coercion involving Mercado. In fact, when asked whether there was anyone other than Rodriguez present for the November 1999 interview, she responded, "Rodriguez, yes." (Doc. No. 92, Ex. E, at 4). When counsel asked as an immediate follow-up question, "Just us?", Mercado responded, "Uh-huh." Id. Mercado also stated that Norwood and Rodriguez "told [her] what to say" while she was at the courthouse. Id. at 11. Also, defendant Rodriguez signed the arrest warrant affidavit and the plaintiff has produced no evidence that could show that defendant Coppola had a duty to do further investigation.

The individual defendants argue that there is no genuine issue of material fact as to whether the plaintiff can establish the absence of probable cause, a necessary element for malicious prosecution, false imprisonment, or false arrest claims under both federal and state law. "[A] plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden . . . . [I]n order to mount such a challenge, the plaintiff must make a 'substantial preliminary showing' that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was 'necessary to the finding of probable cause.'" Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)

2

(citations omitted).  The evidence tying the plaintiff to the crime consisted solely of the statements of "CI-1," Myra Mercado. Without the statements of Mercado, the affidavit would not have been supported by probable cause.   Because the plaintiff has produced evidence of intentional  misconduct by Rodriguez in obtaining statements from Mercado, defendant Rodriguez has failed to demonstrate that he is entitled to qualified immunity at the summary judgment stage.

The court also rejects the individual defendants' argument that there is no genuine issue of material fact as to whether there was a disposition in favor of the plaintiff because the case against the plaintiff was disposed of by a nolle prosequi.  As the court discussed in Holman v. Cascio, 390 F.Supp.2d 120, 123 (D. Conn. 2005), "[t]he majority of decisions applying Connecticut law . . . hold that a nolle of the criminal charge may still permit the plaintiff to satisfy that element if the circumstances of the nolle satisfy the See v. Gosselin test of 'an abandonment of the prosecution without request from or by an arrangement with [the defendant].'" (citation omitted).  See also Frey v. Maloney, 476 F.Supp.2d 141, 148 (D. Conn. 2007) ("A nolle prosequi, such as that entered in this case, can constitute a favorable termination, so long as the plaintiff demonstrates that it was entered under circumstances indicating that the State has abandoned the prosecution without request by the plaintiff or arrangement with him.").  Furthermore, "[t]he factual circumstances surrounding the nolle are material and when disputed, must be resolved by the trier

3

of fact." Holman, 390 F.Supp.2d at 124. In this case, there is a genuine issue of material fact as to whether there was a disposition in favor of the plaintiff. The nolle prosequi was not a result of any agreement between the plaintiff and the State; the stated reason for the nolle prosequi was the invocation of Fifth Amendment privilege by two witnesses. Also, the plaintiff has produced evidence that one of the prosecution's key witnesses was threatened and coerced into making statements against the plaintiff.

For the same reasons, the plaintiff's state law false arrest, false imprisonment, and malicious prosecution claims also survive summary judgment. The defendants argue that, under Connecticut law, they are entitled to governmental immunity for discretionary acts. However, there are exceptions to governmental immunity. Notably, the doctrine does not shield municipal officials "'where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.'" Burns v. Board of Educ. of City of Stamford, 228 Conn. 640, 645 (1994) (citation omitted). The plaintiff's evidence creates a genuine issue of material fact as to the applicability of this exception.

The defendants' motion is being granted as to the negligent and intentional infliction of emotional distress claims because the plaintiff has not produced evidence that he suffered severe emotional distress. See Angiolillo v. Buckmiller, Nos. 27248, 27658, 2007 WL 2051409, at *4 (Conn. App. July 24, 2007) (setting forth the elements of intentional infliction of emotional distress,

4

including the last element, "'that the emotional distress sustained by the plaintiff was severe.'") (citations omitted); Stohlts v. Gilkinson, 87 Conn. App. 634, 645 (2005) (setting forth elements of negligent infliction of emotional distress, including requirement that "'the emotional distress was severe enough that it might result in illness or bodily harm'") (citation omitted). Although the plaintiff's Revised Complaint alleges that he experienced emotional distress, the plaintiff has produced no evidence of emotional distress.

For the reasons set forth above, the Defendants' Motion for Summary Judgment (Doc. No. 89) is hereby GRANTED in part and DENIED in part. Judgment shall enter in favor of defendant Coppola as to all claims, and judgment shall enter in favor of defendant Rodriguez as to the claims for negligent and intentional infliction of emotional distress.

It is so ordered.

Dated this 20th day of August 2007 at Hartford, Connecticut.

                                              /s/AWT
                                           Alvin W. Thompson
                                    United States District Judge