**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
GARY SESSION,                  :
                               :
         Plaintiff,            :
v.                             :      Civ No. 3:03CV00943(AWT)
                               :
CITY OF NEW HAVEN, and         :
EDWIN RODRIGUEZ,               :
                               :
         Defendants.           :
-------------------------------x
```

<u>**ORDER RE CITY OF NEW HAVEN'S MOTION FOR SUMMARY JUDGMENT**</u>

The City of New Haven (the "City") moves for summary judgment as to Counts One, Two, and Three of the Revised Complaint. In Count One, the plaintiff asserts violations of his due process and equal protection rights in addition to setting forth claims for false imprisonment and malicious prosecution. In Count Two, the plaintiff brings false imprisonment and malicious prosecution claims under the Connecticut constitution. In Count Three, the plaintiff brings claims against the City for infliction of emotional distress. For the reasons set forth below, the City's motion is being granted.

As the City points out, the plaintiff failed to address Counts Two and Three in his memorandum in opposition, and the court treats these claims as abandoned. <u>See</u> <u>Ansell v. D'Alesio</u>, 485 F.Supp.2d 80, 86 (D. Conn. 2007) (where the plaintiffs did not address their equal protection claim in their opposition, "the Court will deem the Plaintiffs to have waived their equal protection claim"). Moreover, with respect to Count Three, as the

court discussed in Order re Stephen Coppola and Edwin Rodriguez's Motion for Summary Judgment (Doc. No. 122), the plaintiff has failed to present evidence that he suffered emotional distress, and therefore cannot prevail on Count Three.  Also, with respect to both Counts Two and Three, the plaintiff has failed to show that the conduct complained of does not fall squarely under Conn. Gen. Stat. § 52-557n(a)(2).  The plaintiff does not appear to argue that Rodriguez's[1] conduct constituted "negligent acts or omissions," (Conn. Gen. Stat. § 52-557n(a)(1)(A)), but rather willful and malicious violations of his constitutional rights.

With respect to Count One, the plaintiff's claim seems to be that the City "was aware of and condoned the practice of falsely arresting murder suspects on the basis of false and misleading warrant applications and did nothing to stop the practice." (Objection to Defendant City of New Haven's Motion for Summary Judgment ("Plaintiff's Objection") (Doc. No. 119), at 11).  The plaintiff appears to rely on two theories in support of this claim: (1) that the practice was so widespread that it constituted a custom or usage; and (2) that the failure to train or supervise constituted deliberate indifference.  (See id. at 12).[2]

---

[1] While the plaintiff focuses on Coppola's failure to investigate, the plaintiff points to willful misconduct by Rodriguez; the court has entered judgment in favor of defendant Coppola.

[2] The court notes that the plaintiff identified four potential theories (see id. at 5), and the plaintiff presented no evidence as to the first two theories, a formal policy, or actions by officials responsible for establishing the policies.

The plaintiff has failed to create a genuine issue of material fact as to municipal liability based on the first theory.  The plaintiff points to cases filed against the New Haven Police Department, officers of the New Haven Police Department, and incidents involving the individual defendants.  Specifically, the plaintiff points to three cases against the City of New Haven;[3] Cusick v. City of New Haven, 145 Fed. Appx. 701 (2d Cir. 2005), a case which was dismissed and in which Coppola and Rodriguez were named as defendants; Rodriguez's misconduct in a prior case;[4] Golino v. City of New Haven, 950 F.2d 864 (2d Cir. 1991); and Ham v. Greene, 248 Conn. 508 (1999).

The court notes with respect to the three cases involving the New Haven police department, that they do not show that a municipal policy or custom exists.  In Pappas v. New Haven Police Dep't, 175 F.Supp.2d 288 (D. Conn. 2001), the plaintiff was able to survive summary judgment as to municipal liability based on a training theory where officers conducted a search and seizure despite a state court's denial of their warrant application.  In Smith v. City of New Haven, 166 F.Supp.2d 636 (D. Conn. 2001), summary judgment was granted in favor of the City where, although questions of fact remained as to whether individual officers used excessive

---

[3] See Plaintiff's Objection, at 6.

[4] As the City points out, the plaintiff directs the court's attention to both the Davis and Garcia cases; although Rodriguez's conduct was a subject of Garcia, and Rodriguez testified in Davis about that conduct and his subsequent reprimand in 2001.  (See Plaintiff's Objection, Ex.C, at 13-21).

force, the court concluded:

> New Haven (the "City") does not have custom or policy of
> racial profiling. Nor does the City have a practice or
> policy of using excessive force, or condone same. The
> City does not have a policy or practice of having its
> officers arrest individuals, or have them prosecuted
> without probable cause. The City does not have a policy
> or practice of having its police officers detain
> individuals without reasonable suspicion that the
> individual has violated the law. Finally, the City does
> not have a policy or practice of having its officers
> violate the constitutional rights of its citizens, nor
> would it condone same.

Smith, 166 F.Supp.2d at 644. In Hamilton v. City of New Haven, 213

F.Supp.2d 125 (D. Conn. 2002), the court found that a genuine issue

of fact existed as to whether the officers acted reasonably in

using force, restraining the plaintiff, and in failing to knock and

announce their presence before forcibly entering the plaintiff's

apartment, but the court granted summary judgment in favor of the

City. Cusick dealt with a dismissal; there is no fact-finding at

the motion to dismiss stage.

The court notes that Rodriguez was disciplined in 2001 for

conduct that occurred in 1998 during the course of the

investigation in Garcia. While Rodriguez's actions appeared to

involve the omission of statements from a transcript prepared of a

taped session with a witness and also telling a witness which

person to choose in a photographic array, evidence of one instance

of misconduct (for which Rodriguez was reprimanded) is insufficient

to show a widespread pattern.

In Golino, the Second Circuit affirmed a denial of summary

4

judgment in a case involving a 1984 incident whereby Golino was arrested and charged with murder based on an affidavit containing false statements and omissions.  As the City points out, the jury returned a verdict in favor of the defendants.  See 3:88CV00002(JAC) (Doc. No. 271).  However, the court notes that the Second Circuit observed that the district court had concluded that the "affidavit leading to the warrant for Golino's arrest, and to his subsequent prosecution, contained false statements and made numerous material omissions." Golino, 950 F.2d at 867.  Moreover, the court pointed to the district court's observation of "the probable falsity" of a statement and the fact that "a number of other evidently pertinent facts had been omitted from the arrest warrant affidavit." Id.  Furthermore, "DiLullo testified at his deposition . . . that it was his general practice to omit exculpatory information from affidavits submitted in support of applications for warrants." Id.  However, the jury verdict was entered in favor of the defendants.  See 3:88CV00002(JAC) (Doc. No. 271).

In Ham v. Greene, 248 Conn. 508 (1999) the court affirmed the jury's award and finding of liability against New Haven police officers for malicious prosecution, false arrest, and federal civil rights claims.  The arrest warrant affidavit omitted a considerable amount of exculpatory evidence.  The charges against the plaintiff were dismissed and a witness "described how he had been taken to the New Haven police station where Green intimidated and threatened

5

him with prosecution.  Davis related how Greene had told him falsely that the plaintiff had incriminated him in the shooting." Id. at 517 n. 4.

The one incident involving Rodriguez and the jury's finding of liability in Ham are insufficient to show that the New Haven Police Department had a policy or custom of "falsely arresting murder suspects on the basis of false and misleading warrant applications."  The handful of other incidents involving the New Haven Police Department, as described in other cases cited by the plaintiff, do not all offer evidence to support the plaintiff's theory of municipal liability.  Claims based on excessive force, for example, do not demonstrate that there was a policy of condoning the use of misleading or false information in warrant applications in homicide cases.  Even taking into account the facts of Golino, which also involved false statements and omissions (although noting the jury's finding in favor of the defendants), there are an insufficient number of incidents to show (1) that there was a policy or custom, (2) that an official with policymaking authority, such as the chief of police, had knowledge of the policy or custom, or (3) that there was a clear causal connection between the alleged policy and the denial of the plaintiff's constitutional rights.

With respect to the second theory, the court notes that the plaintiff has not produced any evidence with respect to training, which leaves only the plaintiff's supervision claim.  The plaintiff

6

has offered no evidence to show that the City had a policy of failing to supervise police officers, resulting in the deprivation of constitutional rights.  In fact, the evidence presented by the plaintiff shows that Rodriguez was disciplined in connection with the <u>Garcia</u> case.  The plaintiff offers no evidence to show any deficiency with respect to the investigation and discipline of Rodriguez.

The court also notes that the plaintiff suggests in his opposition that the destruction of the tape recorded interview of Myra Mercado was inappropriate.  The plaintiff has not produced any evidence that could show that the evidence was destroyed outside of the ordinary practices of the New Haven Police Department.

The plaintiff also argues that the court should take into consideration the fact that he has not had the opportunity to conduct proper discovery on the issue of municipal liability.  As the City points out, the court allowed the plaintiff additional time for discovery and denied without prejudice the City's motion for summary judgment, allowing the plaintiff additional time to conduct discovery.  (<u>See</u> Doc. No. 87).  The court concludes that the plaintiff had ample opportunity to conduct discovery.

Accordingly, the City of New Haven's Motion for Summary Judgment (Doc. No. 93) is hereby GRANTED.  Judgment shall enter in favor of the City on Counts One, Two, and Three, and the City of New Haven shall be terminated as a defendant.

7

It is so ordered.

Dated this 28th day of September 2007 at Hartford,

Connecticut.


_____
/s/AWT
Alvin W. Thompson
United States District Judge
