UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION,<br>Plaintiff | CIVIL ACTION NO.<br>3:03-cv- 00943 (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL.<br>Defendants | JANUARY 4, 2008 |

### MOTION FOR ENLARGEMENT OF TIME
### TO COMPLETE DISCOVERY

Pursuant to Fed. R. Civ. P. 6(b) and Local Rule 7 (b)(2) the Plaintiff by the undersigned respectfully move for a **final** thirty (30) day enlargement of time up to and including February 26, 2008 within which to complete discovery in this matter. **The Defendant through counsel consents to the granting of this Motion.**

In support thereof, the Plaintiff represents as follows:

1. On or about October 26, 2007, the Court re-opened discovery for a period of ninety (90) days. Discovery is scheduled for completion by January 26, 2008.

2. Since October 26, 2007, the parties have worked in a diligent and cooperative fashion in attempting to schedule and complete depositions and exchange documents.

3. To date, three depositions have been completed and a fourth (originally scheduled for December 18, 2007 at which the deponent failed to appear) will be completed within the next seven days. The completion of that deposition is a necessary prerequisite to the taking of additional depositions.

4. The parties anticipate taking an additional ten (10) depositions. Plaintiff wished to depose the following persons:

- New Haven Police Lt. Redding. Lt. Redding is the head of the Bureau of Identification and the Detective Bureau and is in possession of documents essential to Plaintiff's claims of false arrest including the informant file on Mayra Mercado and the Detective Bureau's investigative file on the underlying homicide that led to Plaintiff's arrest.. Redding's deposition was previously scheduled for December 18, 2007. All counsel and the court reporter appeared. Redding did not appear. His deposition is now scheduled for January 9, 2007.

- New Haven Police Sgt. Canning and former New Haven detective. Norwood. They introduced the Defendant to their informant, Mayra Mercado. The defendant had not previously used Mercado as an informant. Mercado provided two taped statements to the police regarding the Lucky homicide and testified at the Hearing in Probable Cause (HPC). There were significant discrepancies between Mercado's first statement and her HPC testimony. On December 19, 2007, former Senior Assistant State's Attorney Christopher Alexy, who prosecuted Mr. Session in the underlying criminal case stated in his deposition that Ms. Mercado was the "linchpin" of his case against Mr. Session. The reliability and credibility of Mercado is a major element of the false arrest by warrant claim where the warrant relied so heavily upon Mercado's statements. Canning and Norwood will be questioned about their prior use of Mercado as a registered informant. Norwood is now the Chief of the Bridgeport Police Department, which will require the

- undersigned to work with an as yet unknown attorney to secure Norwood's deposition.

- Sharon Adkins, who provided a sworn, taped statement that was used in the arrest warrant affidavit for Mr. Session. On January 2, 2008, during the conclusion of his deposition, Attorney Alexy indicated that he considered Adkins unreliable due to her mental state and admitted drug dealing and drug use. She will be questioned about the circumstances surround her statement. Again, her credibility is highly relevant to the issuance of the arrest warrant in question.

- Larkland Martin. Martin, an alleged eye witness to the shooting and provided two statements to the police, both of which were set forth in the arrest warrant affidavit. Upon information and belief, Martin may not have been able to observe the shooting from his vantage point and the Defendant may have misrepresented the circumstances under which Martin came to his attention.

- Edwin Rodriguez. He is the lone remaining individual defendant.

- Stephen Coppola. He was originally a defendant but was let out on summary judgment.

- Mayra Mercado. Both parties wish to take Ms. Mercado's deposition.

The Defendant wishes to take the following depositions:

- G.J. O'Donnell. Mr. O'Donnell was a private investigator engaged by the Plaintiff in connection with the defense of the underlying criminal case.

- Donald W. Light. Mr. Light was a private investigator engaged by the Plaintiff in connection with the defense of the underlying criminal case

5. Within the past several weeks, hundreds of pages of documents previously sought by both parties have surfaced. These documents include extensive New Haven Police Department Internal Affairs records on Edwin Rodriguez and Stephen Coppola and numerous pages of handwritten notes made by an as yet unidentified New Haven police officer about the underlying criminal case. The parties had sought, but never received, all of these documents for a long time before their recent discovery. Both sides will require additional time to review these documents before taking several of the depositions.

6. The deposition of former Assistant State's Attorney Christopher Alexy, Esq., who prosecuted the plaintiff in the underlying criminal case, has been largely completed. However, Attorney Alexy's counsel, Michael O'Hare, Esq. of the Chief State's Attorney's Office has asserted several privileges with respect to items contained in the prosecution file and has provided a privilege log. In addition, Attorney O'Hare invoked the "law enforcement privilege" on several occasions during the deposition, directing Attorney Alexy not to answer certain questions. The undersigned and Attorney O'Hare continue to discuss a possible resolution of the dispute but it remains possible that the Plaintiff will have to file a Motion to Compel production of the documents sought and answers to the questions objected to.

7. While the parties have been working diligently and in a true spirit of cooperation to complete discovery as quickly as possible, the availability of counsel and witnesses, the heavy additional case loads of both attorneys, the recent holidays and the

other impediments and developments referenced above have slowed discovery despite their best efforts.

8. The parties agree that the remaining discovery, largely depositions, is essential for the prosecution and defense of this case. While the undersigned well understands that this case has been pending for some time and does not wish to further inconvenience the Court, he can assure the Court that given the new spirit of cooperation and the significant progress already made that the additional time sought will be sufficient, at which time this case will be trial ready.

Wherefore, based upon the foregoing, the Plaintiff, with the consent of the Defendant believes that good cause exists to support the granting of this Motion for Enlargement of Time and respectfully asks this Court to grant this final enlargement of time.

A memorandum of law in support of this Motion is annexed hereto.

THE PLAINTIFF
GARY SESSION


By /Roy S. Ward/
Roy S. Ward, Esq.
3695 Post Road, Suite 203
Southport, CT  06890
Tel: (203) 255-9829
Fax: (203) 255-9839
Email: attyrward@yahoo.com
Fed. Bar. No. ct11618

:

5

## **CERTIFICATION**

I hereby certify that on January 3, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/Roy S. Ward/
Roy S. Ward