UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION,<br>Plaintiff | CIVIL ACTION NO.<br>3:03-cv- 00943 (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL.<br>Defendants | JANUARY 4, 2008 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY

**FACTUAL BACKGROUND**

This is a federal civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff alleged that the individual Defendants, former New Haven, Connecticut police officers Edwin Rodriguez and Stephen Coppola knowingly and recklessly caused him to be wrongfully arrested on a charge of murder and that as a consequence, he was falsely imprisoned for nearly one (1) year before all charges against him were dropped. The claims against Stephen Coppola and The City of New Haven were dismissed on summary judgment in August, 2007.

The undersigned has been one of Plaintiff's attorneys since October 2006. In March, 2007, Philip Russell, one of Plaintiff's original attorneys was permitted to withdraw his appearance. The undersigned and Karen Mayer, formerly employed by Philip Russell. LLC are currently handling this matter.

Discovery originally closed in this matter in December 2006. The undersigned unsuccessfully sought to extend the discovery period prior to the January, 2007 due date for the reply to the defendants' Motions for Summary Judgment. The responses were

filed in January 2007. In August 2007, this Court released its decision granting summary judgment to Stephen Coppola and the City of New Haven. On or about October 26, 2007, during a telephone conference call, this Court, with the consent of the Defendant Rodriguez, re-opened discovery for a period of ninety days.

Since that time, the parties have worked diligently in a spirit of cooperation to complete discovery. Shortly after October 26, 2007, counsel exchanged potential dates for depositions and attempted to schedule and complete several depositions in November 2007. However, due to scheduling conflicts, the unavailability of witnesses and the demands of respective counsel's other cases, the first depositions were taken in early December. Three depositions have been completed and two (2) more are scheduled for January 9, 2008.

Within the past several weeks, hundreds of pages of documents previously sought by both parties have surfaced. These documents include extensive New Haven Police Department Internal Affairs records on Edwin Rodriguez and Stephen Coppola and numerous pages of handwritten notes made by an as yet unidentified New Haven police officer about the underlying criminal case. The parties had sought, but never received, all of these documents for a long time before their recent discovery. Both sides will require additional time to review these documents before taking several of the depositions.

The deposition of former Assistant State's Attorney Christopher Alexy, Esq., who prosecuted the plaintiff in the underlying criminal case, has been largely completed. However, Attorney Alexy's counsel, Michael O'Hare, Esq. of the Chief State's Attorney's Office has asserted several privileges with respect to items contained in the

prosecution file and has provided a privilege log. In addition, Attorney O'Hare invoked the "law enforcement privilege" on several occasions during the deposition, directing Attorney Alexy not to answer certain questions. The undersigned and Attorney O'Hare continue to discuss a possible resolution of the dispute but it remains possible that the Plaintiff will have to file a Motion to Compel production of the documents sought and answers to the questions objected to.

While the parties have been working diligently and in a true spirit of cooperation to complete discovery as quickly as possible, the availability of counsel and witnesses, the heavy additional case loads of both attorneys, the recent holidays and the other impediments and developments referenced above have slowed discovery despite their best efforts. The parties agree that the remaining discovery, largely depositions, is essential for the prosecution and defense of this case

**LAW AND ARGUMENT**

    1.    **Legal Standards**

Motions for enlargement of time are governed by the provisions of Fed. R. Civ. P. 6 and Local Rule of Civil Procedure 7(b).

Fed. R. Civ. P. 6(b) provides

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the

conditions stated in them.

Local Rule 7(b)(2) states:

(b) MOTIONS FOR EXTENSIONS OF TIME.

1. Unless otherwise directed by a particular Judge with respect to cases on his or her docket, the Clerk is empowered to grant initial motions for extensions of time, not to exceed 30 days, in civil cases with regard to the following time limitations:

  (a) the date for filing an answer or motion addressed to the complaint, counterclaim or third party complaint; and

  (b) the date for serving responses to discovery requests.

2. All other motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

" If a motion for enlargement is filed after the expiration of the prescribed date or period, then the court may permit the act to be done "where the failure to act was the result of excusable neglect[.]" Fed. R. Civ. P. 6 (b) (2); Stephenson v. Cox, 223 F. Supp. 2d 119, 120 (D.D.C. 2002); see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151-52 (D.C. Cir. 1996). (district court has broad discretion in the management of its docket consistent with concerns of the Supreme Court and Congress "for the fair and efficient administration of justice").  This Motion is being filed before the expiration of the discovery period.

This case does not involve inadvertence, ignorance of the rules, inability to read or comprehend the rules or mistakes construing the rules. Rather, it is a matter of being

unable to complete discovery within the deadline for the reasons set forth above despite the exercise of diligence. The parties are actively and cooperatively moving to complete discovery as fast as possible. The undersigned is only seeking an additional thirty days to complete what both parties agree is critical discovery. At that point, this case will be trial ready. The undersigned will not seek any additional continuances.

THE PLAINTIFF
GARY SESSION


By /Roy S. Ward/
Roy S. Ward, Esq.
3695 Post Road, Suite 203
Southport, CT 06890
Tel: (203) 255-9829
Fax: (203) 255-9839
Email: attyrward@yahoo.com
Fed. Bar. No. ct11618

## CERTIFICATION

I hereby certify that on January 4, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/Roy S. Ward/