UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************************
GARY SESSION                             *       CIVIL NO.:  3:03CV00943 (AWT)
                    PLAINTIFF    *
vs.                                                *
                                                       *
CITY OF NEW HAVEN, STEPHEN
COPPOLA; AND EDWIN RODRIGUEZ    *
                    DEFENDANTS*       JANUARY 9, 2008
*****************************************

## MOTION FOR PROTECTIVE ORDER

The Defendant, Edwin Rodriguez (hereinafter, "Rodriguez"), submits this Motion for Protective Order for his personnel files and internal affairs files. In support of this motion, Rodriguez submits the following:

1.      On May 31, 2006, Plaintiff filed a motion to compel, inter alia, Rodriguez to produce his entire personnel file. (See # 53)

2.      On July 5, 2006, the Plaintiff served subpoenas on the New Haven Town Clerk and the Keeper of Records for the New Haven Police Department, requesting documents related to internal affairs investigations (hereinafter, "IA files") and personnel files.

3.      On July 10, 2006, counsel for the City of New Haven, which is no longer a party to this matter filed a Motion to Quash the Subpoena (hereinafter, "Motion to Quash") for the Plaintiff requesting personnel files and internal affairs investigations.

4.     On October 20, 2006, the parties argued a number of discovery motions in front of Magistrate Martinez, including the Plaintiff's Motion to Compel against Rodriguez. At that time, the Motion to Quash was not argued. Counsel for the City of New Haven agreed to provide those portions of the personnel files that were not privileged and withdrew the Motion to Quash. Counsel for the Plaintiff withdrew his Motion to Compel as to the individual defendants' production of personnel files. (See No. 86, p.2; Production Request #11.)

5.     Even though the Motion to Quash was withdrawn and portions of Rodriguez's personnel file were disclosed to the Plaintiff, any issues related to letters of reprimand and IA files were not resolved.

6.     On December 22, 2006, the Individual Defendants, Stephen Coppola and Edwin Rodriguez, filed a Motion for Summary Judgment as to all claims. The Court granted the Defendants' motion as to Stephen Coppola but denied the motion, in part, as to the claims against Rodriguez.

7.     On January 22, 2007, the City of New Haven filed a Motion for Summary Judgment on the basis of, *inter alia*, qualified immunity. The Court granted this motion on September 28, 2007, and judgment entered in favor of the City of New Haven as to all claims.

8.     The only remaining claim is against Rodriguez for false arrest on the basis that Rodriguez allegedly knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the affidavit and that the alleged false statement was necessary to a finding of probable cause.

9. On December 20, 2007, the parties reviewed documents from the files of New Haven Corporation Counsel in connection with this matter. Included in these files were the personnel files of Rodriguez and certain copies of internal affairs investigations. At that time, the parties agreed that counsel for Rodriguez would review said information and produce to the Plaintiff all relevant, non-privileged matters.

10. On January 7, 2008, counsel for the Plaintiff demanded production of these documents in un-redacted form and indicated that counsel for Rodriguez was not entitled to remove and review these files and indicated that there could be no privilege attached to these files.

11. Notwithstanding the Plaintiff's contentions, pursuant to Connecticut General Statutes § 31-128f, an employee must consent to the disclosure of his or her employee file. An employer cannot disclose this information unless the employee consents or one of several exceptions apply.

12. Rodriguez respectfully requests that this Court prohibit the disclosure of certain portions of his personnel file and IA files for the following reasons:  1.) the Plaintiff's request is overly broad and not likely to lead to the discovery of admissible evidence;  2.) the disclosure of this information would cause substantial harm to Rodriguez in that it would violate the terms of his prior settlement with the City of New Haven;  and 3.) the information contained in those portions of Rodriguez's personnel file, which have not been disclosed, and the information contained in the IA files is not relevant to the allegations that form the basis of the Plaintiff's Complaint.

13. A defendant's request for information from a police internal affairs or personnel file must be specific and set forth the issue in the case to which the confidential information will relate. *State v. Januszewki*, 182 Conn. 142 (1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1005 (1981); *State v. Moore*, 23 Conn. App. 479, 487, 581 A.2d 1071 (1990).

14. The requested documents are presumptively privileged under Connecticut General Statutes Section 1-210 (2) (b). Unless an adequate showing has been made to the court that there is a sufficient nexus between the information requested and the case at hand, the court may even deny to review the records in camera. *State v. Januszuwki*, supra, 182 Conn. 142 (1980).

15. The request for personnel and internal affairs files seeks information that is irrelevant as the personnel files contain unrelated, and later rescinded, allegations of misconduct. Rule 404 of the Federal Rules of Evidence states that character evidence, including evidence of past misconduct, is generally inadmissible.

16. There are no letters of reprimand or internal affairs investigations which relate to the facts of the current matter before the Court. Accordingly, records which are wholly unrelated to the allegations of the complaint are not relevant and need not be disclosed by Rodriguez. See *Barrett v. City of New York*, 237 F.R.D. 39, 40-42 (E.D.N.Y.2006).

17. Moreover, even if this Court determines that there is a substantial nexus between the information requested and the case at hand, the disclosure of those yet to be disclosed portions of Rodriguez's personnel file and the IA files would cause substantial harm to Rodriguez. *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988).

18.     In or about April 4, 2001, Rodriguez commenced a lawsuit against his former employer, the City of New Haven, alleging various employment claims related to conditions in the New Haven Police Department.  See *Rodriguez v. City of New Haven* (3:01-cv-00592-MRK).

19.     On or about December 3, 2004, Rodriguez reached a settlement with the City, whereby certain letters of reprimand and information related to internal affairs investigations were rescinded.

20.     Counsel for Rodriguez is, at this time, attempting to gather more information regarding the details of this settlement.

21.     Notwithstanding, the disclosure of any letters of reprimand and IA files could violate the terms of this settlement agreement.

22.     Accordingly, Rodriguez requests that this Court either preclude disclosure or conduct an in camera review of the documents to determine whether disclosure would violate the terms of this previous settlement agreement with the City of New Haven.

23.     Given that the disclosure of these items could cause substantial harm to Rodriguez, coupled with the fact that the materials requested have no bearing on the allegations contained within the Plaintiff's complaint, Rodriguez urges this Court to prevent disclosure of such documents.

For the foregoing reasons, Defendant, Edwin Rodriguez, respectfully requests that this Court grant his Motion for Protective Order precluding disclosure of the Defendant's entire personnel file and internal affairs investigations files, or in the alternative, perform an in camera review to determine what information, if any, is discoverable.

Respectfully submitted,
DEFENDANTS,

/s/ Meghan K. Gallagher
Meghan K. Gallagher
Federal Bar No. ct26914
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
New Haven, Connecticut 06510
Phone: (203) 624-9830
Fax: (203) 562-8430
E-mail: mgallagher@susmanduffy.com

**CERTIFICATION**

       I hereby certify that on January 9, 2008 a copy of the foregoing Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

       /s/ Meghan K. Gallagher
       Meghan K. Gallagher
       Federal Bar No. ct 26914
       Susman, Duffy & Segaloff, P.C.
       55 Whitney Ave.
       New Haven, CT 06510
       tel.: 203-624-9830
       fax: 203-562-8430
       mgallagher@susmanduffy.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
GARY SESSION                              \*      CIVIL NO.:  3:03CV00943 (AWT)
              PLAINTIFF      \*
vs.                                       \*
                            \*
CITY OF NEW HAVEN, STEPHEN
COPPOLA; AND EDWIN RODRIGUEZ   \*
                            \*      JANUARY 9, 2008
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PROPOSED PROTECTIVE ORDER

AND NOW, this ___ day of _____, 2008, upon consideration of the Defendant, Edwin Rodriguez's, Motion for Protective Order, and any response thereto, it is HEREBY ORDERED that said Motion is GRANTED, and that the Plaintiff is precluded from obtaining Defendant's entire personnel file or internal investigation files related to Rodriguez.

BY THE COURT:

_____
J.