UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD

| | |
|---|---|
| GARY SESSION, | CIVIL ACTION NO. |
|     Plaintiff | 3:03-cv- 00943  (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL. | JANUARY 18, 2008 |
|     Defendants | |

**AFFIDAVIT OF COUNSEL RE: MOTION FOR
PROTECTIVE ORDER AND MOTION TO COMPEL**

STATE OF CONNECTICUT}
                    } ss. Southport
COUNTY OF FAIRFIELD   }

Roy S. Ward, being duly sworn, deposes and says:

1. I am over the age of eighteen and am familiar with the obligations of an oath.

2. I am an attorney for the plaintiff and I have personal knowledge of the facts stated herein.

3. This affidavit is submitted in response to the affidavit of defense counsel filed in connection with the defendant's Motion for Protective Order Re: Internal Affairs documents dated January 9, 2008 and in support of the Plaintiff's objection thereto and cross motion to compel.

4. On December 20, 2007, Attorney Gallagher, representing the defendant Edwin Rodriguez and myself met Attorney Michael Wolak, representing fact witnesses

1

from the New Haven Police Department at Attorney Wolak's office in New Haven. The purpose of the meeting was to review documents held by the New Haven Corporation Counsel's office pertaining to this matter.

5. During the meeting, Attorney Gallagher and I located a box containing five (5) sets of photocopied internal affairs and personnel records pertaining to Edwin Rodriguez and former defendant Stephen Coppola. Attorney Wolak represented that the documents had evidently been copied by his office to be sent out to counsel in response to a prior discovery request and that the documents were likely not sent out due to a clerical error.

6. Attorney Gallagher and I briefly reviewed the voluminous documentation. Attorney Gallagher stated that it appeared at first glance that the various sets of documents may not have been in the same order and that she wanted to review them. I consented to her removing all of the sets of copies to her office for review.

7. Thereafter, on several occasions, I emailed or spoke directly to Attorney Gallagher requesting a set of the documents. At first I was told that she had not yet had time to review them. I was later told that she was reviewing them. At no time was I told that her office intended to file a Motion for a Protective Order respecting any of the documents.

8. Approximately one day before the depositions of two New Haven police officers scheduled for January 9, 2008, I asked Attorney Gallagher to bring a set of the

documents to the depositions on January 9, 2008. After that request, I was not informed that her office would be seeking a protective order.

      9. On the morning of January 9, 2008, at approximately 10:50 a.m., just prior to the commencement of the depositions, I met Attorney Gallagher outside the New Haven Police Department at One Union Avenue in New Haven. I asked her if she had brought the documents. Attorney Gallagher stated that while she had brought a set of the documents pertaining to Stephen Coppola, she had not brought any of the Rodriguez documents. Attorney Gallagher then informed me that her office had filed a Motion for Protective Order that morning respecting the Rodriguez documents. *That was the very first time I learned that a protective order had been contemplated or filed. Prior to that moment, I had not had any substantive discussions with Attorney Gallagher or any other member of her firm respecting the production of the Rodriguez file or any potential objections thereto.*

      10. After learning that a Motion for Protective Order had been filed, I asked Attorney Gallagher if she had filed a privilege log along with the Motion. She told me that she had not but had made reference to certain privilege claims in the body of the Motion. At that time, I informed Attorney Gallagher that under the applicable procedural rules and case law, a privilege log was required in any document production dispute involving claims of privilege. As of this date, I have not received a privilege log or a memorandum in support of the Motion for Protective Order.

11.     Per the order of Judge Thompson, discovery in this case is scheduled to be closed by February 26, 2008. The deposition of the defendant Edwin Rodriguez has not yet been scheduled due to the fact that I still have not received numerous documents I need for the deposition, including records from the New Haven Police Department, documents from the Chief State's Attorney's Office and the internal affairs records. I am deeply concerned that this state of affairs may prevent completion of discovery before the cut-off date.

                                        THE AFFIANT


                                        S/Roy S. Ward
                                        Roy S. Ward

Subscribed and sworn to before me
this 18th day of January 2008.



s/Alexander H. Schwartz
Alexander H. Schwartz
Commissioner of the Superior Court

4