UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*****************************
GARY SESSION                        *   CIVIL ACTION NO.
              PLAINTIFF             *   3:03-CV-00943 (AWT)
                                    *
VS.                                 *

CITY OF NEW HAVEN; STEPHEN          *   FEBRUARY 8, 2008
COPPOLA; AND EDWIN RODRIGUEZ        *
                                    *
              DEFENDANTS            *
*****************************
```

### DEFENDANT'S EDWIN RODRIGUEZ REPLY TO PLAINTIFF'S OBJECTION TO THE DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to L. CIV. R. 7(d), the Defendant, Edwin Rodriguez (hereinafter, "Rodriguez"), through counsel, respectfully submits this Reply Memorandum in Support of Motion for Protective Order.

**I.   The Defendant's Motion for Protective Order is timely and complies with all procedural requirements.**

While the Plaintiff may be correct in arguing that a party has fourteen days to respond to a subpoena for discovery, Rodriguez is not responding to a subpoena for production of documents. (Plaintiff's Opposition, page 3). Rather, Rodriguez is responding to the Plaintiff's discovery request. Normally, a party has thirty days to respond to discovery requests. Burlington No. & Santa Fe Ry. Co. v. US Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005), *cert. denied* 546 U.S. 939, 123 S. Ct. 428, 163 L. Ed.2d 326 (2005). However, the application of this deadline is subject to agreements or stipulations among the litigants as well as protective orders. Id. Thus,

before the thirty day period runs out, the litigant may "either secure an appropriate agreement or stipulation from the relevant litigants or, failing that, apply for a discovery or protective order." Id. at n.3. As outlined in more depth in the Defendant's Motion for Protective Order dated January 9, 2008, the parties reviewed the documents from the files of New Haven Corporation Counsel on December 20, 2007. At that time, the parties agreed to allow counsel for Rodriguez to review the documents and produce to the Plaintiff all relevant, non-privileged matters. On January 7, 2008, contrary to the agreement between the parties, the Plaintiff demanded production of all of the documents in un-redacted form. Rodriguez filed the underlying motion for protective order on January 9, 2008, well within the thirty days to answer the Plaintiff's discovery request.

Further, contrary to the Plaintiff's assertions, Rodriguez is not claiming privilege in its Motion for Protective Order. Rather, he is objecting to the production of the requested documents on the grounds that (1) the information contained in the documents is not relevant to the allegations that form the basis of the Plaintiff's Complaint; (2) the request is overbroad and will not lead to the discovery of admissible evidence; and (3) production of the documents will cause substantial harm to the Rodriguez. When a party objects to the disclosure of evidence on the grounds on relevance grounds, no affidavit in support is required. Barrett v. City of New York, 237 F.R.D. 39, 42 (E.D.N.Y. 2006).

## II.  Production of the Requested Documents Constitutes an Invasion of the Defendant's Right of Privacy.

The Plaintiff is correct in his assertion that the Freedom of Information Act, CONN. GEN. STAT. §1-210 applies (Plaintiff incorrectly cites CONN. GEN. STAT.§1-9 as the Freedom of Information Act section) rather than CONN. GEN. STAT.§ 31-128f relating to employment law. (Plaintiff's Opposition, page 6). However, the Plaintiff's contention that the requested records should be disclosed under the Freedom of Information Act is flawed. Section 1-210(b) provides in

2

relevant part: "[n]othing in the Freedom of Information Act shall be construed to require disclosure of . . . (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ." CONN. GEN. STAT.§1-210(b). The person claiming this exemption "must meet a twofold burden of proof. First, the person claiming the exemption must establish that the files are personnel, medical or similar files." Rocque v. Freedom of Info.Comm'n, 255 Conn. 651, 661, 609 A.2d 998 (2001). "Second, the person claiming the exemption under § 1-210(b)(2) must also prove that the disclosure of the files would constitute an invasion of privacy." Id. "[T]he invasion of privacy exception precludes disclosure . . . when [1] the information sought by a request does not pertain to legitimate matters of public concern and [2] is highly offensive to a reasonable person." Perkins v. Freedom of Info. Comm'n, 228 Conn.158, 175 635 A.2d 783 (1993).

Internal affairs records have been held to be considered personnel or similar files for the purpose of the Freedom of Information Act. See Connecticut v. Betances, 265 Conn. 493, 507, 828 A.2d 1248 (2003); City of Hartford v. Freedom of Information Commission, 201 Conn. 421, 433, 518 A.2d 49 (1986). Rodriguez, thus, meets the first prong of the test under CONN. GEN. STAT.§1-210(b).

With respect to the second prong of the test, the information sought by the Plaintiff does not pertain to any legitimate public interest. The Plaintiff is seeking the production of a certain portion of Rodriguez's Internal Affairs file that contains unrelated and expunged allegations of misconduct. While it may be true that Internal Affairs records would normally pertain to a legitimate public interest as the public should know what the police are doing, such an interest does not exist in this case. The records in question are *rescinded* allegations of misconduct and, thus, do not pertain to any legitimate public interest.

Further, the release of these records will be highly offensive and prejudicial to Rodriguez. This is especially true now that Rodriguez is no longer an employee of the City of New Haven and

releasing these rescinded records will cause embarrassment and jeopardize his ability to perform at his current job.[1]

### III. The Plaintiff's Request is Overly Broad and not Likely to Lead to the Discovery of Admissible Evidence.

The Plaintiff contends that his request for production is limited in both scope and time in that he only seeks Rodriguez's internal affairs file. (Plaintiff's Opposition, page 7). The Plaintiff further argues that it is obvious from his request that he is referring to a "limited number or class of documents" relating to the disciplinary history. (Plaintiff's Opposition, page 7). However, contrary to these assertions, it is not clear from the Plaintiff's requests that it is limited in its scope.

Even though the discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials, the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction that they be construed to secure the just, speedy, and inexpensive determination of every action. Herbert v. Lando, 441 U.S. 153, 171, 99 S. Ct. 1635, 60 L. Ed. 115 (1979). To this end, the requirement that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Id.

The Plaintiff's discovery request in this matter is overbroad as to time and subject matter. The Plaintiff requested documents relating to internal affairs investigations and personnel files from the commencement of Rodriguez's employment with the New Haven Police Department to January 5, 2001. Rodriguez started his employment with the New Haven Police Department on January 24, 1992. Thus, the Plaintiff is asking for personnel and internal affairs records from almost nine years of Rodriguez' employment. Such a request is overbroad as to time. Further, the request also does

---

[1] Although no longer a police officer, Rodriquez is still employed in law enforcement as an inspector for the Chief State's Attorney's Office.

4

not specify the issue to which the information sought relates. It asks for the entire file, rather than records relating to a specific issue or incident. The Plaintiff cannot engage in a general "fishing expedition" into the personnel records of a police office. Connecticut v. Betances, 265 Conn. 493, 507, 828 A.2d 1248 (2003).

> IV.     **The Information Contained in Rodriguez' files are not relevant to the allegations that form the basis of the Plaintiff's Complaint.**

Records which are wholly unrelated to the allegations of the complaint are not relevant and need not be produced. Barrett v. City of New York, 237 F.R.D. 180 (E.D.N.Y. 1988). As stated above, the requirement that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Herbert v. Lando, 441 U.S. 153, 99 S. Ct.1635, 60 L. Ed. 2d 115 (1979). The Plaintiff contends that he is entitled to the records because they reflect Rodriguez' disciplinary history and the information is relevant to his knowledge and state of mind. (Plaintiff's Opposition, page 9). The records sought, however, are letters of reprimand that were later fully investigated and rescinded. By the rescission of the letters, Rodriguez was absolved of any wrongdoing on his part. Thus, they would not in any way show Rodriguez's knowledge and state of mind with respect to his duties and obligations to follow the rules of law. Further, these records are not relevant to this matter as they do not relate in any way to the incident at the basis of the Plaintiff's allegations.

> V.     **Disclosure of Rodriguez's personnel file would cause substantial harm to him in that it would violate the terms of his settlement with the City of New Haven.**

Contrary to the Plaintiff's argument, disclosure of the rescinded letters of reprimand demanded by the Plaintiff's counsel would in fact cause substantial harm to Rodriguez. Rodriguez will be substantially hurt by the disclosure of the rescinded letters of reprimand in that it will make the allegations set forth in the records public. The letters of reprimand were rescinded and, thus, are

no longer a part of Rodriguez's personnel file. In fact, part of the settlement's purpose was to eliminate these allegations from Rodriguez's file as it may affect his present employment. The Plaintiff is incorrect in asserting that any possible sanctions or repercussions from disclosing these records are no longer applicable because Rodriguez is no longer employed as a New Haven police officer. (Plaintiff's Opposition, page 8). Rodriguez is currently employed as an inspector for the office of the Chief's State Attorney. As part of his duties, Rodriguez is responsible for gathering and presenting evidence and testimony. Disclosure of these baseless, rescinded allegations would not only cause him embarrassment but will also compromise his ability to perform his job effectively.

  VI. *In Camera* **Review of the Documents is Appropriate**

  Plaintiff contends that an *in camera* review of the documents is not appropriate because the Magistrate does not know the history of the case or the Plaintiff's strategy. (Plaintiff's Opposition, page 10). In fact, quite the opposite is true, *in camera* reviews are widely used in circumstances where there is disagreement regarding the discoverability of documents. "Congress specifically invoked *in camera* review to balance the policies of disclosure and confidentiality contained in the exemptions to the Freedom of Information Act. . . . Congress stated that *in camera* review would plainly be [the] 'necessary and appropriate' means in many circumstances to assure that the proper balance between secrecy and disclosure is struck." Ponte v. Real, 471 U.S. 491, 515, 105 S. Ct. 2192, 85 L. Ed.2d 553 (1985). *See also* Kerr v. United States Dist. Court for the Northern Dist. of California, 426 U.S. 394, 405, 96 S. Ct. 2119, 48 L. Ed.2d 725 (1976) ("In camera review of the documents is a relatively costless and eminently worthwhile method to insure that the balance between the petitioners' claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck.").

## IV. Conclusion.

For all of the foregoing reasons, Rodriguez's motion for protective order should be granted. The Motion for Protective order was filed in a timely fashion and in accordance with all procedural requirements. Further, the Plaintiff's discover request is overbroad. Moreover, the requested records not relevant to the matter at hand and their disclosure will cause substantial harm to Rodriguez. Accordingly, an order preventing disclosure of such documents should be entered or the Court should order an in *camera* review of the documents to further evaluate their discoverability.

THE DEFENDANT,
EDWIN RODRIGUEZ

BY:     /s/ Thomas E. Katon
Thomas E. Katon
Susman, Duffy & Segaloff, P.C.
P. O. Box 1684
New Haven, CT  06507-1684
Phone: (203) 624-9830
Fax: (203) 562-8430
Federal Bar no:  ct01565
Email: tkaton@susmanduffy.com

## CERTIFICATION

I hereby certify that on February 8, 2008, a copy of the foregoing was filed electronically and swerved by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

By:     /s/ Thomas E. Katon
Thomas E. Katon (ct01565)
Susman Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507
Telephone: (203) 624-9830
Facsimile:  (203) 562-8430
Email:     tkaton@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\Reply in support of motion for protective orderFINAL(nosettl).doc