UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION,         Plaintiff | CIVIL ACTION NO. 3:03-cv- 00943  (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL.         Defendants | FEBRUARY 8, 2008 |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ENLARGEMENT
OF TIME TO COMPLETE DISCOVERY**

Pursuant to Local Rule of Civil Procedure 7(a), the parties submit the following memorandum of law in support of their joint motion for enlargement of time to complete discovery.

**FACTUAL BACKGROUND**

Plaintiff filed this action for damages pursuant to 42 U.S.C. §1983 alleging false arrest on charges of murder and conspiracy to commit murder by virtue of the submission of a false, misleading and incomplete arrest warrant affidavit by the defendant Edwin Rodriguez.[1]

On October 26, 2007, the Court re-opened discovery for a period of ninety (90) days with discovery to be completed January 26, 2008. On January 4, 2008, Plaintiff, with the defendant's consent moved for and received an additional thirty days to complete discovery up to and including February 26, 2008. To date, the parties have taken nine (9) depositions and a tenth will be taken on February 8. The parties are

---

[1] The complaint initially named Rodriguez, Stephen Coppola, another New Haven Police Department detective and the City of New Haven as defendants. Summary judgment was granted in favor of Coppola and the City of New Haven in August 2007.

1

currently trying to schedule the depositions of the defendant, former defendant Coppola, New Haven Police Chief Ortiz and Inspector Lawlor of the New Haven State' Attorney's office. Over the past forty five (45) days, the parties have also received and are reviewing hundreds of pages of additional documentation concerning this case. Until quite recently, the parties anticipated that discovery could be finished by the February 26, 2008 deadline. However, recently uncovered, unanticipated information has convinced the parties of the need for additional discovery that cannot reasonably be completed by February 26. The parties are concerned to obtain all relevant information to insure a full and fair presentation of their cases at trial. The pending issues are set forth below.

1. **Defendant's Internal Affairs File**

On or about January 9, 2008, the defendant filed a Motion for Protective Order respecting his New Haven Police Department Internal Affairs file. Plaintiff moved to compel production on January 18, 2008. Defendant will be filing a reply by February 8, 2008. This matter has been referred to Magistrate Martinez. Plaintiff cannot depose the defendant until the court has ruled on this dispute.

2. **The Protective Custody Issue**

On January 9, 2008, New Haven police Sgt. Brendan Canning testified in a deposition that Mayra Mercado, the central witness in the criminal case against the Plaintiff, had been placed in protective custody after she was arrested in the fall of 1999.[2] The protective custody was set up through the New Haven State's Attorney's office. This testimony was the first time the parties learned that Mercado had been involved with

---

[2] Mercado was arrested on September 2 and November 4, 1999 by the New Haven police. Sgt. Canning could not recall which arrest led to protective custody.

2

protective custody. Defense counsel subsequently issued a subpoena to the New Haven State's Attorney's Office for all documents relating to protective custody issue. Plaintiff's counsel first saw the documents at Mercado's deposition on February 4, 2008. The documents contain significant information about Mercado and name several individuals who may have information relevant to this case. In addition, after reviewing the documents, plaintiff's counsel believes it may be necessary to reopen the deposition of Christopher Alexy, Esq., the prosecutor in the underlying criminal case.

### 3.     The Larkland Martin Registered Informant File

On January 9, 2008, plaintiff deposed New Haven police Captain Redding, who at the time was the head of the Investigative Services Unit (ISU) of the New Haven Police Department. According to Captain Redding, ISU maintained all records of registered informants for the New Haven Police Department and that two sets of records are kept on each informant. The first is a physical file containing a wealth of information about the informant including the date that he or she became a registered informant and records of all monetary payments to each informant. The second is a far less detailed Excel spreadsheet including the name of the informant, their informant number and the police officers presumably handling the informant.[3]

During Redding's deposition, plaintiff learned for the first time that Larkland Martin, one of the three (3) witnesses referenced in the January 5, 2001 arrest warrant affidavit for Mr. Session, was a registered informant. This information was not set forth

---

[3] Plaintiff is currently seeking an explanation of the meaning of the information contained in the various columns on the spreadsheet from counsel for New Haven.

3

in any police report or the arrest warrant affidavit. Rodriguez stated in a December 5, 1999 police report that during the course of an investigation into an unrelated homicide in December 1999, he was approached by a person (Martin) claiming to have information about the shooting for which the plaintiff was prosecuted.

Redding also testified that the physical registered informant files are not destroyed. However, he was unable to produce Martin's informant file. All of the registered informant files had been transferred from ISU to Internal Affairs as part of an audit into irregularities involving payments to registered informants. The informant files went back to the early 1980's. The only informant file that could not be located was the Larkland Martin file. Two weeks after Redding's deposition, the New Haven Police Department produced a copy of the spreadsheet containing some information on Martin. Plaintiff had not originally intended to depose the current New Haven police chief Francisco Ortiz. However, given the foregoing, plaintiff must now take his deposition in the hope that Chief Ortiz can compel the production of Martin's informant file and requested other items not yet located.

On February 6, 2008, Larkland Martin testified that he had never been a registered informant, denied having given a March 2000 statement attributed to him and gave additional testimony at odds with the December 5, 1999 police report describing his encounter with the police. As a result of this testimony, plaintiff must now take the deposition of the second police officer named in the December 1999 report, Officer Villeca.

Local Rule 7 (b) (2) provides that Motions for Extensions of Time may be granted by the Judge upon a showing of good cause. "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably met despite the diligence of the party seeking the extension." L.R. Civ. P. 7 (b) (2). The foregoing establishes good cause to grant the requested enlargement of time. The parties have worked diligently to complete the large amount of discovery necessary in this case. The parties could not have reasonably anticipated the disclosures of information noted above that now require additional discovery procedures. However, given the good working relationship between the parties, they are confident of completing discovery expeditiously.

**CONCLUSION**

The parties are equally concerned that they obtain all relevant information relating to this increasingly difficult case. The parties have worked diligently and cooperatively to  complete discovery. However, based upon the foregoing, they now believe that discovery cannot be completed by February 26, 2008 and respectfully seek a thirty day enlargement of time up to and including March 26, 2008 within which to do so.

| THE PLAINTIFF | THE DEFENDANT |
|---|---|
| By____/Roy S. Ward/_____ | By ____/Thomas E. Katon/_____ |
| Roy S. Ward, Esq. | Thomas E. Katon, Esq. |
| 3695 Post Road, Suite 203 | Susman, Duffy & Segaloff, P.C. |
| Southport, CT  06890 | 55 Whitney Avenue |
| Tel: (203) 255-9829 | New Haven, CT  06510 |
| Fax: (203) 255-9839 | Tel: (203) 624-9830 |
| Email: attyrward@yahoo.com | Fax: (203) 562-8430 |
| Fed. Bar No. ct 11618 | Email: tkaton@susmanduffy.com |

Fed. Bar No. ct 01565

**CERTIFICATION**

     I hereby certify that on January 8, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                              /Roy S. Ward/
                              Roy S. Ward