UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY SESSION, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:03-cv- 00943 (AWT) |
| | : | |
| v. | : | |
| | : | |
| EDWIN RODRIGUEZ, ET AL. | : | FEBRUARY 26, 2008 |
| Defendants | : | |

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR CONTEMPT,
TO COMPEL AND FOR AND CAPIAS

Pursuant to Local Rule of Civil Procedure 7, the Plaintiff submits the following Memorandum of Law in support of his Motion for Contempt, for a capias and to compel the continuation of the deposition of Francisco Ortiz.

**FACTUAL BACKGROUND**

This is an action for damages brought pursuant to 42 U.S.C. §1983 alleging false arrest based upon an incomplete, inaccurate and misleading arrest warrant application for the plaintiff's arrest on charges of murder and conspiracy to commit murder.

Francisco Ortiz (hereinafter "Ortiz") is the Chief of the New Haven Police Department. On or about August 15, 2006 Ortiz executed an affidavit in support of the defendant City of New Haven's (hereinafter "the City") Motion for Summary Judgment.

See Document No. 75-2. On January 22, 2007, Ortiz executed a second affidavit in support of the City's Motion for Summary Judgment. See Document No. 96. In the affidavits, Ortiz swore that it was not the policy or practice of the City to deny or violate the civil rights of any person. On or about August 4, 2007, the Court granted Summary Judgment in favor of the City.

During the course of this litigation, the plaintiff has experienced enormous difficulties in obtaining various documents from the New Haven Police Department via deposition subpoena. Plaintiff has heard virtually every excuse for the non-production of documents including:

- The deponent did not read the subpoena and did not know documents were demanded;
- The deponent did not understand what was being requested;
- The deponent did not have enough time to locate the documents;
- The documents sought were in a different division or bureau from where the deponent was assigned;
- The deponent did not have access to the documents;
- The documents were missing;
- The documents were destroyed despite the absence of a valid destruction order.

On February 11, 2008, the undersigned issued a deposition subpoena upon Ortiz compelling his appearance at a deposition at the New Haven Police Department, One Union Avenue, New Haven, Connecticut on February 19, 2008 at 2:00 p.m. Deborah Curtis served the subpoena upon Ortiz on February 12, 2008. The subpoena contained a demand for production of various documents on the theory that as the highest-ranking officer of the New Haven Police Department, Ortiz could compel the production of the requested documents from their various locations within the Department. Ortiz was to be examined on the various documents if they were produced.

Prior to the deposition date, counsel have worked cooperatively in scheduling depositions. At no time prior to the commencement of the deposition did Ortiz, his office or his attorney inform the undersigned that there would be any problem with Ortiz sitting for the deposition.

The Ortiz deposition commenced shortly after 2:00 p.m. on February 19, 2008. After approximately ninety (90) minutes, just as the undersigned was beginning to question him about former detectives, Edwin Rodriguez and Stephen Coppola[1], Ortiz

---

[1] On August 20, 2007, Doc. No. 122, the Court granted in part and denied in part the individual defendants' Rodriguez and Coppola's Motion for Summary Judgment. The Court granted judgment in favor of Defendant Coppola on all counts and in favor of Defendant Rodriguez on the intentional and negligent infliction of emotional distress counts only.

stood up and announced that he did not have time for this and walked out of the deposition before the undersigned had an opportunity to protest his actions.

On February 20, 2008, Roy S. Ward, Esq., another of plaintiff's attorneys wrote and emailed Ortiz's attorney, Michael Wolak, Esq., of the New Haven Corporation Counsel's office and demanded that he be provided, within 24 hours, a new date for the completion of Ortiz's deposition within the following seven days. The letter informed Attorney Wolak that if the date was not provided and the deposition concluded as set forth therein, that he would file a Motion for Contempt and for a Capias. As of this date, the neither Attorney Wolak nor Ortiz has responded to the above demand.

**LAW AND ARGUMENT**

Pursuant to Fed. R. Civ. P. 45, an attorney may issue a subpoena compelling the attendance of a witness for attendance at a deposition and for production of documents at said deposition. Subsection (e) of Rule 45 provides that the failure of any person to obey a subpoena without adequate excuse shall constitute contempt of court.

The foregoing establishes that Ortiz is in contempt. The subpoena was a standard subpoena in a civil case downloaded from the District Court website. It stated the date, time and place for the deposition and properly demanded the production of certain documents. It was served by an indifferent person over the age of eighteen. It was served

with the advance knowledge of the deponent a reasonable amount of time before the deposition. The deponent failed to raise any objection to any portion of the subpoena. The deposition was conducted in a polite and professional manner. Despite the foregoing, the deponent, suddenly, and without any justification, decided to walk out of the deposition and has since refused to agree to a date for the continuation of his deposition. The deponent's actions were the very definition of contemptuous behavior and fall squarely within the contempt provisions of Rule 45(e).

Wherefore, based upon the foregoing, Francisco Ortiz should be found in contempt, a capias should issue against him and he should be ordered to appear for the continuation of his deposition of March 11, 2008 at 10:00 a.m. at the Law Offices of Susman, Duffy & Segaloff at 55 Whitney Avenue in New Haven, Connecticut.

                                                     THE PLAINTIFF
                                                     GARY SESSION

By_____/s/ Karen L. Mayer_____
      Karen Mayer, Esq.
      Russell & Pastore, LLC
      66 Field Point Road
      Greenwich, CT 06830
      Tel: (203) 661-4200
      Fax: (203) 661-3666
      Email: kmayer@greenwichlegal.com
      Federal Bar No. CT 26555

## **CERTIFICATION**

      I hereby certify that on February 26, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Karen Mayer