UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY SESSION, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:03-cv- 00943 (AWT) |
| | : | |
| v. | : | |
| | : | |
| EDWIN RODRIGUEZ, ET AL. | : | FEBRUARY 26, 2008 |
| Defendants | : | |

**AFFIDAVIT OF COUNSEL
IN SUPPORT OF MOTION FOR CONTEMPT
AND FOR ISSUANCE OF CAPIAS**

STATE OF CONNECTICUT}
                } ss. Greenwich
COUNTY OF FAIRFIELD   }

Karen Mayer, being duly sworn, deposes and says:

1.   I am over the age of eighteen and am familiar with the obligations of an oath.

2.   I am an attorney for the plaintiff in the above captioned matter and I have personal knowledge of the facts stated herein.

3.   This is an action for damages brought pursuant to 42 U.S.C. §1983 alleging false arrest based upon an incomplete, inaccurate and misleading arrest warrant

application for the plaintiff's arrest on charges of murder and conspiracy to commit murder.

4.  Francisco Ortiz (hereinafter "Ortiz") is the Chief of the New Haven Police Department.

5.  On or about August 15, 2006 Ortiz executed an affidavit in support of the defendant City of New Haven's (hereinafter "the City") Motion for Summary Judgment. See Document No. 75-2. On January 22, 2007, Ortiz executed a second affidavit in support of the City's Motion for Summary Judgment. See Document No. 96. In the affidavits, Ortiz swore that it was not the policy or practice of the City to deny or violate the civil rights of any person. On or about August 4, 2007, the Court granted Summary Judgment in favor of the City.

6.  During the course of this litigation, the plaintiff has experienced enormous difficulties in obtaining various documents from the New Haven Police Department. Plaintiff has heard virtually every excuse for the non-production of documents ranging from the request being directed to the wrong division to the deponent not having sufficient time to search for the documents.

7.  On February 11, 2008, I issued a deposition subpoena upon Ortiz compelling his appearance at a deposition at the New Haven Police Department, One

Union Avenue, New Haven, Connecticut on February 19, 2008 at 2:00 p.m. Deborah Curtis served the subpoena upon Ortiz on February 12, 2008. The subpoena contained a demand for production of various documents on the theory that as the highest-ranking officer of the New Haven Police Department, Ortiz could compel the production of the requested documents from their various locations within the Department. It was my intention to examine Ortiz on the various documents produced.

8. Prior to the deposition date, counsel have worked cooperatively in scheduling depositions. At no time prior to the commencement of the deposition did Ortiz, his office or his attorney inform me that there would be any problem with Ortiz sitting for the deposition.

9. The Ortiz deposition commenced shortly after 2:00 p.m. on February 19, 2008. After approximately ninety (90) minutes, just as I was beginning to question him about former detectives, Edwin Rodriguez and Stephen Coppola[1], Ortiz stood up and announced that he did not have time for this, that he was a very busy person, and walked out of the deposition before I had an opportunity to protest his actions. Prior to that moment, I had conducted the deposition in a polite, professional and non-confrontational

---

[1] On August 20, 2007, Doc. No. 122, the Court granted in part and denied in part the individual defendants' Rodriguez and Coppola's Motion for Summary Judgment. The Court granted judgment in favor of Defendant Coppola on all counts and in favor of Defendant Rodriguez on the intentional and negligent infliction of emotional distress counts only.

manner. At no time during the abbreviated deposition did the deponent's attorney complain in any way about the manner in which the deposition was being conducted. In fact, prior to starting the deposition I offered Ortiz the opportunity to reschedule his deposition for another day. He acknowledged that he was there under subpoena and believed he had to sit for his deposition on said date.

10. On February 20, 2008, Roy S. Ward, Esq., another of plaintiff's attorneys wrote and emailed Ortiz's attorney, Michael Wolak, Esq., of the New Haven Corporation Counsel's office and demanded that he be provided, within 24 hours, a new date for the completion of Ortiz's deposition within the following days. The letter informed Attorney Wolak that if the date was not provided and the deposition concluded as set forth therein, that he would file a Motion for Contempt and for a Capias.

11. As of this date, the neither myself nor Attorney Ward have been provided with a new date for Ortiz's deposition.

12. Ortiz is an essential witness in this case, particularly in light of his prior affidavits, his knowledge of the New Haven Police Department and its officers and his ability to command the production of documents.

13. Based upon Ortiz's actions and the failure of his attorney to provide a new date for his deposition, I have no reason to believe Ortiz's deposition will be completed without Court intervention.

THE AFFIANT

_____
Karen Mayer

Subscribed and sworn to before me
This 26th day of February 2008.

_____
Shirley A. Reinoso
Notary Public

Shirley A. Reinoso
NOTARY PUBLIC
State of Connecticut
My Commission Expires
June 30, 2010

5

## CERTIFICATION

      I hereby certify that on February 26, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Karen Mayer