UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION,<br>　　　Plaintiff | CIVIL ACTION NO.<br>3:03-cv- 00943 (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL.<br>　　　Defendants | APRIL 11, 2008 |

**MOTION FOR ENLARGEMENT OF TIME
TO COMPLETE DISCOVERY**

Pursuant to Fed. R. Civ. P. 6(b) and Local Rule 7 (b)(2) the Plaintiff by the undersigned respectfully move for an additional sixty (60) day enlargement of time up to and including June 26, 2008 within which to complete discovery in this matter. **The Defendant through counsel consents to the granting of this Motion.**

In support thereof, the Plaintiff represents as follows:

1.　Discovery is currently scheduled to close on April 26, 2008.

2.　On or about February 8, 2008, the Defendant filed a Motion for Protective Order concerning his Internal Affairs file from the New Haven Police Department. The Plaintiff subsequently moved to compel production of those records.

3.　On March 27, 2008, the parties argued those Motions before the Hon. Donna Martinez, U.S.M.J. Magistrate Martinez has not yet issued a ruling on the Motions.

4.　The Plaintiff cannot complete the deposition of the Defendant Edwin Rodriguez until the Court rules on the pending Motions. However, in an efforts to expedite discovery, the parties have agreed to begin the deposition of Edwin Rodriguez

on April 11, 2008 and to then continue its completion until some time after the ruling on the pending Motions is issued.

5. This is an action for damages brought pursuant to 42 U.S.C. §1983 in which Plaintiff alleges that he was falsely arrested for the murder of Anthony Lucky, Jr. that occurred on July 25, 1999 pursuant to an untruthful, misleading and incomplete arrest warrant application prepared, signed and submitted by the Defendant Edwin Rodriguez.

6. The warrant application was based almost exclusively on the statements of three (3) witnesses, Mayra Mercado, Sharon Adkins and Larkland Martin. A police report, dated prior to Mercado's first statement in November 1999 stated that Mercado was an informant. In the warrant affidavit, Mercado was described as a registered informant. Martin was not described as an informant.

7. During the depositions of New Haven Police Sergeant Brendan Canning and Captain Brian Redding in early January of this year, Plaintiff first learned that that Mercado had never been an informant but that Martin was a registered informant.

8. The registered informant files of the New Haven Police Department are maintained by the head of the Investigative Services Unit ("ISU"). At the time of his deposition, Captain Redding was the head of ISU. Plaintiff sought production of Martin's registered informant file. Redding testified that all of the registered informant files had been transferred to Internal Affairs as part of an in-house investigation into irregularities regarding cash payments to registered informants. That investigation

2

eventually led to the arrest of New Haven Police Officer Clarence Willoughby on charges of stealing informant funds. Redding then testified that Martin's file was missing.

9.  Plaintiff was subsequently informed by Michael Wolak, Esq. of the New Haven Corporation Counsel's Office that the FBI had seized a large quantity of documents from the NHPD in connection with a corruption investigation which may have involved Lt. William White and several other officers.[1]

10. On March 19, 2008, Plaintiff proceeded with the continued deposition of New Haven Police Chief Francisco Ortiz. Ortiz acknowledged that his Department had been investigated and that documents had been seized, but he refused to answer any questions about the investigation, what documents had been seized or whether the Department had received a receipt or accounting of the seized documents. Claiming that he had been ordered by someone not to discuss the matter(s), Ortiz refused to even name the person or entity who ordered him to remain silent, the date of the order or the reasons therefore. Plaintiff intends to file a Motion to Compel answers to those questions shortly.[2]

11. On April 7, 2008, Plaintiff deposed New Haven Police Lt. John Velleca. Just before the deposition began, the undersigned was told by the Attorney Wolak that the New Haven Police Department actually had **two types of informants, registered**

---

[1] Plaintiff is not entirely clear on this point. The FBI did investigate the NHPD and Lt. White, the head of the Narcotics Division and two other narcotics officers were indicated on a variety of charges arising from their actions as narcotics officers. However, as noted *infra*, New Haven Police Chief Francisco Ortiz refused to answer any questions about federal investigations of the Department in his March 19, 2008 deposition so Plaintiff cannot be certain if the documents were seized as part of the White investigation or a different investigation.

[2] The undersigned cannot immediately file the Motion to Compel for several reasons. I have not yet received the transcript of Ortiz's March 19 deposition. On April 11, 2008, I will be in Rodriguez's deposition all day and stating April 12, I will be out of the country on a previously planned and paid for family vacation. I will not return to the office until April 21 and plan to file the Motion on April 22 or 23.

3

**informants and "drug informants."** According to counsel, Mercado may have been a "drug informant". As noted, while the arrest warrant identified Mercado as a registered informant two New Haven Police officers, including one who had served in the Narcotics Unit on and off for eight (8) years, testified under oath that Mercado had never been an informant. Plaintiff now has no idea what the true facts are about Mercado.[3]

12. Lt. Velleca countersigned every page of the arrest warrant application prepared, signed and submitted by Rodriguez. Prior to the deposition, Plaintiff had been led to believe that Velleca was Rodriguez's immediate supervisor during the entire investigation that culminated in Plaintiff's arrest. Near the end of Velleca's deposition, Plaintiff first learned that Velleca only became Rodriguez's supervisor twenty five (25) days before the warrant application was signed.

13. On April 8, 2008, Plaintiff received confirmation from Attorney Wolak that one Direk Rodgers had in fact been Rodriguez's supervisor from the start of the investigation on July 25, 1999 until December 10, 2000. Rodgers' deposition is currently scheduled for April 23, 2008.

14. On July 25, 1999, the date of the Lucky shooting, New Haven Police Officer Lillie DeJesus canvassed the scene of the shooting and located and interviewed an eyewitness to the shooting. The witness was described as a Hispanic male who wished to remain anonymous but his home address, very close to the shooting location, was given. This man's account of the shooting was consistent with the sworn statements of

---

[3] Since Plaintiff was arrested on a warrant, he must establish that the warrant was invalid. The credibility and reliability of the witnesses named in the warrant application is therefore of paramount importance. Therefore, evidence that the defendant may have falsely or recklessly described Mercado as a registered informant to enhance her credibility and reliability is critical to Plaintiff's case.

the other occupants of the vehicle in which Lucky was riding when he was shot and was in direct contradiction to the account given by the an alleged eyewitness to the shooting named in the warrant, Larkland Martin.

15. Plaintiff has noticed DeJesus's deposition for April 23, 2008. However, on April 9, 2008, Attorney Wolak told me that DeJesus has very recently retired from the New Haven Police Department after a protracted employment dispute. If DeJesus were still employed by the New Haven P.D., plaintiff could simply serve her with a deposition subpoena by leaving it with the desk officer at police headquarters. Now, however, DeJesus must be served either in hand or by abode service and Plaintiff is not entirely certain of her address.

16. More discovery has been completed in the past four plus months than had been accomplished in the preceding 4 and one half years. Fourteen (14) depositions have been completed and thousands of pages of documents have been exchanged. Both sides have worked diligently and cooperatively to expedite discovery. All Plaintiff wants is to obtain the documents and testimony needed to meet his burden of proof. However, as the foregoing makes clear, the New Haven Police Department continues to make discovery difficult on everyone..

17. In the event this Motion for Enlargement is granted, the parties further seeks an enlargement of sixty (60) days for the filing of dispositive motions from the new discovery closure date.

18. The Defendant through counsel consents to the granting of this Motion.

19. In the event that discovery is completed prior to June 26, 2008, the parties will report that fact to the Court in order to hasten the completion of the remaining pre-trial matters.

Wherefore, based upon the foregoing, the Plaintiff moves for an additional sixty (60) day extension of time to complete discovery up to and including June 26, 2008.

THE PLAINTIFF
GARY SESSION

By /Roy S. Ward/
Roy S. Ward, Esq.
3695 Post Road, Suite 203
Southport, CT 06890
Tel: (203) 255-9829
Fax: (203) 255-9839
Email: attyrward@yahoo.com
Fed. Bar. No. ct11618

## CERTIFICATION

I hereby certify that on April 11, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/Roy S. Ward/
Roy S. Ward