### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

GARY SESSION,                          CIVIL ACTION NO.
           Plaintiff                    3:03-cv- 00943  (AWT)

      V.

EDWIN RODRIGUEZ, ET AL.           APRIL 28, 2008
           Defendants

### SECOND MOTION TO WITHDRAW AS COUNSEL

Pursuant to local Rule 7 (e), the undersigned, as counsel for the Plaintiff Gary Session hereby again reluctantly moves for permission to withdraw as counsel of record for the plaintiff.  In support thereof, the undersigned represents:

**I.     BREAKDOWN IN THE ATTORNEY-CLIENT RELATIONSHIP**

1.     On or about October 26, 2007, counsel and the plaintiff participated in a telephonic conference call the Court on several issues, including my prior Motion to Withdraw my appearance. I filed that Motion because of on going, serious personal and professional difficulties with the plaintiff such as I had never previously experienced with any client.

2.     During the conference call, the Court told plaintiff, in essence, that he should be thankful for the high quality of representation he had received from me, telling him that I had gotten his case to a point that most civil rights cases never reach: a trial.

3.      The Court gave plaintiff a choice: to continue to have me as his attorney, to find a new lawyer or appear *pro se*. Given those choices, plaintiff reluctantly decided to keep me as his lawyer.

4.      Rather than that call prompting an improvement in the attorney-client relationship since that date, the situation has deteriorated to the point where I no longer want to work for the plaintiff and do not believe that I can do so consistent with my professional responsibilities.

5.      I have been practicing law for nearly sixteen (16) years, almost exclusively in litigation, including numerous federal civil rights cases. Never entire time, I ever experienced the sustained level of personal and professional disrespect, denigration, lack of cooperation, disparagement, hostility and difficulty as that shown to me by the plaintiff. Despite the Court's admonition and the repeated pleas of myself, my former co-counsel Attorney Karen Mayer and others, the plaintiff consistently tries to micro-manage the case, refuses to listen to or accept the advice I give him, insults and demeans me and repeatedly demands that I take actions that are either legally impossible or that would subject me to sanctions and possible discipline. Each time I have refused to follow his instructions, his level of invective increased.

6.      On April 21, 2008, I emailed the plaintiff asking that he fire me as his attorney. To date, I have not had the courtesy of a reply.

7.      I am not, and never have been in the habit of seeking to withdraw from a case because of a difficult client. My practice, including a large amount of criminal defense work, has helped me grow a thick skin, enabling me to endure problem clients. The fact that I am again seeking to withdraw my appearance in this case is a testament to exactly how bad this situation has become.

8.      Everyone is ultimately responsible and accountable for the consequences of his words and deeds. The plaintiff has previously been advised by the Court to appreciate his good fortune and to change his tune. However, as the foregoing demonstrates, the opposite has happened. It appears that rather than being chastened by the Court's remarks, he has felt empowered to behave badly based upon the assumption that I will not be permitted to withdraw.  While I sincerely do not wish to impair the plaintiff's chances at trial, the present state of the attorney client relationship is solely of the plaintiff's making and for which he and he alone is responsible.

II.      FINANCIAL CONSIDERATIONS

9.      The plaintiff executed a written retainer agreement with Philip Russell, LLC on or about January 28, 2003.  Attorney Russell and Attorney Karen Mayer of Philip Russell, LLC appeared on behalf of the plaintiff.

10.      I do not have any retainer agreement with the plaintiff.

11.      On or about March 5, 2007, Philip Russell was permitted to withdraw his appearance in this case due to his then pending federal criminal case before the Hon.

3

Alan H. Nevas. On September 27, 2007, Mr. Russell pleaded guilty to one count of Misprision of Felony, 18 U.S.C. §4, before Judge Nevas. Upon information and belief, federal disciplinary proceedings have been instituted against Mr. Russell arising from his conviction.

12.     In November 2007, a new entity, Russell & Pastore, LLC was created to continue the business of Philip Russell, LLC. Attorney Karen Mayer, who had an appearance in this case, became an employee of Russell & Pastore, LLC and continued to represent plaintiff in that capacity.

13.     In 2006, Mr. Russell asked that I enter this case on behalf of the plaintiff and made several representations to me concerning the future of this case including that: Philip Russell, LLC and I would split any legal fee obtained in the case, that Mr. Russell would provide me with one of the associate attorneys of Philip Russell, LLC to act as my associate on this case as needed and that he would personally pay all further expenses of the case as they were incurred.

14.     Starting in October 2006, Attorney Karen Mayer assisted me in this case. On or about April 17, 2008, she gave notice to Russell & Pastore, LLC that she was leaving to accept employment at a new law firm. On April 25, 2008, Attorney Mayer's Motion to Withdraw her appearance for plaintiff was granted. Russell & Pastore, LLC has no other attorneys to provide to me to assist me in this case. In fact, on Friday, April 25, 2008 I learned from James Pastore, Esq. of Russell & Pastore, LLC that a meeting

4

was to be held on Sunday, April 27, 2008 at which it was to be decided whether or not to close down Russell & Pastore, LLC.

15.    Since coming into this case in October 2006 I have advanced over $10,000 for depositions, subpoenas, private investigation services, Federal Express charges and the like. I advanced those sums based upon Mr. Russell's continued representations that notwithstanding his pending criminal case, his guilty plea, his sentencing or his inactive legal status, he would honor his financial obligations to this case and to me.

16.    I estimate that it will cost at least an additional ten to fifteen thousand dollars to complete discovery and try this case. Mr. Russell is now claiming an inability and/or unwillingness to reimburse me for costs I have already advanced or to pay any expenses going forward. His refusal to honor his promises to me and the case were confirmed to me on Friday, April 25, 2008. That same day I learned that the day before, April 24, 2008, Mr. Russell received a check for $50,000.00 from Russell & Pastore, LLC.

17.    I have significant financial responsibilities in caring for my disabled child amounting to tens of thousands in after tax dollars each year, child support payments and the ordinary professional and personal expenses amounting to many additional thousands of dollars each month. I will face very serious, personal financial hardship if I am forced to remain in this case.

18.     To date, I have taken 13 depositions and I anticipate that 3-4 additional depositions will be required. The plaintiff may also need an expert witness on at least one issue in the case. To date, I have received in excess of six thousand (6000) pages of discovery related to this case. I anticipate receiving perhaps an additional 1000-1500 pages of documentation once the various pending motions are resolved and the remaining depositions are taken.

19.     I am a solo practitioner with approximately sixty (60) additional open files. I cannot afford to hire a part time assistant to help me with this case, particularly since I am already significantly in debt from this litigation. I cannot handle the additional discovery, paperwork, trial preparation and trial itself without significant assistance.

20.     The present situation is personally intolerable. The ethical rules require an attorney to zealously represent the client's interests, within the boundaries of the law. I have done so. The rules do not require a lawyer to endure endless abuse and to face the prospect of financial ruin in discharging his responsibilities to a client.

21.     The undersigned respectfully requests the earliest possible decision on this motion under the circumstances.

**WHEREFORE**, based upon the foregoing,  the undersigned respectfully moves this Court to grant his Motion to Withdraw as counsel of record for Plaintiff Gary Session.

THE MOVANT
ROY S. WARD


By    /Roy S. Ward/
Roy S. Ward, Esq.
3695 Post Road, Suite 203
Southport, CT  06890
Tel: (203) 255-9829
Fax: (203) 255-9839
Email: attyrward@yahoo.com
Fed. Bar. No. ct11618

## CERTIFICATION

I hereby certify that on April 28, 20008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_____
/Roy S. Ward/

7