```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

GARY SESSION,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO. 3:03CV0943 (AWT)
                                 :
EDWIN RODRIGUEZ,                 :
                                 :
     Defendant.                  :
```

                    RULING ON DISCOVERY MOTIONS

Pending before the court are the defendant's Motion for Protective Order (doc. #139) and the plaintiff's Cross-Motion to Compel (doc. #141).

This case involves claims of false arrest and malicious prosecution pursuant to 28 U.S.C. § 1983 in addition to common law causes of action for false imprisonment and malicious prosecution. Plaintiff claims that defendant Edwin Rodriguez, a former detective with the New Haven Police Department, submitted a false or misleading arrest warrant affidavit, based on witness statements that he knew to be false or the product of threats or coercion. The complaint alleges that as a result of this misconduct, plaintiff was arrested for murder and was incarcerated for 11 months before the charges against him were nolled.

The issue presently before the court is whether the defendant must produce to the plaintiff documents from his personnel file and a City of New Haven internal affairs file. In 2006, the plaintiff served a subpoena requesting these documents upon the

City of New Haven (the "City"), at that time a defendant in this action.  The City reached an agreement with the plaintiff under which it produced a portion of the personnel and internal affairs files.  After the City's motion for summary judgment was granted in full, the plaintiff sought production of further documents from the files.  The parties are in agreement that the documents at issue are currently in the possession of defense counsel.[1]

The defendant seeks a protective order prohibiting the disclosure of certain portions of his personnel file and the City's internal affairs file.  He has not produced a privilege log or otherwise described in writing the materials that he seeks to protect.  At oral argument, counsel explained that the materials at issue relate to two incidents involving claims that evidence was mishandled or tampered with.  The defendant contends that the sought documents were generated by internal affairs charges which were later rescinded under a settlement agreement in a separate, employment-related lawsuit between the defendant and the City.[2]

The defendant argues that the records are irrelevant, that

---

[1] Counsel explain that they met on December 20, 2007 in the office of counsel for the City to review the documents which were then held by the New Haven Corporation Counsel.  They agreed that counsel for defendant Rodriguez would take the documents to her office for review. Counsel for defendant Rodriguez subsequently filed this motion for protective order. (See Affidavit of Meghan Gallagher, doc. #139-2 at ¶ 4-6, 9-10; Affidavit of Roy Ward, doc. #141-2 at ¶¶ 4-9.)

[2] The defendant has not produced any affidavits or other evidence in support of this explanation.

they are protected from disclosure by Connecticut statute, that the discovery request is overbroad, and that producing the sought documents would violate his settlement agreement with the City. The plaintiff responds that the records are highly relevant to the defendant's qualified immunity defense. Plaintiff disputes the defendant's statutory arguments.

**A.   Relevance**

The plaintiff contends that the records at issue are highly relevant to the defendant's qualified immunity claim, because they could evidence his past experience with similar wrongdoing and his knowledge of the applicable law. The defendant argues that the records are not relevant because none of the internal affairs investigations at issue relate to this case. He also argues that they are not relevant because any complaints or charges were rescinded, absolving him of any wrongdoing.

In a civil rights action against the police, police internal investigations files are discoverable when they involve allegations of similar misconduct. It is "the prevailing practice" of courts in the Second Circuit "to limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint." Gibbs v. City of New York, No. CV-06-5112 (ILG)(VVP), 2008 U.S. Dist. LEXIS 8111, 4-5 (E.D.N.Y. Feb. 4, 2008) (collecting cases). Even withdrawn or unsubstantiated

complaints or investigations are discoverable if relevant.  See Bradley v. City of New York, No. 04 Civ. 8411(RWS)(MHD), 2005 U.S. Dist. LEXIS 22419 (S.D.N.Y. Oct. 3, 2005)("courts have repeatedly directed production of such complaints, whether substantiated or unsubstantiated or even withdrawn")(collecting cases); Cox v. McClellan, 174 F.R.D. 32, 35 (W.D.N.Y. 1997) ("the fact that a prior complaint was determined to be unfounded does not bar its discovery.  Whether the incident resulted in a conviction, a dismissal, a settlement or a lawsuit does not negate the existence of the occurrence itself");  Unger v. Cohen, 125 F.R.D. 67, 70-71 (S.D.N.Y. 1989) (even if the complaints are inadmissible at trial, "the information in the administrative files about these accusations is an obvious source of 'leads' which resourceful counsel may pursue to evidence bearing on intent or other facts in issue").

Based on the record before the court, these records are similar to, and relevant to, the claims in the present action.  The fact that the charges were "rescinded" in a settlement with the City does not affect their discoverability.

**B.  Privilege**

It is unclear whether the defendant maintains any argument based on privilege.  In his Motion for Protective Order, doc. #139, the defendant initially argued that the records were privileged, but he subsequently declared in his reply brief, doc.

4

#145, that "Rodriguez is not claiming privilege in its [*sic*] Motion for Protective Order."  To the extent that the defendant asserts a privilege, the court need not linger on this issue.  The defendant waived any privilege claim by failing to produce a privilege log.  Contrary to defense counsel's suggestion at oral argument that a privilege log is required only for claims of attorney-client privilege, the Local Rule states that a privilege log must be produced "when a claim of privilege or work product protection is asserted."  D. Conn. L. Civ. R. 26(e).  See also Fed. R. Civ. P. 26(b)(5)(A) ("[w]hen a party withholds information . . . by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced– and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").  The failure to produce a privilege log waives the privilege.  See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 238 F.R.D. 536, 538 (D. Conn. 2006) (citing Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 166 (2d Cir. 1992); Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D. 165, 168-69 (D. Conn. 2005).

**C.    Conn. Gen. Stat. § 31-128f and Conn. Gen. Stat. § 1-210**

It is similarly unclear whether the defendant relies upon Conn. Gen. Stat. § 31-128f, a Connecticut statute protecting from

public disclosure an employee's personnel file. In his original motion for protective order, the defendant claimed that this statute barred disclosure of his personnel file. However, after the plaintiff's responsive brief, the defendant abandoned his reliance on this statute. (Doc. #145 at 2.) At oral argument, he appeared to reassert its applicability. Even if it does apply, the statute makes an exception for production "pursuant to a lawfully issued administrative summons or judicial order, including a search warrant or subpoena." Conn. Gen. Stat. § 31-128f(2). "Judges in this District have repeatedly recognized that when personnel information . . . is necessary and relevant to a case, a court may order limited disclosure of that information consistent with the dictates of § 31-128f." Gibbs v. Am. Sch. for the Deaf, No. 3:05cv563 (MRK), 2007 U.S. Dist. LEXIS 25036 (D. Conn. Apr. 3, 2007)(collecting cases).[3]

    The parties also devote many pages to arguments about whether the sought files are protected by Connecticut's Freedom of Information Act ("FOIA"), Conn. Gen. Stat. § 1-210. Once again, the court can dispose of this argument quickly, as the defendant's reliance on this statute is plainly misplaced. FOIA regulates the

---

[3]Although courts sometimes limit production of personnel records in order to protect private information such as social security numbers or health information where that information is not relevant, the defendant in this case has not mentioned any such concerns. The focus of this dispute has centered on the documents stemming from the City's rescinded internal affairs charges.

availability for public review of records maintained by public agencies, not the discoverability of relevant records that are within a litigant's own possession.  Furthermore, that FOIA arguably might have provided shelter for certain of the documents had a FOIA request even been made does not affect their discoverability here.  The federal rules, not the state FOIA statute, govern this federal action.  See generally Chief of Police v. Freedom of Info. Comm'n, 252 Conn. 377, 389-397 (Conn. 2000).

**D.    Settlement Terms**

The defendant also argues that he should not be required to produce the records because doing so "could" violate the terms of a settlement agreement he entered into with the City.  Other than mentioning the settlement, he has provided no specifics.  He has not submitted the settlement agreement or any evidence whatsoever of its existence or terms.[4]  On this record, there is no basis to prevent the disclosure of otherwise discoverable records.

**E.    Conclusion**

Finally, the defendant argues that the disclosure of his personnel file and the City's internal affairs file is likely to cause him embarrassment and make difficult his current job with

---

[4] The defendant's motion, filed more than four months ago, indicates that defense counsel believed disclosure could violate the settlement agreement and that they were investigating further. No supplemental information was ever provided.

the Chief State's Attorney's Office.  The plaintiff counters with the suggestion that any harm arising from the disclosure of the documents can be mitigated by the entry of a protective order governing the terms on which disclosure is made to the plaintiff. The court will entertain such a proposed order, pursuant to Fed. R. Civ. P. 26(c)(1)(B), if it is filed on or before **June 12, 2008.** The parties are urged to work cooperatively on this issue to eliminate the need for further litigation.  If the parties are unable to agree, each may file its own request by that date, including both a proposed order for the court's endorsement and a memorandum of law citing authority in support of its position.

For the foregoing reasons, the defendant's Motion for Protective Order (doc. #139) is denied and the plaintiff's Cross-Motion to Compel (doc. #141) is granted.

SO ORDERED at Hartford, Connecticut this 4th day of June, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge