UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 3:03-CV-00943 (AWT) |
| | * | |
| VS. | * | |
| | | |
| CITY OF NEW HAVEN; STEPHEN | * | JUNE 12, 2008 |
| COPPOLA; AND EDWIN RODRIGUEZ | * | |
| | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF THE DEFENDANT'S PROPOSED ORDER REGARDING DISCLOSURE OF DOCUMENTS PURSUANT TO FED. R. CIV. PRO. 26(C) (1) (B)

The Defendant, Edwin Rodriguez, hereby submits the following memorandum of law in support of his Proposed Order in response to the Court's June 4, 2008 Order regarding the Defendant's Motion for Protective Order (#139) and the Plaintiff's Cross-Motion to Compel (#141).

The items to be produced are not relevant and are not likely to lead to the discovery of admissible evidence. The items being produced have been rescinded by the New Haven Police Department and the Defendant was exonerated of any wrong-doing. Accordingly, such evidence is not likely to lead the Plaintiff to the discovery of any evidence that the Defendant acted improperly during the investigation of the homicide of Anthony Lucky. In the context of whether such items are admissible at trial, courts in this circuit have consistently held that evidence regarding prior complaints is inadmissible as irrelevant and prejudicial. See *Berkovich v. Hicks*, 922 F.2d 1018, 1022-23 (1991) (upholds trial court's exclusion of evidence of prior civilian complaint against

officers charged with false arrest and use of excessive force); *Wallace v. Hano*, 90 Civ.2064, 1992 WL 230139 at *7-8 (S.D.N.Y. 1992) (motion in limine granted to exclude records of prior complaints against defendant in § 1983 case for false arrest and use of excessive force); *Shaw v. City of New York*, 1997 WL 187352 (S.D.N.Y. 1997) (motion in limine granted to exclude a prior investigation report for alleged excessive force by defendant). Although, admittedly, these cases dealt with whether civilian complaints were admissible at trial, rather than discoverable, the same principles apply this situation. The documents to be disclosed are not relevant to this case and are not likely to lead to the discovery of admissible evidence.

Even if the documents are deemed relevant to this lawsuit, their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and, accordingly, the dissemination of such documents should be restricted. Fed. R. Evid. 403. The production of these documents may prejudice the Defendant. Despite being exonerated of the allegations contained within the internal affairs files, the information contained therein could serve to embarrass the Defendant and could impact his ability to effectively perform his job. Rodriguez is currently employed as an inspector for the office of the Chief's State Attorney. As part of his duties, Rodriguez is responsible for gathering and presenting evidence and testimony. The dissemination of the baseless, rescinded allegations would not only cause him embarrassment but could also open the door to repeated inquiries regarding this information, compromising his ability to perform his job effectively. Discovery should be restricted where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Herbert v. Lando*, 441 U.S. 153, 171, 99 S. Ct. 1635, 60 L. Ed. 115 (1979).

For these reasons and for the concerns set forth with greater particularity in the Defendant's Motion for Protective Order and supporting memoranda, the Defendant urges that this Court restrain

the production of the materials to be produced so that the items shall only be used in connection with the current litigation and not disseminated to third parties. Accordingly, the Defendant respectfully requests that the Court adopt the Defendant's proposed order.

                Respectfully submitted,
                DEFENDANTS,

                /s/ Meghan K. Gallagher
                Meghan K. Gallagher
                Federal Bar No. ct26914
                Susman, Duffy & Segaloff, P.C.
                55 Whitney Avenue
                New Haven, Connecticut 06510
                Phone: (203) 624-9830
                Fax: (203) 562-8430
                E-mail: mgallagher@susmanduffy.com

## CERTIFICATION

I hereby certify that on June 12, 2008 a copy of the foregoing Memorandum in Support of Proposed Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                /s/ Meghan K. Gallagher
                Meghan K. Gallagher
                Federal Bar No. ct 26914
                Susman, Duffy & Segaloff, P.C.
                55 Whitney Ave.
                New Haven, CT 06510
                tel.: 203-624-9830
                fax: 203-562-8430
                mgallagher@susmanduffy.com