UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************
GARY SESSION                *        CIVIL NO.: 3:03CV00943 (AWT)
                 PLAINTIFF  *
vs.                         *
                            *
EDWIN RODRIGUEZ             *
                 DEFENDANT* JULY 1, 2008
*************************************
```

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S REQUEST FOR ENLARGMENT OF TIME TO COMPLETE DISCOVERY

The Defendant, Edwin Rodriguez, through counsel, hereby opposes the Plaintiff's motion for enlargement of time to complete discovery. In support of his opposition, the Defendant submits the following:

1.) On May 28, 2003, the Plaintiff commenced this action alleging, *inter alia*, claims for false arrest and malicious prosecution.

2.) The initial order regarding pretrial deadlines set the date for completion of discovery at November 28, 2003.

3.) On February 15, 2006, the Plaintiff filed a motion for extension of time to complete discovery. (#42)

4.) On February 21, 2006, the Defendant filed an objection to Plaintiff's Motion for Extension of Time to conduct discovery (#43) on the basis that the Plaintiff failed to comply

with the Defendant's discovery requests at that time and that the Plaintiff's motion proposed a unilateral change in the scheduling order to the sole benefit of the Plaintiff.

5.) On May 10, 2006, the Court, Martinez, J., granted, in part, the Plaintiff's Motion for Enlargement of Time in which to Complete Discovery, stating that all discovery must be completed, not propounded, by July 14, 2006. The Court reset the deadline for dispositive motions at August 15, 2006. (#50)

6.) On July 5, 2006, the Plaintiff again filed a motion for Extension of Time until September 15, 2006 to complete discovery. (#61)

7.) On July 6, 2006, the Defendant filed a motion in opposition to the Plaintiff's motion for extension of time on the basis that during the time between the Court's order on May 10, 2006 and the extended discovery deadline, the Plaintiff failed to properly prosecute his case and conduct discovery. Before the Plaintiff's motion or the Defendant's opposition could be heard, the deadline expired. (#62)

8.) At that time, the Plaintiff proceeded with discovery by conducting two depositions under the Defendant's objections.

9.) On October 20, 2006, oral argument was held regarding the outstanding discovery issues. Shortly thereafter, on October 24, 2006, the Court, Martinez, J., granted, in part, and denied in part the Plaintiff's motion to compel. The Court reset the deadlines for discovery allowing the parties until December 20, 2006 to complete discovery. (#86)

10.) On October 20, 2006, Attorney Roy Ward entered his appearance on behalf of the Plaintiff. (#85)

11.) After the deadlines had been reset, the Plaintiff issued a number of notices of deposition, all of which were marked off and not rescheduled.

12.) After the October 24, 2006 ruling by the Court, the Defendant fully complied with the Court's order, providing more complete discovery answers and providing the Plaintiff with an affidavit, stating that the Defendant had fully complied with discovery and that he did not have any additional documentation, as he was no longer employed by the City of New Haven.

13.) The Plaintiff did not file a request for extension of time to conduct discovery prior to the lapse of the December 20, 2006 deadline.

14.) On or about March 5, 2007, the parties conducted a telephone conference with the court, Thompson, J., regarding the Plaintiff's desire to seek new counsel. The Court granted Attorney Russell's oral motion to withdraw as Plaintiff's counsel and determined that Attorney Ward and Attorney Mayer would continue to represent the Plaintiff.

15.) On March 21, 2007, Plaintiff filed a third motion for enlargement of time to conduct discovery. (#107)

16.) The Defendant objected on the basis that the Plaintiff failed to diligently conduct discovery in an already delayed case.

17.) On October 17, 2007, the Court entered judgment in favor of all Defendants, except for Edwin Rodriguez.

18.) As a result, the Court extended the discovery deadline to January 26, 2008.

19.) The Defendant worked cooperatively and diligently with the Plaintiff to schedule various depositions and, at that time, the depositions were proceeding.

20.) On January 4, 2008, the Plaintiff filed a fourth Motion for Enlargement of Time to Complete Discovery (#136).

21.) On February 8, 2008, the Plaintiff filed a fifth Motion for Enlargement of Time to Complete Discovery (#146).

22.) On March 30, 2008, the Plaintiff filed a sixth Motion for Enlargement of Time to Complete Discovery (#158).

23.) On April 11, 2008, the Plaintiff filed a seventh Motion for Enlargement of Time to Complete Discovery (#165).

24.) The Court set the discovery deadline at June 26, 2008.

25.) Between January and April, the Plaintiff conducted a number of depositions, mainly in the pursuit of various conspiracy theories related to recent events related to the New Haven Police Department. Specifically, the Plaintiff sought to pursue a theory that the Defendant was somehow connected to the activities of William White and Justin Kamarzk, two former police officers who were recently incarcerated for certain illicit activities during the

performance of their duties as police officers.

26.) In addition, the Plaintiff, through former counsel, indicated that there would be attempts made to obtain certain confidential informant files from the FBI and to order that the FBI conduct a search of the New Haven Police Department for various items related to the case.

27.) Throughout these pursuits, the Defendant remained cooperative and allowed the Plaintiff to pursue his case.

28.) The Defendant made himself available for his deposition on several occasions.

29.) Despite the Defendant making himself available for his deposition, the Plaintiff pursued a variety of conspiracy theories, focused on the policies and activities of the New Haven Police Department, which is not even a party to this lawsuit, instead of deposing the Defendant.

30.) On May 20, 2008, after the Court allowed the Plaintiff's attorneys to withdraw, the Court held a telephonic status conference.

31.) During the status conference, the Court ordered the parties to file a joint trial memorandum by July 28, 2008 and scheduled the case for trial commencing August 15, 2008.

32.) The Court indicated that there were to be no continuances of these dates, even if the Plaintiff were to obtain new counsel.

33.) Notwithstanding, the Plaintiff has now filed his eighth motion for extension of time to complete discovery.

34.) The Plaintiff's request for a motion for extension of time is made less then two months before trial.

Despite a history of cooperation on the part of the Defendant and numerous extensions of the discovery deadline, the Plaintiff failed to depose the Defendant. Instead, the Plaintiff focused on individuals who are neither parties to this lawsuit nor witness to the events that form the basis of the Plaintiff's complaint, in an effort to construct various conspiracy theories in the hopes of bolstering his case.

This case was commenced over five years ago. Since that time, over a dozen depositions have been taken. Notwithstanding, the Plaintiff again seeks to delay adjudication of this matter by requesting an eighth extension of the discovery deadline. The Court has scheduled a firm date for trial in this matter to commence in less than two months. The Plaintiff's recent request to take two more deposition could cause delay and would prejudice the Defendant's ability to prepare for trial. Accordingly, the Defendant respectfully requests that the Court deny the Plaintiff's Motion for Enlargement of Time.

DEFENDANT,

By   /s/ Thomas E. Katon
     Thomas E. Katon
     Federal Bar No. ct 01565
     Susman, Duffy & Segaloff, P.C.
     55 Whitney Ave.
     New Haven, CT 06510
     tel.: 203-624-9830
     fax: 203-562-8430
     email: tkaton@susmanduffy.com

**CERTIFICATION**

I hereby certify that on July 1, 2008 a copy of the Defendants' Memorandum in Opposition to the Plaintiff's Request for Enlargement of Time to Conduct Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Thomas E. Katon
Thomas E. Katon
Federal Bar No. ct 01565
Susman, Duffy & Segaloff, P.C.
55 Whitney Ave.
New Haven, CT 06510
tel.: 203-624-9830
fax: 203-562-8430
email: tkaton@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\opposition to plaintiff's motion for enlargment of time 062708.doc