UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GARY SESSION                  *        CIVIL NO.: 3:03CV00943 (AWT)
            PLAINTIFF         *
vs.                           *
                              *
EDWIN RODRIGUEZ               *
            DEFENDANT*                 JULY 14, 2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S REQUEST FOR ENLARGMENT OF TIME TO COMPLETE DISCOVERY AND FOR THE CONTINUANCE OF THE TRIAL DATE**

The Defendant, Edwin Rodriguez, through counsel, hereby opposes the Plaintiff's motion for enlargement of time to complete discovery and Plaintiff's oral motion for continuance of the trial date. In support of his supplemental opposition, the Defendant submits the following:

1.) This matter was commenced on May 28, 2003 and has been pending for over five years.

2.) Throughout the course of this action, the Plaintiff has requested eight extensions of the discovery deadlines.

3.) Despite being granted numerous continuances of the discovery deadlines, the Plaintiff failed to depose the Defendant.

4.) Indeed, the Plaintiff noticed the deposition of the Defendant two (2) times and was provided with numerous possible dates for the Defendant's deposition.

5.) Each time, despite the Defendant's cooperation, the Plaintiff cancelled Mr. Rodriguez's deposition or rejected the dates offered by the Defendant because the Plaintiff wished to depose the Defendant last.

6.) Moreover, each time the Plaintiff noticed the Defendant's deposition, the Defendant set out preparing for his deposition.

7.) The Plaintiff now contends that he could not have deposed the Defendant until he received all of the internal affairs documents and personnel records, which were the subject of a recent discovery dispute between the parties.

8.) Notwithstanding, the results of any internal affairs investigation were rescinded and there is nothing to indicate that those records or any testimony elicited from the Defendant regarding those records would be admissible at trial.

9.) Despite the Plaintiff's latest contention that he could not take the Defendant's deposition without the internal affairs investigation reports, Plaintiff's counsel states that if the motion for extension is granted, he intends to conduct an extensive and comprehensive deposition of the Defendant.

10.) The Plaintiff had the option to depose the Defendant prior to receiving the internal affairs documents in order to question him about the actual facts of the Plaintiff's case and to continue the deposition until such time that the discovery disputes between the parties had been resolved.

11.) The Plaintiff also suggests that he could not have taken the deposition of Ms. Dejesus without the internal affairs file. However, Ms. Dejesus is a fact witness and there is nothing to indicate that the delay in taking her deposition was in any way related to the parties' discovery disputes.

12.) Instead, the Plaintiff focused his energy on deposing numerous other witnesses who are not even parties to this lawsuit.

13.) Indeed, there are over 2,086 pages of deposition transcript generated in the course of discovery.

14.) To suggest that the Plaintiff could only depose the Defendant and Ms. Dejesus once he received these internal affairs documents, documents which are not even admissible, is without merit.

15.) Moreover, to allow the Plaintiff to conduct an extensive, comprehensive deposition of the Defendant and of any additional fact witnesses, less than one month before trial and two weeks before the joint trial memorandum is due is prejudicial to the Defendant.

16.) The parties are required to file an extensive joint trial memorandum due on July 28, 2008, which will require the parties to prepare their exhibits and submit evidentiary objections.

17.) Accordingly, a significant amount of the trial preparation must occur in the next several weeks.

18.) In addition to the 2,086 pages of deposition transcript and 139 pages of the police

report and witness statements, there are thousands of pages of documents exchanged in discovery and obtained through deposition witnesses to be reviewed in preparation for trial.

19.)   To require the Defendant to submit for a deposition this close to trial when he and his counsel are actively engaged in trial preparation, would be prejudicial.

For the foregoing reasons, the Defendant respectfully requests that the Court deny the Plaintiff's motion for continuance of the discovery deadlines and the trial date. The Defendant is actively engaged in preparing for trial. The Plaintiff was given seven other extensions of the discovery deadline and despite full cooperation from the Defendant in providing all documents in his custody and control and by making himself available for deposition, repeatedly, the Plaintiff failed to complete the most basic task of deposing the Defendant. To allow additional time for discovery, at this stage, will severely prejudice the Defendant's ability to prepare for trial.

DEFENDANT,

By   /s/ Meghan K. Gallagher
     Meghan K. Gallagher
     Federal Bar No. ct 26914
     Susman, Duffy & Segaloff, P.C.
     55 Whitney Ave.
     New Haven, CT 06510
     tel.: 203-624-9830
     fax: 203-562-8430
     email: mgallagher@susmanduffy.com

## **CERTIFICATION**

I hereby certify that on July 14, 2008 a copy of the Defendants' Supplemental Memorandum in Opposition to the Plaintiff's Request for Enlargement of Time to Conduct Discovery and for Continuance of the Trial Date was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Meghan K. Gallagher
Meghan K. Gallagher
Federal Bar No. ct 26914
Susman, Duffy & Segaloff, P.C.
55 Whitney Ave.
New Haven, CT 06510
tel.: 203-624-9830
fax: 203-562-8430
email: mgallagher@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\supplemental opposition to plaintiff's motion for enlargment of time 071408.doc