UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*************************************
GARY SESSION            *       CIVIL NO.: 3:03CV00943 (AWT)
        PLAINTIFF   *
vs.                     *
                        *
EDWIN RODRIGUEZ         *
        DEFENDANT*        JULY 15, 2008
*************************************

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER TO ANOTHER JUDGE OR RECUSE**

The Defendant, Edwin Rodriguez, through counsel, hereby opposes the Plaintiff's Motion to Transfer to Another Judge or to Recuse (hereinafter, "Motion"). In support of his opposition, the Defendant submits the following:

**INTRODUCTION:** The Plaintiff's Motion is merely an additional effort to delay the trial in this matter. The Plaintiff cites no authority for his Motion. Moreover, the Court's comments cited by the Plaintiff, do not suggest that the Court is impartial or biased. Indeed, the remarks relied upon by the Plaintiff illustrate that the Court attempted to assist the Plaintiff in sorting through his disputes with his attorneys. A reasonable person could not conclude that the trial court's impartiality should be questioned under these facts and circumstances.

**STANDARD:** "Recusal motions are committed to the discretion of the judge who is being asked to recuse himself." *Hoatson v. New York Archdiocese*, 2006 WL 3500633 * 1, *aff'd* 2008 WL 2235607 (Attached hereto as appendix). A judge has an affirmative duty not to disqualify himself

unnecessarily. See *Id.* "In making the recusal determination, the judge must carefully weigh the 'policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case.'" *Id.*, quoting *In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988), *cert. denied* 490 U.S. 1102, 109 S.Ct 2458, 104 L. Ed. 2d. 1012 (1989). The standard to be applied to a motion to recuse is an objective one: whether a reasonable person, knowing all the facts, would conclude that the trial court's impartiality could reasonably be questioned. See *Apple v. Jewish Hosp. Med. Ctr.,* 829 F.2d 326, 333 (2d Cir.1987).

Litigants are entitled to an unbiased judge, not to a judge of their choosing. See *United States v. Helmsley*, 760 F.Supp. 338 (1991), *aff'd* 963 F.2d 1522 (2d. Cir. 1992). "Recusal motions should not be used as strategic devices to judge shop . . . and [thus] there is a substantial burden on the moving party to show that the judge is not impartial." *McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1506, 1522 (D. Conn.. 1991). "It is vital to the integrity of the system of justice that a judge not recuse him [or her] self on unsupported, irrational or highly tenuous speculation." *Id.* Although a judge's remarks "that are critical or disapproving of, or even hostile to," a party ordinarily cannot be a basis for recusal, they may support a claim of bias if they "reveal an opinion that derives from an extrajudicial source" and "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Garofalo v. Gravano*, 23 F.Supp.2d 279, 285 (E.D.N.Y.1998).

**ARGUMENT:**

**The Court's comments were neither inappropriate nor suggest any question as to this Court's impartiality.**

The Plaintiff maintains that he does not believe he can obtain a fair trial by an impartial judge on the basis of certain comments made by this Court during a telephonic conference call held by the Court on October 26, 2007. Specifically, the Plaintiff contends that Judge Thompson's comments regarding pending motions to withdraw from Mr. Session's previous attorneys illustrate that this Court does not have a favorable opinion of the Plaintiff and, therefore, the Court could not be fair and impartial. Notwithstanding, the Plaintiff cannot meet the heavy burden of establishing that these comments indicate impartiality on the Court's behalf.

In support of his motion the Plaintiff cites the following comment with great frequency: "There are lots of these cases that wind up getting thrown out either at the motion to dismiss stage or the motion for summary judgment stage." The Plaintiff suggests that these comments indicate that the Court had a preconceived notion about the Plaintiff's chances to take the case to a jury. Notwithstanding, the Plaintiff, himself, points out that the Court denied the Defendant's Motion for Summary Judgment as to Edwin Rodriguez (with the exception of the emotional distress claims). Accordingly, the Court's ruling in favor of the Plaintiff illustrates that the Court did not have a preconceived notion as to the Plaintiff's ability to obtain a jury trial and that the Court is not impartial.

3

The Plaintiff also cites to the Court's comments regarding the Plaintiff's former counsel's requests to withdraw. The Plaintiff highlights the following: "I doubt that you'll be able to get a lawyer to represent you based on what I've observed of you and how you interact with your lawyers and how you've expressed yourself." The Plaintiff cites these comments out of context. The tenor of the conference call, to which the Plaintiff refers in his Motion, was that the Court attempted to assist the Plaintiff in resolving his disputes with his attorneys. Judge Thompson indicated that he would allow the Plaintiff to decide whether to retain his counsel at that time or whether to dismiss them and retain new counsel. Prior to the conference call, the Plaintiff had expressed displeasure over his current counsel despite their success in opposing Edwin Rodriguez's Motion for Summary Judgment. Specifically, only months prior this conference call, the Plaintiff lodged a complaint with the Court regarding Phillip Russell, Esq., his initial counsel. See Attached. In that letter to the Court, the Plaintiff accused Attorney Russell of destroying evidence, mishandling the file, and withholding information from this Court. Given the Plaintiff's open dispute with his counsel, the Court's remarks regarding a potential resolution of the Plaintiff's concerns did not suggest any bias against the Plaintiff. In fact, despite the Plaintiff's letters and telephone calls regarding his former counsel, prior to the Court's ruling on the Motion for Summary Judgment, the Court still issued a favorable ruling for the Plaintiff. Accordingly, the Court's comments fail to arouse any question as to this Court's impartiality.

**The Court's decision to prohibit additional dispositive motions is not a basis for this Court's recusal.**

For reasons that are not entirely clear, the Plaintiff also points to the Court's decision to prohibit the parties from filing additional dispositive motions as support for his Motion. During the telephonic status conference, to which the Plaintiff refers in his motion, the Defendant, in fact, requested additional time to file a Dispositive Motion in light of new evidence. This oral request was denied as the parties had extensively briefed the issues in their motions for and in opposition to summary judgment. The Plaintiff, through counsel, agreed with the Court's ruling. To allow additional dispositive motions was within the Court's discretion and it does not foreclose the parties from filing a motion for permission to file additional motions. More importantly, such a ruling does not indicate that the Court could not be impartial.

**CONCLUSION:** For the foregoing reasons, the Defendant respectfully requests that the Court deny the Plaintiff's Motion to Transfer to Another Judge or Recusal.

DEFENDANT,

By  /s/ Meghan K. Gallagher
Meghan K. Gallagher
Federal Bar No. ct 26914
Susman, Duffy & Segaloff, P.C.
55 Whitney Ave.
New Haven, CT 06510
tel.: 203-624-9830
fax: 203-562-8430
email: mgallagher@susmanduffy.com

## **CERTIFICATION**

      I hereby certify that on July 15, 2008 a copy of the Defendant's Opposition to the Plaintiff's Motion to Transfer to Another Judge or to Recuse was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Meghan K. Gallagher
      Meghan K. Gallagher
      Federal Bar No. ct 26914
      Susman, Duffy & Segaloff, P.C.
      55 Whitney Ave.
      New Haven, CT 06510
      tel.: 203-624-9830
      fax: 203-562-8430
      email: mgallagher@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\defendants opposition to plaintiff's motion to recuse.doc