# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

......................................................

GARY SESSION,                              CIVIL ACTION NO.
            Plaintiff                     3:03-CV- 00943 (AWT)

     V.

EDWIN RODRIGUEZ, ET AL.                    JULY 14, 2008
          Defendants

......................................................

### MOTION TO TRANSFER TO ANOTHER JUDGE OR RECUSE

Counsel for the defendant has been consulted to the instant matter and objects.

The plaintiff is obliged to make this motion by the procedural and substantive history of this case. It is the rulings and comments made by the Honorable Judge Alvin Thompson, the trial judge assigned to the above-captioned case, which cause this motion; not any claim of judicial misconduct. The sincerity of the Judge Thompson is not questioned. Indeed, it is the presumed sincerity of Judge Thompson belief in the burden faced by the plaintiff with respect to prevailing at trial and the plaintiff's ability to secure new counsel would make it difficult for Judge Thompson to be impartial in the instant case.

I. Procedural History as it Relates to Instant Motion:

As of March, 2007 the plaintiff had three attorneys, each of whom had appearances filed, representing him in the above-captioned matter: Philip Russell, Esq., Karen L. Mayer, Esq. and Roy Ward, Esq. It should be noted that the plaintiff initially

retained Philip Russell, Esq., and it was Mr. Russell who assigned the case to David

Feldman, Esq. and Karen Mayer, Esq., associates of Russell's firm and hired outside

counsel Roy Ward, Esq., to represent the plaintiff, without plaintiff's consent.

On March 5, 2007 the Court granted Philip Russell's oral Motion to

Withdraw. At that time Mr. Russell had been under Federal Indictment which resulted in

Mr. Russell pleading guilty to certain federal crimes.

April 19, 2007, Karen L. Mayer, Esq. then an associate of Mr. Russell's

firm filed Motion to Withdraw as Counsel citing both the withdrawal of Philip Russell,

Esq. as counsel and at the direction of Mr. Russell requiring her to withdraw, as her

primary reasons to withdraw.

The Court denied Mayer's foregoing Motion to Withdraw without

prejudiced.

April 23, 2007, Roy Ward, Esq., filed Motion to Withdraw as Counsel for

the plaintiff, citing personal disagreements with the plaintiff and financial hardship.

However, in Mr. Ward's letter dated April 20, 2007 to Phillip Russell, attached hereto as

Exhibit "A", Mr. Wards states that he must also file a Motion to Withdraw for reasons

that have to do with the lack of financial and legal support from Mr. Russell's law firm,

and not due to any disagreement with the plaintiff, Gary Session. Mr. Ward was fully

aware at this time that if the plaintiff did not prevail on the then pending Motions for

Summary Judgment, Mr. Ward would have to undertake the appeal himself, without the

support of Mr. Russell.

On October 26, 2007 a telephonic conference was held regarding the
Motion to Withdraw and certain discovery issues. At which time the Court stated as
follows:

Page 3 and Page 4 lines 1 through 15: Transcript Attached hereto as
Exhibit "B"

THE COURT:

There are lots of these cases that wind up getting thrown
out either at the motion to dismiss stage or the motion for
summary judgment stage.

I think it's probably in the record that Mr. Session has been
complaining about his counsel, so I don't think I'm saying
anything that's confidential.

Mr. Session ought to understand that his counsel has been
able to get this case to a point that many clients aren't able
to get their cases to. So you ought to take that into account
when you're feeling unhappy with your counsel. You're
primed to get a trial and a lot of people don't get that. So
don't lose sight of that fact.

That said Mr. Ward asked to withdraw. He has a motion
pending to withdraw.

I'm going to really leave it up to Mr. Session to tell me
whether he wants to continue in this case on his own, because
I will not appoint a lawyer for you, and I doubt that you'll be
able to get a lawyer to represent you based on what I've
observed of you and how you interact with your lawyers and
how you've expressed yourself.

So you'll have a choice of having me hold Mr. Ward in this
case up through a settlement conference at least, and then
I would let Judge Martinez decide, based on what she observes,
and I would let Mr. Ward and her talk about it as to whether
he wants to stay in through trial if the case does not settle,
or you can come to the settlement conference on your own.
And then if the case does not settle, you can try the case on

your own.

As a result of the foregoing telephonic conference, Mr. Ward's Motion to Withdraw was withdrawn and he remained as counsel for the plaintiff.

On April 23, 2008 Karen Mayer, Esq. filed a second Motion to Withdraw. Citing new employment with another law firm. The Court granted Mayer's motion of April 23, 2008.

Then on April 28, 2008, without providing notice to Gary Session, Roy Ward once again filed a Motion to Withdraw as Counsel for the plaintiff, citing personal disagreements with the plaintiff, personal financial hardship because Mr. Russell stopped funding the costs for the instant case, and that Attorney Mayer was leaving Russell's firm and as such Mr. Ward would no longer have the assistance of Ms. Mayer.

Court granted Mr. Ward's Motion to Withdraw on May 1, 2008, and ordered the plaintiff to file a pro se appearance.

Subsequently, the Court ordered that no further dispositive motions may be filed, discovery shall be completed by July 26, 2008, jury selection shall begin August 13, 2008 and trial commence on August 25, 2008. Also at that time the Court ordered that the hiring of new counsel will not be grounds for a continuance in trial. (The plaintiff, Gary Session, informed undersigned counsel that during this May 20, 2008 telephonic conference in which the plaintiff was representing himself pro se, Judge Thompson informed Mr. Session that "if Mr. Session did obtain new counsel tell your new counsel "don't even ask for a continuance". Present counsel for the plaintiff was not representing

the plaintiff at that time, and this information has been provided to counsel by his client, Gary Session).

The Court's decisions to allow previous counsel for the plaintiff to withdraw, and the subsequent rulings that directly impinge on plaintiff's ability to secure new counsel, the plaintiff is concern that the foregoing rulings made by the trial Judge and the comments thereof effect the plaintiff's right to have a trial adjudicated by an impartial and fair court.

II. Inappropriate Comments by the Court:

The plaintiff respectfully submits that he feels that he may not obtain a fair trial by an impartial judge on the basis of the Judge's comments in the telephonic conference of October 26, 2007. In particular the Judge stated that:

"There are lots of these cases that wind up getting thrown out either at the motion to dismiss stage or the motion for summary judgment stage."

In the instant case, Judge Thompson did in fact grant Summary Judgment in favor of the City of New Haven and Officer Stephen Coppola, and granted Summary Judgment in favor of the remaining defendant, defendant Officer Edwin Rodriguez, as to the plaintiff's allegations of emotional distress. It seems that the Judge may have a preconceive opinion as to the ability of plaintiff's case to even reach a jury.

"I think it's probably in the record that Mr. Session has been complaining about his counsel.

Mr. Session ought to understand that his counsel has been able to get this case to a point that many clients aren't able

to get their cases to. So you ought to take that into account
when you're feeling unhappy with your counsel. You're
primed to get a trial and a lot of people don't get that. So
don't lose sight of that fact.

That said Mr. Ward asked to withdraw. He has a motion
pending to withdraw."

The plaintiff, Gary Session, did in fact have certain issues with previous

counsel, and it is respectfully submitted that the Court took such dissatisfaction out of

context. Mr. Session was shocked to learn that the attorney that Mr. Session hired, Phillip

Russell, became indicted under Federal Criminal charges while he was representing the

plaintiff. Mr. Russell is the only attorney that the plaintiff personally hired and approved

to represent him. It goes without saying that due to Mr. Russell's Federal indictment, Mr.

Russell was in no position to handle a Federal Civil Rights jury case, and this in fact put

the plaintiff at a disadvantage with respect to having an attorney of his choice represent

him in the instant action.

"I'm going to really leave it up to Mr. Session to tell me
whether he wants to continue in this case on his own, because
I will not appoint a lawyer for you, and I doubt that you'll be
able to get a lawyer to represent you based on what I've
observed of you and how you interact with your lawyers and
how you've expressed yourself."

[It should be noted that sometime in 2007 Mr. Session called Judge

Thompson's chambers, and while speaking to Judge Thompson's clerk, Judge Thompson

intervened and severely admonished the plaintiff for calling his chambers.]

The court states above that the Court believes that based on the Court's

observations of the plaintiff the Court doubted the ability of the plaintiff to retain new

counsel. In short it seems that the Court may have an unfavorable opinion of the plaintiff

which would interfere with the Court's ability to be fair and impartial.

> "So you'll have a choice of having me hold Mr. Ward in this
> case up through a settlement conference at least, and then
> I would let Judge Martinez decide, based on what she observes,
> and I would let Mr. Ward and her talk about it as to whether
> he wants to stay in through trial if the case does not settle,
> or you can come to the settlement conference on your own.
> And then if the case does not settle, you can try the case on
> your own."

The court's foregoing comments regarding the plaintiff trying the case on

his own, in conjunction with the Court's previous statements regarding the Court's

observations of the plaintiff and the issue of obtaining new counsel, all tend to directly

impair the plaintiff's right to a fair trial by and impartial and fair court.


III Dispositive Motions:

On April 15, 2008 the Court granted plaintiff's Motion for Enlargement of

Time to Complete Discovery and further ordered that Dispositive Motion shall be filed

no later than August 26, 2008. The foregoing motions were filed by Attorney Ward.

Then on April 23, 2008 a telephone conference was held, without the

plaintiff Gary Session being present, regarding recently filed Motions to Withdraw, and

at that time the foregoing order in connection with Dispositive Motions was vacated.

The previous two telephonic status conferences regarding Counsel's

Motions to Withdraw, the plaintiff himself was present. However, at the April 23, 2008

telephonic conference the plaintiff was not present nor was he even aware that such

conference was being conducted.

<u>IV Conclusion:</u>

When taking all of the foregoing into consideration, the plaintiff is concerned that the present Judge may be irritated with the plaintiff, and may have an adverse preconceive opinion about him. The plaintiff moves that the case be assigned to a judge. The presence of bias on the part of the Court weighs heavy, while the defendants were a witness to the foregoing statements were made to and about the plaintiff. It would be understandable for the defendant and his counsel to consider Judge Thompson's view's and statements encouraging under the circumstances.

If this motion is granted, the plaintiff requests that the case be assigned preferable to Bridgeport which would be a more convenient location for the plaintiff and the trial witnesses.

THE PLAINTIFF
GARY SESSION

By:
John A. Pinheiro, Esq.
167 Cherry Street, PMB 314
Milford, Connecticut 06460
(203) 874-4477
Fax: (203) 882-0354
Cell: (203) 209-2449
Email: japinheiro@optonline.net
Fed. Bar. No. CT02977

# EXHIBIT "A"

**Roy S. Ward**
Attorney-At-Law
3695 Post Road, Suite 203
Southport, CT 06890
attyrward@yahoo.com

Tel: (203) 255-9829                                      Fax: (203) 255-9839

**VIA FACSIMILE: (203) 661-3666**
**AND FIRST CLASS MAIL**



Phillip Russell, Esq.
Phillip Russell P.C.
66 Field Point Road
Greenwich, CT 06836

Re:    *Session*

Dear Phil:

   I was extremely disappointed today when I received Karen Mayer's Motion to Withdraw her appearance on behalf of Mr. Session. This motion was filed without any advance consultation with or notice to me. I have now been placed in a position where I must file a Motion to Withdraw immediately, despite the fact that there are motions filed by me that are still awaiting decision from Judge Thompson. Moreover, in the event that Attorney Mayer's motion is granted and mine is not, I will then be stuck in a case that I took on based upon your promises of financial and attorney support. In the event that my motion is denied and Judge Thompson grants the defendants' Motions for Summary Judgment, I will remain stuck in for purposes of the appeal.

                              Very truly yours,

                              Roy S. Ward/pyd
                              Roy S. Ward

RSW/pyd

# EXHIBIT "B"

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - x

GARY SESSION                              No.3:03CV00943(AWT)

                    Plaintiff

          vs.                             COPY

EDWIN RODRIGUEZ                           HARTFORD, CONNECTICUT
                                          OCTOBER 26, 2007
                    Defendant
- - - - - - - - - - - - - - x

## TELEPHONIC STATUS CONFERENCE

BEFORE:

        HON. ALVIN W. THOMPSON, U.S.D.J.

APPEARANCES:

    FOR THE PLAINTIFF:

        LAW OFFICE OF ROY WARD
            3695 Post Road
            Suite 203
            Southport, Connecticut    06890
        BY:  ROY S. WARD, ESQ.

    FOR THE DEFENDANT:

        SUSMAN, DUFFY & SEGALOFF
            55 Whitney Avenue
            New Haven, Connecticut    06507
        BY:  THOMAS E. KATON, ESQ.
             MEGHAN K. GALLAGHER, ESQ.


                                    Corinna F. Thompson, RPR
                                    Official Court Reporter

1   This is Friday, October 26, 2007

2           MR. WARD:  Is Roy Ward.

3           MR. KATON:  Is Katon.

4           Gary Session versus Rodriguez.

5

6                   **10:20 a.m.**

7           THE COURT:  Good morning.

8           MR. WARD:  Good morning, Your Honor.  This is

9   Roy Ward, one of the lawyers for Gary Session.

10  Mr. Session is here in my office sitting across from me.

11  We were originally going to do this by telephone call with

12  him, but we found out we could only conference in two

13  lines at the same time.

14          THE COURT:  Okay.

15          MR. WARD:  I believe Attorney Katon is on the

16  other line.

17          MR. KATON:  Your Honor, Thomas Katon, and my

18  associate, Meghan Gallagher, is here as well.

19          THE COURT:  I wanted to talk about where we are

20  in this case and what the possible options are in terms of

21  how we proceed.

22          I think I need to point out, first of all, for

23  Mr. Session's benefit, that this is a case that is ready

24  for me to send out what I call a joint trial memorandum

25  order and go to trial.  That doesn't happen in every

3

1   Section 1983 case.  There are lots of these cases that

2   wind up getting thrown out either at the motion to dismiss

3   stage or the motion for summary judgment stage.

4           I think it's probably in the record that

5   Mr. Session has been complaining about his counsel, so I

6   don't think I'm saying anything that's confidential.

7           MR. SESSION:  Right.

8           THE COURT:  Mr. Session ought to understand that

9   his counsel has been able to get this case to a point that

10  many clients aren't able to get their cases to.  So you

11  ought to take that into account when you're feeling

12  unhappy with your counsel.  You're primed to get a trial

13  and a lot of people don't get that.  So don't lose sight

14  of that fact.

15          That said, Mr. Ward asked to withdraw.  He has a

16  motion pending to withdraw.

17          I'm going to really leave it up to Mr. Session

18  to tell me whether he wants to continue in this case on

19  his own, because I will not appoint a lawyer for you, and

20  I doubt that you'll be able to get a lawyer to represent

21  you based on what I've observed of you and how you

22  interact with your lawyers and how you've expressed

23  yourself.

24          So you'll have a choice of having me hold

25  Mr. Ward in this case up through a settlement conference

4

1  at least, and then I would let Judge Martinez decide,

2  based on what she observes, and I would let Mr. Ward and

3  her talk about it as to whether he wants to stay in

4  through the trial if the case doesn't settle, or you can

5  come to the settlement conference on your own.  And then

6  if the case does not settle, you can try the case on your

7  own.

8       But in any event, I'm going to refer this case

9  to Judge Martinez for a settlement conference.  The

10  clients will be there, counsel will be there unless

11  Mr. Ward and Mr. Session tell me that I should grant

12  Mr. Ward's motion to withdraw.  And then the joint trial

13  memorandum would be due in 60 days from now, unless Judge

14  Martinez grants an extension, because I don't know what

15  her schedule is like.

16       Let me have Mr. Session and Mr. Ward sort of

17  talk without us hearing them and then tell me how I should

18  proceed in terms of whether Mr. Ward would be at the

19  settlement conference.

20       MR. WARD:  Okay.  I guess I can put the phone on

21  mute for a minute, Judge.

22       THE COURT:  Yes.

23       MR. WARD:  Okay.  And then we'll get back to

24  you.

25       THE COURT:  Okay.

1           (Pause)

2           MR. WARD:  Your Honor, I apologize.

3           THE COURT:  This is Mr. Ward?

4           MR. WARD:  Yes, it is, Judge.  I'm very sorry.

5  I hit the mute button and I still heard sounds in the

6  background, so I hit the speaker button and when I did

7  that, I disconnected everybody.

8           THE COURT:  I've done similar things.

9           MR. WARD:  Mr. Session and I have had an

10  opportunity to chat --

11           THE COURT:  Is Mr. Katon on the line still?

12           MR. KATON:  I am, Your Honor.

13           THE COURT:  Great.

14           MR. WARD:  And Mr. Session has indicated that he

15  would like me to continue as his attorney and I would like

16  him to confirm that for.

17           MR. SESSION:  I'm confirming that, Your Honor.

18           THE COURT:  Then I'm going to refer the case to

19  Judge Martinez for a settlement conference and I'll issue

20  a joint trial memorandum order.  I usually set it for 60

21  days, but if you can't get in time for your settlement

22  conference before then you can move for an extension of

23  time.

24           MR. WARD:  Judge, I'm going to respectfully ask

25  to you delay that order because I've got the pending

6

1   motion to enlarge discovery time.  And if I'm now in this

2   case and I've got to try this case -- and I suspect that

3   it's going to be tried -- I don't want to speak for

4   Attorney Katon, but knowing my client's position, I

5   suspect this is going to wind up in a trial -- I don't

6   think I can be reasonably expected to go to trial without

7   getting depositions of at least the remaining defendant

8   and a few other fact witnesses.

9          I do not need a lot of time to get that done,

10  Judge.  I think if you were to give me 60 days, I could

11  complete the depositions and then I would at least be in a

12  position to have a more productive settlement conference

13  and then at least be ready for trial, Judge.

14          I mean, I don't know of a lawyer out there who

15  wants to go to trial without at least knowing what the

16  defendant is going to say on the stand.

17          THE COURT:  Is that motion for an extension of

18  time and for an extension of time to complete discovery

19  still pending?

20          MR. WARD:  It is, because what Your Honor had

21  previously said was that you would revisit that issue

22  pending the outcome -- it was denied without prejudice --

23  that would you revisit that issue after the summary

24  judgment motions were ruled on.

25          THE COURT:  When was that motion -- when was

1    that motion filed?

2          MR. WARD:  Good lord.  It was filed back in

3    December of 2006.  And then shortly after Your Honor ruled

4    on the individual defendant's motion for summary judgment,

5    I filed a pleading asking the Court to reconsider its

6    prior ruling based on Your Honor's statements in the last

7    telephone conference that we had.

8          THE COURT:  Okay.

9          MR. WARD:  When I spoke with Sandy Smith last

10   week, I did mention to her that I was going to have to

11   take that up at this telephone conference today.  And

12   before you came on the line, Attorney Katon and I were

13   discussing that I would be bringing this up.

14         THE COURT:  I see it.  It was filed August -- I

15   see one that's filed August 30, 2007.

16         MR. WARD:  Right, which refers back to the

17   earlier one.

18         THE COURT:  Okay.

19         MR. KATON:  Your Honor, may I be heard on this?

20         THE COURT:  Yes.

21         MR. KATON:  We don't object to a brief extension

22   to allow Mr. Ward to conduct additional discovery.  I

23   think he's been placed in sort of an awkward position at

24   times through the course of this vis-a-vis his

25   relationship with his client.

8

1             Frankly, Your Honor, the Mercado statement that

2    appeared in opposition to our motion for summary judgment

3    raises a new discovery issue for us.  We need to track

4    down the whereabouts of Ms. Mercado and take her

5    deposition as well.

6             THE COURT:  Okay.

7             MR. KATON:  And possibly revisit Mr. Session.

8             MR. WARD:  I think we could probably agree,

9    Judge, Attorney Katon and I, to notice her deposition and

10   do a full -- do a full deposition in one day of her.

11            THE COURT:  Okay.

12            MR. WARD:  That would probably answer all the

13   questions that both sides have because she's somebody that

14   we would wouldn't to depose.

15            THE COURT:  So it sounds like we have mutual

16   agreement to extend the discovery period.  What date makes

17   sense?

18            MR. WARD:  Well, we've got the holidays coming

19   up.  We've got the holidays coming up and I'm also one of

20   the lawyers for Phil Russell in his criminal case, which

21   I'm sure Your Honor is aware of.

22            THE COURT:  I am.

23            MR. WARD:  Sentencing is December 17th.  And

24   so what I was going to ask for was -- I know I had said 60

25   days, but if we could push this out to January 26, 90 days

1   from today.

2           THE COURT:  Mr. Katon, that work for you?

3           MR. KATON:  That does work for me, Your Honor.

4   I do have several trial commitments between now and the

5   end of the year so that would work.

6           THE COURT:  I'll grant that motion.  I'll refer

7   it to Judge Martinez for a settlement conference some time

8   after that and I'll make the joint trial memo due 60 days

9   after January 26, just so it doesn't fall through the

10  cracks.  I need to issue that order, otherwise there's a

11  risk of it sort of slipping past me.

12          MR. WARD:  We understand, Judge.  This has been

13  on your docket for a long time and we really would like to

14  expedite this.  And I appreciate Your Honor's

15  consideration and Attorney Katon's consideration so that

16  we can properly be prepared for this.  I do believe it

17  would be beneficial in terms of a settlement conference.

18          THE COURT:  Now, is Attorney Karen Mayer not

19  working on the case?

20          MR. WARD:  She's still in the case.  When I

21  spoke to Sandy Smith, she said that Karen wouldn't be

22  needed for today's conference.  So Karen is attending --

23  actually, she's attending a civil rights seminar down in

24  New York and she's going to be assisting me.  I'll be lead

25  counsel and she will be assisting me.  She's still in the

1    case, which is one reason why I'm confident that we can

2    get the discovery done in 90 days.

3              THE COURT: Okay. So I will grant the motion

4    for extension of time to extend the discovery period to

5    January 26. I'll do a referral to Judge Martinez for a

6    settlement conference after January 26. I'll issue a

7    joint trial memorandum order with the deadline being 60

8    days after January 26. I'll deny the motion to withdraw,

9    which I think is also pending.

10             MR. WARD: Right.

11             THE COURT: Okay, great. Thank you all very

12   much.

13             MR. WARD: Thank you, Your Honor.

14             THE COURT: Bye-bye.

15             MR. KATON: Thank you.

16                  (Whereupon, a recess followed)

17

18

19

20

21

22

23

24

25

1

2

3                    C E R T I F I C A T E

4

5              Gary Session v. Edwin Rodriguez

6                    3:03cv00943(AWT)

7

8

9          I, Corinna F. Thompson, RPR, Official Court

10   Reporter for the United States District Court for the

11   District of Connecticut, do hereby certify that the

12   foregoing pages are a true and accurate transcription of

13   my shorthand notes taken in the aforementioned matter to

14   the best of my skill and ability.

15

16

17

18

19

20          CORINNA F. THOMPSON, RPR
                Official Court Reporter
21            450 Main Street, Room #225
              Hartford, Connecticut 06103
22                (860) 547-0580

23

24

25

**<u>CERTIFICATION</u>**

 I hereby certify that on July 14, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Fax to Judge Thompson's Chambers and to Attorney Katon.

                              _____
                             John A. Pinheiro, Esq.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

..................................................

GARY SESSION,                              CIVIL ACTION NO.
              Plaintiff                    3:03-CV- 00943 (AWT)

        V.

EDWIN RODRIGUEZ, ET AL.                    JULY 28, 2008
              Defendants
..................................................

## NOTICE OF MANUAL FILING

Please take notice that the plaintiff has manually filed the following document:

Motion to Transfer to Another Judge or Recuse dated July 14, 2008.

This document has not been filed electronically because undersign counsel has

been having difficulty with the electronic filing procedures.

This document has been manually served on all parties.

                              THE PLAINTIFF
                              GARY SESSION

                              By:
                              John A. Pinheiro, Esq.
                              167 Cherry Street, PMB 314
                              Milford, Connecticut 06460
                              (203) 874-4477
                              Fax: (203) 882-0354
                              Cell: (203) 209-2449
                              Email: japinheiro@optonline.net
                              Fed. Bar. No. CT02977

1