UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
**************************************
GARY SESSION                         *       CIVIL NO.:  3:03CV00943 (AWT)
                PLAINTIFF            *
vs.                                  *
                                     *
EDWIN RODRIGUEZ                      *
                DEFENDANT*                   AUGUST 1, 2008
**************************************
```

**DEFENDANT'S MOTION IN LIMINE RE: EVIDENCE OF PRIOR CIVIL RIGHTS LAWSUITS, COMPLAINTS AND INTERNAL AFFAIRS INVESTIGATIONS**

Defendant Edwin Rodriguez, by his attorney's moves to preclude any testimony and/or exhibits regarding internal affairs investigation files and disciplinary reports regarding Defendant, Edwin Rodriguez or other members of the New Haven Police Department.  Such reports should be precluded as they are more prejudicial than probative and are irrelevant to the claims set forth against Rodriguez.  In the specific instance of Rodriguez, the internal affairs investigations and reports have been rescinded.  Given that they have been rescinded and such rescission is documented by the Chief of the New Haven Police Department, it is as if such reports no longer exist.  (See Exhibit A attached in Memorandum in Support).  Rodriguez has been exonerated from any claim of wrongdoing in those investigations.  Accordingly, the introduction of this material would be extremely prejudicial to Rodriguez and should be precluded.  Moreover, there is nothing to indicate that the allegations contained in the internal

affairs investigation materials are in any way relevant.  Any inquiry into the disciplinary histories of other officers in the New Haven Police Department could have absolutely no bearing on plaintiff's claims.

Defendant Rodriguez further moves to preclude testimony and/or exhibits regarding any prior complaints, lawsuits or internal affairs investigations against Rodriguez.  Generally the introduction of prior complaints or lawsuits against Rodriguez is only allowed when there are claims for improper training or lack of supervision brought against the City to demonstrate a pattern of conduct which the plaintiff may seek to admit at trial.  In this case, the City of New Haven is no longer a party to this action and there are no claims that the City failed to act in the face of any pattern of conduct.  It is anticipated, instead, that the Plaintiff intends to produce evidence of prior lawsuits, complaints and investigations to demonstrate prior bad acts.  Not only are such materials irrelevant to the current matter, but the introduction of such evidence in an attempt to establish prior bad acts is prohibited under our Rules of Evidence.  Moreover, in light of the recision of the internal affairs investigations and disciplinary reports, the introduction of such evidence is substantially more prejudicial than probative.

For the foregoing reasons, the Defendant respectfully requests that any evidence regarding prior complaints, internal affairs investigations or lawsuits against the Defendant or inquiries into the disciplinary histories of other members of the department be precluded at trial.

DEFENDANT,

By_____
Thomas E. Katon (ct01565)
Susman, Duffy & Segaloff, P.C.
59 Elm Street
New Haven, Connecticut 06510
Phone: (203) 624-9830
Fax: (203) 562-8430
e-mail: tkaton@susmanduffy.com
His Attorney

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendant's Motion In Limine Re: Evidence of Prior Civil Rights Lawsuits, Complaints and Internal Affairs Investigations mailed first class, postage prepaid, on August 1, 2008 to:

John A. Pinheiro, Esq.
167 Cherry Street, Suite 314
Milford, CT 06460

_____
Thomas E. Katon

I:\Client N-O\NHCITY\Session\Folder for Trial\Trial Motions\motion in limine prior civil rights lawsuits.doc