UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************************

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL NO.:  3:03CV00943 (AWT) |
| PLAINTIFF | * | |
| vs. | * | |
| | * | |
| EDWIN RODRIGUEZ | * | |
| DEFENDANT* | | AUGUST 1, 2008 |

*****************************************

## <u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE RE: EVIDENCE OF PRIOR CIVIL RIGHTS LAWSUITS, COMPLAINTS AND INTERNAL AFFAIRS INVESTIGATIONS</u>

**INTRODUCTION:**  It is anticipated that the Plaintiff will seek to introduce various internal affairs investigation files and disciplinary reports regard the Defendant, Edwin Rodriguez (hereinafter, "Rodriguez") as well as other non-party officers and former officers of the New Haven Police Department at the time of trial.  Such reports should be precluded as they are more prejudicial than probative and are irrelevant to the claims set forth against Rodriguez. The internal affairs investigations and reports regarding Rodriguez have been rescinded.  Given that those reports have been rescinded and such rescission is documented by the Chief of the New Haven Police Department, it is as if such reports no longer exist.  (See Attached Exhibit A).  Rodriguez has been exonerated from any claim of wrongdoing in those investigations. Accordingly, the introduction of this material would be extremely prejudicial to Rodriguez and should be precluded.  The Plaintiff has also indicated the intention to explore the disciplinary

histories of other non-party officers in the New Haven Police Department.  Such matters have

no relevance in this case.

**BACKGROUND:** The Plaintiff commenced this action on or about May 28, 2003, alleging,

*inter alia*, claims for false arrest and malicious prosecution.[1]  The Plaintiff's only remaining

claims after the Court's ruling on the Motion for Summary Judgment is that the Defendant

Edwin Rodriguez, knowingly and intentionally , or with reckless disregard for the truth, made a

false statements in his affidavit and that the allegedly false statements were necessary to the

finding of probable cause.  At the heart of the Plaintiff claims is that Rodriguez allegedly

coerced statements from a witness and improperly included this coerced statement in the arrest

warrant application.

At all times relevant to the allegations of the Plaintiff's complaint, Rodriguez was a

detective for the New Haven Police Department, acting in his capacity as a police officer.

Although the Plaintiff initially filed claims against the City of New Haven, there were no

allegations related to the training or supervision of officers.  All claims against the City of New

Haven were dismissed on summary judgment.

---

1 On or about December 22, 2006, Edwin Rodriguez and Stephen Coppola filed a Motion for Summary Judgment, alleging that the Plaintiff failed to state a claim for relief because he could not demonstrate the absence of probable cause and that the Defendants were entitled to qualified immunity.  The City of New Haven filed a similar Motion for Summary Judgment on January 22, 2007.  On August 20, 2007, the Court granted the City of New Haven's Motion and Stephen Coppola's Motions for Summary Judgment and granted, in part Edwin Rodriguez's Motion for Summary Judgment.  The Court granted Rodriguez's motion as to his emotional distress claims but denied Rodriguez's Motion as to the false arrest and false imprisonment claims.

Throughout the course of this litigation, the parties engaged in discovery disputes regarding a variety of issues, including personnel files and all disciplinary and internal affairs investigation.  At the time, the lawsuit commenced, Rodriguez was no longer a detective for the New Haven Police Department.  Therefore, he did not have any files in his custody or control that were responsive to the Plaintiff's requests.  Moreover, the internal affairs investigations conducted regarding Rodriguez and resulting disciplined was rescinded as a result of Rodriguez's lawsuit against the City for retaliation.  Accordingly, in December, 2007, when the City of New Haven invited Plaintiff's counsel and counsel for Rodriguez to looks through its litigation files, and internal affairs documents regarding Rodriguez were discovered in those files, upon agreement of all counsel, counsel for Rodriguez took custody of the files. Thereafter, Rodriguez filed a Motion for Protective Order on the basis that, *inter alia*, those internal affairs reports had been rescinded, and, thus, the production of such documents would be prejudicial to Rodriguez.

The Court denied Rodriguez's Motion for Protective Order but adopted the Defendant's proposed order limiting the use and dissemination of those materials.  On July 10, 2008, Rodriguez produced those materials in accordance with the Court's order dated July 1, 2008. In light of the production of those internal affairs files, it is anticipated that, in support of the Plaintiff's claim that the Defendant purportedly violated his constitutional rights in contravention of the Fourth Amendment, the Plaintiff intends to present evidence of prior

conduct of the Defendant, namely any other complaints, lawsuits or internal affairs investigations, brought against the Defendant in his capacity as a police officer for the City of New Haven.  Notwithstanding, the internal affairs investigation reports provided to the Plaintiff are unrelated to the Plaintiff's underlying criminal case.  Moreover, there were no civilian complaints or other remaining lawsuits against Rodriguez in connection with his investigation of the murder of Anthony Lucky.  Furthermore, there is nothing in the reports to indicate that any internal affairs investigations were in any way related to the Plaintiff and the Plaintiff's current claims.  Because this evidence is not relevant and is likely to be more prejudicial than probative, it should be excluded.

**ARGUMENT:**

The Plaintiff should be precluded from presenting evidence regarding any prior complaints, lawsuits or internal affairs investigations against Rodriguez.  Likewise, the Plaintiff should be precluded from exploring the disciplinary histories of other members of the New Haven Police Department.  Generally the introduction of prior complaints, investigations or lawsuits against Rodriguez and the other officers would only be allowed when there are claims for improper training or lack of supervision brought against the City to demonstrate a pattern of conduct.  See Berkovich v. Hicks, 922 F. 2d 1018, 1022 (2d. Cir. 1991).  In this case, the City of New Haven is no longer a party to this action and there are no claims that the City failed to act in the face of any pattern of conduct.  It is anticipated, instead, that the Plaintiff intends to

produce evidence of prior lawsuits, complaints and investigations to demonstrate prior bad acts. Not only are such materials irrelevant to the current matter, but the introduction of such evidence in an attempt to establish prior bad acts is prohibited under our Rules of Evidence. Moreover, in light of the rescission of the internal affairs investigations and disciplinary reports as to Rodriguez, the introduction of such evidence is substantially more prejudicial than probative.

Pursuant to Fed. R. Evid. 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Id. Evidence concerning prior complaints, internal affairs investigations and prior lawsuits is irrelevant to the Plaintiff's false arrest claims.

Notwithstanding, even if this Court were to determine that the evidence was relevant, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Courts in this circuit have consistently held that evidence regarding prior complaints, investigations or lawsuits is inadmissible as irrelevant and prejudicial. See Berkovich v. Hicks, supra, 922 F.2d at 1022-23 (upholds trial court's exclusion of evidence of prior civilian complaint against officers charged with false arrest and use of excessive force); Lewis v. Velez, 149 F.R.D. 474, 479-81 (S.D.N.Y.1993) (evidence of inmate's prior violent episodes excluded

in case involving inmate-guard altercation); Wallace v. Hano, 90 Civ.2064, 1992 WL 230139 at *7-8 (S.D.N.Y. 1992) (motion in limine granted to exclude records of prior complaints against defendant in § 1983 case for false arrest and use of excessive force) (attached hereto in the appendix of unreported cases); Shaw v. City of New York, 1997 WL 187352 (S.D.N.Y. 1997) (motion in limine granted to exclude a prior investigation report for alleged excessive force by defendant) (attached hereto in the appendix of unreported cases).  Parties attempting to present evidence of prior complaints, investigations or lawsuits often attempt to use such evidence to establish a lack of proper supervision or a pattern of conduct.  Notwithstanding, such attempts to admit evidence of prior complaints or lawsuits, the use of this type of evidence is further limited by the rules of evidence.  Generally, wrongful acts evidence may not be admitted merely to show that the defendant's propensity to commit the act in question. Fed. R. Evid. 404(b).  "But such evidence may be admitted for any other relevant purpose under our 'inclusionary' approach. . . .  The potentially broad reach of this 'inclusionary' approach, however, is limited by Rule 403.  Rule 403 permits the exclusion of relevant evidence if the probative value of that evidence is substantially outweighed by, among other things, "the danger of unfair prejudice."  Berkovich v. Hicks, supra, 922 F.2d 1022(Citation omitted; internal quotation marks omitted.); see also Fed.R.Evid. 403.  In cases were an officer has been exonerated of complaints or investigations lodged against him or her, it is clear that such evidence of prior complaints or investigations has little probative value. Berkovich, supra, 922

F. 2d 1022.  Moreover, the fact that the officer has been exonerated indicates that such evidence is highly prejudicial.  Id.  Because the prejudicial affect of such evidence outweighs the probative value, it should be excluded.

Any prior complaints, investigations or lawsuits have no bearing on the reasonableness of the Defendant's conduct in obtaining a warrant for the Plaintiff's arrest.  Similarly, the disciplinary histories of other nonparty members or former members of the New Haven Police Department have no bearing on the reasonableness of the Defendant's conduct.  The Defendant has been exonerated from all prior complaints and investigations as a result of those complaints and investigations being rescinded in connection with his lawsuit against the City of New Haven for retaliation.  Because these complaints are to be viewed as if they never existed, the introduction of such evidence would be highly prejudicial and would offer little probative value.  Accordingly, such evidence should be excluded.

**CONCLUSION:**

For the foregoing reasons, the Defendant respectfully requests that any evidence regarding prior complaints, internal affairs investigations or lawsuits against the Defendant or other members of the New Haven Police Department be precluded at trial.

DEFENDANT,

By _____
        Thomas E. Katon (ct01565)
        Susman, Duffy & Segaloff, P.C.
        59 Elm Street
        New Haven, Connecticut 06510
        Phone:  (203) 624-9830
        Fax: (203) 562-8430
        e-mail: tkaton@susmanduffy.com
        His Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendant's Memorandum in Support of Defendant's Motion In Limine Re: Evidence of Prior Civil Rights Lawsuits, Complaints and Internal Affairs Investigations mailed first class, postage prepaid, on August 1, 2008 to:

John A. Pinheiro, Esq.
167 Cherry Street, Suite 314
Milford, CT 06460

_____
Thomas E. Katon

I:\Client N-O\NHCITY\Session\Folder for Trial\Trial Motions\memo in support of motion in limine prior civil rights lawsuits.doc