# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION,<br>　　　Plaintiff | CIVIL ACTION NO.<br>3:03-CV- 00943 (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL.<br>　　　Defendants | AUGUST 1, 2008 |

## PLAINTIFF'S REQUEST TO CHARGE

**OBJECTION:** Plaintiff's instructions in general do not follow the format required by the court and should be disregarded on that basis. Plaintiff also cites cases improperly, making it more difficult to review the legal bases of his instructions, including the lack of pinpoint citations to the principles upon which he purportedly relies. Moreover, the proposed charges are punctuated with numerous grammatical errors and lack of citation to authority in places that both impede their overall clarity and usefulness and certainly would lead to confusion among the jurors, if not the court.

Federal Law Charges

The plaintiff respectfully requests the court to charge the jury as follows;

1. (Section 1983 Generally) The plaintiff has brought this lawsuit to obtain redress for what they Contend were violations of his rights under the United States Constitution, specifically his right to be free from false arrest, the use of unreasonable force, and denial of medical care by police officers. Federal law provides that any individual may seek redress in this court, by way of money damages, against any person or persons who, under color of state law,

1

deprive that individual of any of his constitutional rights, "Acting under Color of law" means "under pretense of law," and simply means acting in one's Capacity as, in *this* case, a Bridgeport police officer, In this case, the plaintiff has met his burden of proving that the defendants acted under color of law, so you need not concern yourselves with that issue. Monroe v. Pape, 365 U.S. 167 (1961).

**OBJECTION:** The portion of this instruction referring to the use of unreasonable force and denial of medical care by police officers should be removed. Plaintiff has made no allegation and set forth no cause of action related to excessive force or the denial of medical care and defense counsel has not been adequately put on notice of such claims. Plaintiff's instruction is also unintelligible in parts, such as the end of the second and third sentences, which lack accurate punctuation and would be confusing to the court and the jury. As to acting under color of law, it is sufficient to say that element has been met and instruct the jurors that the officer was acting under color of law, as Defendant has proposed. Moreover, Plaintiff fails to set forth the elements required to be proven under a 1983 action, which Defendant has set forth in his instruction number 8 (a). Accordingly, Defendant's instruction is clearer as to the issues presented in this case and more appropriate for the jury.

2. Police officers must comport themselves in accordance with the laws that they are sworn to enforce and behave in a manner that brings honor and respect for rather than public distrust of law enforcement personnel. They are required to do more than refrain from indictable conduct. Police officers are not drafted into public service; rather, they compete for their positions. In accepting employment by the public, they implicitly agree that they will not engage in conduct which calls into question their ability and fitness to perform their official responsibilities. Bordanaro v. McLeod, 871 F.2d 1151, 1169 (CM, 1989).

**OBJECTION:** This instruction is unduly prejudicial to the defendant as it puts this one individual defendant on a pedestal and creates in the minds of the juror a sense that the defendant must be above reproach and imposes a duty upon the defendant not at issue in this litigation. All individuals are equal before the law and plaintiff and defendant should stand before the court and

the jury as such. In fact, police officers are not required to be perfect in the carrying out of their duties, including discretionary acts, and must act quickly under the circumstances presented. This is the source of the qualified immunity doctrine, which focuses upon the objective reasonableness of the defendant's actions at the time he acted and operates to protect police officers from the sometimes hazy border between the acceptable and unacceptable. This protection is essential to ensure that police officers will not shy from their socially critical duties for unnecessary fear of personal liability if, in hindsight, their reasonable judgment is mistaken. Its purpose is to ensure that officers are not held liable unless their conduct is clearly unlawful, in light of established prohibitions in the law. The qualified immunity doctrine therefore contemplates a margin of error. If a defendant's judgment is within a range of reasonable police responses to the circumstances confronting him at that moment, then the defendant will not be liable to the plaintiff. Plaintiff's instruction seeks to erase these considerations from the minds of the jurors and thereby unduly prejudices the defendant with an erroneous standard of law.

See Hon. Edward J. Devitt, Hon. Charles B. Blackmar and Michael A. Wolff, Federal Jury Practice and Instructions, §70.03 (West Publishing Co., 4th Ed., 1987); Saucier v. Katz, 533 U.S. 194 (2001); Anderson v. Creighton, 483 U.S. 635 (1987); Malley v. Briggs, 475 U.S. 335 (1986); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Warren v. Dwyer, 906 F. 2d 80 (2d Cir. 1990); Magnotti v. Kuntz, 918 F. 2d 364 (2d Cir. 1990); Robinson v. Via, 821 F. 2d 913 (2d Cir. 1987); Golino v. City of New Haven, 950 F.2d 864, 870 (2nd Cir. 1991), cert. denied, 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992); see also Burns v. Board of Education of City of Stamford, 228 Conn. 640, 645, 638 A.2d 1 (1994) (knowing violation).

3. It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his *civil* rights in order to find in favor of the plaintiff. A plaintiff is entitled to relief if the defendants intended the actions which resulted in the violation of the plaintiff's rights. Stengel v. Selcher, 522 F.2d 438 (6th Cir. 1975).

**OBJECTION:** This instruction is vague, overbroad in its attempted application to the entire case, and misleading and it fails to properly instruct jurors with regard to the elements of any specific claim. While the instruction appears to be an attempt to address the elements of wantonness, malice and intent with respect to the constitutional and state law claims, it fails to pinpoint a particular cause of action to which it could or should apply. For example, the claim of malicious prosecution requires malice and considerations of wantonness, malice and intent are important to the determination of the applicability of governmental immunity, as stated in Defendant's instruction numbers 8 (d) and 10. Moreover, a review of the Stengel case, to which

no pinpoint citation was provided, indicated that it does not stand for the proposition that plaintiff contends.

    4. A police office may not unlawfully suppress evidence as to the innocent or guilt of an accused. <u>Brady v. Marland</u> 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215, (1963); <u>U.S. v. Agurs</u>, 96 S.Ct. 2392, 427 U.S. 97, 49 L.Ed 2d 342 (1976); see also, <u>U.S.. v. LeRoy</u>, 687 F.2d 610 (0A2, 1982), <u>cert. denied</u>, 103 S.Ct. 823. The government has an obligation to divulge exculpatory evidence to an accused. <u>U.S. v. Turkish</u>, 623 F.2d 769 (CA2, 1980), <u>cert. denied</u> 101 S.Ct 856, 449 U.s. 1077, 66 L.Ed. 2d 800. The duty to disclose is on the government as a whole including investigatory agencies. See, <u>U.S. v. Caldwell</u>, 543 F.2d 1313 (p.C.Ca., 1975). Likewise there is a duty to preserve notes and records of an arrest. See, <u>U.S. v. Ganett</u>, 617 F.2d 831 (CAD.C,, 1980).

  The defendants owed a duty to the plaintiff to keep and maintain information about his arrest and to include in their reports exculpatory information and certainly not to include false and misleading information because of the purposes for which the report was created. To the extent that as a result of the filing of criminal charges against the plaintiff, the plaintiff faced criminal charges and was held in custody, the defendants responsible for such charges would be liable for violating plaintiff's constitutional rights. Indeed, the defendants had a positive duty to disclose material facts to the prosecutor. Accord, <u>Isle v. Fish</u>, 899 F.2d 390 (CAS, 1990); see also, <u>Hortzler v. Licking County</u>, 740 F.Supp. 47 (S.D. Oh, 1990).

  There is a duty on government to turn over both evidence favorable to an accused and material to guilt or punishment. <u>Pennsylvania v. Ritchie</u>, 107 S.Ct. 989, 480 U.s. 39, 94 L.Ed 2d 40 (1987); likewise the accused as all persons have a constitutional right to access to the courts. See, <u>Bounds v. Smith</u>, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed 2d 72 (1987); the right to access is

4

substantive and not procedural and cannot be obstructed. Morrello v. James, 810 F.2d 344 (CA2, 1987). A person may not be deprived of liberty by deliberate deception of the courts. Brady, supra. Such a contrivance by a person acting as an officer of the state to procure the conviction and imprisonment of the accused is inconsistent with the demands of justice. Brady, supra.

**OBJECTION:** This instruction includes law extending well beyond the bounds of plaintiff's claims and raises irrelevant issues that are prejudicial and likely to confuse the jury. There is no allegation in the Revised Complaint that the defendant had or failed to turn over exculpatory evidence, failed to preserve evidence, was denied access to the courts or that there was a deliberate deception of the courts. Rather, this case turns on probable cause for seeking the plaintiff's arrest. Moreover, no authority cited for these propositions contains a single pinpoint citation and many cases are not on point with this case and deal with the actions of prosecutors (i.e. Brady violations) and not police officers. See, e.g., Brady v. Marland 373 U.S. 83, 86, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) (prosecutor's actions re suppressed confession); U.S. v. Agurs, 427 U.S. 97, 106-07, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (prosecutor's failure to tender the murder victim's criminal record to the defense); U.S. v. LeRoy, 687 F.2d 610, 618-19 (2d Cir. 1982), cert. denied, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983) (prosecutor's alleged failure to disclose grand jury testimony). Moreover, plaintiff cites U.S. v. Ganett, 617 F.2d 831 (C.A.D.C. 1980) for a proposition concerning preservation of evidence and, apparently, due process claims, which plaintiff has not adequately pleaded here. That case has been abrogated; In re Sealed Case, 99 F.3d 1175, 1178 (C.A.D.C. 1996); and the rule now requires proof of bad faith, which plaintiff fails to mention.
    The standard plaintiff sets forth from Isle v. Fish, 899 F.2d 390, 398-401 (5th Cir. 1990) (concerning affidavits supporting warrants, victim eyewitness rules, disregarding false statements when determining sufficiency of warrant as to probable cause determination) also is highly generalized and incomplete, fails to distinguish between clearly critical information and other information and raises issues regarding omitted information that are not pleaded by plaintiff. In this regard, this case turns more on whether there was substantial information upon which probable cause could be found to issue the arrest warrant at issue. Accordingly, the plaintiff's instruction should not be used by the court. Defendant has provided more focused instructions that apprise the jury of the considerations before them in instruction numbers 8-10.
    Moreover, plaintiff misrepresents the holding of the Ritchie court. See Pennsylvania v. Ritchie, 480 U.S. 39, 52, 107 S.Ct. 989, 94 L.Ed 2d 40 (1987) (right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination and ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony).

5

Finally, plaintiff's citations to U.S. v. Caldwell and Hortzler v. Licking County are incorrect and the cases could not be found.

5. An arrest without probable cause is also a Fifth Amendment violation if it amounts to malicious prosecution. Janetka v Dube, 892 F.2d 187 (CA2, 1989); White v. Frank, 855 F.2d 956 (CA2, 1988). To meet this requirement, the plaintiff need only show (1) that criminal charges were instituted against them; (2) with malice; (3) without probable cause;(4) and the proceedings were terminated in the plaintiff's favor. See, also, Torres cr. Superintendent of the Police of Puerto Rico, 893 F.2d 404 (CA1, 1990).

A continuation of criminal proceedings by the defendants after evidence was developed to show the plaintiff innocent of the crimes with which he was charged is established constitutional malicious prosecution, and a police officer who supplies false information is liable. See, Goodwin. Metts, 885 F.2d. 157 (CM, 1989). Under the Fifth Amendment standard, a favorable disposition for the plaintiff on some but not all o~ the charges entites the plaintiff to recover. Janetka v. Dube, 892 F.2d 187 (CA2, 1989). Provided however the charges are not closely related to each other if there is an unfavorable disposition on one of them. See, Goree v.Gunning, 738 F.Supp. 79 (E.D.N.Y., 1990).

Under a Fifth Amendment claim of constitutional malicious prosecution, even if not based upon or materially effected by the acts of the defendants in withholding exculpatory information and or including false or misleading information, would not relieve the defendants of liability under the Fifth Amendment up through the time the charges were nolled. Under the Fifth Amendment claims of the plaintiff must demonstrate that the conduct of the defendants "shocks the conscience" in order to recover. [cite]

6

**OBJECTION:** Defendant's instruction 8 (d) more succinctly and correctly cites the standards for this claim under federal and state law. Further, by this instruction, plaintiff is attempting to charge the defendant not only with his alleged conduct but also unalleged actions by prosecutors for continuing the prosecution, over which the defendant had no control. The Goodwin case has also been abrogated and is no longer good law with respect to malicious prosecution claims. See Osborn v. Rose, 133 F.3d 916, *4-5 (4th Cir. 1998) (also questioning viability of such a claim under Fourth Amendment). Plaintiff also should be referring to Connecticut law to explain the standards of malicious prosecution. See Janetka v. Dube, 892 F.2d 187, 190 (2d Cir. 1989) ("when a termination is indecisive because it does not address the merits of the charge, the facts surrounding the termination must be examined to determine whether the failure to proceed implies a lack of reasonable grounds for the prosecution"). Moreover, Plaintiff has provided repetitive instructions in its instruction numbers 5 and 6, which is unnecessary and fails to provide authority for his last proposition.

6. (Malicious Prosecution, constitutional) The *plaintiff* also claims that the defendants violated his constitutional rights under the Fifth Amendment of the United States Constitution by prosecuting him maliciously. In order to prove this claim, the plaintiff must prove by a preponderance of evidence that (1) the defendants instituted criminal charges against him, (2) they did so with malice, (3) without probable cause, arid (4) the proceedings terminated in the plaintiff's favor. In addition, in order to prevail on this claim as a constitutional violation, the plaintiff must also prove by a preponderance of evidence that the actions of the defendants or any of them was an egregious misuse of the legal process. Torres v.. Superintendent of Puerto Rico 893 F.2d 404 (CA1, 1990); DiMaggio v. O'Brien, 497 F.Supp. 870 (E.D.Pa., 1980); Hand v. Gary, 838 F.2d 1420 (CA5, 1988); Strength v. Hubert, 854 F.2d 421 (CA11, 1988).

If the plaintiff proves by a preponderance of the evidence that false information was supplied to the prosecutor or the court to advance or continue the criminal charges against the plaintiff or that the defendants suppressed information favorable to the plaintiff for this same purpose, the plaintiff has met his burden. Goodwin v. Metts, 885 F.2d 157 (CA4, 1989). The plaintiff may also prevail on this claim if you are persuaded by a preponderance of the evidence

7

that malicious prosecution as I have described it, resulted from a false statement of any of the defendants made under the penalties of perjury. Stokes v. City of Chicago, 744 F.Supp. 183 (N.D.Ill., 1990).

The plaintiff can prevail on this claim so long as even one of the charges against him was favorably disposed of regardless of the outcome of any other charge against him. Janflhj&Y. Dubs, 892 F.2d 187 (CA2, 1989); Goree v. Gunning, 738 F.Supp. 79 (E.D.N.Y., 1990).

**OBJECTION:** Defendant's instruction 8 (d) more succinctly and correctly cites the standards for this claim under federal and state law. Further, by this instruction, plaintiff is attempting to charge the defendant not only with his alleged conduct but also unalleged actions by prosecutors for continuing the prosecution, over which the defendant had no control. The Goodwin case has also been abrogated and is no longer good law with respect to malicious prosecution claims. See Osborn v. Rose, 133 F.3d 916, *4-5 (4th Cir. 1998) (also questioning viability of such a claim under Fourth Amendment). Plaintiff also should be referring to Connecticut law to explain the standards of malicious prosecution. See Janetka v. Dube, 892 F.2d 187, 190 (2d Cir. 1989) ("when a termination is indecisive because it does not address the merits of the charge, the facts surrounding the termination must be examined to determine whether the failure to proceed implies a lack of reasonable grounds for the prosecution"). Moreover, Plaintiff has provided repetitive instructions in its instruction numbers 5 and 6, which is unnecessary and fails to provide authority for his last proposition.

7. (Affirmative Duty) Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating the law. A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally perform their duties in his presence. Thus, if you find that any police officer, whether or not named as a defendant, violated the civil rights of the plaintiff by for example, using excessive or unreasonable force upon the plaintiff or illegally arresting the plaintiff, setting excessive bail, or denying medical attention or maliciously prosecuting the plaintiff and any of the defendants did

nothing to prevent it, although in a position to do so, then any defendant who did not act to prevent it is liable for that unlawful act. Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d dr. 1978); Bruner v. Dunaway, 684 F,2d 422 (6th dir. 1982);

**OBJECTION:** This instruction is unduly prejudicial to the defendant as it raises issues not alleged in the pleadings and irrelevant to the claims against this defendant, who is the sole remaining defendant in this action. The instruction creates in the minds of the juror a sense that the defendant has a duty not at issue in this litigation. In fact, police officers are not required to be perfect in the carrying out of their duties, including discretionary acts, and must act quickly under the circumstances presented. This is the source of the qualified immunity doctrine, which focuses upon the objective reasonableness of the defendant's actions at the time he acted and operates to protect police officers from the sometimes hazy border between the acceptable and unacceptable. This protection is essential to ensure that police officers will not shy from their socially critical duties for unnecessary fear of personal liability if, in hindsight, their reasonable judgment is mistaken. Its purpose is to ensure that officers are not held liable unless their conduct is clearly unlawful, in light of established prohibitions in the law. The qualified immunity doctrine therefore contemplates a margin of error. If a defendant's judgment is within a range of reasonable police responses to the circumstances confronting him at that moment, then the defendant will not be liable to the plaintiff. Plaintiff's instruction seeks to erase these considerations from the minds of the jurors and thereby unduly prejudices the defendant with an erroneous standard of law.

See Hon. Edward J. Devitt, Hon. Charles B. Blackmar and Michael A. Wolff, Federal Jury Practice and Instructions, §70.03 (West Publishing Co., 4th Ed., 1987); Saucier v. Katz, 533 U.S. 194 (2001); Anderson v. Creighton, 483 U.S. 635 (1987); Malley v. Briggs, 475 U.S. 335 (1986); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Warren v. Dwyer, 906 F. 2d 80 (2d Cir. 1990); Magnotti v. Kuntz, 918 F. 2d 364 (2d Cir. 1990); Robinson v. Via, 821 F. 2d 913 (2d Cir. 1987); Golino v. City of New Haven, 950 F.2d 864, 870 (2nd Cir. 1991), cert. denied, 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992); see also Burns v. Board of Education of City of Stamford, 228 Conn. 640, 645, 638 A.2d 1 (1994) (knowing violation).

      8.    (Joint and Several Liability) When two or more persons united in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum of damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one. Prosser, <u>Law of Torts</u>, section 46, pp. 291-95 (4th ed. 1971). <u>Gagnon v. Ball</u>, 696 F.17 (2d dir. 1952).

**OBJECTION:** This instruction is unduly prejudicial to the defendant, irrelevant in this case, and seeks to impose upon him liability for the acts of others unfairly and in a way inconsistent with the law of this case. This court has granted judgment in favor of all other parties to the lawsuit and any issue of joint and several liability, as a result, is inapplicable to this matter.

      9.    (Testimony of Police Officers) The testimony of a police officer is entitled to no special or exclusive sanctity. An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including New Haven police officers, do not stand in any higher

station in the community than other persons, and their testimony is not entitled to any greater weight. Wright & Havanich, CONN. *JURY* INSTRUCTIONS, (2d Ed.) section 667; Borden & Orland, Conn. Criminal Jury Instructions, section 3.11.

**OBJECTION:** This instruction is repetitive of Defendant's instruction numbers 4 and 7, which provide the more commonly accepted language for such matters and should, therefore be used in place of this instruction.

10.    (Police Statements - Consciousness of Guilt) Conduct of the defendants, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendants have acted wrongfully. When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt, ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence. Whether or not evidence as to a defendant's voluntary explanation or statement constitutes an admission or a consciousness of wrongdoing or a consciousness of guilt, the significance to be attached to any such evidence are matters exclusively within the province of the jury.. A statement or act is "knowingly" made or done, if made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. United States v. McDougald, 650 F.2d 532 (4th Cir. 1981); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3rd Cir. 1978); United States v. Barresi, 601 F2d 193 (5th Cir. 1979); United States v. Wood, 550 P.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.s. 84, 92 (1954); Wilson v.

11

United States, 162 U.s. 613, 620-621 (1896); United~ States v. Bando, 244 F.2d 833, 842 (2nd Cir, 1957); United states v~DeA1eSandrO, 361 F.2d 694, 697—98 (2d Cir. 1966) cert.. denied, 385 U.s. 842 (1967); Dinkins v, Cartocetti, Civil No, N—78--250 (1982) (Daly, C.J.); Fernandez v.7itzgerald, 711 F.2d 485 (2d Cir. 1983).

**OBJECTION:** This instruction is unduly prejudicial to the defendant and is an attempt to create in the minds of the jurors an impression that the defendant will be fabricating his testimony rather than telling the truth under oath. Such an instruction pre-judges the defendant's testimony. Defendant's instruction numbers 4 and 7 provide the more commonly accepted language for such matters relating to credibility and the jurors' assessment of witnesses and should, therefore be used in place of this instruction. Plaintiff also includes no pinpoint citation by which to check his cited authority for this instruction.

11. If you find that a defendant not only made a false statement or explanation tending to show lack of fault, but, made that statement to another law enforcement officer, then you may consider that to be evidence not only of the defendant's consciousness of his own wrongdoing but independent evidence that in fact he did violate the plaintiff's rights in the manner alleged in the complaint. False statements made to law enforcement officials to exculpate yourself are circumstantial evidence and have independent probative force. In other words, if you find that any defendant has knowingly made a false statement to another law enforcement officer, where the truth would have tended to establish the guilt of the defendant, you may consider that false statement as independent evidence that the defendant actually committed the constitutional violation alleged in the complaint. Accord. United States v. Durrani, 835 F.2d 410, 424 (2d Cir. 1987). 18 U.S.C. 241

**OBJECTION:** This instruction is unduly prejudicial to the defendant and is an attempt to create in the minds of the jurors an impression that the defendant will be fabricating his testimony

rather than telling the truth under oath. Such an instruction pre-judges the defendant's testimony. Defendant's instruction numbers 4 and 7 provide the more commonly accepted language for such matters relating to credibility and the jurors' assessment of witnesses and should, therefore be used in place of this instruction.

12. If a police officer files a false or misleading report and that report results in the prosecution of an individual, then the officer has violated the constitutional right of the person reported on. Therefore, if you find that a defendant here made a false or misleading statement in an arrest report with respect to an important issue in

**OBJECTION:** This instruction is unduly prejudicial to the defendant and is an attempt to create in the minds of the jurors an impression that the defendant will be fabricating his testimony rather than telling the truth under oath. Such an instruction pre-judges the defendant's testimony. Defendant's instruction numbers 4 and 7 provide the more commonly accepted language for such matters relating to credibility and the jurors' assessment of witnesses and should, therefore be used in place of this instruction. Moreover, this is clearly an incomplete statement of whatever proposition the plaintiff seeks to include and it is unsupported by any citation to authority.

13. (Suits in Individual and Official capacities) In this case, plaintiff sues the individual defendants, that is the named police officers in both their personal capacity and official capacity. When an individual is named as a defendant in his individual capacity, the plaintiff is seeking to impose personal liability on the official for actions he takes under color of state law. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Naming a government official such as a police officer in his or her official capacity is the same as naming the city of Bridgeport as a government entity itself as a defendant and requires the plaintiff to prove that a formal or

13

informal policy or rule, decision or statement caused the violation of the plaintiffs' constitutional rights. Brandon v. Holt, 469 U.S. 464, 471—472 (1985).

**OBJECTION:** This instruction is irrelevant and should be excluded in light of the rulings of the court granting summary judgment in favor of the municipal defendant.

14.     (Malice Defined) By malice or absence of malice, I do not mean that the plaintiff must prove a hatred on the part of the defendants. For the plaintiff to prevail, it is enough if plaintiff shows that the defendants acted out of some improper or unjustifiable motive towards the plaintiff. The defendants need not necessarily be motivated by spite, hatred or ill will. Venturi v. Savitt, Inc., 191 Conn. 588, 592 (1983). Therefore if you find that any of the police officer defendants acted out of malice they have not demonstrated that they acted in good faith and they are not entitled to a defense of qualified immunity.

**OBJECTION:** Defendant better explains the law of malice, wantonness and intent in its instruction number 10. Accordingly, this instruction should be omitted.

15.     The word Nolle is a shortened version of the legal term nolle prosequi, which means literally, "I wilt not prosecute." A nolle prosequi is a formal entry upon the record by the prosecuting attorney, declaring that he or she will not prosecute the case any further. Black's Law Dictionary 1198 (Rev., 4th Ed. 1958); Cann, Nolle Prosequi in Connecticut, 4 Conn. L.Rev. 117, 118 (1971). The entry of a nolle prosequi terminates the prosecution and requires that the defendant be released from custody. Conn. Practice Book section 727. In 1787, the Connecticut Supreme Court defined a nolle prosequi in this way: !'Where the State's Attorney enters a nolle

it is to be intended that there was no cause of action; and it is more conclusive than an acquittal of the Grand Jury." State v. Stanley, 2 Kirby 25 (1787).

**OBJECTION:** This instruction is incomplete and does not present the entire law regarding the effect of a nolle pro sequi. Plaintiff is attempting to adjudicate an element of his malicious prosecution claim thereby without allowing the jury to adequately consider the effect of an entry of nolle.

16. If you find that any of the defendants is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

   a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

   b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment,

fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

    c) Lost wages or earnings;

    d) Attorney fees or other expenses and costs of legal representation;

    e) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Effls v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64(1930); Childs v. Baier, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1 987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

**OBJECTION:** Defendant's instruction numbers 11 and 12 more accurately define damages in this case. Plaintiff also fails to exclude emotional distress related language from his instruction, despite the court's ruling excluding claims. Accordingly, this instruction should not be used.

17. You may also decide whether the plaintiff is entitled to the award of any punitive damages. in a case like this one, you may consider whether acts or omissions of any defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

   1) Willful or malicious violation of the constitutional rights of the plaintiff;

   2) Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

   3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberc~ v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. ShepDard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

**OBJECTION:** Defendant's instruction numbers 11 and 12 more accurately define damages in this case. Plaintiff also attempts to force the award of punitive damages by stating they must be awarded, when such an award is wholly discretionary on the part of the jury. Accordingly, this instruction should not be used.

18. The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Deill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

**OBJECTION:** Defendant's instruction numbers 11 and 12 more accurately define damages in this case. Plaintiff also attempts to force the award of punitive damages by implying that the jury must award punitive damages, when such an award is wholly discretionary on the part of the jury. Accordingly, this instruction should not be used.