UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

*************************************

| | | |
|---|---|---|
| GARY SESSION | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 3:03-CV-00943 (AWT) |
| | * | |
| VS. | * | |
| | * | |
| CITY OF NEW HAVEN; STEPHEN | * | AUGUST 1, 2008 |
| COPPOLA; AND EDWIN RODRIGUEZ | * | |
| | * | |
| DEFENDANTS | * | |

*************************************

## JURY CHARGES

### Defendants' Proposed Jury Instructions

A.    Preliminary Instructions

    1.    Opening Instructions; Nature of Case

Members of the jury, we are about to begin trial of the case about which you have heard some details during the course of jury selection.  Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is known as the plaintiff. The plaintiff in this case is Gary

Session, a resident of New Haven. The parties against whom the lawsuit is brought are called the

defendants. The remaining defendant in this case is Edwin Rodriguez, a New Haven Police Officer.

The plaintiff claims that the defendant deprived him of his constitutional right to be free

from unreasonable seizure of his person, commonly known as false arrest or false imprisonment, in

violation of 42 U.S.C. § 1983, the United States Constitution and the Constitution of the State of

Connecticut. Specifically, the plaintiff alleges in Counts Four and Five of Plaintiff's Revised

Complaint, Plaintiff claims that Police Officer Edwin Rodriguez acted with wanton, reckless or

malicious disregard of Plaintiff's constitutional rights by falsely arresting Plaintiff on the basis of a

faulty warrant and without probable cause and thereby causing his incarceration for eleven months

and his prosecution on charges of conspiracy to murder. As a result, Plaintiff alleges he was

deprived of his right to be free from false imprisonment and prosecution and free from summary

punishment under the Fourth Amendment to the United States Constitution and by federal civil

rights law under 42 U.S.C. § 1983. In turn, Plaintiff alleges that as a result of the defendant's

actions, he was deprived of his right to be free from false imprisonment and prosecution under the

Constitution and laws of the State of Connecticut. As a result, the plaintiff seeks an award of

compensatory damages, punitive damages, attorneys' fees and costs, interest and injunctive relief.

The defendant denies the plaintiff's allegations in their entirety and that none of his actions

during the time in question violated plaintiff's constitutional rights.  In addition, Officer Rodriguez

asserts that this action is barred as against him on the basis of qualified immunity, which will be

explained to you in a moment. The defendant claims that he was acting in good faith and with

probable cause and that his actions were reasonable under the circumstances.  He further contends

that he is not liable for any fault or wrongdoing in regard to the above mentioned incident and that,

in fact, plaintiff's own negligence bars plaintiff's claims for damages and other relief.[1]

---

[1] Adapted from Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, <u>Federal Jury Practice and Instructions,</u> §165.01 (West Publishing Co., 5th Ed.).

2.    <u>Evidence in the Case</u>

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence-such as the testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts based on all the evidence in the case, both direct and circumstantial.

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of which party calls them, all of the exhibits received into evidence, regardless of which party may have produced them, and all facts which may have been judicially noticed. Judicially noticed facts are those which I instruct you to take as true for purposes of the case. I may take judicial notice of certain facts or events. You must accept these as true.

Depositions may also be received into evidence. Depositions contain sworn testimony, with counsel for each of the parties entitled to ask questions. Testimony produced in a deposition may be read in open court. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying before you.

Statements and arguments made by counsel are not evidence in the case, unless made as an admission or stipulation of fact.  If the attorneys on both sides, the plaintiff and the defendant, stipulate or agree to the existence of a fact, you must, unless instructed otherwise, accept the stipulation as evidence and regard the fact as proved.  Any evidence as to which an objection is sustained by the Court, and any evidence that I order stricken, must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience. Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

At the end of the trial, you will have to make your decision based on what you recall of the

evidence. You will not have a written transcript to consult and it is difficult and time consuming for the court reporter to read back lengthy testimony. I urge you to pay very close attention to the testimony as it is given.[2]

---

[2] Adapted from Hon. Edward J. Devitt, Hon. Charles B. Blackmar and Michael A. Wolff, Federal Jury Practice and Instructions, §§ 70.01 and 72.03 (West Publishing Co., 4th Ed., 1987).

SUSMAN, DUFFY & SEGALOFF, P.C. · ATTORNEYS AT LAW
P.O.BOX 1684 · NEW HAVEN,CONNECTICUT 06507 · (203)624-9830 · JURIS NUMBER 62505

6

B.    Post-trial instruction

    1.    <u>Depositions-Used as Evidence</u>

During the trial of this case, certain testimony has been presented to you by way of deposition consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighted, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.[3]

---

[3] Adapted from Hon. Edward J. Devitt, Hon. Charles B. Blackmar and Michael A. Wolff, Federal Jury Practice and Instructions, §72.04 (West Publishing Co., 4th Ed., 1987); <u>Norton v. Sam's Club</u>, 145 F.3d 114 (2d Cir. 1998), <u>cert.denied</u>, 525 U.S. 1001 (1998).

4.    Credibility of Witnesses-Discrepancies in Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a

discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[4]

---

[4] Adapted from Hon. Edward J. Devitt, Hon. Charles B. Blackmar and Michael A. Wolff, Federal Jury Practice and Instructions, §73.02 (West Publishing Co., 4th Ed., 1987).

5.    Interest in Outcome

In evaluating the credibility of a witness, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of the testimony of that witness, and receive it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.[5]

---

[5] Adapted from Hon. Edward J. Devitt, Hon. Charles B. Blackmar and Michael A. Wolff, Federal Jury Practice and Instructions, §72.01 (West Publishing Co., 4th Ed., 1987).

6.    Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.[6]

7.    All Persons Equal Before the Law – Organizations

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The mere fact that a party is a police officer does not mean he is entitled to any greater or lesser consideration by you. A police officer is entitled to the same fair trial at your hands as is a private individual. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.[7]

---

[6] Modern Federal Jury Instructions, § 76-3. (Matthew Bender & Co., Inc. 1990).

[7] Adapted from Hon. Edward J. Devitt, Hon. Charles B. Blackmar and Michael A. Wolff, Federal Jury Practice and Instructions, §70.03 (West Publishing Co., 4th Ed., 1987).

8.    42 U.S.C. § 1983, False Arrest/Imprisonment, Probable Cause, Malicious Prosecution, Causation

The plaintiff in this action claims that the defendant violated his constitutional rights when he falsely arrested the plaintiff and caused his imprisonment and prosecution. As a result of the defendant's alleged actions, the plaintiff claims he suffered the deprivation of his constitutional rights for which he seeks damages and injunctive relief.

The defendant denies that any of his actions during the time in question violated the plaintiff's constitutional rights. The defendant claims that he was acting in good faith and with probable cause, and has the benefit of qualified immunity that bars this action against him. The defendant further claims that he is not liable for any fault or wrongdoing in regard to the incident sued upon.

a.    Section 1983: In order to prevail on a claim under 42 U.S.C. § 1983, a plaintiff must establish the violation of a right secured by the Constitution and laws of the United States and that the violation was committed by a person acting under color of state law. More specifically, section 1983 provides that any citizen may seek redress in this court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States.

In order to prove his claim under this statute, the plaintiff must establish by a preponderance of the evidence each of the following elements:

(1) the defendants intentionally committed acts which operated to deprive the plaintiff of a right secured by the Constitution of the United States;

(2) the defendant acted under color of the authority of the State of Connecticut, and;

(3) the defendant's acts were the legal cause of the plaintiff's damages.

In this case you are instructed that the defendant was acting under color of state law at the time of the acts complained of.

b.    <u>False Arrest / Imprisonment</u>: United States citizens are protected against false arrest and imprisonment by the Fourth Amendment to the Constitution.   Accordingly, a section 1983 claim for false arrest and imprisonment derives from the Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest without probable cause.  In analyzing such claims, we generally look to the law of the state in which the arrest occurred.

False imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another.  To establish a claim for false arrest and/or imprisonment under 42 U.S.C. 1983 and in violation of the Fourth Amendment and Connecticut law, a plaintiff must prove by a preponderance of the evidence that the defendant (1) intentionally confined him (2) without his consent or against his will and (3) without justification or probable cause.  It is axiomatic that the plaintiff has the burden of proving each of the alleged facts of his complaint by a preponderance of the evidence to supply the elements of false arrest.  If the plaintiff fails to prove any of these elements, therefore, you must find for the defendant.

c.    <u>Probable Cause</u>: Whether probable cause to arrest exists depends upon the reasonable conclusion to be drawn from the facts known by the arresting officer at the time of arrest. The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest. Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.

Moreover, normally, the issuance of a warrant by a neutral official, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officer to believe that there was probable cause, and a plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden. Although a plaintiff may challenge the issuing of the warrant on the basis of probable cause, the plaintiff must make a "substantial preliminary showing" that the affiant, whose averments support the warrant, knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was <u>necessary</u> to the finding of probable cause. Intentional or reckless omissions of material information, like false statements, may serve as the basis for such a challenge, and recklessness may be inferred where the omitted information was critical to the probable cause determination. Thus, if an officer knows, or has reason to know, that he has materially misled the official issuing the warrant on the basis for a finding of probable cause, as where a material omission is intended to enhance the contents of the affidavit as support for a conclusion of probable cause, the shield of qualified immunity is lost. An officer can have no reasonable grounds for believing that a warrant was

properly issued if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. Here plaintiff claims that the statements of an informant relied on by the defendant officer in seeking the arrest warrant were unreliable and false, that the defendant could not reasonably have relied on the informant's statements and that defendant did not investigate the informant's statements adequately. Under the law, however, the failure to investigate a matter fully, to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for the truth, usually amount at most to negligence, and generally will not preclude a finding by you of probable cause. This will be for you to determine.

In making your determination, you cannot engage in a subjective inquiry into the officer's personal belief at the time he took action. Instead, you must evaluate on an objective basis what a reasonable officer in the defendant's position would have believed as to the lawfulness of his actions. In the context of an allegedly unconstitutional arrest, the objective reasonableness standard bars the defense of qualified immunity only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable. Accordingly, if after evaluating the objective reasonableness of the officer's belief here, you find that plaintiff has met the heavy burden of challenging the warrant, you may find in plaintiff's favor. Probable cause is, however, a justification and a complete defense to a claim for false arrest and imprisonment under both section 1983 and Connecticut law. Accordingly, if you find that the warrant was issued on the basis of

probable cause such that Officer Rodriguez had probable cause to arrest the plaintiff, you must find in favor of the defendant on Plaintiff's claims.

     d.    <u>Malicious Prosecution:</u>

     In order to prevail on a section 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law. To sustain a malicious prosecution claim under Connecticut law, a plaintiff must prove the following elements: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. The law governing malicious prosecution seeks to accommodate two competing and ultimately irreconcilable interests. It acknowledges that a person wrongly charged with criminal conduct has an important stake in his bodily freedom and his reputation, but that the community as a whole has an even more important stake in the enforcement of the criminal law.

     A malicious prosecution action against a police officer is, however, somewhat anomalous, because the State's Attorney, not the police, prosecutes a criminal action. Thus, to prevail on his claim the plaintiff must have alleged and must prove that the officer here played more of an essential or influential role in seeking or procuring the prosecution against the plaintiff. If you determine, therefore, that the plaintiff has proven each element of the claim for malicious prosecution that you may find in plaintiff's favor. The existence of probable cause is, however, a complete defense to a civil rights claim alleging false arrest or malicious prosecution. Thus, if you find that the elements

have not been met in full, such that, for example, you find that probable cause existed or there was a lack of malice on the part of the defendant, then you must find in the defendant's favor on this claim.

      e.        <u>Causation:</u> The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage the plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was the proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

    If you should find for the plaintiff and against the defendant, then you must decide the issue of damages, as explained in a moment.[8]

---

[8] Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, <u>Federal Jury Practice and Instructions,</u> §165.01 (West Publishing Co., 5th Ed.); Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 10.2 (1999); Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction Nos. 10.1 and 10.2 (2005); 42 U.S.C. § 1983 (West 2006); <u>Devenpeck v. Alford,</u> 543 U.S. 146,152 (2004) (probable cause); <u>Michigan v. DeFillippo,</u> 443 U.S. 31, 35 (1979) (probable cause); <u>Jaegly v. Couch,</u> 439 F.3d 149, 152 (2d Cir. 2006) (false arrest); <u>Golino v. City of New Haven,</u> 950 F.2d 864, 870 (2nd Cir. 1991), <u>cert. denied,</u> 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992) (probable cause); <u>Roberts v. Babkiewicz,</u> __ F.Supp.2d ___, 2008 WL 2609803

(D.Conn. July 2, 2008) (Thompson, J.) (malicious prosecution); Simpson v. Denardo, 2004 WL

1737444, *9-10 (D.Conn. 2004) (malicious prosecution); Shattuck v. Town of Stratford, 233 F.

Supp. 2d 301, 307 (D.Conn. 2002) (Droney, J.); Bhatia v. Debek, 287 Conn. 397, 404-405, 948 A.2d

1009 (2008); Ham v. Greene, 248 Conn. 508, 519-20, 729 A.2d 740 (1999) (probable cause);

Outlaw v. City of Meriden, 43 Conn.App. 387, 392, 397, 682 A.2d 1112, cert. denied, 239 Conn.

946, 686 A.2d 122 (1996) (false arrest and probable cause); Berry v. Loiseau, 223 Conn. 786, 820,

614 A.2d 414 (1992) (false arrest); Beinhorn v. Saraceno, 23 Conn.App. 487, 490-91, 582 A.2d 208

(1990), cert. denied, 217 Conn. 809, 585 A.2d 1233 (1991) (false arrest and probable cause).

9.    Qualified Immunity

The defense of qualified immunity is applicable to situations such as this where there are allegations of false arrest. The defendant in this case has raised the defense of qualified immunity, which if shown will shield him absolutely from liability on plaintiff's claims. The qualified or "good faith" immunity enjoyed by police officers shields them from personal liability for damages so long as their conduct either (1) does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for the officer to believe that his acts did not violate those rights. The right not to be arrested or prosecuted without probable cause has, of course, long been a clearly established constitutional right. An arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.

To be entitled to the absolute defense of qualified immunity, the officer must have acted within the scope of his duties, and his conduct must not have violated constitutional rights clearly established at the time of the conduct. The defendant officer is entitled to a qualified immunity defense if you find it was objectively reasonable for the officer to believe his acts did not violate the plaintiffs' rights. Thus, an officer would be entitled to the absolute defense of qualified immunity if he had a reasonable, objective belief that there was probable cause for the arrest at issue.

As I have said, qualified immunity focuses upon the objective reasonableness of the defendant's actions at the time he acted. Qualified immunity operates to protect police officers from the sometimes hazy border between the acceptable and unacceptable. This protection is essential to ensure that police officers will not shy from their socially critical duties for unnecessary fear of personal liability if, in hindsight, their reasonable judgment is mistaken. Its purpose is to ensure that officers are not held liable unless their conduct is clearly unlawful, in light of established prohibitions in the law. The qualified immunity doctrine therefore contemplates a margin of error. If a defendant's judgment is within a range of reasonable police responses to the circumstances confronting him at that moment, then the defendant will not be liable to the plaintiff.

Police officers are presumed to know about the clearly established constitutional rights of citizens. The qualified immunity doctrine protects all but the plainly incompetent and those who knowingly violate the law. You should consider the scope of discretion and responsibility generally given to police officers in the performance of their duties, and all of the surrounding circumstances of the case. Having taken this into account, in order to impose liability for the plaintiff's claims, you must find that the conduct of the defendant was clearly unlawful, and that there existed no substantial grounds for the defendant to conclude that there was legitimate justification for acting as he did. If, however, you find that the defendant had a reasonable belief that his actions did not violate the constitutional rights of the plaintiff, then you cannot find him liable even if the plaintiff's rights were in fact violated as a result of the defendant's objectively reasonable actions. Moreover, even if you find that reasonable officers could disagree about whether the defendant's actions were

or were not within bounds of appropriate police responses, then the defendant is entitled to qualified immunity and your verdict must be for the defendant.[9]

---

[9] <u>Saucier v. Katz</u>, 533 U.S. 194 (2001); <u>Anderson v. Creighton,</u> 483 U.S. 635 (1987); <u>Mallev v. Briggs,</u> 475 U.S. 335 (1986); <u>Harlow v. Fitzgerald,</u> 457 U.S. 800 (1982); <u>Warren v. Dwyer</u>, 906 F. 2d 80 (2d Cir. 1990); <u>Magnotti v. Kuntz</u>, 918 F. 2d 364 (2d Cir. 1990); <u>Robinson v. Via</u>, 821 F. 2d 913 (2d Cir. 1987); <u>Golino v. City of New Haven</u>, 950 F.2d 864, 870 (2nd Cir. 1991), <u>cert.</u> denied, 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992); <u>see</u> <u>also</u> <u>Burns v. Board of Education of City of Stamford,</u> 228 Conn. 640, 645, 638 A.2d 1 (1994) (knowing violation).

10.    Governmental Immunity

Under Connecticut law, which applies here to plaintiff's state law claims for false arrest and malicious prosecution, a governmental employee is generally immune from suit for the performance of discretionary acts. The hallmark of a discretionary act is that it requires the exercise of judgment. Here, the Revised Complaint alleges discretionary conduct on the part of the defendant officer because the process by which a police officer investigates a crime or makes an arrest is a discretionary act. Specifically, the Plaintiff challenges the propriety of the officer's conduct in investigating and filing the application for an arrest warrant. The Plaintiff alleges that the Defendant improperly relied on unreliable statements from a government informant in making the application for the arrest warrant.

Courts have recognized three exceptions where a municipal employee or official can be held liable when performing a discretionary act. They are: (1) where the circumstances make it apparent to the public official that his or her failure to act would be like to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws and (3) where the alleged acts involve malice, wantonness or intent to injure, rather than mere negligence. Only the third exception could be at issue in this litigation. A showing of malice such that a police officer is not entitled to qualified immunity is a heavy burden to meet, however. Mere negligence on the part of the officer is not enough to destroy the protection afforded to him by governmental immunity. Moreover, while the lack of probable cause could be evidence of an improper motive, it does not equate to malice and cannot be inferred to be malice in the absence of something more. Thus, even if you were to

determine that the officer lacked probable cause to act on this occasion, you must still consider whether there is evidence that the officer acted with any improper motive or malice.

A willful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances.

Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety or others or of the consequences of action. Willful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of willful misconduct.

When I say that wanton misconduct is the equivalent of willful misconduct, I do not intend to characterize these terms as equivalents of each other, but as equivalent in result. That is to say, willful or intentional misconduct and wanton misconduct are different concepts of wrongful or improper misconduct, but they are alike in their seriousness and gravity as to the results of the conduct, and the law subjects one engaging in either form of misconduct to like rules, and visits upon each a like liability. Thus, the terms "wanton," "reckless" and "intentional," for your purposes here today, carry the same meaning. These terms refer to conduct or a state of consciousness as to the consequences of one's actions to others. Wantonness, recklessness or intentional conduct takes

on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.

Taking this into account, if you should find that the plaintiff has proved by a preponderance of the evidence that the alleged acts here did involve malice, wantonness or the intent to injure, then you may determine that governmental immunity does not shield the defendant from liability on the state law claims of false arrest and malicious prosecution. If you find, however, that the officer's actions were justified by probable cause, were at the most mere negligence, or even in the absence of probable cause did not involve wantonness, malice or intent on the part of the officer, then you must find in favor of the defendant.[10]

---

[10] DOUGLASS B. WRIGHT & WILLIAM L. ANKERMAN, CONNECTICUT JURY INSTRUCTIONS (CIVIL) § 610, pp. 975-77 (4th ed. 1993); Fleming v. Bridgeport, 284 Conn. 502, 535-37, 935 A.2d 126 (2007); Spears v. Garcia, 263 Conn. 22, 36, 818 A.2d 37 (2003); Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628-30, 749 A.2d 630 (2000); Lipka v. Madoule, 2001 WL 1712685, *3 (Conn. Super. 2001) (Arnold, J.). Elliot v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998); Purzycki v. Fairfield, 244 Conn. 101, 108, 708 A.2d 937 (1998); Markey v. Santangelo, 195 Conn. 76, 78, 485 A.2d 1305 (1985); Bordonaro v. Senk, 109 Conn. 428, 431, 147 A. 136 (1929); Menzie v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698 (1928).

11.    <u>Compensatory and Nominal Damages</u>:

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  "Damages" means the amount of money that will reasonably and fairly compensate plaintiff for any deprivation of civil rights that may have been proximately caused by the defendant police officer.  Damages may not be based on speculation or sympathy but must be based on the evidence presented at trial and only that evidence.  If you find for the plaintiff, but you find that the plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar.

Among his claim for compensatory damages, Plaintiff is claiming lost profits or business expectancy damages.  Plaintiff, however, cannot throw himself on the generosity of the jury.  If he wants such damages, he must prove them. The purpose of section 1983 damages is to provide compensation for injuries caused by the violation of a plaintiff's legal rights.  Thus, a plaintiff must prove more than a mere violation of his constitutional rights.  He must also demonstrate that the constitutional deprivation caused him some actual injury. No compensatory damages may be awarded absent proof of actual injury.  Although damages for lost business opportunities need not be supported by mathematical certainty, they must be based on reasonable proof.  Amounts that are speculative, remote, imaginary, or impossible of ascertainment are not recoverable.  if plaintiff establishes that this particular injury was caused by defendant's conduct, then the level of damages is ordinarily determined according to principles derived from the common law of torts.   Consequently,

we have permitted lost profits to be calculated by extrapolating from past profits. We have stated, however, that the plaintiff cannot recover for "the mere possibility" of making a profit. Plaintiff cannot recover for what he was about to do but only what he certainly would have done. Thus, in order to recover lost profits, the plaintiff must present sufficiently accurate and complete evidence for the trier of fact to be able to estimate those profits with reasonable certainty.[11]

12.   Punitive Damages

The plaintiff seeks punitive damages. The purpose of punitive damages is to punish a defendant for willful or malicious conduct and to deter others from similar behavior. According to the law, the plaintiff may only obtain punitive damages from individual defendants in their personal capacity. In order to award punitive damages against any of the defendant, you must first determine that the officer was personally responsible for the constitutional deprivation claimed by the plaintiff. If so, you must then determine that the conduct of the defendant was recklessly and callously indifferent to Mr. Session's constitutional rights. If you make these two findings, then in addition to any other damages which you determine are warranted, you may, but are not required to, award the plaintiff an additional amount of punitive damages.

---

[11] Adapted from Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions, §165.70 (West Publishing Co., 5th Ed.); Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 563, 51 S.Ct. 248, 75 L.Ed. 544 (1931); McCann v. Coughlin, 698 F.2d 112, 126 (2d Cir.1983); Anchor Savings Bank, FSB v. U.S., 81 Fed.Cl. 1, 6 (2008); Fitzgerald v. Mountain States Tel. & Tel. Co., 68 F.3d 1257, 1264 (10th Cir.1995); Jolivet v. Deland, 966 F.2d 573, 576 (10th Cir.1992); Taliferro v. Augle, 757 F.2d 157, 161-62 (7th Cir. 1985); American Marine Rail NJ, LLC v. City of Bayonne, 289 F.Supp.2d 569, 588 (D.N.J. 2003) (Martini, J.); Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin, 247 Conn. 48, 69-70, 717 A.2d 724 (1998); Westport Taxi Service, Inc. v. Westport Transit District, 235 Conn. 1, 32-33, 664 A.2d 719 (1995); Goldman v. Feinberg, 130 Conn. 671, 674-75, 37 A.2d 355 (1944).

Thus, you are not required to make an award of punitive damages, even if you do find the required malicious, wanton or reckless intent. You should only make a punitive damages award if, in your considered judgment, you find it is appropriate to punish the defendant or deter the defendant and others from like conduct in the future. Thus, whether to award punitive damages and the amount of those damages are within your sound discretion.[12]

C:\Documents and Settings\GeorgetteL\Local Settings\Temporary Internet Files\OLKA\JURY CHARGES for trial memo 8 1 08.doc

---

[12] Kentucky v. Graham, 473 U.S. 159 n.13, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 n.29, 101 S.Ct. 2748, 69 L.d.2d 616 (1981); McCardle v. Haddad, 131 F.3d 43, 52-53 (2d Cir. 1997); Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions, §165.71 (West Publishing Co., 5th Ed.).