UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GARY SESSION** | : CIVIL ACTION NO: 3:03CV00943 (AWT) |
| | : |
| v. | : |
| | : |
| **EDWIN RODRIGUEZ** | : AUGUST 5, 2008 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

The Defendant, Edwin Rodriguez, through counsel, hereby oppose to the Plaintiff's Motion for Order Compelling Production dated August 4, 2008.[1] In support of his opposition, the Defendant submits the following:

1.) On December 20, 2007, the undersigned counsel for the Defendant, former counsel for the Plaintiff, Roy Ward, and corporation counsel for the City of New Haven, Michael Wolak reviewed documents contained within the City of New Haven's litigation files.

2.) Prior to December 20, 2007, the Defendant did not have documents generated in the course of any internal affairs investigation against him, in his possession, custody or control.

3.) At the time this lawsuit was commenced, Edwin Rodriguez was no longer a member of the New Haven Police Department and did not have any files in his possession, custody or control.

4.) Accordingly, during review of the City of New Haven's litigation file in connection with

---

[1] Because the Plaintiff has not e-filed this motion and it has not yet appeared on the docket, the Defendant has attached the Plaintiff's motion as Exhibit A.

this case, when documents were discovered relating to an internal affair investigation arising out of the investigation of the case of <u>State v. Angel Garcia</u>, all counsel agreed that counsel for the Defendant should take possession of this file to review.

5.) Prior to this date, counsel for the Defendant had never seen these documents.

6.) At the suggestion of and through the cooperation of the Plaintiff's former counsel, the undersigned took possession of the internal affairs documents, which consisted solely of several identical copies of materials related to the <u>State v. Angel Garcia</u> matter, and Stephen Coppola's training records.

7.) There were no documents relating to internal affairs investigations of former Defendant Stephen Coppola removed from the City of New Haven's litigation files.

8.) Attorney Gallagher issued correspondence to Attorney Ward and Attorney Wolak documenting the taking of such documents. See attached correspondence, Exhibit B.

9.) Upon review of the materials and consultation with the Defendant, the undersigned learned that the dissemination of such materials would violate the terms of the defendant's settlement agreement with the City of New Haven.

10.) Moreover, through research, the Defendant determined that an additional good faith basis existed to file a Motion for Protective Order regarding the files removed from corporation counsel's office.

11.) The Defendant filed his Motion for Protective Order on January 9, 2008.

12.) The Plaintiff thereafter filed corresponding Motion to Compel Production of the internal affairs documents on January 18, 2008.

13.) On June 4, 2008, the Court issued its ruling compelling production of the internal affairs documents but allowed the parties to draft a proposed order governing the release of such documents.

14.) On June 12, 2008, the Defendant submitted a proposed order, which limited the dissemination of the internal affairs documents.

15.) On July 1, 2008, the Court adopted the Defendant's proposed order.

16.) Thereafter, on July 10, 2008, counsel for the Defendant made <u>complete</u> production of the internal affairs files that were removed from the City of New Haven's litigation files.

17.) In addition to producing the internal affairs files that were obtained from the City of New Haven's litigation file, the Defendant produced any and all personnel information for the Defendant contained in the Defendant's counsel's file.

18.) Despite making this representation to the Plaintiff, Plaintiff's counsel persists in suggesting that the undersigned has withheld internal affairs information without having a good faith basis to make such claims. See Attached letter from Attorney Gallagher to Attorney Pinheiro.

19.) The Defendant does have any documentation responsive to the Court's Order in his possession, custody or control.

20.) Counsel for the Defendant does not have any additional documentation responsive to the Court's Order in their possession, custody or control.

21.) The Plaintiff's allegations that counsel for the Defendant has made limited production and made recklessly and without merit, in contravention of our rules of practice.

For the reasons set forth herein, the Defendant respectfully requests that the Court deny the Plaintiff's request to compel production.

Respectfully submitted,
DEFENDANTS,

/s/ Meghan K. Gallagher
Meghan K. Gallagher
Federal Bar No. ct26914
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
New Haven, Connecticut 06510
Phone: (203) 624-9830
Fax: (203) 562-8430
E-mail: mgallagher@susmanduffy.com

## CERTIFICATION

I hereby certify that on August 5, 2008 a copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Compel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Meghan K. Gallagher
Meghan K. Gallagher
Federal Bar No. ct 26914
Susman, Duffy & Segaloff, P.C.
55 Whitney Ave.
New Haven, CT 06510
tel.: 203-624-9830
fax: 203-562-8430
mgallagher@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\opposition to motion to compel 8 5 08.doc