UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

...............................................

| | |
|---|---|
| GARY SESSION, | CIVIL ACTION NO. |
| Plaintiff | 3:03-CV- 00943 (AWT) |
| V. | |
| EDWIN RODRIGUEZ, ET AL. | AUGUST 5, 2008 |
| Defendants | |

...............................................

PLAINTIFF'S NOTICE OF FILING OBJECTIONS TO DEFENDANT'S EXHIBITS

The plaintiff hereby gives notice that on this date the plaintiff has filed his objections to certain exhibits as listed in defendant's Revised Exhibit List which given to the plaintiff on August 4, 2008.

Plaintiff's Objection to defendant's Revised Exhibit List is attached hereto.

THE PLAINTIFF
GARY SESSION

By: /s/
John A. Pinheiro, Esq.
167 Cherry Street, PMB 314
Milford, Connecticut 06460
(203) 874-4477
Fax: (203) 882-0354
Cell: (203) 209-2449
Email: japinheiro@optonline.net
Fed. Bar. No. CT02977

1

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed first class, postage prepaid, to the following this August 5, 2008:

    Thomas E. Katon, Esq.
    Susman, Duffy & Segaloff, P.C.
    55 Whitney Avenue
    P.O. Box 1684
    New Haven, Connecticut 06507

                                              John A. Pinheiro, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
*************************************
GARY SESSION                          *   CIVIL ACTION NO.
                       PLAINTIFF      *   3:03-CV-00943 (AWT)
                                      *
VS.                                   *

CITY OF NEW HAVEN; STEPHEN            *   AUGUST 5, 2008
COPPOLA; AND EDWIN RODRIGUEZ          *
                                      *
                       DEFENDANTS     *
*************************************
```

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REVISED EXHIBITS

**1 - 40 New Haven Police Department Homicide Book, Anthony Lucky:** These exhibits, contained in the New Haven Police Department Homicide Book, consist of the Uniform Services Division Reports Investigative Services Reports, Bureau of Identification Reports, Statements, Search Warrants, Arrest Warrants, Evidence Reports and Waivers, Background Information, Photographs and Miscellaneous Information representing the department's investigation into the homicide of Anthony Lucky on July 25, 1999, as follows:

1. Program from memorial service – Anthony Lucky – August 16, 1982 to July 25, 1999

2. Press release:

3. Firearms section report

4. Handwritten note from Hollie Miller to Sgt. Cotto dated 5/10/01: Objection: Hearsay and document produced after the date discovery ended.

5. Uniform Services Division Reports: Wolcheski, DeJesus (redacted), Freeman, Losty, Forbes, Strickland.

6. Case Incident Report (Narrative) by Sgt John Velleca

4

7. Case Incident Report (Narrative) by Det. Edwin Rodriquez dated 9/25/01 concerning interview of Albert McCann at the request of State's Attorney Christopher Alexy

8. Case Incident Report (Narrative) by Det. Edwin Rodriquez dated 9/19/01 regarding Albert McCann's review of photo boards

9. Case Incident Report by Det. Edwin Rodriquez dated 7/25/99 regarding homicide investigation of Anthony Lucky.

10. Case Incident Report by Det. Edwin Rodriquez dated 11/6/99 regarding discussions with Sgt Canning concerning Rosa and Mayra Mercado and threats to Rosa's son Ismael. Objection: Hearsay and prejudicial, also allegations and conclusions Re: Major dealer.

11. Case Incident Report by Det. Edwin Rodriquez dated 11/8/99 concerning interview of Sharon Adkins.

12. Case Incident Report by Det. Edwin Rodriquez dated 11/8/99 concerning interview and statement of Sharon Adkins

13. Case Incident Report by Det. Edwin Rodriquez dated 12/5/99 concerning Mayra Mercado's contact with Sgt. Canning about the Lucky homicide investigation and her subsequent interview, description of the homicide and implication of Gary Session

14. Case Incident Report by Det. Stephen Coppola dated 12/6/99 concerning the interview of Mayra Mercado on 12/5/99.

15. Case Incident Report by Det. Edwin Rodriquez dated 10/15/00 regarding Larkland Martin's approach to him and Sgt. Velleca and offer to provide a statement. Objection: Hearsay.

16. Case Incident Report by Det. Edwin Rodriquez dated 3/10/00 regarding photo boards reviewed by Albert McCann and his failure to identify.

17. Case Incident Report by Det. Edwin Rodriquez dated 3/6/00 detailing interview and statement provided by Larkland Martin. Objection: Hearsay.

18. New Haven Police Department Incident Information Sheets (6) bearing date 10/23/01 containing names of witnesses and investigating officers. Objection: Document never produce pursuant to discovery.

19. Medical Examiner, Autopsy and Toxicology Reports indicating results of autopsy, Toxicology and identification of Anthony Lucky. Objection: Hearsay and Defendant did not list said individual as an expert witness.

20. State Police Forensic Science Laboratory Report, 1/03/00 by Robert K. O'Brien and Deborah A. Messina on testing of projectiles for the presence of blood. Objection: Hearsay and Defendant did not list said individual as an expert witness.

21. State Police Forensic Science Laboratory Report, 7/28/99 by James S. Stephenson and Edward Jacimowicz, on testing casings and projectiles recovered from the scene of the Anthony Lucky homicide. Objection: Hearsay and Defendant did not list said individual as an expert witness.

22. Case Incident Report 1/3/2000 by Detective Linda Dadio describing ballistics results obtained from the State Police in connection with the investigation of the Lucky homicide. Objection: Hearsay and Defendant did not list said individual as an expert witness.

23. Case Incident Report dated 8/1/99 by Detective George Shelton documenting attendance at the autopsy of Anthony Lucky.

24. Persons Report dated 7/29/99 by Detective Dadio along with a Case Incident Report Continuation detailing a narrative of Detective Dadio's involvement in the investigation and preservation of the crime scene. Objection: Hearsay and Defendant did not list said individual as an expert witness.

25. Case Incident Reports dated 7/26/99 by Detective Robert Benson reflecting actions taken to retrieve ballistics evidence at the scene of the Anthony Lucky homicide. Objection: Defendant did not list said individual as an expert witness.

26. Witness Statement, Larkland Martin, 3/5/00. Objection: Hearsay

27. Witness Statement, Juan Scruggs, 7/25/99.

28. Witness Statement, Albert McCann, 7/25/99.

29. Witness Statement Sharon Adkins, 11/07099

6

30. Witness Statement Myra Mercado, 11/08/99

31. Witness Statement Larkland Martin, 12/04/99: Objection: Hearsay.

32. Witness Statement Mayra Mercado 12/05/99

33. Criminal Information dated 1/4/01 re: Jose Santiago

34. Arrest Warrant Application: Jose Santiago dated 1/5/01 by Detective Edwin Rodriquez

35. Criminal Information dated 1/4/01 Gary Session. Murder, conspiracy to commit murder, criminal use of a firearm.

36. Application for Arrest Warrant dated 1/5/01: Objection: Re: Convictions which is the subject of plaintiff's Motion in Limine.

37. Evidence Sheets, Waivers of Miranda Rights

38. Photo Boards and photos of witnesses

39. Computer printouts re: stolen gun inquiries, registration of Suzuki Samarai, arrest records: Anthony Lucky, Juan Scruggs, Larkland Martin: Objection: Documents never produced pursuant to discovery.

40. Letter from Michael Dearington, re: Witness protection program: Objection: Document never produced pursuant to discovery.

**41 – 60. New Haven Police Department folder labeled: Homicide Investigation Columbus & Howard Avenues, containing the following:**

41. Search Warrant Affidavit and Application dated 1/25/99 by Det. Joanne M. Schaller and Det. Steven Coppola detailing application to search a 1988 Suzuki Samurai 2-door CT Reg. 472 HSK which was operated by Albert McCann on the evening of Anthony Lucky's homicide.

42. Case Incident Report dated 7/25/99 by Det. Robert Bensen relating efforts to recover projectiles and shell casings at 615 Howard Avenue concerning Anthony Lucky's homicide investigation. Objection: Hearsay and individual never listed as an expert witness.

43. Case Incident Report dated 4/25/00 by Det. Mark Caporale relating his participation in the shooting reconstruction performed by the CT State Police Major Crime Squad.

44. Inventory of property seized without a warrant dated 7/27/99 and signed by Det. Lisa Dadio concerning items of personal property seized from the Suzuki Samurai operated by Albert McCann on the evening of Anthony Lucky's homicide.

45. Inventory of property seized without a warrant signed by police officer Robert Losty detailing the seizure of a Beretta 9mm. semi-automatic pistol black serial # 589124 from the Suzuki Samurai operated by Albert McCann.

46. Single sheet of paper entitled "unit 41" relating data concerning information on the status of the firearm seized from the 1988 Suzuki Samurai operated by Albert McCann.

47. Case Incident Report dated 8/1/99 by Det. George Shelton relating his attendance at the post-mortem examination of Lucky performed at the Office of the Chief Medical Examiner in Farmington, Ct.

48. Single page document from the Medical Examiner's Office concerning fingerprints of Anthony Lucky.

49. Document dated 9/8/99 from the Office of the Chief Medical Examiner to Michael Dearington, Esq., State's Attorney for the J.D. of New Haven setting forth the report of medical examiner autopsy, toxicology and ID forms for case # 99-08116, Anthony Lucky, Jr. 4 pages of photographs relating autopsy photos taken of Anthony Lucky, Jr. during the course of his examination by the Medical Examiner's Office. Objection: Hearsay and Defendant did not list said individual as an expert witness.

50. Report entitled New Haven Police Identification Unit and CT State Police Major Crime Shooting Reconstruction date 4/8/00 and photographs by Det. Mark Caporale. Objection: Hearsay and Defendant did not list said individual as an expert witness.

51. Persons report dated 7/29/99 signed by Det. Lisa M. Dadio setting forth the identities of various persons involved in the investigation of the Anthony Lucky homicide case incident report continuation dated 7/29/99 by Lisa Dadio consisting of 9 pages relating Det. Dadio's efforts to preserve the crime scene including the photographs taken of the crime scene and describing items of personal property which were seized the 1998 Suzuki Samurai that was involved in the Anthony Lucky homicide. Hearsay and Defendant did not list said individual as an expert witness.

52. Case Incident Report dated 1/3/00 signed by Det. Lisa M. Dadio relating the substance of ballistic testing performed by firearms examiners at the Dept. of Public Safety. Objection: Defendant did not list said individual as an expert witness.

53. Inventory of property seized without a warrant dated 7/26/99 by Det. Lisa Dadio listing projectiles and casings obtained from the scene of the Anthony Lucky homicide.

54. Inventory of property seized without a search warrant dated 7/27/99 listing a red lighter and People's photo ID system card in the name of Anthony Lucky, Jr.

55. Inventory of property seized without a warrant dated 7/27/99 by Det. Lisa Dadio reflecting that 4 $1 bills in U.S. currency had been seized.

56. Inventory of property seized without a warrant signed by Det. Lisa M. Dadio dated 7/27/99 indicating the seizure a Jersey's brand tee shirt and Russell Athletic brand tee shirt.

57. Inventory of property seized without a search warrant dated 7/27/99 signed by Det. Lisa M. Dadio reflecting items 14-19 seized from the 1988 Suzuki Samurai.

58. Inventory of property seized without a search warrant dated 7/27/99 indicating items 20-23 that were seized from the homicide scene.

59. 38 pages of crime scene photographs.

60. Photo boards.: Objection Foundation objection.


**61 – 108. File contents of Assistant State's Attorney Christopher A. Alexy, consisting of the following:**

61. Arrest warrant application: Objection: Re: Convictions Motion in Limine.

62. Handwritten note by Attorney Alexy, 2/2/01

63. Memo dated 1/24/01 re: Bond reduction

64. Undated memo entitled "State v Sessions": Objection : Subject to redaction to paragraph 1, as it is prejudicial, reference allegation of prior bad act that is untrue.

9

65. Handwritten notes re: Session's prior/pending civil cases; Objection: Document not produced pursuant to discovery, and relevancy and prejudicial.

66. Video Report: Objection: Product of Expert witness not listed as an expert witness.

67. Letter, 10/30/01, from Alexy to Toro: Objection: Hearsay.

68. Notice of Uncharged Misconduct: Objection: Relevancy and undue prejudice to the plaintiff in connection with plaintiff's Motion in Limine Re: Convictions, and prejudicial.

69. Second and Third Count notes

70. Motion for Release of Evidence for Trial

71. Witness List: State

72. Notice of Uncharged Misconduct: Relevancy and undue prejudice to the plaintiff in connection with plaintiff's Motion in Limine Re: Convictions and prejudicial..

73. Motion to Compel Disclosure of Alibi Defense

74. Motion for Non-Testimonial Evidence

75. State's Demand for Notice of Alibi Defense: Objection: Document never produced pursuant to discovery.

76. Defendant's Motion for a Reduction of Bond

77. Motion for Bill of Particulars

78. Motion for Disclosure of Examination

79. Request to Produce Photographs

80. Request for Copy of Information

81. Request for Essential Facts

82. Motion to Suppress

83. Motion to Require Notice of Uncharged Misconduct Evidence: Relevancy and undue prejudice to the plaintiff in connection with plaintiff's Motion in Limine Re: Convictions and prejudicial.

84. Motion for Disclosure of Witnesses

85. Evidence Receipt and envelope with "Note": Objection: Relevancy and undue prejudice to the plaintiff in connection with plaintiff's Motion in Limine Re: Convictions.

86. State Memo - Report re mail between Gary and Wilson: Objection: Refers to a Hearsay letter conveying a threat and prejudicial.

87. State letter, 2/21/01 Re: Separation of Prisoners

88. Letter, 4/24/01, re: Three defendants, separation of witnesses

89. Letter, 1/11/01, re: Preservation of evidence

90. Letter, 10/16/01, re: Albert McCann request for information

91. Document entitled "Book Lisa Dadio put together"

92. Letter, 3/12/01 from Session

93. Re: Session mail to Wilson, Stewart, Mona, T. White, Pasley: Objection: relevancy and prejudicial also subject to certain redaction is allowed into evidence.

94. Mayra Mercado statement, 11/8/99

95. March 1, 2001 PCH transcript

96. March 8, 2001 PCH transcript

97. Inventory - items 14-19

98. Inventory - Homicide box items

99. Inventory - Items 1-11

100. Inventory - clothing, red lighter, photo ID of Anthony Lucky

101. Inventory - two taped statements: Martin, Mercado

102. Evidence Sheet - Taped Statement of Martin

103. Evidence Sheet - Taped Statement of Adkins

104. Evidence Sheet - Taped Statement of Scruggs

105. Evidence Sheet - Signed waiver by McCann

106. Letter, 7/19/02, from Attorney Alexy: Objection: Character evidence. If said document is admitted into evidence then defendant's prior acts would be admissible.

107. Complete arrest warrant application: Objection: Subject in Motion in Limine, Re: Convictions.

108. Transcript for nolle

**109 – 143. Other Exhibits:**

109. The report of the State Police reflecting the narrative of the shooting reconstruction performed by Sgt. Gaffney and Det. Schaffer in connection with the investigation of the homicide of Anthony Lucky, Jr. Objection: Individual not listed as an expert witness, and hearsay.

110. Arrest record Gary Session. Objection: Re: Motion in Limine regarding convictions.

111. Note dated 11/6/99 concerning Junito. Objection: Hearsay.

112. Copy of the Medical Examiner's Report dated 12/8/99 concerning the autopsy, toxicology and ID of Anthony Lucky, Jr. Objection: Defendant did not list individual as an expert witness.

113. Case Incident Report narrative dated 7/3/02 signed by Sgt. John Velleca relating to first contacts with Larkland Martin. Objection: Hearsay.

114. Documents dated 11/8/99, 11/9/99, 11/10/99, note entries of 11/22/99, 11/23/99, from State of CT Division of Criminal Justice Witness Protection Program concerning Myra Mercado's

application for witness protection in connection with the investigation of the Lucky homicide. Objection: Motion in Limine.

115. Memo to the file of Christopher Alexy, Assistant State's Attorney from Robert Lawlor regarding his investigation with Rosa Mercado.

116. Undated Note from Robert Lawlor to Chris Alexy regarding submission of an original note and letter. Objection: Hearsay.

117. Note from Robert Lawlor to Christopher Alexy dated 11/7 regarding turning over original warrants to Sgt. P. Hamline of the NHPD Records Section.

118. 3 pages of handwritten notes from the file of the Assistant State's Attorney Christopher Alexy. Objection: Relevancy.

119. Memorandum to Christopher Alexy regarding certain items performed in the preparation of trial of the Anthony Lucky homicide.

120. Memorandum dated 8/17/01 from Robert Lawlor to Assistant State's Attorney Christopher Alexy regarding efforts to obtain cell phone records for Gary Session.

121. Memorandum to file regarding an interview by Inspector Dennis Kelly with Janine Wilson on 10/2/01.

122. Pages of handwritten notes from the file of Assistant State's Attorney Christopher Alexy. Objection: Subject to certain redactions.

123. Inventory property received without a search warrant and destruction order for 1 Beretta 9mm semi-automatic pistol.

124. Inventory of property seized without a search warrant and order of destruction for 2 Waiver of Rights forms.

125. Inventory property seized without a search warrant and order for a Jersey's brand tee shirt and a Russell Athletic brand tee shirt.

126. Inventory of property seized without a search warrant and destruction order for items of evidence designated as items 14 through 19.

127. Inventory of property seized without a search warrant and destruction order for inventory items 20 through 23, articles of clothing.

128. Inventory of property seized without a search warrant and destruction order for 1 red lighter and People's photo card for Anthony Lucky.

129. Inventory of property seized without a search warrant and destruction order for items 1 through 11 reflecting projectiles and casings.

130. Inventory of property seized without a search warrant and destruction order various articles of clothing.

131. Inventory of property seized without a search warrant and destruction order concerning 2 taped statements of Larkland Martin and Mayra Mercado and accompanying destruction order.

132. Evidence sheet for interviewing audio and video tapes for Larkland Martin.

133. Evidence sheet for interview audio and video tapes for Sharon Adkins.

134. Evidence sheet for interview audio and video tapes for Juan Scruggs.

135. Evidence sheet for consent search and Miranda waivers Albert McCann.

136. 4 sheets reflecting Dept. of Police Services Evidence Sign out Logs for 8/7/01, 2/28/01, 3/10/00, and 3/31/00.

137. Waiver of Rights dated 9/13/01 by Albert McCann.

138. Report from the State of CT, Dept. of Public Safety, Police Forensic Science Lab. dated 7/28/99 to Sgt. Edward Kendall from James S. Stephenson and Edward T. McPhillips. Objection: Hearsay and Defendant did not list witness as an expert witness.

139. A document entitled Cross Comparisons signed by James S. Stephenson and Edward Jacimowicz Firearms Examiner for the Forensic Science Lab. Objection: Hearsay and Defendant did not list witness as an expert witness.

140. Report from State Police Forensic Science Lab. to Chief of New Haven Police Dept. dated 1/3/00 concerning serology tests on a projectile recovered from the scene of the Anthony

    Lucky homicide. Objection: Hearsay and Defendant did not list witness and an expert witness.

141. Report from Dept. of Public Safety State Police Forensic Science Lab. to Det. Lisa Dadio dated 9/1/99 reflecting the results of various firearms identification tests. Objection: Hearsay and Defendant did not list individual as an expert witness.

142. 10 pages of evidence log produced from the New Haven Dept. of Police Services. Objection: Documents not produce pursuant to discovery.

143. Letter From Mayra Mercado to Michael Dearington.

I:\Client N-O\NHCITY\Session\Trial\Joint trial memorandum\exhibit list revised 080408.doc

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

..................................................

GARY SESSION,
       Plaintiff

V.

EDWIN RODRIGUEZ, ET AL.
       Defendants

..................................................

CIVIL ACTION NO.
3:03-CV- 00943 (AWT)

AUGUST 5, 2008

## NOTICE OF MANUAL FILING

Please take notice that the plaintiff has manually filed the following document:

Plaintiff's Objection to defendant's Revised Exhibit List.

This document has not been filed electronically because undersign counsel has been having difficulty with the electronic filing procedures.

This document has been manually served on all parties.

            THE PLAINTIFF
            GARY SESSION

            By: _____
            John A. Pinheiro, Esq.
            167 Cherry Street, PMB 314
            Milford, Connecticut 06460
            (203) 874-4477
            Fax: (203) 882-0354
            Cell: (203) 209-2449
            Email: japinheiro@optonline.net
            Fed. Bar. No. CT02977