# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

......................................................

GARY SESSION,                         CIVIL ACTION NO.
           Plaintiff          3:03-CV- 00943 (AWT)

   V.

EDWIN RODRIGUEZ, ET AL.               AUGUST 4, 2008
        Defendants

......................................................

### PLAINTIFF'S REVISED WITNESS LIST

The plaintiff hereby revises his list of witnesses. The reason the plaintiff failed to include the following witnesses in the Joint Trial Memorandum, is that counsel for the plaintiff and defendant agreed that the plaintiff would e-mail his Trial Memorandum to the defendant by 9:00 a.m. on Friday, August 1, 2008. Then the defendant would format both Trial Memorandums to a single document, to be filed in Court by the deadline date of Friday afternoon, August 1, 2008. When the plaintiff was finalizing his Trial Memorandum early morning August 1, 2008, he mistakenly failed to include the following witnesses while switching between computer programs. The following witnesses should have been included in the plaintiff's trial Memorandum: (Revised Plaintiff's Witness List is attached hereto as Exhibit A).

30. Albert McCann : He will be questioned concerning his location, at the time of Anthony Lucky, Jr.'s murder, his involvement in the investigation into the death of Anthony Lucky, Jr., and any subsequent action and/or statements/affidavits (including signatures and/or initializing) concerning said investigation and arrest of the plaintiff, whether he provided any

1

tape recorded interviews and viewed any mug shots (photographs), coercion by the New Haven Police Department, his previous criminal record, his previous criminal activity, whether he was ever questioned about knowing, working or asked to confirm the allegations made by the defendants three star witnesses, who provided the motive and implicated the three occupants in the Suzuki Samari as the reason for the shooting. Did he face any retribution at any time from the New Haven Police Department.

31. Juan Scruggs : He will be questioned concerning his location, at the time of Anthony Lucky, Jr.'s murder, his involvement in the investigation into the death of Anthony Lucky, Jr., and any subsequent action and/or statements/affidavits (including signatures and/or initializing) concerning said investigation and arrest of the plaintiff, whether he provided any tape recorded interviews and viewed any mug shots (photographs), coercion by the New Haven Police Department, his previous criminal record, his previous criminal activity, whether he was ever questioned about knowing, working or asked to confirm the allegations made by the defendants three star witnesses, who provided the motive and implicated the three occupants in the Suzuki Samari as the reason for the shooting. Did he face any retribution at any time from the New Haven Police Department?

32. Jose Rendon : fact witness for plaintiff actions and whereabouts on the night of the incident.

THE PLAINTIFF
GARY SESSION

By:

John A. Pinheiro, Esq.
167 Cherry Street, PMB 314
Milford, Connecticut 06460
(203) 874-4477
Fax: (203) 882-0354
Cell: (203) 209-2449
Email: japinheiro@optonline.net
Fed. Bar. No. CT02977

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed first class, postage prepaid, to the following this August 4, 2008:

> Thomas E. Katon, Esq.
> Susman, Duffy & Segaloff, P.C.
> 55 Whitney Avenue
> P.O. Box 1684
> New Haven, Connecticut 06507

_____
John A. Pinheiro, Esq.

EXHIBIT "A"

PLAINTIFF'S WITNESSES:

   1. Gary Session, Plaintiff, 89 Coleman Road, West Haven, Connecticut 06516. Mr. Session will testify to his whereabouts and actions on the evening of the death of Anthony Lucky, Jr., his lack of knowledge of the circumstances of said death, his interactions with various members of the New Haven Police Department, including but not limited to his then Federal Civil Rights action then pending against certain members of the New Haven Police Department, circumstances concerning his arrest, incarceration, injuries, damages and facts and circumstances concerning his Probable Cause Hearing and the results thereof, the subsequent nollie and then dismissal in the criminal charges brought against him.

   2. Mr. Lucky, Anthony Lucky, Jr.'s uncle, a/k/a Papa Luck. At the time of Anthony Lucky's death, Mr. Lucky was a Marshall with the Judicial Branch of the State of Connecticut. Fact witness regarding interaction with the plaintiff at the time of plaintiff's arrest as Mr. Lucky was working at the Union Avenue Lock-Up facility where the arresting officers took the plaintiff. Mr. Lucky processed the plaintiff at the Union Avenue facility.

   3. Robert F. Lawlor, Sr., Inspector with the Office of the State's Attorney, 235 Church Street, New Haven, Connecticut. He will be questioned concerning his membership, training and experience as an Inspector for the State's Attorney's Office, including his involvement in the investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr., and any subsequent action and/or

6

statements concerning said investigation and arrest. Including interviews with witnesses in connection with the murder investigation of Anthony Lucky, Jr., witnesses in connection with the hearing in probable cause (HPC), both prior to and after the HPC, conversations with the State's Attorney Alexy, exculpatory information, attempts to verify alibi witnesees(es), contact with defendant Rodriguez, procedures and common practices within the State's Attorney's Office with respect to investigations, orders in connection with destruction of evidence in subject investigation.

    4. Police Officer Patrick Redding, Head of the Detective Bureau, New Haven Police Department, One Union Avenue, New Haven, Connecticut. He will be questioned concerning his membership, training and experience as a New Haven Police Officer, including his position as Head of Internal Affairs Department. In addition to questions in connection with the written procedures used by the New Haven Police Department in becoming a Confidential Informant (CI), whether or not Mayra Mercado, Sharon Adkins or Larkland Martin is or were ever a CI with the New Haven Police Department.

    5. Sharon Adkins, 79 East Main Street, Middletown, Connecticut 06357. She will be questioned concerning her location, at the time of Anthony Lucky, Jr.'s murder, her involvement in the investigation into the death of Anthony Lucky, Jr., and any subsequent action and/or statements/affidavits (including signatures and/or initializing) concerning said investigation and arrest of the plaintiff, whether she provided any tape recorded interviews and viewed any mug shots (photographs), coercion by the New Haven Police Department, her

previous criminal record, her previous criminal activity, her history of substance abuse, whether she was ever an informant, CI, for the New Haven Police Department.

      6. Mayra Mercado, 156 West Street, New Haven, Connecticut 06519. She will be questioned concerning her location, at the time of Anthony Lucky, Jr.'s murder, her involvement in the investigation into the death of Anthony Lucky, Jr., and any subsequent action and/or statements/affidavits (including signatures and/or initializing) concerning said investigation and arrest of the plaintiff, whether she provided any tape recorded interviews and viewed any mug shots (photographs), her testimony at the HPC, coercion by the New Haven Police Department, her previous criminal record, her previous criminal activity, her history of substance abuse, whether she was ever an informant, CI, for the New Haven Police Department.

      7. Police Officer Lieutenant Roger Young, Head of Records Department, New Haven Police Department, One Union Avenue, New Haven, Connecticut. He will be questioned concerning his membership, training and experience as a New Haven Police Officer, including his position as Head of Records Department. In addition to questions in connection his responsibilities supervising the staff, civilian and sworn personnel, intake and maintenance of records/files/evidence, and destruction thereof, within the property room. In particular the evidence of any kind in connection with the investigation into the death of Anthony Lucky, Jr., including the plaintiff and any other then co-defendant charged with said murder, and any subsequent retention or destruction of any such evidence.

      8. Police Officer Lieutenant Denise Blanchard, Supervisor of the Property Room,

New Haven Police Department, One Union Avenue, New Haven, Connecticut. She will be questioned concerning her membership, training and experience as a New Haven Police Officer, including her position as Supervisor of the Property Room. In addition to questions in connection her responsibilities supervising the staff, civilian and sworn personnel, intake and maintenance of records/files/evidence, and destruction thereof, within the property room. In particular the evidence of any kind in connection with the investigation into the death of Anthony Lucky, Jr., including the plaintiff and any other then co-defendant charged with said murder, and any subsequent retention or destruction of any such evidence.

9. Detective O. Nieves, New Haven Police Department, One Union Avenue, New Haven, Connecticut. This officer will be questioned concerning membership, training and experience as a New Haven Police Officer, including information in connection with the New Haven Department of Police Services Property Room and in particular in connection with a certain document that Officer Nieves generated on September 13, 2006 in connection with Homicide Case 99-46990. In particular the evidence of any kind in connection with the investigation into the death of Anthony Lucky, Jr., including the plaintiff and any other then co-defendant charged with said murder, and any subsequent retention or destruction of any such evidence.

10. Police Officer Captain Joann Peterson, Officer in Charge of Internal Value and Ethics, New Haven Police Department, One Union Avenue, New Haven, Connecticut. This officer will be questioned concerning her membership, training and experience as a New Haven

9

Police Officer, and the outcome of her search of the confidential registered informant files in the Office of Internal Values and Ethics office for Larkland Martin or Martin Larkland, and any other individual in connection with the investigation into the death of Anthony Lucky, Jr.

11. Police Officer Lieutenant Lisa Dadio, Operations Supervisor of the Investigative Services Division, New Haven Police Department, One Union Avenue, New Haven, Connecticut. This officer will be questioned concerning her membership, training and experience as a New Haven Police Officer, and the outcome of her search of spreadsheet of assignments from ISU that show if more than one warrant application was rejected and/or accepted, and also the Table of Organization from 1999, in connection with the investigation into the death of Anthony Lucky, Jr.

12. Keith Perrin, Chief Operating Officer, FB Entertainment, Empire State Building, 350 Fifth Avenue, Suite 8817, New York, New York 10118. Testimony regarding the production agreement between FB Entertainment and the plaintiff as outlined in a certain letter dated January 18, 2006, which has been provided to the defendant.

13. Former Detective Stephen Coppola, One Union Avenue, New Haven, CT 06519. Brief Summary: He will be questioned concerning his membership, training and experience as a New Haven Police officer including his disciplinary history, if any, and his involvement in the investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr. and any of his subsequent actions and/or statements concerning said investigation and arrest.

14. Defendant Former Detective Edwin Rodriquez, One Union Avenue, New Haven, CT 06519. Relationship: defendant Brief Summary: He will be questioned concerning his membership, training and experience as a New Haven Police officer including his disciplinary history, if any, and his involvement in the investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr. and any of his subsequent actions and/or statements concerning said investigation and arrest.

15. Chief Norwood, Bridgeport Police Department. Relationship: Sergeant for the New Haven Police Department Brief Summary: He will be questioned concerning his membership, training and experience as a New Haven Police officer including his disciplinary history, if any, and his involvement in the investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr. and any of his subsequent actions and/or statements concerning said Investigation and arrest.

16. Retired Sergeant Canning, One Union Avenue, New Haven, CT 06519. Relationship: Sergeant for the New Haven Police Department Brief Summary: He will be questioned concerning his membership, training and experience as a New Haven Police officer including his disciplinary history, if any, and his involvement in the investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr. and any of his subsequent actions and/or statements concerning said investigation and arrest.

17. Detective John Velleca, One Union Avenue, New Haven, CT

11

06519Relationship: Detective for the New Haven Police Department Brief Summary: He will be questioned concerning his membership, training and experience as a New Haven Police officer including his disciplinary history, if any, and his involvement in the investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr. and any of his subsequent actions and/or statements concerning said investigation and arrest.

18. Detective George Shelton, One Union Avenue, New Haven, CT 06519Relationship: Detective for the New Haven Police Department Brief Summary: He will be questioned concerning his membership, training and experience as a New Haven Police officer including his disciplinary history, if any, and his involvement in the Investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr. and any of his subsequent actions and/or statements concerning said investigation and arrest.

19. Officer Lily DeJesus, One Union Avenue, New Haven, CT 06519 Relationship: Officer for the New Haven Police Department Brief Summary: She will be questioned concerning her membership, training and experience as a New Haven Police officer including her disciplinary history, if any, and her involvement in the Investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr. and any of her subsequent actions and/or statements concerning said investigation and arrest.

12

20. Retired Officer Quincey Freeman, One Union Avenue, New Haven, CT 06519. Relationship: Officer for the New Haven Police Department. Defendant named in civil lawsuit, Gary Session v. Quincy Freeman, et al, 3:00CV0046 (JCH). Brief Summary: He will be questioned concerning his membership, training and experience as a New Haven Police officer including his disciplinary history, if any, and his involvement in the investigation into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr. and any of his subsequent actions and/or statements concerning said investigation and arrest.

21. Malka B. Shah, M.D., Expert Witness: Associated Medical Examiner, State of Connecticut, Office of the Chief Medical Examiner, 11 Shuttie Road, Farmington, CT 06032. Relationship: Medical Examiner of Anthony Lucky, Jr. Brief Summary: Basis of opinion: As an associated medical examiner, Ms. Shah is expected to testify to her qualifications, training and experience as a medical examiner and will testify as to the cause of death of Anthony Lucky, Jr. Opinion: Gunshot wound that the caused the death of Lucky was fired from a distance approximately 10 to 15 inches, and that and that the bullet from the weapon traveled directly from the gun to the deceased without any hitting any other object.

22. Michael O'Donnell, G.J. O'Donnell Private Investigations, P.O. Box 786. Cheshire, CT. Relationship: Private investigator Brief Summary: Mr. O'Donnell is a private investigator retained by the Plaintiff to investigate the circumstances surrounding his arrest and incarceration. Mr. O'Donnell is expected to testify that his investigation uncovered several alibis

13

of Mr. Session's were never interviewed by the New Haven Police.

23. Janine Wilson, 6 Cedar Street, New Haven, CT 06519. Relationship: Girlfriend Brief Summary: Ms. Wilson is expected to testify concerning, alibi, including, but not limited to what he saw, heard, and observed as to Mr. Session's activity and whereabouts July 24-25, 1999. Her observations of Gary Session prior to and after his incarceration. She is further expected to deny having been a police informant, having provided statements to any police agency or officer concerning the murder of Anthony Lucky, Jr. or having conversed with various police witnesses in the Lucky investigation.

24. Tanisha Stewart, 30 Tampa Street, West Haven, CT 06511. Relationship: Friend. Brief Summary: Ms. Stewart is a fact witness who is expected to testify that during the time period of the murder of Anthony Lucky, Jr. that the plaintiff was at his home with several people producing music.

25. Mary Deleon, 295 Norton Street, Apt. C8, New Haven, CT 06511. Relationship: acquaintance Brief Summary: Ms. Deleon is a fact witness who is expected to testify that during the time period of the investigation of the murder of Anthony Lucky, Jr. the New Haven Police served her with a subpoena, questioning by the police, inspector(s) and Alexy regarding the Lucky murder, that she told the police statements by Mayra Mercado were a lie, yet no police officer took her statement.

26. Laura Lucky, 132 Center Street, West Haven, Connecticut: Owner of the Suzuki Samuri. Fact witness will testify as to the physical condition of the subject vehicle at the

time of the shooting.

27. Pamela E. Brown, 170 Diamond Street, New Haven, Connecticut 06515. Relationship: Anthony Lucky's mother. Ms. Brown is a fact witness who is expected to testify regarding conversations she had with the defendant, police officers and Mr. Alexy and his inspectors/investigators during the time period of the investigation of the murder of Anthony Lucky, Jr. $and the trial of the individuals charges with said crime.

28. Christopher Alexy: State's Attorney, State's Attorney's Office, 235 Church Street, New Haven, Connecticut 06510: He will be questioned concerning his membership, training and experience as a State's Attorney, including his involvement in the investigation and prosecution, into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr., and any subsequent action and/or statements concerning said investigation and arrest. Including interviews with witnesses in connection with the murder investigation of Anthony Lucky, Jr., witnesses in connection with the hearing in probable cause (HPC), both prior to and after the HPC, conversations with the State's Attorney's Inspectors, exculpatory information, attempts to verify alibi witnesees(es), contact with defendant Rodriguez, procedures and common practices within the State's Attorney's Office with respect to investigations, orders in connection with destruction of evidence in subject investigation.

29. Eugene R. Calistro, Jr.: State's Attorney, State's Attorney's Office, 235 Church Street, New Haven, Connecticut 06510: He will be questioned concerning his

membership, training and experience as a State's Attorney, including his involvement in the investigation and prosecution, into the death of Anthony Lucky, Jr., the law of arrest, and the arrest of Gary Session for the murder of Anthony Lucky, Jr., and any subsequent action and/or statements concerning said investigation and arrest. Including interviews with witnesses in connection with the murder investigation of Anthony Lucky, Jr., witnesses in connection with the hearing in probable cause (HPC), both prior to and after the HPC, conversations with the State's Attorney's Inspectors, exculpatory information, attempts to verify alibi witnesses(es), contact with defendant Rodriguez, procedures and common practices within the State's Attorney's Office with respect to investigations, orders in connection with destruction of evidence in subject investigation, and his instructions to preserve evidence.

30. Albert McCann : He will be questioned concerning his location, at the time of Anthony Lucky, Jr.'s murder, his involvement in the investigation into the death of Anthony Lucky, Jr., and any subsequent action and/or statements/affidavits (including signatures and/or initializing) concerning said investigation and arrest of the plaintiff, whether he provided any tape recorded interviews and viewed any mug shots (photographs), coercion by the New Haven Police Department, his previous criminal record, his previous criminal activity, whether he was ever questioned about knowing, working or asked to confirm the allegations made by the defendants three star witnesses, who provided the motive and implicated the three occupants in the Suzuki Samari as the reason for the shooting. Did he face any retribution at any time from the New Haven Police Department.

31. Juan Scruggs :  He will be questioned concerning his location, at the time of Anthony Lucky, Jr.'s murder, his involvement in the investigation into the death of Anthony Lucky, Jr., and any subsequent action and/or statements/affidavits (including signatures and/or initializing) concerning said investigation and arrest of the plaintiff, whether he provided any tape recorded interviews and viewed any mug shots (photographs), coercion by the New Haven Police Department, his previous criminal record, his previous criminal activity, whether he was ever questioned about knowing, working or asked to confirm the allegations made by the defendants three star witnesses, who provided the motive and implicated the three occupants in the Suzuki Samari as the reason for the shooting. Did he face any retribution at any time from the New Haven Police Department?

32. Jose Rendon : fact witness for plaintiff actions and whereabouts on the night of the incident.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

......................................................

GARY SESSION,
           Plaintiff

    V.

EDWIN RODRIGUEZ, ET AL.
           Defendants

......................................................

CIVIL ACTION NO.
3:03-CV- 00943 (AWT)


AUGUST 4, 2008

## NOTICE OF MANUAL FILING

Please take notice that the plaintiff has manually filed the following document:

Plaintiff's Revised Witness List.

This document has not been filed electronically because undersign counsel has been having difficulty with the electronic filing procedures.

This document has been manually served on all parties.

THE PLAINTIFF
GARY SESSION

By:
John A. Pinheiro, Esq.
167 Cherry Street, PMB 314
Milford, Connecticut 06460
(203) 874-4477
Fax: (203) 882-0354
Cell: (203) 209-2449
Email: japinheiro@optonline.net
Fed. Bar. No. CT02977

5