UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SESSION | : CIVIL ACTION NO: 3:03CV00943 (AWT) |
| v. | : |
| EDWIN RODRIGUEZ | : AUGUST 22, 2008 |

## DEFENDANTS REQUEST FOR ENLARGMENT OF TIME TO RESPOND TO THE PLAINTIFF'S 60(B) MOTION

The Defendant, in the above-entitled matter, Edwin Rodriguez (hereinafter, "Rodriguez") and former Defendant, Stephen Coppola (hereinafter, "Coppola"), by their attorneys, hereby move for an enlargement of time to respond to the Plaintiff's 60 (b) motion until the Court renders its ruling with regard to the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. In support of this motion, Rodriguez and Coppola state:

1.  On August 20, 2007, the Court rendered judgment on Rodriguez and Coppola's Motion for Summary Judgment, entering judgment for Coppola on all claims and entering judgment for Rodriguez as to all claims other than false arrest, malicious prosecution and false imprisonment.

2.  On August 8, 2008, Rodriguez filed a Motion to Dismiss for lack of subject matter jurisdiction, alleging, *inter alia*, that this Court lacks jurisdiction over the Plaintiff's claims, because, pursuant to the Rooker-Feldman Doctrine, this Court cannot entertain an examination of the existence of probable cause as such findings are intrinsically intertwined with the state court's prior finding of probable cause. The Plaintiff cannot seek to utilize the federal courts as a method of issuing appellate review of the state court's prior findings.

3.  On August 20, 2008, the Plaintiff filed a Motion for Order Pursuant to Fed. R. Civ. P. 60 (b) requesting a reversal of the Court's ruling on the Defendants' Motions for Summary Judgment.

4.  Rodriguez's Motion to Dismiss has not yet been adjudicated.

5.  This Court's subject matter jurisdiction has been challenged. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453, 20 S.Ct. 690, 691-92 (1900). The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).

6.  Accordingly, once there has been a challenge to the Court's jurisdiction, until jurisdiction has been established, the Court may not proceed on additional matters of law in connection with the case.

7.  Rodriguez and Coppola respectfully request that, in light of the questions being raised regarding the Court's jurisdiction, in the interest of efficiency and judicial economy, the deadline for Rodriguez and Coppola's responses to the Plaintiff's 60(b) Motion be extended until a date after the resolution of the above-referenced Motion to Dismiss.

Based on the foregoing, Defendant asserts that good cause exists for the enlargement of time as requested herein.

Pursuant to Local Rule 9, counsel for the Defendants states that opposing counsel consents to the granting of this motion. Counsel states that this is the first request for motion for enlargement of time as to this deadline.

DEFENDANT,

/s/ Thomas E. Katon
Thomas E. Katon (ct01565)
Susman, Duffy & Segaloff, P.C.
59 Elm Street
New Haven, Connecticut 06510
Phone: (203) 624-9830
Fax: (203) 562-8430
e-mail: tkaton@susmanduffy.com
His Attorney

## CERTIFICATION

I hereby certify that on August 22, 2008 a copy of the Defendants' Memorandum in Support of the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Thomas E. Katon
Thomas E. Katon
Federal Bar No. ct 01565
Susman, Duffy & Segaloff, P.C.
59 Elm Street
New Haven, CT 06510
tel.: 203-624-9830
fax: 203-562-8430
email: tkaton@susmanduffy.com
Thomas E. Katon
