**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
GARY SESSION,                   :
                               :
          Plaintiff,           :
v.                             :      Civ No. 3:03CV00943(AWT)
                               :
CITY OF NEW HAVEN, and         :
EDWIN RODRIGUEZ,               :
                               :
          Defendants.          :
-------------------------------x
```

## ORDER RE MOTION FOR RECUSAL

Plaintiff Gary Session has moved for this judicial officer to recuse himself with respect to this matter.  For the reasons set forth below, the plaintiff's motion is being denied.

As an initial matter, the court assumes that the plaintiff's motion is filed pursuant to 28 U.S.C. § 455(a), because there is no evidence of any effort to comply with the requirements for filing a motion pursuant to 28 U.S.C. § 144.  Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

The plaintiff contends that certain comments made by the court during a telephonic status conference on October 26, 2007 are proper cause for concern.  The plaintiff appears to contend that comments concerning the fact that many cases do not make it past the summary judgment stage suggest that the court has a preconceived notion about the ability of the plaintiff's case to survive a Rule 50 motion.  However, the plaintiff is viewing these

comments out of context.  Taken in context, it is apparent from
these comments that the court was trying to resolve the dispute
between the plaintiff and his former counsel, and the transcript
attached as "Exhibit B" to the plaintiff's motion shows that the
court was successful in doing so.  The language on which the
plaintiff relies appears at pages 3 and 4 of the transcript.  After
the court finished its explanation to the plaintiff as to what his
counsel had been able to accomplish on his behalf, the plaintiff
and his counsel had a conversation outside the hearing of the court
and defense counsel, and then returned to report that the plaintiff
wanted Mr. Ward to continue as his attorney; this is reflected at
page 5 of the transcript.

     The plaintiff also argues that the court may have an
unfavorable opinion of the plaintiff, which would interfere with
the court's ability to be fair and impartial.  Here, the plaintiff
points to certain other comments during the telephonic conference
on October 26, 2007.  To put the discussion in context, the
plaintiff sent a letter to the court dated February 19, 2007
complaining about his counsel; the court held an informal
telephonic conference on March 5, 2007 so that counsel for the
defendants would be aware of the plaintiff's communication with the
court; current counsel for the plaintiff may not be aware of that
conference.  Then, during the October 26, 2007 status conference,
the court informed the plaintiff that the court will not appoint a
lawyer for him and that the court doubted that he would be able to

get another lawyer to represent him based on what the court had
observed of the plaintiff and how he had interacted with his
lawyers and expressed himself in the presence of the court.  The
court observed that it was probably in the record that the
plaintiff had been complaining about his counsel, and the plaintiff
agreed.  The court then said that the court's conclusion that it
will not appoint another lawyer for the plaintiff was based on the
substance and style of the plaintiff's February 19, 2007 letter,
and while the court is gratified that the plaintiff's new counsel
has undertaken to represent the plaintiff, many lawyers would not
take on a client who had written such a letter.  Therefore, the
court would not appoint a new lawyer for the plaintiff.

    The plaintiff cannot send an inappropriate communication to
the court and then complain that the court has concluded it is
inappropriate.  Similarly, the plaintiff states that he called
chambers to talk to a law clerk and was admonished by the court for
calling chambers.  Here, the plaintiff ignores that he was
admonished for calling chambers and attempting to engage in
inappropriate, ex parte communications dealing with the substance
of the case.

    Finally, the plaintiff points to the April 23, 2008 telephonic
status conference during which the court vacated an order extending
the dispositive motions deadline to August 26, 2008.  The
plaintiff's new counsel is probably not aware of the fact that the
order (Doc. No. 166) granted a motion that only sought an extension

of time until June 26, 2008 to complete discovery (Doc. No. 165),

and nothing more.  In preparing for the telephonic status

conference on April 23, 2008, the court became aware that the order

granting the motion had inadvertently included a sentence extending

the dispositive motions deadline to August 26, 2008.  This error

was corrected in docket entry 168.  It is clear from the language

in docket entry 165 that no extension of time in which to file

dispositive motions had been sought, and had one been sought, it

would not have been granted because the court had already

adjudicated the dispositive motions in the case.

    Here, the standards for disqualification have not been met.

Where the standards for disqualification have not been met,

"disqualification is not optional; rather it is prohibited."  See

In Re Certain Underwriter, 294 F.3d 297, 305 (2d Cir. 2002).

    For the reasons set forth above, the plaintiff's Motion to

Transfer to Another Judge or Recuse (Doc. No. 198) is hereby

DENIED.

    It is so ordered.

    Signed this 26th day of August, 2008 at Hartford, Connecticut.


                        _____/s/AWT_____
                             Alvin W. Thompson
                        United States District Judge