UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*****************************************
GARY SESSION              *   CIVIL ACTION NO.
              PLAINTIFF   *   303-CV-00943 (AWT)
                          *
VS.                       *
                          *
EDWIN RODRIGUEZ           *   SEPTEMBER 15, 2008
                          *
                          *
              DEFENDANT   *
*****************************************
```

## DEFENDANT, EDWIN RODRIGUEZ'S, REPLY MEMORANDUM IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to L. CIV. R. 7(d), the Defendant, Edwin Rodriguez (hereinafter, "Rodriguez,"), through counsel, respectfully submits this Reply Memorandum in Support of his Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**I.    A challenge to the subject matter jurisdiction of this Court may be raised at any time.**

The Plaintiff argues that the Defendant's Motion to Dismiss is untimely and that such motion constitutes a dilatory tactic.[1] However, failure of subject matter jurisdiction is not waivable and may, therefore, be raised at any time. Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d. Cir. 2003). Issues relating to subject matter jurisdiction may be raised even on appeal or by the court sua sponte. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Given the proximity of the Motion to Dismiss to the original trial date, the decision to raise issues of this Court's jurisdiction was not a decision taken lightly by the Defendant. Subject matter

---

1 If, as the Plaintiff claims, the filing of a motion such as this, because of its timing, constitutes a dilatory tactic, then the Plaintiff himself would be guilty of dilatory tactics given the various motions for extension, the motion to compel, motion for reconsideration and the 60b motion, which were all recently filed on behalf of the Plaintiff.

jurisdiction, however, is not waivable and, thus, when an issue related to this Court's jurisdiction arose in the course of the parties' preparation for trial, the Defendant was obligated to bring these concerns to the Court's attention. There is nothing to suggest that the Defendant's Motion to Dismiss was untimely.

II.  **This Court lacks jurisdiction over the Plaintiff's claims because the Plaintiff cannot establish that he has standing to set forth these federal claims.**

After twenty five pages of argument and hundreds of pages of exhibits, the Plaintiff has still failed to answer the salient question in this case: who will sit in review of Judge Devlin's finding of probable cause? The Plaintiff offers no guidance on this question although it is his burden to establish that this court has jurisdiction.[2] Indeed, the Plaintiff has failed to make even a cursory attempt at establishing that he has standing to maintain this action, let alone offer minimal substantiation to his position that this Court has jurisdiction to "undo" a state court's determination of probable cause subsequent to an adversarial hearing. It is clear both from the Plaintiff's complaint and the Plaintiff's Opposition to the Defendant's Motion to Dismiss that the Plaintiff has not pled nor can the Plaintiff prove that there was any fraud in connection with the Susperior Court's hearing in probable cause and Judge Devlin's determination that probable cause existed to arrest, incarcerate and prosecute the Plaintiff on charges in connection with the murder of Anthony Lucky. Accordingly, even if the allegations in the Plaintiff's complaint were deemed true, the Plaintiff cannot establish an injury in fact that is causally connected to the actions of the Defendant. The

---

[2] Fed. R. Civ. P. 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. In reviewing motions to dismiss based upon facts, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. See Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).

SUSMAN, DUFFY & SEGALOFF, P.C.  $  ATTORNEYS AT LAW
P.O.BOX 1684 $ NEW HAVEN,CONNECTICUT 06507 $ (203)624-9830 $ JURIS NUMBER 62505

hearing in probable cause is an intervening, superseding cause of the Plaintiff's incarceration and the decision to prosecute the Plaintiff for the murder of Anthony Lucky.

In order to establish standing, the Plaintiff must plead and demonstrate the capacity to prove that he suffered an injury in fact. As set forth herein, the Plaintiff cannot establish that he has standing and, therefore, the claims against the Defendant should be dismissed for lack of subject matter jurisdiction.

The substantive impediments to this court's jurisdiction are framed by the Plaintiff's complaint. The Plaintiff has attached the complaint as an exhibit to his opposition and throughout the course of the argument quotes lengthy passages from it. After this Court's ruling on summary judgment a single count against Defendant Rodriquez remains extant. Count Four of the complaint alleges that Defendant Rodriquez, in the preparation of an application for an arrest warrant, took actions against him that were wanton reckless and in malicious disregard of his constitutional right to be free from false imprisonment and malicious prosecution. See generally, Revised Complaint, June 29, 2005 Paragraphs 26-29. The complaint is conspicuous in its failure to reference or in any way or take issue with a subsequent hearing held before Judge Devlin of the Connecticut Superior Court on March 1 and 9, 2000, to determine if there was probable cause to prosecute the plaintiff for the Anthony Lucky homicide. Nor has plaintiff offered any argument or evidentiary materials on defects in that hearing let alone Defendant Rodriquez' purported complicity therein. Thus, at the threshold, the plaintiff fails to demonstrate standing because he cannot demonstrate injury in fact that is causally connected to alleged actions of the Defendant. Simply put, unless this case were about Defendant Rodriquez' complicity in some fraud before Judge Devlin, the plaintiff cannot establish causation.

It is well settled that the chain of causation between a police officer's unlawful arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment. See Barts v. Joyner, 865 F.2d 1187, 1195 (11th Cir.1989) (intervening decisions of

3

prosecutor, grand jury, judge, and jury); Hand v. Gary, 838 F.2d 1420, 1427-28 (5th Cir.1988) (magistrate or grand jury); Smiddy v. Varney, 665 F.2d 261, 266-68 (9th Cir.1981) (prosecutor), adhered to, 803 F.2d 1469, 1471-72 (9th Cir.1986); Duncan v. Nelson, 466 F.2d 939, 943 (7th Cir.1972) (sentencing judge); Townes v. the City of New York, 176 F.3d 138 (2d. Cir. 1999) (trial judge's decision regarding a motion to suppress evidence). At least that is so in the absence of evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment. See Borunda v. Richmond, 885 F.2d 1384, 1390 (9th Cir.1988); Barts, supra, 865 F.2d at 1195; Hand, supra, 838 F.2d at 1428; Smiddy, supra, 665 F.2d at 266-67; Townes, supra, 176 F.3d at 147. The Plaintiff has not pled nor can the Plaintiff prove that the conduct of the Defendant impacted Judge Devlin's decision, after two days of testimony and cross examination of witnesses that probable cause existed for the arrest, incarceration and prosecution of the Plaintiff. Indeed, the Plaintiff explicitly states that "Mr. Session has complained of no injuries caused by a state court judgment." See Plaintiff's Opposition, page 7. The Plaintiff, instead complains of conduct occurring prior to the hearing in probable cause, specifically the notion that the Defendant fraudulently and with malicious disregard for the truth submitted an either incomplete or inaccurate arrest warrant to be signed by the neutral magistrate.

In Towne v. City of New York, supra, 176 F.3d 138, the court found that the plaintiff's Section 1983 claims were not proximately or legally caused by the defendant police officer's constitutional torts. The crux of the Plaintiff's civil rights claims in Towne were that the plaintiff would not have been convicted and incarcerated if not for the defendants' unconstitutional search and seizure of the plaintiff. Id., at 146-47. Notwithstanding, the court held that the trial court's denial of the plaintiff's motion to suppress the evidence discovered through the purported unlawful search and seizure was an intervening and superseding cause of the plaintiff's injuries. Id. Here, Judge Devlin's finding as to the existence of probable cause after two days of hearing and testimony has the same effect as the trial court's denial of the plaintiff's motion to suppress in Townes.

4

Utilizing the reasoning set forth in Townes, the relevant inquiry should be whether the Plaintiff's incarceration and the prosecution of charges against him were proximately caused by the Defendant's constitutional torts, as alleged in the Complaint. Here Judge Devlin's independent analysis of the witness statements and live testimony leading to his finding that probable cause existed to arrest and prosecute the plaintiff on charges of murder was an intervening and superseding cause of Plaintiff's incarceration.

In the common law, "[a] superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement (Second) of Torts § 440 (1965). In the face of an intervening and superseding cause, in the form of the probable cause hearing, it is clear that the Plaintiff cannot establish that he has standing to maintain this action. "[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized,[3] . . . and (b) 'actual or imminent', not 'conjectural' or 'hypothetical. . . .' Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. . . .' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S.Ct. 2130 (1992). (citations omitted, internal quotation marks omitted.) "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. As a result of the trial court's independent finding of the existence of probable cause it is clear that the Plaintiff can neither establish an injury in fact nor can he establish that his alleged injuries were causally connected to the actions of the Defendant. Accordingly, the Plaintiff lacks standing

---

3 Particularized meaning that the injury must affect the plaintiff in a personal and individual way. See Lujan, supra, 504 U.S. 555, 560 n. 1.

5

and his claims should be dismissed for lack of subject matter jurisdiction.

**III.** **Even if the Plaintiff could establish standing, pursuant to the Rooker-Feldman Doctrine, the Court lacks subject matter jurisdiction over the Plaintiff's claims because they are inextricably intertwined with the state court's finding at the hearing in probable cause.**

In addressing the Defendant's arguments, the Plaintiff contends that there is no caselaw which sufficiently defines whether issues are inextricably intertwined. However, in the purported absence of such authority, the Plaintiff surmises that his current claims could not be so intertwined because: 1.) his claims were never presented in a state court proceeding and 2.) could not be presented in a state court proceeding as such a forum is inappropriate and insufficient for the adjudication of the issues presented in the instant case. Notwithstanding, it is clear that the Plaintiff's current claims are inextricably intertwined and there was nothing to preclude the plaintiff from challenging the issue of probable cause at the hearing in probable cause. Even though it was a preliminary hearing, it was a preliminary hearing to discuss the very issue upon which the Plaintiff's current claims are based, specifically the issue of probable cause. Moreover, at that preliminary hearing, the Plaintiff was afforded the opportunity to cross examine the state's witnesses and to proffer evidence to counter a finding of probable cause. Because the Plaintiff's current claims are intrinsically intertwined and because the Plaintiff was given the opportunity to counter the finding of probable cause, the Rooker-Feldman Doctrine does apply and prohibits this court from making a determination which would "undo" the state court's finding of probable cause.

In his memorandum in opposition, the Plaintiff states that "the probable cause hearing is not a forum in which Plaintiff could have litigated the issues raised in his Revised Complaint .... It is a limited hearing for the specific purpose of determining probable cause." See Plaintiff's Opposition, Page 3. The Plaintiff fails to appreciate that his Section 1983 claims are *dependant* upon the existence of probable cause. Shattuck v. Town of Stratford, 233 F.Supp.2d 301, 306-307 (2002). Indeed, a crucial element for claims for false arrest, false imprisonment and malicious prosecution is

6

the Plaintiff's ability to establish that there existed a lack of probable cause. The existence of probable cause is a complete defense to claims of false arrest, false imprisonment and malicious prosecution. A finding in favor of the Plaintiff on his remaining constitutional claims necessitates a determination that there was a lack of probable cause to arrest, incarcerate and prosecute the Plaintiff, thereby vitiating the lower court's findings. This is precisely the result that the Rooker-Feldman Doctrine seeks to prevent.

In an effort to distract the Court from just how intertwined his current claims are from Judge Devlin's finding of probable cause, the Plaintiff attempts to demonstrate that the hearing in probable cause was inadequate to litigate the issue of probable cause. However, these purported inadequacies do not relate to conduct on the part of the Defendant but are connected to the very nature of the hearing itself. Moreover, these purported inadequacies are unavailing and do not preclude the application of the Rooker-Feldman Doctrine. Contrary, to the Plaintiff's claims that he was not afforded the ability to prepare for the hearing and his suggestion that he could not have presented evidence to dispute probable cause without violating his Fifth Amendment Rights, the transcript of the probable cause hearing reveals that the Plaintiff's counsel did not raise the issue of late disclosed evidence and did not request a continuance.[4] Furthermore, the transcript reveals that the Plaintiff was specifically offered the opportunity to proffer evidence contrary to a finding of probable cause. This could have been accomplished by the testimony of witnesses who would have provided the Plaintiff with an alibi. The Plaintiff, himself, would not have been required to testify and potentially compromise his Fifth Amendment Rights. Accordingly, there is nothing to suggest that the Plaintiff did not have the opportunity to litigate the issue of probable cause and that the Rooker-Feldman Doctrine does not apply. In fact, the issues presented in this case are similar to the claims analyzed in Inkel v. Connecticut Department of Children and Families, 421 F.Supp.2d 513, 521-22 (2006). In

---

4 Even if there was a late disclosure of evidence, there is nothing to connect this conduct to the Defendant. At the time of the hearing in probable cause, the decisions related to the hearing in probable cause and the provision of evidence were in the hands of the prosecutor.

Inkel, the court found that the Plaintiff's Section 1983 claims, which centered around allegations that a state agency submitted false evidence to obtain unwarranted orders of temporary custody, were intrinsically intertwined with the trial court's issuance of those custody orders. Id., at 522. The Court held that federal courts can not second guess the state court's findings of fact and credibility. Id. Judge Devlin was afforded the opportunity to judge the credibility of the various witnesses at the probable cause hearing to make a finding as to the existence of probable cause and the Plaintiff was given the opportunity to participate in that process. Accordingly, the Rooker-Feldman Doctrine should apply.

### IV.   The Rooker-Feldman Doctrine applies to instances regardless of whether there is a final judgment

In a further attempt to deflect the application of the Rooker Feldman Doctrine, the Plaintiff argues that the he did not receive an unfavorable ruling from the state court because the charges against him were nolled. The Plaintiff maintains that the finding of probable cause at the probable cause hearing does not constitute an unfavorable ruling from the state court because it is not a final judgment. Notwithstanding, the Rooker-Feldman Doctrine applies to interlocutory state court decisions, such as the trial court's finding of probable cause.

"Rooker-Feldman applies not only to decisions of the highest state courts, but also to decisions of lower state courts." Inkel v. Connecticut Dept. of Children & Families, 421 F. Supp. 2d 513, 522 (D. Conn. 2006) (Arterton, J.); Ashton v. Cafero, 920 F. Supp. 35, 37 (D. Conn. 1996).  "[I]f federal district courts are precluded, as they are, from reviewing the decisions of a state's highest court ... then federal district courts are certainly also precluded from reviewing decisions of lower state courts, which are subject to correction and modification within the state court system." Inkel, *supra* (quoting Port Auth. Police Benevolent Assoc. Inc. v. Port Auth. of N.Y. & N.J. Police Dept., 973 F.2d 169, 177 (3d Cir.1992). " [Rooker-Feldman] applies to "challenges to final *and* interlocutory state court decisions." Id. (emphasis added); see also Robinson v. Cusack, 2007 WL 2028112

SUSMAN, DUFFY & SEGALOFF, P.C.  $  ATTORNEYS AT LAW
P.O.BOX 1684 $ NEW HAVEN,CONNECTICUT 06507 $ (203)624-9830 $ JURIS NUMBER 62505

(E.D.N.Y. 2007) (slip copy) and Phillips v. City of New York, 453 F.Supp.2d 690, 713 (S.D.N.Y.2006), both citing Hoblock v. Albany County Board of Elections, 422 F.3d 77, (2d Cir. 2005) and applying post *Exxon-Mobil* reasoning of Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17 (1st Cir.2005) for test to determine when state court proceeding has "ended" for purposes of applying *Rooker-Feldman* to non-final state court ruling). See also *In re* Randall, 358 B.R. 145, 160 (E.D. Pa. 2006) stating that the Supreme Court's decision in *Exxon Mobil* did not expressly limit the scope of the jurisdictional doctrine only to final state court orders."); see also Charchenko v. City of Stillwater, 47 F.3d 981, 983 n. 1 (8th Cir. 1995) (noting that "Rooker Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits."); *"Inextricably Intertwined" Explicable At Last? Rooker-Feldman Analysis After the Supreme Court's Exxon Mobil Decision*, 2006 Fed. Cts. L. Rev. 1, Thomas D. Rowe Jr., Edward L. Baskauskas, Section IV(A), at 8 (stating that the majority position of federal courts has been to apply the doctrine to interlocutory rulings and that the foundational principles of Rooker-Feldman "support[] its applicability to interlocutory and final state court judgments alike."). Accordingly, the Rooker Feldman Doctrine applies to the state court's finding of probable cause.

V.     **CONCLUSION.**

The Plaintiff has failed to establish that he has standing. Judge Devlin's finding that probable cause existed for the arrest, incarceration and prosecution of charges against the Plaintiff for the murder of Anthony Lucky is an intervening, superseding cause. The Plaintiff has not pled nor can the Plaintiff prove that the conduct of the Defendant impacted Judge Devlin, a neutral magistrate's ability to make a finding of probable cause. Moreover, the Rooker-Feldman Doctrine precludes the Plaintiff from seeking to undo Judge Devlin's finding of probable cause. The lower court's finding is intrinsically intertwined with the issues presented to this Court and the Rooker-Feldman Doctrine provides that federal court's lack jurisdiction to sit in review of such state court findings.

Accordingly, for the foregoing reasons, the Defendant respectfully requests that the Court grant the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

                THE DEFENDANT,
                EDWIN RODRIGUEZ

BY:    /s/ Thomas E. Katon
        Thomas E. Katon
        Susman, Duffy & Segaloff, P.C.
        P. O. Box 1684
        New Haven, CT 06507-1684
        Phone: (203) 624-9830
        Fax: (203) 562-8430
        Federal Bar no: ct01565
        Email: tkaton@susmanduffy.com

## CERTIFICATION

I hereby certify that on September 15, 2008, a copy of the foregoing was filed electronically and swerved by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

By:    /s/ Thomas E. Katon
        Thomas E. Katon (ct01565)
        Susman Duffy & Segaloff, P.C.
        55 Whitney Avenue
        P.O. Box 1684
        New Haven, CT 06507
        Telephone: (203) 624-9830
        Facsimile: (203) 562-8430
        Email:    tkaton@susmanduffy.com

I:\Client N-O\NHCITY\Session\Pleadings\Motion to Dismiss for Lack of Subject Matter Jurisdiction\Reply in support of motion to dismiss-final.doc

SUSMAN, DUFFY & SEGALOFF, P.C. $ ATTORNEYS AT LAW
P.O.BOX 1684 $ NEW HAVEN,CONNECTICUT 06507 $ (203)624-9830 $ JURIS NUMBER 62505