UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY SESSION, :
:
    Plaintiff, :
:
    v. : CASE NO. 3:03CV0943 (AWT)
:
EDWIN RODRIGUEZ, :
:
    Defendant. :

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Pending before the court is the plaintiff's Motion for Order Compelling Production (doc. #205). The plaintiff contends that the defendant, Edwin Rodriguez, failed to comply with the court's order of June 4, 2008 ordering the production of certain internal affairs and/or personnel files (doc. #179).

The defendant responds that he has fully complied with the court's order. As discussed below, the court is satisfied that the defendant and his counsel have complied with both the letter and spirit of the court's order. To ensure that the record is as clear as possible, the court reviews the history underlying the court's June 4, 2008 order.

In 2006, the plaintiff served a subpoena on the City of New Haven (the "City") which sought (among other things) "the complete file of the Internal Affairs Bureau" for each of the individual defendants, Edwin Rodriguez and Stephen Coppola, as well as all documentation concerning or reflecting any internal

affairs investigation.[1]  (A copy of the subpoena and the schedules attached to it can be found at doc. #64-2.)  The plaintiff also issued a production request to the City seeking the internal affairs files and personnel files of the two officers, and later moved to compel responses to those production requests.  (See doc. #54 at 16-17.)

The City moved to quash the subpoena on the grounds that the information sought was irrelevant and privileged.  (Doc. #64.)  Prior to oral argument, the City reached an agreement with the plaintiff under which it produced a limited portion of the personnel and internal affairs files.  The motion to quash and certain aspects of the motion to compel (including the requests for production seeking internal affairs and personnel records) were withdrawn without prejudice.  (See doc. #86.)

In the fall of 2007, after Judge Thompson granted summary judgment to the City and defendant Coppola, discovery proceeded.  In December 2007, certain internal affairs and personnel records were discovered in the City's files, as explained in an affidavit filed by plaintiff's previous attorney, Roy S. Ward:

> 4.  On December 20, 2007, Attorney Gallagher, representing the defendant Edwin Rodriguez and myself met Attorney Michael Wolak, representing fact witnesses from the New Haven Police Department at

---

[1] At that time, both the City and Coppola were defendants to this action.  The court subsequently granted their motions for summary judgment.  (See docs. #89, 93.)  The plaintiff has recently moved to set aside those rulings.  (See doc. #213.)

> Attorney Wolak's office in New Haven. The purpose of the meeting was to review documents held by the New Haven Corporation Counsel's office pertaining to this matter.
>
> 5. During the meeting, Attorney Gallagher and I located a box containing five (5) sets of photocopied internal affairs and personnel records pertaining to Edwin Rodriguez and former defendant Stephen Coppola. Attorney Wolak represented that the documents had evidently been copied by his office to be sent out to counsel in response to a prior discovery request and that the documents were likely not sent out due to a clerical error.
>
> 6. Attorney Gallagher and I briefly reviewed the voluminous documentation. Attorney Gallagher stated that it appeared at first glance that the various sets of documents may not have been in the same order and that she wanted to review them. I consented to her removing all of the sets of copies to her office for review.

(Affidavit of Attorney Ward, doc. #141-2.) On January 9, 2008, the defendant filed a Motion for Protective Order as to these documents. (Doc. #139.) Plaintiff filed a motion to compel their production. (Doc. #141.) On June 4, 2008, after holding oral argument, the court granted the plaintiff's motion to compel and denied the defendant's motion for protective order.[2] (Doc. #179.) The "factual background" section of the court's ruling focused on the documents discovered during the December 20, 2007 meeting at the office of counsel for the City. It is clear from the papers and from the transcript of the oral argument that the

---

[2] The court's order invited the parties to work together to develop a protective order governing disclosure of these documents. (Id.) A protective order was entered on 7/1/08 (doc. #188).

parties' dispute was limited to those documents.  The court's order also was limited to those documents, and the order specifically required only the production of those documents.

The plaintiff's pending Motion to Compel (doc. #205) argues that the internal affairs files that were produced are incomplete, and he seeks production of the City's complete internal affairs files.  The defendant, in response, represents that he has produced the documents his lawyer obtained from the City's lawyer on December 20, 2007.  The defendant's opposition brief also represents, and his counsel affirmed on the record at oral argument, that all personnel and internal affairs records in the possession of the defendant or his counsel have been produced. (Doc. #203, ¶¶ 16-20.)  Plaintiff's counsel does not question defense counsel's representations.  The real gist of the plaintiff's motion, as enunciated at oral argument, is that the plaintiff believes that there are more internal affairs documents in the hands of the City, and plaintiff wants the individual defendant to take steps to obtain those documents from the City.[3]

The court, like counsel for the plaintiff, sees no reason to question the representations of counsel for the individual defendant that he has produced all pertinent documents in his possession as ordered by the court on June 4, 2008.  He is

---

[3]The defendant has not been employed by the City since before this lawsuit was filed. (Id., ¶3.)

therefore in compliance with the court's order. The plaintiff's Motion to Compel (doc. #205) is denied.

SO ORDERED at Hartford, Connecticut this 4th day of November, 2008.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```