```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

------------------------------x
GARY SESSION,                 :
                              :
          Plaintiff,          :
v.                            :     Civ No. 3:03CV00943(AWT)
                              :
OFFICER EDWIN RODRIGUEZ,      :
OFFICER STEPHEN COPPOLA, AND  :
CITY OF NEW HAVEN,            :
                              :
          Defendants.         :
------------------------------x
```

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Pursuant to 42 U.S.C. § 1983, plaintiff Gary Session ("Session") brings this action against Edwin Rodriguez ("Rodriguez"). The complaint sets forth claims against Rodriguez for false arrest, false imprisonment and malicious prosecution in violation of his rights under the Fourth and Fourteenth Amendments. Defendant Rodriguez has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that the plaintiff is barred from bringing this action by the Rooker-Feldman doctrine. For the reasons set forth below, the motion is being granted.

**I.   Factual Background**

In the early morning hours of July 25, 1999, Anthony Lucky, Jr. ("Lucky") was shot while he was a rear seat passenger in a vehicle being driven by his cousin, Albert McCann ("McCann"). Lucky died as a result of his wounds. Stephen Coppola ("Coppola") and Rodriguez, two New Haven Police Department

homicide detectives, were assigned to investigate his death.

As part of their investigation, Coppola and Rodriguez interviewed potential witnesses.  At least two witnesses implicated the plaintiff, who is also known as "Shabazz."  According to these witnesses, McCann had stolen money and drugs from DeShawn Johnson ("Johnson"), who worked for Shabazz.  One of these witnesses, Mayra Mercado, also said that Shabazz had given Jose Santiago a gun on the morning of the shooting.  She further stated that Santiago later confessed to killing an African American individual in the vicinity of the area where Lucky was shot.

Based on information provided by the witnesses, Rodriguez prepared an application for an arrest warrant for Session.  On January 5, 2001, a judge signed the warrant application.  Session was arrested on January 8, 2001.

Because Session was charged with offenses that could result in punishment by death or life imprisonment, he was given a probable cause hearing.  Session was represented by counsel at the hearing, and he was given the opportunity to cross examine the prosecution's witness, offer objections to its case, and proffer his own evidence.  After two days of testimony, the Connecticut Superior Court Judge, Robert J. Devlin, found that probable cause existed for the arrest and prosecution of the plaintiff.

On November 15, 2001, the prosecution nolled the charges against the plaintiff pursuant to Conn. Gen. Stat. § 54-5b. Subsequently, the prosecution dismissed the charges.

**II. Legal Standard**

Lack of subject matter jurisdiction, which is not waivable, may be raised at any time. Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003). "[T]he standards for reviewing dismissals granted under 12(b)(1) [lack of subject matter jurisdiction] and 12(b)(6) are identical." Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999). "[T]he court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

**III. Discussion**

To prevail on a claim for false arrest, false imprisonment, or malicious prosecution under 42 U.S.C. § 1983 or under Connecticut law, one of the elements a plaintiff must establish in each instance is the absence of probable cause. See Shattuck v. Town of Stratford, 233 F. Supp. 2d 301, 306-07, 314 (D. Conn. 2002); see also Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004) (Generally, courts in this circuit "borrow the elements of the underlying malicious prosecution from state law" although plaintiffs have a federal cause of action under § 1983).

Due to the seriousness of the criminal charges against him, Session received a probable cause hearing in state court. See Conn. Gen. Stat. § 54-46a. At that hearing, the judge found that there was probable cause to believe that Session committed the offenses charged. Under the Rooker-Feldman doctrine, the plaintiff cannot now seek to have the state court's finding of probable cause reviewed in this case.

In cases in which a state suit precedes a federal suit, the Rooker-Feldman doctrine may bar the latter.[1] See, e.g., Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005). As stated in Rooker v. Fidelity Trust Co., "[t]he jurisdiction possessed by the District Courts is strictly original." 263 U.S. 413, 416 (1923). "[N]o court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the [state court] judgment for errors of that character." Id.

This prohibition applies when four elements are satisfied. "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries

---

[1]The plaintiff argues that defendant Rodriguez should have moved to dismiss sooner based on the Rooker-Feldman doctrine. However, the absence of subject matter jurisdiction due to the Rooker-Feldman doctrine "may be addressed for the first time on appeal and may be raised sua sponte." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000), cert. denied, Halbman v. St. Louis County, 531 U.S. 1183 (2001).

caused by [a] state-court judgment[.]'  Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[ ].'  Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced . . . .'"  Hoblock, 422 F.3d at 85 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Each of these four elements is satisfied here.

With respect to the first element, Session lost in state court because Judge Devlin found there was probable cause.  Although the proceeding before Judge Devlin was only a probable cause hearing, the Rooker-Feldman doctrine applies not only to final decisions of a state's highest court but also to final and interlocutory decisions of a state's highest and lower courts.  See Ashton v. Cafero, 920 F. Supp. 35, 37 (D. Conn. 1996) (citing Rooker, 263 U.S. at 416); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (discussing the review of final decisions in the District of Columbia); Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995); Charchenko v. City of Stillwater, 47 F.3d 981, 983 n.1 (8th Cir. 1995) ("Rooker-Feldman . . . does not depend on a final judgment on the merits."); see also Newell v. Rolling Hills Apartments, 134 F. Supp. 2d 1026, 1033 (N.D. Iowa 2001) ("The Rooker-Feldman doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." (quoting

Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, Halbman v. St. Louis County, 531 U.S. 1183 (2001))).

With respect to the second element, Session complains of injuries resulting from the state court decision on probable cause. Session could not have been subject to the prosecution of which he complains if the state court had not found that probable cause existed.

The third element is satisfied because Session has indirectly invited district court review of the finding of probable cause by commencing this lawsuit. A claim brought in federal court is not necessarily independent of a claim brought in state court just because the claim raised in federal court is based on a theory not addressed by the state court.[2] See Hoblock, 422 F.3d at 86. A federal district court is essentially being invited to review the state court decision when "'the constitutional claims presented to [the] United States district court are inextricably intertwined' with the merits of a judgment rendered in state court." Pennzoil Co. v. Texaco Inc., 481 U.S.

---

[2] Although the plaintiff cites Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432 (6th Cir. 2006), which affirmed the district court's decision that Rooker-Feldman did not preclude review, the state court in that case could not have addressed the claim brought in federal court because state law did not allow the state court to address it. See Todd v. Weltman, Weinberg & Reis, Co., L.P.A., 348 F. Supp. 2d 903, 911 (S.D. Ohio 2004). Here, the Connecticut Superior Court judge heard two days of testimony on the issue of probable cause.

1, 25 (1987) (Marshall, J., concurring) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-84 n.16 (1983)).  Although it may be difficult in some instances to determine whether a federal constitutional claim is "inextricably intertwined with the merits of a state-court judgment, . . . it is apparent . . . that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Pennzoil, 481 U.S. at 25 (Marshall, J., concurring).  In this case, Session's ability to prevail on his claims concerning false arrest, false imprisonment, and malicious prosecution is contingent upon his ability to establish that probable cause did not exist for arresting or prosecuting him in the criminal case in Connecticut Superior Court.  The state court explicitly found that there was probable cause, so the plaintiff cannot prevail on any of his three claims unless the state court wrongly decided the issue of probable cause.  Thus, the federal claim is inextricably intertwined with the state-court decision.

   With respect to the fourth element, the state court rendered its decision that probable cause existed before this case was commenced.  The state court decided the probable cause issue on March 8, 2001.  This case commenced on May 28, 2003, when Session filed the complaint.

In opposing the motion to dismiss, the plaintiff relies on Holman v. Cascio, 390 F. Supp. 2d 120, 123 (D. Conn. 2005), and See v. Gosselin, 133 Conn. 158, 160 (1946). He accurately cites those cases for the proposition that he can satisfy the requirement that the underlying criminal proceeding on which § 1983 claims are based terminated in his favor.[3]  However, the plaintiff's argument merely points to the presence of two separate and very distinct questions: one, whether a plaintiff has satisfied the requirement that the underlying criminal proceeding on which his § 1983 claims are based terminated in his favor, and two, whether a state court made a finding of probable cause that results in a plaintiff's § 1983 claims being barred by the Rooker-Feldman doctrine.  While the first question will be present with respect to every § 1983 claim for false arrest, false imprisonment and/or malicious prosecution, the second question is present only in those cases where a probable cause hearing was held in the underlying criminal case.  If there was

---

[3] Although some courts do not treat dispositions by nolle prosequi as favorable terminations, "the majority of decisions applying Connecticut law . . . hold that a nolle of the criminal charge may still permit the plaintiff to satisfy that element if the circumstances of the nolle satisfy the See v. Gosselin test of an abandonment of the prosecution without request from or by an arrangement with [the defendant]." Holman, 390 F. Supp. 2d at 123 (quoting See v. Gosselin, 133 Conn. 158, 160 (1946)) (internal quotation marks omitted); see also Russo v. City of Hartford, 184 F. Supp. 2d 169, 186  (D. Conn. 2002) ("The DeLaurentis court proceeded to distance Connecticut law from a strict interpretation of 'favorable termination.'"); DeLaurentis v. City of New Haven, 220 Conn. 225, 251 (1991).

no probable cause hearing in the underlying criminal case, then the only question is whether that proceeding terminated in the plaintiff's favor.  If there was a probable cause hearing in the underlying criminal case but no finding of probable cause, then the plaintiff may proceed with his § 1983 claim(s) so long as the underlying criminal case terminated in his favor.  However, if there was a probable cause hearing in the underlying criminal case and the state court found that probable cause existed, then the plaintiff is barred by the Rooker-Feldman doctrine from bringing such § 1983 claim(s) whether or not the underlying criminal case terminated in his favor, because in proceeding with such § 1983 claim(s), he is seeking federal court review of the state court's determination of probable cause.

Session argues that he did not have a sufficient opportunity to litigate the issue of probable cause in state court because he did not want to jeopardize his Fifth Amendment right to remain silent and because police officers withheld exculpatory evidence from him.  This argument is also unavailing.  First, it was Session's choice whether or not to testify at the probable cause hearing.  He had the opportunity but elected not to take advantage of it for strategic reasons, as was his right.  Session was represented by counsel and was given the opportunity to offer

his own witnesses[4] and arguments and cross-examine the prosecution's witnesses.  See Conn. Gen. Stat. § 54-46a(b).  Second, the exercise of independent judgment is an intervening act that breaks the chain of causation between an unlawful arrest by a police officer and a subsequent finding by a judge, unless there is "evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment."  See, e.g., Townes v. City of New York, 176 F.3d 138, 147 (2d Cir. 1999).  Although three police officers testified during the two-day evidentiary hearing, a review of the hearing transcripts reflects that there were two other witnesses, that the other two police officers who testified were never named as defendants in this case, that most of the testimony was given by the two non-police officer witnesses, and that all of the witnesses for the state, including Rodriguez, were cross-examined.  In addition, the defendant was present and able to assist in his defense, even without testifying.  Thus, the plaintiff has not established that the police officers misled or pressured the presiding judge.  Finally, Session also asserts that information was maliciously withheld but does not produce evidence in support of this contention.

---

[4]In the complaint for example, Session refers to witnesses who supported his alibi.

**IV.   CONCLUSION**

For the reasons set forth above, the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 208) is hereby GRANTED.

The Clerk shall enter judgment in favor of defendant Edwin Rodriguez on the remaining claims against him.

As those are the sole remaining claims in the case, the Clerk shall close this case.

It is so ordered.

Dated this 27th day of March 2009 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
